UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

RODERICK ARNOLD, ET AL., Civil No. 01-2086 DWF/AJB

Plaintiffs,

v. ORDER

CARGILL, INC.,

Defendant.

---

The above matter came before the Court on a discovery management conference pursuant to the pretrial scheduling order in this case. The hearing was held by telephone on June 4, 2002. Lawrence P. Schaefer and Susan M. Coler appeared on behalf of Plaintiffs. Matthew E. Klein and Janice M. Symchych appeared on behalf of Defendant. The Court issues the following orders in reference to the issues discussed:

1. The parties had a disagreement in reference to language to be included in a protective order. The Court having considered the arguments of counsel and the parties' submissions of proposed language hereby Orders as follows: the parties shall execute the attached exhibit A which hereby is adopted as an order of this Court and the parties are directed to fully comply with its terms.

   The Clerk of Court is directed to maintain the confidentiality of all documents filed in accordance with paragraph 9 of exhibit A.

Filed JUN 0 5 2002
Richard Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

2. Discovery Period. Whether the discovery period should begin on June 1, 1994, or January 1, 1992, shall be the subject of a formal motion practice. Briefs shall be served on or before June 14, 2002. Reply briefs shall be due on or before June 19, 2002. A hearing on said motion will be conducted before the undersigned commencing at 1:30 p.m. on Friday, June 21, 2002.

3. Scope of Data. Cargill shall produce data regarding any employee within the proposed class definition for the period beginning from the beginning of the discovery period to the present. It shall include a duty on the defendant to produce such data for an employee who may have started as an hourly employee but moved into a position in the class definition within the time period in question as well as for employees who started in the position within the class definition and advanced out of said position.

4. Data on Senior Management. Plaintiff's asked the Court to order Cargill to produce discovery for employees at levels above plaintiffs and class, that is, at vice president and higher levels at Cargill. Except as otherwise ordered herein, said request is **denied.**

5. Discovery Related to Salaried Non-Exempt Employees. This issue will be addressed at the motions hearing scheduled to be heard on June 21, 2002, at 1:30 p.m. Briefing on the issue shall be in compliance with the briefing previously ordered herein.

6. Self-Critical Analysis Privilege. This issue shall be determined at the

motion hearing previously ordered to be conducted on June 21, 2002, at 1:30 p.m. Briefing on the issue shall be in compliance with the briefing previously ordered herein.

7. <u>Redaction of Names and Social Security Numbers from Employee Databases.</u> The parties have agreed that the plaintiff's request for production of employee names will be complied with. Counsel shall be allowed to share said names with the named plaintiffs subject to the provisions of the protective order. The request for social security numbers is **denied.**

8. <u>Recruitment, Internship, Hiring Information</u>. Plaintiff's request regarding the defendant's entry level hiring and recruitment practices is **denied.** Information concerning those employees who served internships which were otherwise discoverable as provided herein shall be provided.

9. <u>Plaintiff's Document Request that Defendant Provide All Documents that Defendant Intends to Introduce at the Deposition of the Plaintiffs</u>. Plaintiff's request is **granted.** The defendant should produce documents falling within this description long enough before the deposition so that they can be reviewed and the depositions can go forward at a reasonable pace.

Dated: 6/5/02

ARTHUR J. BOYLAN
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

RODERICK ARNOLD, NII-AKWEI ACQUAYE, SEAN ALLEN, HOLLIS BRANHAM, TOYA BROWN, DAWN COLLINS, LOUIS DARDEN, DELLA DICKSON, VIRGINIA DOUGLAS, RONALD GARRUS, MARGO HARVEY, CHENETA HUGHEY, JACQUELINE JENKINS, KEITH LEWIS, VALERIE MASON-ROBINSON, MICHAEL MITCHELL, PHYLLIS REECE, TONYA ROSS, CHARLES SCOTT, CLINTONIA SIMMONS, TAUSHA TATE, EMILY TYLER, JACQUELINE WILLIAMS, CHERYL WILLIS, SEAN WRIGHT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

**Case No. 01-CV-2086 (DWF/AJB)**

**PROTECTIVE ORDER**

The above-named plaintiffs, individually and on behalf of all others similarly situated, and the above-named defendant (collectively the "parties"), by and through their respective duly authorized counsel of record, hereby stipulate and agree to the following Protective Order in the above-captioned action.

During the course of discovery in this action the parties hereto, as well as third parties, may be under an obligation to disclose information and/or materials deemed to constitute trade secrets or confidential information, including but not limited to Plaintiffs' medical records; Plaintiffs' employment records from employers other than Defendant; Plaintiffs' tax records; sensitive personnel information regarding Defendant's employees, former employees and job applicants such as applications, personnel files, training materials, employee lists, internal

communications, performance ratings, employee compensation information, supervisory notes, discipline reports, employee handbooks, documents relating to Defendant's employment policies, computer data information relating to Defendant's employment practices; corporate structure; market analysis, non-public financial information; information regarding research, and development; and other documents and information containing trade secrets and proprietary information. Disclosure of such information and/or materials during discovery shall occur only upon the terms and conditions set forth herein.

1. Purpose. All documents or information designated "Confidential" or "Attorneys' Eyes Only" (as set forth below) produced by a party or third party (the "Producing Party") shall be used by the receiving party (the "Receiving Party") solely for the purposes of this litigation and not for any business, commercial, competitive, or any other purpose.

2. Confidential Information. Confidential information and documents shall include documents, portions of deposition transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials designated as Confidential as set forth below. Any documents or information designated Confidential shall be treated as such, unless and until counsel agree in writing that the material may be declassified or the Court rules to the contrary. This Paragraph shall be interpreted to be consistent with the procedures set forth in Paragraph 5 below governing objections to "Confidential" designations.

3. Attorneys' Eyes Only Information. The parties acknowledge that discovery may include information of an exceptionally sensitive nature, including trade secret, proprietary, or strategic business information, and plaintiff medical records. Accordingly, a Producing Party may designate such exceptionally sensitive information "Attorneys' Eyes Only." Attorneys' Eyes Only information and documents shall include documents, portions of deposition

transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials designated as Attorneys' Eyes Only as set forth below. Any documents or information designated Attorneys' Eyes Only shall be treated as such, unless and until counsel agree in writing that the material may be declassified or the Court rules to the contrary. This Paragraph shall be interpreted to be consistent with the procedures set forth in Paragraph 5 below governing objections to "Attorneys Eyes Only" designations.

4. Method of Designating Documents Confidential or Attorneys' Eyes Only. Any documents intended to be Confidential or Attorneys' Eyes Only by the Producing Party shall be so designated by stamping "Confidential" or "Attorneys' Eyes Only" on the first page of the document.

(a) Documents produced prior to the entry of this Order may be designated Confidential or Attorneys' Eyes Only by the Producing Party within ten (10) business days of the date of the Order. Any such designation shall be in writing delivered to the Receiving Party.

(b) All deposition testimony will be Confidential for ten (10) business days after receipt of the transcript by the designating party. Thereafter, only those portions of the deposition testimony specifically designated Confidential or Attorneys' Eyes Only at the time given or during the ten-day period will be Confidential or Attorneys' Eyes Only. If a portion of deposition testimony is designated Confidential or Attorneys' Eyes Only at the time given, the reporter shall mark that portion of the transcript accordingly.

(c) Employment records produced pursuant to authorizations automatically shall be deemed Confidential.

(d) Plaintiffs' medical records produced pursuant to authorizations automatically shall be deemed Attorneys' Eyes Only.

5. Contesting "Confidential" and/or "Attorneys' Eyes Only" Designations. A Receiving Party may object to the designation of a document as Confidential or Attorneys' Eyes Only, or the failure of a Producing Party to so designate a document, by notifying counsel for the

Producing Party in writing at any time during the litigation. If counsel cannot first resolve any disputes in good faith on an informal basis, either party may seek appropriate relief from the Court. The parties shall treat the disputed documents as Confidential or Attorneys' Eyes Only until the Court rules or they reach a written agreement otherwise. The Party proposing "Confidential" or "Attorneys' Eyes Only" designations has the burden of justifying the designations.

6. <u>Persons Allowed Access to Confidential Information</u>. Documents and information designated Confidential shall be maintained in confidence and shall not be disclosed or made available to any person other than:

(a) The above-named plaintiffs on the condition that each plaintiff is only shown documents and information which directly relate to his or her personal employment at defendant or to which they would have had authorized access as an employee of defendant;

(b) Officers and employees of the defendant;

(c) Counsel of record and their staff who are assisting in the litigation;

(d) Persons noticed for deposition or designated as trial witnesses on the condition that each person to whom the disclosure is made (i) is only shown documents and information that counsel, in good faith, decides are required for preparation for testimony or to testify, and (ii) acknowledges that they are bound by this Stipulation and Order by signing a copy of Exhibit A;

(e) Outside consultants or experts retained for purposes of testifying or assisting trial counsel in the litigation on the condition that each person to whom the disclosure is made acknowledges that they are bound by this Stipulation and Order by signing a copy of Exhibit A;

(f) The Court, court personnel, and court reporters for the litigation; and

(g) Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Nothing contained in the Order shall prevent any party from disclosing its own Confidential documents as may be consistent with applicable law.

7. Persons Allowed Access To Attorneys' Eyes Only Information. Documents and information designated Attorneys' Eyes Only shall be maintained in confidence and shall not be disclosed or made available to any person other than:

(a) Counsel of record and their staff who are assisting in the litigation;

(b) Any person involved in the preparation of or who had authorized access to the contents of the Attorneys' Eyes Only document as an employee of defendant;

(c) Outside consultants or experts retained for purposes of testifying or assisting trial counsel in the litigation on the condition that each person to whom the disclosure is made acknowledges that they are bound by this Stipulation and Order by signing a copy of Exhibit A;

(d) The Court, court personnel, and court reporters for the litigation; and

(e) Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Nothing contained in the Order shall prevent any party from disclosing its own Attorneys' Eyes Only documents as may be consistent with applicable law.

8. Use of Attorneys' Eyes Only Information in Deposition. No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to reveal Attorneys' Eyes Only material. The deposition must proceed upon the following basis: Prior to answering the deposition question or questions all persons present shall be advised of the terms and conditions of this Stipulation and Protective Order and, at the request of the designating party, all persons not authorized to receive Attorneys' Eyes Only material under this Stipulation and Protective Order shall leave the room during the time in which this material is disclosed or discussed.

9. No Publication. There shall be no reproduction whatsoever of any Confidential or Attorneys' Eyes Only information, except as require in this litigation. Copies, excerpts, or summaries of Confidential or Attorneys' Eyes Only information, including but not limited to affidavits, briefs, and memoranda of law, may be shown or given only to those authorized with access to Confidential or Attorneys' Eyes Only information pursuant to this Protective Order, and the terms of which shall apply, in full, to any such copies, excepts or summaries. No such documents or information shall be posted on web sites or otherwise published or disseminated by the parties or their counsel without the permission of the party designating such information or documents as Confidential or Attorneys' Eyes Only.

10. Court Filings. Any Confidential or Attorneys' Eyes Only documents filed with the Court, and any pleadings, motions, or other papers disclosing Confidential or Attorneys' Eyes Only information shall be filed under seal. Sealing shall be accomplished by filing the documents in a sealed envelope or container on which the following notice shall be attached:

> CONFIDENTIAL – UNDER PROTECTIVE ORDER.
>
> The enclosed document has been filed under seal pursuant to the terms of a Protective Order in this action. This envelope shall not be opened or its contents disclosed or examined except by order of the Court.

11. After the Litigation. At the conclusion of the litigation, all Confidential or Attorneys' Eyes Only documents, all documents containing information derived from Confidential or Attorneys' Eyes Only documents, and all copies shall be either: (a) returned to the Producing Party within thirty (30) days, or (b) destroyed within thirty (30) days, with a written certification of destruction provided to the Producing Party. The terms of this Stipulation and Order, insofar as they restrict communication or use of Confidential or Attorneys' Eyes Only

documents and information, shall survive and remain in force after the conclusion of the litigation.

12. Work Product and Briefs. Counsel may maintain their work product and all briefs, pleadings or other filings with the Court that include Confidential or Attorneys' Eyes Only documents, but these materials shall remain subject to the terms of this Stipulation and Order.

13. No Waiver of Confidentiality, Attorneys' Eyes Only, Attorney-Client Privilege or Work Product Doctrine. Nothing in this Stipulation and Order shall be deemed to require disclosure of confidential information, attorneys' eyes only information, or material protected by the attorney-client privilege or the work product doctrine. The inadvertent production of any document during this litigation shall be without prejudice to any claim of confidentiality, attorneys' eyes only status, attorney-client privilege, work product doctrine, or any other legally recognized privilege, and the Producing Party shall not be held to have waived any rights by an inadvertent production. If a party inadvertently produces a document, the Receiving Party shall return the original and all copies of the document pursuant to a written request and shall not use any information thus obtained unless allowed to do so by the Court.

14. Limitations. Nothing in this Stipulation and Order shall be construed to limit any party from opposing discovery on any grounds otherwise available. Nor shall anything in this Stipulation and Order restrict a party or its trial counsel from using or disclosing information that they already possess or may acquire by proper means in the future independent of the formal discovery process in this action. Further, the parties do not intend to waive any rights via this Stipulation with regard to (a) the manner in which Court proceedings are conducted; (b) the degree to which Confidential or Attorneys' Eyes Only documents may be made available to class

members other than Plaintiffs in the event of class certification; and (c) the use of Confidential or Attorneys' Eyes Only documents at trial.

15. Modification. This Stipulation and Order does not prevent disclosure beyond its terms if the Producing Party consents to the disclosure in writing, or if the Court orders such a disclosure. Further, the parties may modify this Agreement in writing and with approval by the Court. Any party may request modification of this Order from the Court, after written notice to the other party.

Dated: ________________________

SPRENGER & LANG, PLLC

By ______________________________

Lawrence Schaefer #195583
Susan M. Coler #217621
Teresa K. Patton #205679
Lisa C. Stratton # 236858
325 Ridgewood Avenue
Minneapolis, MN 55403
Telephone: (612) 871-8910

Attorneys for Plaintiffs

Dated: ________________________

DORSEY & WHITNEY LLP

By ______________________________

Janice M. Symchych #10811X
Mark Ginder #1016794
Melissa Raphan #182795
Holly S. A. Eng #238028
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

Dated: ______________________ ______________________
Roderick Arnold

Dated: ______________________ ______________________
Nii-Akwei Acquaye

Dated: ______________________ ______________________
Sean Allen

Dated: ______________________ ______________________
Hollis Branham

Dated: ______________________ ______________________
Toya Brown

Dated: ______________________ ______________________
Dawn Collins

Dated: ______________________ ______________________
Louis Darden

Dated: ______________________ ______________________
Della Dickson

Dated: ______________________ ______________________
Virginia Douglas

Dated: ______________________ ______________________________
Ronald Garrus

Dated: ______________________ ______________________________
Margo Harvey

Dated: ______________________ ______________________________
Chenata Hughey

Dated: ______________________ ______________________________
Jacqueline Jenkins

Dated: ______________________ ______________________________
Keith Lewis

Dated: ______________________ ______________________________
Valerie Mason-Robinson

Dated: ______________________ ______________________________
Michael Mitchell

Dated: ______________________ ______________________________
Phyllis Reece

Dated: ______________________ ______________________________
Tonya Ross

Dated: ______________________ ______________________
Charles Scott

Dated: ______________________ ______________________
Clintonia Simmons

Dated: ______________________ ______________________
Tausha Tate

Dated: ______________________ ______________________
Emily Tyler

Dated: ______________________ ______________________
Jacqueline Williams

Dated: ______________________ ______________________
Cheryl Willis

Dated: ______________________ ______________________
Sean Wright

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

RODERICK ARNOLD, NII-AKWEI ACQUAYE, SEAN ALLEN, HOLLIS BRANHAM, TOYA BROWN, DAWN COLLINS, LOUIS DARDEN, DELLA DICKSON, VIRGINIA DOUGLAS, RONALD GARRUS, MARGO HARVEY, CHENETA HUGHEY, JACQUELINE JENKINS, KEITH LEWIS, VALERIE MASON-ROBINSON, MICHAEL MITCHELL, PHYLLIS REECE, TONYA ROSS, CHARLES SCOTT, CLINTONIA SIMMONS, TAUSHA TATE, EMILY TYLER, JACQUELINE WILLIAMS, CHERYL WILLIS, SEAN WRIGHT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

**Case No. 01-CV-2086 (DWF/AJB)**

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the foregoing Stipulation of the parties,

**IT IS HEREBY ORDERED** that:

1. The foregoing Stipulation of the parties shall be, and hereby is, adopted as the Order of this Court, and the parties are directed to fully comply with its terms.

2. The Clerk of this Court is directed to maintain the confidentiality of all documents filed in accordance with Paragraph 9 of the foregoing Stipulation.

BY THE COURT:

Dated: ______________________

______________________________
The Honorable Arthur J. Boylan
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

RODERICK ARNOLD, NII-AKWEI ACQUAYE, SEAN ALLEN, HOLLIS BRANHAM, TOYA BROWN, DAWN COLLINS, LOUIS DARDEN, DELLA DICKSON, VIRGINIA DOUGLAS, RONALD GARRUS, MARGO HARVEY, CHENETA HUGHEY, JACQUELINE JENKINS, KEITH LEWIS, VALERIE MASON-ROBINSON, MICHAEL MITCHELL, PHYLLIS REECE, TONYA ROSS, CHARLES SCOTT, CLINTONIA SIMMONS, TAUSHA TATE, EMILY TYLER, JACQUELINE WILLIAMS, CHERYL WILLIS, SEAN WRIGHT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

**Case No. 01-CV-2086 (DWF/AJB)**

**AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER**

STATE OF ______________ )<br>
)ss.<br>
COUNTY OF ____________ )

The undersigned, being first duly sworn on oath, deposes and states as follows:

1. I have read and understand the Stipulation and Protective Order filed in this action, and I agree to and understand that I am bound by its terms.

2. I understand that the Court has the authority to enforce this Order, including the full range of sanctions available under the Federal Rules of Civil Procedure up to and including contempt of court proceedings.

**EXHIBIT A**

____________________________________

Subscribed and sworn to before me
this ___ day of _____________, 2002.

_______________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.