**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hugley, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, Sean Wright, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Cargill Incorporated,

Defendant.

Civil No. 01-2086 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Michael D. Lieder, Esq. and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th Street Northwest, Washington, DC 20009 and Paul C. Sprenger, Esq., Lawrence P. Schaefer, Esq., Teresa K. Patton, Esq., Susan M. Coler, Esq., and Lisa C. Stratton, Esq., Sprenger & Lang, 325 Ridgewood Avenue, Minneapolis, Minnesota 55403, on behalf of Plaintiffs.

Janice M. Symchych, Esq., Melissa Raphan, Esq., Mark J. Ginder, Esq., Holly S.A. Eng, Esq., and Matthew E. Klein, Esq., Dorsey & Whitney, 50 6th Street South, Suite 1500, Minneapolis, Minnesota 55402, on behalf of Defendant.

---

## Introduction

This matter is before the undersigned United States District Judge pursuant to the parties' appeals of separate discovery orders of Magistrate Judge Arthur J. Boylan. First, Plaintiffs

FILED AUG 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appeal [Doc. No. 52] from the June 5, 2002, Order of Magistrate Judge Arthur J. Boylan [Doc. No. 41] denying Plaintiffs' discovery requests for data on senior management and imposing a restrictive protective order as set out in paragraph one and Exhibit A to the order. Second, Plaintiffs appeal [Doc. No. 63] from that portion of Magistrate Judge Boylan's June 21, 2002, Order [Doc. No. 56] denying all class discovery concerning African-American salaried non-exempt employees. Finally, Defendant Cargill, Inc., appeals [Doc. No. 57] that portion of Magistrate Judge Boylan's June 21, 2002, Order [Doc. No. 56] that sets the commencement of the discovery period for January 1, 1992. For the reasons set forth below, the Court grants Plaintiffs' Appeal from the June 5, 2002, Order of Judge Boylan, the Court grants Plaintiffs' Appeal from the June 21, 2002, Order of Judge Boylan, and the Court denies Defendant's Appeal from the June 21, 2002, Order of Judge Boylan.

## Discussion

### 1. Standard of Review

In ruling on an appeal from a non-dispositive matter decided by a magistrate judge, a district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). This standard of review is extremely deferential. *See Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999); *Banbury v. Omnitrition Int'l, Inc.*, 818 F. Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**2. Plaintiffs' Appeal of Judge Boylan's June 5, 2002 Order**

Plaintiffs appeal the June 5, 2002, Order of Judge Boylan in two respects. First, Plaintiffs allege that Judge Boylan's denial of Plaintiffs' request for discovery of data on senior management is erroneous and contrary to law. Second, Plaintiffs contend that certain portions of the accompanying Protective Order are overly restrictive.

**A. Data on Senior Management**

In Plaintiffs' Second Request for Production of Documents, Plaintiffs requested discovery related to salaried employees at all levels, including the levels of vice president and above ("senior management"). Judge Boylan's Order of June 5, 2002, denied Plaintiffs' request. Plaintiffs contend that this denial was clearly erroneous and contrary to law.

It is the view of the Court that the discovery of data on senior management is reasonably calculated to lead to admissible evidence pursuant to Fed. R. Civ. P. 26(b)(1). The data on senior management is relevant because it relates to Plaintiffs' claims that African-Americans were not promoted beyond certain grade levels. Furthermore, the request is not overly burdensome. Plaintiffs have agreed to stage their discovery requests and to limit their initial request for information to only the computerized data related to Cargill employees above grade level 15 as of the beginning of the discovery period. With this initial limitation in place, Plaintiffs' request for discovery of data on Cargill employees above grade level 15 is appropriate, and Judge Boylan's Order denying such discovery is respectfully reversed.

**B. The Protective Order**

Plaintiffs also allege that the Protective Order accompanying Judge Boylan's June 5, 2002, Order was overly restrictive. The Protective Order prescribed the terms by which

confidential information would be protected after such information was submitted in response to Plaintiffs' discovery requests. Paragraph 9 of Judge Boylan's Protective Order states as follows:

> No Publication. There shall be no reproduction whatsoever of any Confidential or Attorneys' Eyes Only information, except as require [sic] in this litigation. Copies, excerpts, or summaries of Confidential or Attorneys' Eyes Only information, including but not limited to affidavits, briefs, and memoranda of law, may be shown or given only to those authorized with access to Confidential or Attorneys' Eyes Only information pursuant to this Stipulation and Protective Order, and the terms of which shall apply, in full, to any such copies, excepts [sic] or summaries. No such documents or information shall be posted on web sites or otherwise published or disseminated by the parties or their counsel without the permission of the party designating such information or documents as Confidential or Attorneys' Eyes Only.

Paragraph 10 of the Protective Order states:

> Court Filings. Any Confidential or Attorneys' Eyes Only documents filed with the Court, and any pleadings, motions, or other papers disclosing Confidential or Attorneys' Eyes Only information shall be filed under seal.

The Protective Order further states that all documents designated as confidential may be shown to the plaintiffs "on the condition that each plaintiff is only shown documents and information that directly relate to his or her personal employment at defendant or to which they would have had authorized access as an employee of defendant." *See* June 5, 2002 Protective Order ¶ 6(a).

The effect of the language in Judge Boylan's Protective Order is that Plaintiffs would not be allowed to read any pleadings that contain Confidential or Attorneys' Eyes Only information. The Court finds that there is no good cause for such a stringent restriction to remain in place. Plaintiffs should be allowed to read the briefs that are being filed on their behalf.

By modifying Judge Boylan's Protective Order, this Court certainly does not intend to allow Plaintiffs to expose Cargill's confidential or proprietary information to public dissemination. In fact, the language of the Protective Order, as modified, is intended to prohibit that result. The Protective Order specifically states that Plaintiffs are prohibited from publicly

disclosing or disseminating any information that is designated as Confidential or Attorneys' Eyes Only. Plaintiffs' failure to abide by the terms of the Protective Order could result in sanctions including, but not limited to, fines, attorney fees, resulting damages, and, ultimately, exclusion of evidence at trial. These protections are sufficient to protect Defendant from Plaintiffs' potential misuse of Confidential or Attorneys' Eyes Only information.

**3. Plaintiffs' Appeal of Judge Boylan's June 21, 2002, Order**

Plaintiffs also appeal Judge Boylan's June 21, 2002, Order, alleging that the Magistrate Judge's failure to allow for discovery of data regarding salaried non-exempt employees was clearly erroneous and contrary to law. Defendants urge the Court to adopt a higher standard for discovery, contending that in order to justify classwide discovery of salaried non-exempt employees, Plaintiffs bear the burden of making a *prima facie* showing either that the class action requirements of Fed. R. Civ. P. 23 are satisfied, or that discovery is likely to substantiate the class allegations.

Defendant has cited no Eighth Circuit precedent demanding this result and the Court is unwilling to impose this higher burden. Rule 26 specifically dictates that plaintiffs "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Hollis Branham is a salaried non-exempt Cargill employee and is a named plaintiff and a class representative for this alleged class. Mr. Branham alleges that Defendant's discriminatory use of the Selection Grid Process and the Performance Management Process resulted in his termination. These processes applied both to salaried exempt and salaried non-exempt employees. Thus, discovery of the data regarding salaried non-exempt employees is relevant to Mr. Branham's claims and to the claims of the potential class of salaried non-exempt

employees. Furthermore, a system of phased discovery, as Plaintiffs have proposed, will reduce the burden on Defendant to provide this information.

**4. Defendant's Appeal of Judge Boylan's June 21, 2002, Order**

Defendant appeals Judge Boylan's June 21, 2002, Order, alleging that the January 1, 1992, commencement of the discovery period will result in an "excessively prolonged" discovery period. Defendants request that the discovery period be shortened to one that would commence on June 1, 1994.

On the facts of this case, the Court finds that the discovery period prescribed by Judge Boylan was not clearly erroneous or contrary to law. Such historical data is relevant, given Plaintiffs' allegations that the discrimination originated from policies and procedures in place at Cargill in 1992. Thus, the Court affirms Judge Boylan's decision to commence the discovery period on January 1, 1992.

For the reasons stated, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Appeal [Doc. No. 52] of Judge Boylan's June 5, 2002, Order [Doc. No. 41] is **GRANTED**. Defendant shall provide Plaintiffs with data on senior management by including senior management above grade level 15 in its response to Plaintiffs' Second Request for Production of Documents. The June 5, 2002, Protective Order is modified as follows:

> 6(a) The above-named plaintiffs on the condition that each plaintiff acknowledges that he or she is bound by this Stipulation and Order by signing a copy of Exhibit A;
>
> 9. No Publication. No Confidential or Attorneys' Eyes Only documents shall be posted on web sites or otherwise published or disseminated by the parties or their counsel without the permission of the party designating such documents as Confidential or Attorneys' Eyes Only. Portions of affidavits and briefs quoting Confidential and Attorneys' Eyes Only information or documents shall not be posted on web sites or otherwise published or disseminated by the parties or their counsel without the permission of the party designating such information or

documents as Confidential or Attorneys' Eyes Only. Portions of briefs and affidavits not filed under seal may be posted on web sites or otherwise published or disseminated by the parties or their counsel without the permission of the party designating such information or documents as Confidential or Attorneys' Eyes Only.

10. Court Filings. Any Confidential or Attorneys' Eyes Only documents filed with the Court shall be filed under seal. Portions of affidavits and briefs quoting Confidential or Attorneys' Eyes Only information or documents will be filed under seal. Statistical analyses that do not link Confidential or Attorneys' Eyes Only information to specific employees do not need to be filed under seal. Sealing shall be accomplished by filing the documents in a sealed envelope or container on which the following notice shall be attached:

CONFIDENTIAL – UNDER PROTECTIVE ORDER

The enclosed document has been filed under seal pursuant to the terms of a Protective Order in this action. This envelope shall not be opened or its contents disclosed or examined except by order of the Court.

2. Plaintiffs' Appeal [Doc. No. 63] of Judge Boylan's June 21, 2002 Order [Doc. No. 56] is **GRANTED**. Defendant Cargill is hereby ordered to produce the following discovery, for the time period commencing January 1, 1992, to the present:

(a) Computerized employment data about salaried non-exempt employees;

(b) Complaints of racial discrimination by salaried non-exempt employees;

(c) General discovery of the application of company systems, including but not limited to KEIS, Selection Grid, and Performance Management Process, as they relate to salaried non-exempt employees.

Additional discovery regarding salaried non-exempt employees shall occur only with leave of the Court.

3. Defendant's Appeal [Doc. No. 57] of Judge Boylan's June 21, 2002 Order [Doc. No. 56] is **DENIED** and the portion of the June 21, 2002, Order commencing the discovery period on January 1, 1992, is **AFFIRMED**.

Dated: August 19, 2002

DONOVAN W. FRANK
Judge of United States District Court