UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

ARNOLD et al.,

Plaintiffs,

Civil No. 01-2086 DWF/AJB

v.

**ORDER**

CARGILL, INC.,

Defendant.

---

The above matter came before the Court for a telephone conference regarding discovery status on October 1, 2002. Matthew E. Klein, Esq., appeared on behalf Defendant Cargill, Inc. ("Cargill"), and Susan M. Coler, Esq., appeared on behalf of the Plaintiffs, Arnold, et al ("Arnold"). Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT** Plaintiff shall fully and completely answer Interrogatory Numbers 1 and 8.

Dated: 10/1/02

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Cargill argues that Arnold has not completely answered Interrogatory Numbers 1 and 8. Number 1 requests the identity of the individual who provided Arnold with privileged documents on July 15. Number 8 seeks the identity and date of contact of each person who has contacted the Plaintiffs as a result, either directly or indirectly, of the case web site. Arnold maintains that

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the information sought in Number 1 is protected under Rule 1.6 of the Minnesota Rules of Professional Conduct. Arnold questions the relevance of the request in Number 8 and argues that it is not reasonably calculated to lead to admissible evidence and calls for work product.

"Although the federal common law of attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal representation, it ordinarily does not apply to client identity and fee information." U.S. v. Sindel, 53 F.3d 874, 876 (8th Cir. 1995) (citations omitted). There are three exceptions in which client identity is privileged, but none apply here. See id. Because the information requested in the interrogatories is not privileged, this Court deems the information subject to discovery.

Further, the information sought in Number 8 does not constitute work product because it is merely client identification and the date of contact. Rule 26(b)(1) of the Federal Rules of Civil Procedure allows broad discovery at the pretrial stage, including "the identity and locations of persons having knowledge of any discoverable matter."

AJB