**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

ARNOLD et al.,

Plaintiffs,

v.

CARGILL, INC.,

Defendant.

Civil No. 01-2086 DWF/AJB

**ORDER**

---

The above matter came before the Court for a telephone conference regarding discovery status on December 10, 2002. Matthew E. Klein, Esq., appeared on behalf Defendant Cargill, Inc. ("Cargill"), and Lawrence Schaefer, Esq., appeared on behalf of the Plaintiffs, Arnold, et al ("Arnold"). Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs shall fully and completely answer Interrogatory No. 1 of Cargill's Interrogatories to Plaintiffs (Set III). Plaintiffs shall provide Cargill with a list of current and former employees of Cargill who are clients of Sprenger & Lang.
2. Plaintiffs shall identify portions of the transcript where attorney client privilege was invoked and parties other than deponent and counsel were present.
3. Plaintiffs shall reveal the identity of third parties present during said conversations.

Dated: 12/11/02

Arthur J. Boylan
United States Magistrate Judge

DEC 11 2002

## MEMORANDUM

In several depositions, named plaintiffs have objected, based on attorney client privilege, to naming non-parties present during certain discussions. However, if those non-parties are not clients of Sprenger & Lang, the attorney client privilege claims fail. A person must be a client in order for Plaintiffs to claim attorney client privilege for discussions where he or she was present. The definition of client is broader than just those who have signed retainer agreements. Cargill has a right to know who Sprenger & Lang considers its clients for the purposes of attorney client privilege.

Plaintiffs shall provide Cargill with a list of all current and former Cargill employees who are clients of Sprenger & Lang. This list of clients is not protected by attorney client privilege. "Although the federal common law of attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal representation, it ordinarily does not apply to client identity and fee information." U.S. v. Sindel, 53 F.3d 874, 876 (8th Cir. 1995) (citations omitted). There are three exceptions in which client identity is privileged, but none apply here. See id.

Further, the list of clients is relevant for the purposes of evaluating claims of attorney client privilege. The information is also relevant to Cargill as it prepares for this litigation within the corporation. It is not appropriate for Cargill to ask its employees directly because such a question could be viewed as retaliatory.

Plaintiffs shall identify the portions of deposition transcripts where attorney client privilege has been invoked regarding discussions where parties other than the deponent and counsel were present. Plaintiffs also shall identify the identity of the third parties present during

those discussions. Cargill must be able to discover whether the third parties are clients and the discussions are protected by the attorney client privilege or whether the third parties are not clients and the attorney client privilege claims for those conversations fail.

AJB