**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hugley, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, Sean Wright, on behalf of themselves and all others similarly situated,

Civil No. 01-2086 (DWF/AJB)

Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER**

Cargill Incorporated,

Defendant.

---

Paul C. Sprenger, Esq., Michael D. Lieder, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th Street Northwest, Washington, DC 20009; Lawrence P. Schaefer, Esq., Teresa K. Patton, Esq., and Susan M. Coler, Esq., Sprenger & Lang, 325 Ridgewood Avenue, Minneapolis, MN 55403; Lisa C. Stratton, Esq., Culberth Lienemann & Stratton, 444 Cedar Street, Suite 1050, St. Paul, MN 55101; Sara L. Madsen, Esq. Madsen Law Office, 4728 37th Avenue South, Minneapolis, MN 55406, on behalf of Plaintiffs.

Janice M. Symchych, Esq., Melissa Raphan, Esq., Mark J. Ginder, Esq., Holly S.A. Eng, Esq., and Matthew E. Klein, Esq., Dorsey & Whitney, 50 6th Street South, Suite 1500, Minneapolis, MN 55402, on behalf of Defendant.

---

## Introduction

The above-entitled matter is before the undersigned United States District Judge pursuant to Defendant Cargill's Motion for Certification pursuant to 28 U.S.C. § 1292(b). As related to

FILED DEC 17 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

this Court's Order dated July 15, 2002, Defendant requests that this Court certify the following issue:

> In a putative class action brought under 42 U.S.C. § 1981 alleging intentional workplace race discrimination against class members located and working in multiple states, should the statutes of limitations that would be applicable to § 1981 actions in each class member's state be applied, or may the trial court select the limitations period of the forum state to govern all claims?

For the reasons set forth below, Defendant's motion is denied.

**Discussion**

Section 1292(b) provides, in relevant part, that:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). "The general purpose of section 1292(b) is to provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." *Paschall v. Kan. City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). The party seeking interlocutory appeal bears a heavy burden to demonstrate that the case is an exceptional one that warrants immediate appeal. *In re Milk Prods. Antitrust Litig.*, 191 F.R.D. 596, 599 (D. Minn. 1997) (*citing White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)).

On July 15, 2002, this Court entered an Order on this matter denying Defendant's motion to dismiss certain of Plaintiffs' claims under 42 U.S.C. § 1981 as time-barred. In so holding, the Court rejected Defendant's assertions that such § 1981 claims should be subject to the statute of limitations of the state in which the claims arose and thus that approximately one-quarter of Plaintiffs' claims should be dismissed as time-barred.

The Court stands by the reasoning of its July 15, 2002, Order. It is the view of the Court that the nature of Plaintiffs' claims and the nature of the Defendant's connection with the forum dictate this result. Plaintiffs assert that Cargill's company-wide management policies, namely the "Key Employee Identification System," the "Selection Grid Process," the "Performance Management Process," and the "Management by Objectives" program, resulted in a glass ceiling above which African-American employees could not pass. Such claims are not simply about where the class member lived or last worked, as Defendant contends. Instead, these claims are driven by Plaintiffs' assertions that unlawful company-wide policies and directives emanated from Minnesota, the home of Cargill's headquarters. Assuming that to be true, there is no risk of resurrecting otherwise time-barred claims from potential class members who worked outside of Minnesota, because only the class members and claims that have a nexus with Cargill's headquarters in Minnesota are subject to this class action. Defendant has not demonstrated that this Court's analysis was contrary to law or that any divergence of opinion, binding on this Court, exists on this issue. Thus, Defendant's motion for certification of this issue for interlocutory appeal is respectfully denied.

For the reasons stated, **IT IS HEREBY ORDERED THAT:**

1. Defendant's motion for certification pursuant to 28 U.S.C. § 1292(b) (Doc. No. 80) is **DENIED**.

Dated: December 17, 2002

DONOVAN W. FRANK
Judge of United States District Court