**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

ARNOLD, ET AL.,

Civil No. 01-2086 DWF/AJB

Plaintiffs,

v.

**ORDER ON DEFENDANT'S MOTION TO OVERCOME ATTORNEY-CLIENT PRIVILEGE**

CARGILL, INC.,

Defendant.

---

The above matter came before the court on Defendant's Motion to Overcome Attorney-Client Privilege. [Docket No. 93]. A hearing was held on May 9, 2003, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Lawrence P. Schaefer, Esq., and Susan M. Coler, Esq., appeared on behalf of the Plaintiffs, Arnold, et al. ("Arnold"). Janice Symchych, Esq., Dennis Orkey, Esq., Holly Eng, Esq., and Matthew E. Klein, Esq., appeared on behalf Defendant Cargill, Inc. ("Cargill"). Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Overcome Attorney-Client Privilege is **granted**. [Docket No. 93].

   a. Cargill is entitled to discovery regarding all information Douglas shared with Sprenger & Lang.

   b. Cargill is entitled to depose Douglas for 2 days, for a total of fourteen hours, which amends the Pretrial Scheduling Order providing for only one 7-hour day of deposition for non-plaintiff witnesses.

JUN 30 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

c. Plaintiffs shall produce any documents he provided to Sprenger & Lang, as well as all documents listed in his privilege log.

2. Plaintiffs' request for a Protective Order limiting Cargill's deposition of Douglas is **denied**.

Dated: June 27, 2003

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Cargill moves this Court to overcome the attorney-client privilege and work product claims asserted regarding communications and documents relating to R. Bill Douglas, a former Cargill employee and former Sprenger & Lang client, who is not a member of the putative class in this case but has assisted plaintiffs in the litigation. Cargill also moves this Court to amend the Pretrial Scheduling Order to allow it to depose Douglas for 14 hours over 2 days, rather than one 7 hour day, as provided for non-plaintiff witnesses. Plaintiffs request a protective order limiting the scope of inquiry for Douglas' deposition.

**Background**

Douglas worked for Cargill for 22 years. He held EEO and Human Resources positions which made him privy to privileged information. He was also very involved with assisting the defense team in Foster v. Cargill, another discrimination class action Sprenger & Lang prosecuted against Cargill in the 1980's.

Douglas accepted an early retirement package from Cargill that was finalized in January

1998. It included a $60,000 a year pension and a release stating that he could not bring any administrative or legal proceedings against Cargill.

Douglas contacted Sprenger & Lang to seek legal advice regarding systemic discrimination issues at Cargill. Douglas executed a retainer agreement with Sprenger & Lang on February 2, 1998. He is not and never was a member of the putative class in this case. Douglas terminated his attorney-client relationship with Sprenger & Lang in February 2003. Therefore, he is not represented by Sprenger & Lang in the defense of his subpoena in this case. When subpoenaed, Douglas provided Cargill with a privilege log and asserted attorney-client privilege and work product doctrine regarding all communications he had with Sprenger & Lang.

Douglas has actively participated in Arnold's preparation of this litigation by identifying names of potential plaintiffs, providing Sprenger & Lang with 2000 pages of privileged, internal Cargill documents[1] and reviewing and commenting on the complaint before it was filed.

**Defendant's Arguments**

Cargill moves this Court to allow a full deposition of Douglas regarding any contact he had with Sprenger & Lang. Cargill also seeks to overcome any privilege claimed by Douglas, named plaintiffs, putative class members or Sprenger & Lang regarding that contact. Cargill maintains that it is entitled to depose Douglas to determine the nature and scope of privileged matters disclosed to or discussed with named plaintiffs, putative class members and Sprenger & Lang. Cargill asserts that Douglas' extensive knowledge of Cargill's privileged information

---

[1] Sprenger & Lang maintains that no one at its firm ever reviewed the documents. They were returned to Douglas but, unbeknownst to the lead attorney, a copy was made and left in a box for months. Finally, when the documents were discover, Sprenger & Lang returned the copy to Cargill without being reviewed because litigation had commenced.

necessarily influenced all communication he had with named plaintiffs, putative class members and Sprenger & Lang.

Cargill relies on In re Potash Antitrust Litigation, 1993 WL 543013 (D. Minn.), an unpublished case from this district, in which the Court disqualified certain plaintiffs' counsel and struck their complaints as tainted by privileged information improperly disclosed by one of defendant's former in-house counsel who was working with plaintiffs. Cargill maintains that the attorney-client privilege and work product doctrine cannot be asserted to block full inquiry of Douglas. Cargill contends that it should be allowed to depose Douglas to ascertain the extent, if any, that (1) he shared privileged information with plaintiffs or their counsel or (2) his knowledge of privileged information, strategies and practices influenced his communications with plaintiffs and their counsel. It argues that it is entitled to fully depose Douglas over any privilege claimed by him, named plaintiffs, putative class members or Sprenger & Lang in order to determine whether further action to protect its privilege is necessary. Cargill moves this Court to allow it to depose Douglas for 14 hours over two days "in order to cover the large volume and sensitive subject matter involved in these issues."

**Plaintiffs' Arguments**

Plaintiffs seek to limit Cargill's deposition of Douglas to: (1) what documents Douglas provided to Sprenger & Lang; (2) what documents he discussed with anyone at Sprenger & Lang; (3) whether he discussed the contents of any documents reflecting communications between Cargill and its attorneys; and (4) whether Douglas ever discussed any communications between Cargill and its attorneys with anyone at Sprenger & Lang. They also ask that Douglas' deposition be limited to one seven-hour day, as prescribed for non-plaintiffs in the Pretrial

Scheduling Order.

Plaintiffs maintain that Douglas was not privy, in his employment at Cargill, to privileged information regarding this case or privileged information in the relevant time period. They also assert that Sprenger & Lang's representation of Douglas fits within the common interest of this case and, therefore, allowing Cargill to fully depose Douglas destroys plaintiffs' attorney-client privilege in this case.

Plaintiffs further attempt to show that Cargill was not prejudiced by the inadvertent disclosure of privileged documents by Douglas. They argue that the provision of documents resulted in no prejudice and that Douglas' position did not expose him to privileged information relevant to this case.

**Discussion**

Douglas' entire relationship with Sprenger & Lang is premised on his knowledge of Cargill, some of which is protected by attorney-client privilege and the work product doctrine. Cargill has the right to depose Douglas regarding the extent, if any, to which that privilege has been breached by Douglas' relationship with Sprenger & Lang. Also, they may depose Douglas for up to fourteen hours over two days in order to fully address all issues.

Douglas has been actively involved in the preparation of this litigation by providing Sprenger & Lang with documents, recruiting potential plaintiffs and providing comments and editing the draft complaint. While employed at Cargill, Douglas had a key role on Cargill's defense team in Foster case, a similar discrimination lawsuit brought by Sprenger & Lang against

Cargill in the 1980's.[2] Even though Douglas was not involved with the defense team in this litigation, he has extensive knowledge of Cargill's litigation strategy. Therefore, his opinions and guidance can be presumed to be intertwined with legally protected information because he was so deeply involved in Cargill's litigation strategy in the Foster case.

Plaintiffs' suggested compromise improperly limits Cargill's protection, under Potash, from the risk that Douglas has disclosed privileged information to named plaintiffs, putative class members or Sprenger & Lang. See Potash, 1993 WL 543013, *16. If Cargill is limited to the subjects plaintiffs propose, it cannot determine if Douglas has shared information regarding litigation strategy.

Plaintiffs maintain that any communications between Douglas, Sprenger & Lang and putative class members are protected by a common litigation privilege. The Eighth Circuit case cited by plaintiffs, John Morrell & Co. v. Local Union 304A, 913 F.2d 544, 556 (8th Cir. 1990), deals specifically with the joint defense privilege. In Morrell, the Court noted, "When information is exchanged between various co-defendants and their attorneys ... this exchange is not made for the purpose of allowing unlimited publication and use, but rather, the exchange is made for the limited purpose of assisting in their common cause." Id. (citations omitted).

Here, however, the joint defense privilege is not applicable. Douglas is not a party to this litigation. He does not share a common interest with the plaintiffs in the putative class. Plaintiffs are current and former Cargill employees suing Cargill for race discrimination. Douglas has never been, and will never be, a member of the putative class. In fact, the release he

---

[2] The litigation in Foster v. Cargill was resolved with a Consent Decree.

signed bars him from participating in any action against Cargill. Therefore, he cannot jointly prosecute this case with Plaintiffs. The common litigation theory does not apply.

In Douglas' capacity as an EEO professional, Douglas was privy to Cargill's strategy and methods for defending a discrimination suit. The danger of Douglas disclosing Cargill's privileged information to Sprenger & Lang necessitates an inquiry into his relationship with plaintiffs' counsel. Therefore, this Court will overcome attorney client privilege and allow Cargill to depose Douglas regarding his relationship with Sprenger & Lang. Although disqualification of counsel is a drastic measure that should be used only when absolutely necessary, Cargill has a right to depose Douglas to determine whether evidence exists to pursue such a remedy. See MMR/Wallace Power and Industrial, Inc. v. Thames Associates, et al., 764 F.Supp. 712, 718 (D.Conn.1991). Further, this Court also will allow two days of deposition, for a total of fourteen hours, in order to ensure that the subjects can be fully probed.

AJB