**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

ARNOLD, ET AL.,

Plaintiffs,

v.

CARGILL, INC.,

Defendant.

Civil No. 01-2086 DWF/AJB

**ORDER ON MOTIONS**

---

The above matter came before the court on Defendant's Motion to Quash [Docket No. 100] and Plaintiff's Motion to Amend the Complaint [Docket No. 102]. A hearing was held on May 21, 2003, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Susan M. Coler, Esq., and Teresa Patton, Esq., appeared on behalf of the Plaintiffs, Arnold, et al. Janice Symchych, Esq., and Holly Eng, Esq., appeared on behalf Defendant Cargill, Inc. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Quash or Limit the Deposition of Walter MacMillan is **denied**. [Docket No. 100] Plaintiffs may depose Walter MacMillan for one seven-hour day. There will be no limit on the scope of the deposition.

2. Plaintiffs' Motion to Dismiss Plaintiff Margo Harvey Without Prejudice is **granted**. [Docket No. 102] The uncontroverted medical evidence suggests that her condition has deteriorated since this case was filed in 2001 and she is no longer capable of enduring deposition or serving as a named plaintiff.

FILED JUN 3 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

3. Plaintiffs' Motion to Amend the Complaint is **granted** in part and denied in part. [Docket No. 102]

   a. Plaintiffs may add three new named plaintiffs;

   b. Plaintiffs may not remove the ceiling from their class definition; and

   c. Plaintiffs may make the proposed technical and factual changes to the Complaint.

4. The Clerk of Courts shall accept for filing Plaintiffs' First Amended Complaint, dated May 7, 2003, and submitted with their proposed order for this Motion.

Dated: June 30, 2003

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

**Defendant's Motion to Quash and/or Limit Discovery by Deposition**

Cargill move this Court to quash Plaintiffs' subpoena of Whitney MacMillan for deposition. In the alternative, Defendants ask this court to limit the deposition in time and scope. Whitney MacMillan was Cargill's Chief Executive Officer from 1977 through 1995. Cargill maintains that MacMillan has been retired for seven years, has never met any of the plaintiffs and had no role in any employment decision regarding any plaintiff.

Cargill asserts that the main reason Plaintiffs want to depose MacMillan is a single statement in their Complaint that they allege MacMillan made in 1992 or 1993. However, none

of the 23 plaintiffs deposed thus far actually heard McMillan make the statement.

Cargill argues that a deposition of MacMillan will uncover only duplicative evidence and will place an undue burden on the witness. Cargill asks this Court to limit discovery and enter a protective order keeping MacMillan from deposition. Alternatively, Cargill proposes that plaintiffs could be ordered submit interrogatories to MacMillan rather than be granted a deposition.

The Plaintiffs argue that they have the right to depose MacMillan and that Cargill has not shown good cause to prevent plaintiffs from taking MacMillan's deposition. The plaintiffs argue that MacMillan was responsible for creating a "culture" at Cargill that allowed discrimination. Plaintiffs also maintain that MacMillan has relevant knowledge of the major systems and practices at issue, has unique knowledge regarding this case and is a critical witness because he is reported to have spoken words critical to this case. The plaintiffs emphasize MacMillan's influence on Cargill and argue that members of the plaintiff class were aware of his 1992 or 1993 statement and disturbed by it. Plaintiffs argue that they are entitled to probe the context and motivation behind the statement.

The liability period is from August 22, 1995, through the present. Discovery may be taken regarding June 1, 1992, and later. Therefore, MacMillan was CEO and Chairman of the Board for several years of the discovery period and also overlapped for a short while with the liability period. Also, MacMillan remained Chairman and Director "emeritus," with voting rights, through 1998. As a result, this Court will allow the deposition of MacMillan. The deposition, however, shall be limited to one seven-hour day.

**Plaintiffs' Motion to Dismiss Plaintiff Margo Harvey Without Prejudice**

Plaintiffs move this Court to dismiss Margo Harvey as a named plaintiff without prejudice, thereby allowing her to remain a class member. They assert that Harvey's medical status, especially her depression and current recovery from major surgery, makes her unable to continue as a named plaintiff. Harvey has been on medical leave from Cargill and her psychologist recommends in a supplemental declaration that she is not fit to be deposed.

Defendant argues that these factors were present when the Complaint has filed and nothing has changed to warrant dismissal. It contends that dismissing Harvey would cause great prejudice because Cargill has expended a great amount of resources preparing to defend against her claim. Cargill mentions that Plaintiffs may want to dismiss Harvey as a named plaintiff because she asserts no specific claim of discrimination against Cargill and has, in fact, been a long term and valued employee who has been well compensated over the years and for whom many accommodations have been made to deal with her medical problems. Also, Cargill notes that it would make any accommodations necessary to depose Harvey as a plaintiff.

Cargill also argues that, even if this Court grants plaintiffs' motion to dismiss Harvey, the dismissal be with prejudice or, in the alternative, only upon special conditions.[1] Further, Cargill requests that Harvey be precluded from bringing an individual action if this matter is not certified as a class.

Despite Cargill's arguments, this Court concludes, based on the unrebutted medical evidence, that Harvey should be dismissed without prejudice as a named plaintiff.

---

[1] Rule 41(a)92) provides that while a court may permit a plaintiff to voluntarily dismiss without prejudice, it may do so "only upon such terms and conditions as the court deems proper."

**Plaintiffs' Motion for Leave to Amend Complaint**

Plaintiffs also move this Court for leave to amend the Complaint in several ways. First, Plaintiffs wish to add three named plaintiffs. Plaintiffs argue that the proposed plaintiffs are encompassed by the class definition as salaried, non-exempt employees. They also maintain that the amendment is timely and will cause no prejudice to Cargill. Further, plaintiffs argue that amendment to add the named plaintiffs would not be futile and the amendment was not in bad faith. Defendant argues, "Salaried non-exempt employees cannot properly be added as an untimely afterthought to a putative class action originally defined as encompassing only exempt employees." Defendant contends that amendment would be futile because, given the distinctions between exempt and non-exempt employees and the fact that they are subject to completely different pay scales and review systems, a class including both could not be certified. Defendant's arguments are better left for the class certification motion. Therefore, this Court will allow the amendment and decline to conduct the certification analysis, leaving that for the district court when it considers plaintiffs' class certification motion.

Second, Plaintiffs move this court to allow them to remove the ceiling in their class definition. They argue that there is no reason to distinguish between employees above and below Grade 15. Plaintiffs also assert that this change would add only 15 people to the putative class. They note that 2 of the 15 have signed releases and could not participate in a lawsuit and 6 others already fall within the class certification for part of the liability period. They contend, therefore, that this change would result in a maximum of 7 new plaintiffs. Plaintiffs maintain that arguments about the identity of putative class members are better left for class certification.

In response, defendant argues that "adding senior management employees to a purported

class action focusing primarily on exempt professional employees would prove futile because the interests of supervisors and those supervised and policy makers and those impacted by such policies inherently and unavoidably conflict." Further, Defendant notes that some of the new putative class members proposed here were decision makers for other class members. The inclusion of employees over grade 15 would change the character of the class and create conflict with plaintiffs' decision makers as part of the same class. This Court will not allow the amendment.

Third, Plaintiffs request leave to amend the Complaint to make technical and factual changes. Plaintiffs attached a red-lined copy of the complaint showing the proposed changes. They assert that many of the changes are because plaintiffs have left work at Cargill or now hold different positions than they did when the complaint was originally filed. Defendant generally argues that the Complaint should not be amended at all. However, it does not specifically oppose these changes. Plaintiffs may make these changes to the Complaint.

AJB