**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

ARNOLD, ET AL.,

Plaintiffs,

v.

CARGILL, INC.,

Defendant.

Civil No. 01-2086 DWF/AJB

**ORDER ON DISCOVERY**

---

The above matter came before the Court for a Monthly Discovery Conference on September 9, 2003, at the U. S. Courthouse, 316 North Robert Street, St. Paul, Minnesota. Plaintiffs presented three discovery issues to the Court. Plaintiffs expressed concern that Cargill has not produced all documents relating to (1) complaints of race discrimination and race harassment brought by salaried employees and (2) the work of any Cargill committee, group or individual addressing issues relevant in this litigation. Further, the Plaintiffs maintain that they are entitled to production of the personnel records for all Cargill employees who will be deposed in this litigation and all Cargill employees who may be called as a witness by either party at trial. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. With respect to Plaintiffs' Request for Production No. 35, asking for documents related to complaints of race discrimination and race harassment brought by salaried employees:

   a. Defendant has conducted reasonable and diligent searches for responsive documents. Nevertheless, Defendant shall confirm with its HR managers that

FILED SEP 15 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

they have searched for and produced all documents relating to complaints of race discrimination and race harassment brought by salaried employees, both exempt and non-exempt.

b. Within 15 days of this Order, Defendant shall certify to the Court that it has produced all such documents. Any documents pertaining to this topic that have not been produced by that time will not be available for use at trial.

c. Defendants' objections are overruled, except as they relate to the personnel files of Cargill employees who filed such complaints. Defendant need not produce the entire personnel files, only the documents therein that relate to the complaint.

2. With respect to Plaintiffs' Document Request No. 37, asking for documents related to the work of any Cargill committee, group or individual addressing issues relevant in this litigation:

a. Defendant has conducted reasonable and diligent searches for responsive documents. Nevertheless, Defendant shall confirm with its HR managers that they have searched for and produced all documents related to the work of any Cargill committee, group or individual addressing issues relevant in this litigation.

b. Within 15 days of this Order, Defendant shall certify to the Court that it has produced all such documents. Any documents pertaining to this topic that have not been produced by that time will not be available for use at trial.

3. With respect to Plaintiffs' Request for Production No. 40, Defendants need not

produce the personnel files of all employee deponents and possible witnesses. The request is overbroad and fails to show a particularized need for the personnel file information of each deponent and potential witness. The production of non-employee personnel files "is not a step which the Court should lightly undertake." Raddatz v. The Standard Register Co., 177 F.R.D. 446, 448 (D.Minn.1997). The mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file. Id. Before the Court compels production of non-party personnel files, it should consider whether the information in the files is relevant, whether the relevant information may be obtained by a less intrusive means and whether the production of the personnel file contents is limited in scope and time. Id. Plaintiffs have not made a showing sufficient to overcome the privacy interests of the Cargill employees who will be deposed in connection with this case or who may be witnesses at trial. Such showings may be asserted in future requests, but Defendants need not produce any personnel files at this time, based on the current document request.

Dated: 9/15/03

Arthur J. Boylan
United States Magistrate Judge