**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Roderick Arnold, et al.,

Plaintiffs,

v.

Cargill, Incorporated,

Defendant.

Civil No. 01-2086 DWF/AJB

**ORDER ON DISCOVERY**

This matter came before the Court, Magistrate Judge Arthur J. Boylan, for conference on discovery and litigation issues. Conference was held on October 7, 2003, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101.

Based upon the file, correspondence and arguments of counsel, the Court makes the following:

**ORDER**

1. Pursuant to agreement of the parties, results of e-mail inquiries by defendant Cargill to its managers, seeking identification of employees disciplined in connection with race discrimination or harassment allegations, shall be provided to plaintiffs by 4:30 p.m. on October 20, 2003.

2. Defendant Cargill shall provide supplemental employment data, to the extent described and represented at conference, by October 28, 2003. All additional and necessary supplementation under the rules shall be completed by the discovery deadline date, November 17, 2003.

3. Defendant shall produce any previously prepared list in which particular

OCT 0 7 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

individuals who participated in the Cargill Leadership Development Program (CLDP), Financial Information Services (FIS) or Strategy and Business Development (SBD) groups are identified. Defendant is not required to prepare a participant list not already maintained in the course of its operations, whether by re-examination of documents, employee inquiries, or otherwise.

4. Defendant shall disclose any presently known complaints of racial discrimination or harassment by any non-employee third parties which have been addressed directly to the defendant or have come to the defendant's attention through reporting to outside agencies for investigation or rights enforcement purposes. Defendant is not required to search its documentary records but shall make a general nation-wide inquiry of current managers and/or human services personnel with respect to any such complaints. Defendant shall further provide Bates number identifications of all documents which were determined by defendant to represent employee complaints of race discrimination.

5. Plaintiffs' request for disclosure of specified complainant lists is moot. Defendant agrees to provide particularly identified materials.

6. Defendant's objection with respect to the number of depositions which may be noticed by plaintiffs is moot. Plaintiffs have indicated their intent to cancel nine previously scheduled depositions.

7. Plaintiffs' request for identification of African-American employees who have been offered severance packages in exchange for general releases is granted in part and denied in part. Defendant shall identify any former employee whose separation was attributable to a complaint or concrete reference to a specific incident or pattern of discrimination, whether or not such allegation of discrimination is cited as a basis to any degree for the separation or the

severance agreement and release. Defendant is not required to identify every putative class member who has executed or been offered a severance package contained a general release of legal claims.

Dated: 10/7/03

Arthur J. Boylan
United States Magistrate Judge