**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hugley, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Cargill Incorporated,

Defendant.

Civil No. 01-2086 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Paul Carl Sprenger, Esq., Michael D. Lieder, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th St. NW, Washington, DC 20009; and Lawrence P. Schaefer, Esq., Teresa Kathleen Patton, Esq., and Susan M. Coler, Esq., Sprenger & Lang, 325 Ridgewood Ave., Minneapolis, MN 55403, counsel for Plaintiffs.

Melissa Raphan, Esq., Paul Barry Klaas, Esq., Mark John Ginder, Esq., Holly S.A. Eng, Esq., and Michael Iwan, Esq., Dorsey & Whitney, 50 6th St. S., Ste. 1500, Minneapolis, MN 55402-1498; and Janice Marie Symchych, Esq., Halleland Lewis Nilan Sipkins & Johnson, 220 6th St. S., Ste. 600, Minneapolis, MN 55402, counsel for Defendant.

Peter N. Thompson, Esq., Hamline Law School, 1536 Hewitt Ave., St. Paul, MN 55104.

---

This matter is before the Court upon Plaintiffs' Appeal of Magistrate Judge Arthur J. Boylan's order dated September 15, 2003 [Doc. No. 149], regarding Plaintiffs' discovery issues that were brought before the Court at the parties' September 9, 2003, Monthly Discovery

FILED OCT 20 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Conference. Specifically, Plaintiffs appeal Magistrate Judge Boylan's order insofar as it denied Plaintiffs Motion to Compel production of personnel records related to employee deponents and witnesses that Defendant Cargill plans to call at trial. Cargill has filed a memorandum in opposition to Plaintiffs' appeal.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds that Magistrate Judge Boylan's order of September 15, 2003, is neither clearly erroneous nor contrary to law. Thus, the Court denies Plaintiffs' appeal and affirms Magistrate Judge Boylan's order of September 15, 2003, in all respects.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Boylan's order of September 15, 2003 (Doc. No. 149), is **AFFIRMED.**

Dated: October 20, 2003

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Plaintiff has appealed only that portion of Magistrate Judge Boylan's order dated September 15, 2003, wherein Magistrate Judge Boylan denied Plaintiffs' Motion to Compel production of personnel records relating to employee deponents and witnesses that Cargill plans to call at trial in this matter.

The Court concurs with Magistrate Judge Boylan's order. As noted by Magistrate Judge Boylan, Plaintiffs' request is overbroad and fails to show a particularized need for the personnel file information of each deponent and witness that Cargill intends to call at trial. Plaintiffs have not requested only the records of Cargill witnesses and employees who made decisions related to the named plaintiffs. Nor have Plaintiffs requested only personnel records of similarly situated employees who are deponents or will be called as witnesses. Instead, Plaintiffs' request relates to the personnel records of *all* witnesses who will be called by Cargill at trial or who will be deponents in preparation for trial. Absent a showing of whether these personnel files are relevant, whether the information may be obtained in a less intrusive manner, and whether the information requested is limited in time and scope, a blanket request for the files of *all* Cargill witnesses or deponents is overreaching.

For these reasons, the Court concludes that Magistrate Judge Boylan's order dated September 15, 2003, denying Plaintiffs' Motion to Compel production of personnel records related to employee deponents and witnesses that Cargill plans to call at trial, is neither clearly erroneous nor contrary to law.

D.W.F.