**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Roderick Arnold, et al.,

Plaintiffs,

v.

Cargill, Incorporated,

Defendants.

Civil No. 01-2086 DWF/AJB

**ORDER ON MOTION FOR STAY OF DISCOVERY, MOTIONS FOR PROTECTIVE ORDERS AND MOTION TO QUASH SUBPOENAS**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant Cargill's motion to stay discovery [Docket No. 156], pending an investigation regarding disclosure of privileged documents, and defendant's motion for protective order [Docket No. 159], essentially seeking a stay of discovery until the motion to stay discovery is decided. In response to defendant's affirmative investigative efforts, plaintiffs move to quash subpoenas *duces tecum* and *ad testificandum* [Docket No. 161-1] which have been served upon five individuals. Plaintiff further moves for a protective order [Docket No. 161-2] requiring defendant to prepare a privilege log. Hearing was held on October 28, 2003, at the U.S. Courthouse, 316 No. Robert St., St. Paul, Minnesota 55101. Susan M. Coler, Esq., appeared on behalf of the plaintiffs. Paul B. Klaas, Esq., appeared on behalf of the defendant.

Based upon the file, affidavits, declarations, exhibits, and memorandums and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendant Cargill, Incorporated's Motion for Stay is **denied** [Docket No. 156];
2. Defendant Cargill's Motion for Protective Order is **denied** [Docket No. 159];



NOV 26 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3. Plaintiffs' Motion to Quash Subpoenas is **granted in part and denied in part** [Docket No. 161-1]. Plaintiffs shall respond to document production demands pursuant to the subpoenas *duces tecum* which have been served. To the extent that the subpoenas demand appearances to testify at deposition, the subpoenas are quashed. With respect to documents, plaintiffs are not required to make duplicate productions or to produce materials which have previously been provided to the defendant. Plaintiffs shall prepare and produce a log of documents with respect to which privilege may properly be asserted.

4. Plaintiff's Motion of a Protective Order is **granted** [Docket No. 161-2]. To the extent that defendant seeks to elicit testimony from Mr. Douglas with respect to a particular privileged document, and seeks to preserve the privilege with respect to that document, the document shall be identified by reference number and shall be described in a privilege log in the manner provided in the Order Appointing Special Master dated June 6, 2003.

Dated: November 26, 2003

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Mr. R. Bill Douglas is a former management employee of defendant Cargill, Inc. who worked cooperatively with plaintiffs' counsel, Sprenger & Lang, in the early stages of this putative class-action employment litigation, but is not himself a plaintiff in the case. Mr.

Douglas's employment at Cargill included the position of corporate EEO Director, and he also served as a manager in a human resources section. In the course of his employment, Mr. Douglas came into possession of numerous documents pertaining to company employment practices and programs, including confidential Cargill materials that are entitled to attorney–client privilege protections. Douglas's cooperative efforts included his providing many or all of the documents in his possession for review by plaintiffs' counsel. In so doing, Mr. Douglas placed Cargill's privileged documents into the custody of counsel for the plaintiffs, though class counsel contend that Douglas was told that he should not deliver privileged documents. Plaintiffs further assert that those documents were not examined by them and were subsequently returned to Mr. Douglas.

Pursuant to Order dated June 27, 2003, Cargill was allowed to depose Mr. Douglas for two days for the purpose of determining the nature and scope of privileged matters that may have been disclosed to plaintiffs' counsel and to determine whether Douglas had shared information regarding Cargill's litigation strategy. Defendant deposed Mr. Douglas for one full day on September 18, 2003, thereby obtaining testimony upon which the present motion to stay discovery is based. Specifically, defendant contends that the witness acknowledged his extensive familiarity with defendant's litigation strategy as a result of 22 years of employment at Cargill and that he provided a substantial amount of privileged information to class counsel, at their request. It is argued that Mr. Douglas's testimony directly contradicts the representations and declarations of plaintiffs' attorney, Larry Schaefer, with respect to his association with Douglas, the attorney's instructions in regard to disclosure of Cargill's privileged materials, the possibility of compensation to Mr. Douglas, and whether Schaeffer had instructed Douglas to destroy

documents which would be subject to an anticipated *subpoena duces tecum*.

Upon receipt of Mr. Douglas's testimony the defendant requested an emergency conference and sought guidance from the Court as to the appropriate action to take in response to the recently acquired information. The Court received written arguments from both sides and thereafter issued a letter advising the parties that neither an emergency hearing nor guidance from the Court were appropriate in light of the currently existing record. Although the Court noted the seriousness of the allegations regarding the conduct of plaintiffs' counsel, it was further stated that important facts remained in dispute and that each side would have to make an independent assessment of the situation. Finally, the Court rejected plaintiffs' contention that Mr. Douglas's deposition should be terminated and not be allowed to proceed for a second day. Though the Court has authorized the defendant to conduct limited discovery on the subject at hand and has acknowledged that defendant is not barred from moving for disqualification of plaintiffs' counsel or dismissal of the action based upon ethics violations, the Court has neither disapproved nor endorsed any particular course of action and has not promoted the notion that a stay of discovery while an investigation took place would be necessary or appropriate.

Meanwhile, defendant has proceeded with its investigation into the improper disclosure and receipt of privileged information by serving subpoenas *duces tecum* and *ad testificandum* on Sprenger & Lang attorneys Larry Schaefer and Teresa Patton, former S&L attorneys Sarah Madsen and David Shulman, and S&L paralegal Patricia Jones. The deposition of Mr. Douglas has not been resumed. Cargill insists that the Sprenger & Lang depositions can proceed in an expeditious manner and will not significantly delay discovery in the primary case. Plaintiffs oppose any stay of discovery and further respond to Cargill's investigation by moving

to quash the five subpoenas *duces tecum* and *ad testificandum* which have been served. Plaintiffs also move for a order requiring defendant to prepare and produce a log of the privileged documents that were once in the possession of Sprenger & Lang for purposes of referencing privileged documents in deposition without revealing their content.

It appears to be beyond dispute that Sprenger & Lang attorneys came into possession of defendant Cargill's privileged materials through the receipt of documents from R. Bill Douglas, and at some point S&L lawyers came to the realization that they had possession of the privileged documents. The circumstances under which the documents were obtained and returned, and whether plaintiff attorneys actually examined the substance of the materials, is, of course, the subject of defendant's investigative efforts. The Court permitted limited investigative efforts in its June 27, 2003, Order by allowing an extended deposition of Mr. Douglas. After using half its allotted deposition time, defendant determined that sufficient information had been obtained to justify a stay of discovery for further investigation and that perhaps sufficient grounds for disqualification of plaintiffs' counsel had already been elicited through Mr. Douglas's testimony. The Court does not share defendant's present view on the conclusive nature of the evidence. As noted on multiple previous occasions, the Court fully appreciates the potential seriousness of the alleged ethical violations and the implications of Mr. Douglas' testimony. However, the Court has also observed that critical facts are in dispute and no compelling additional evidence has come to light since the parties were advised of the Court's position on this matter by letter on October 3, 2003. The Court does not suggest that the present motion to stay discovery is procedurally improper in any way. The Court merely determines that in the absence of an adequate showing of actual or appropiately inferred prejudice to defendant's

litigation posture and strategy in the underlying case, there is not sufficient justification to halt primary discovery in the case while the investigatory sidebar takes place. The Court certainly acknowledges defendant's interest in a trial free from even the risk that confidential information has been unfairly used against it. In re Potash Antitrust Litigation, 1993 WL 543013, *16 (D. Minn). However, the Court must also respect the notion that disqualification of counsel is a severe remedy which should only be done in cases where the offending attorney's conduct will likely taint the underlying trial. Id. Whatever the ethical violations that may or may not have occurred, defendant's have some distance to go to establish sufficient grounds for disqualification, particularly where the source of privileged materials, Mr. Douglas, is not a attorney and his knowledge of confidential information cannot necessarily be imputed to the plaintiffs' lawyers.

Despite the Court's refusal to stay case discovery, the gravity of the possible ethic violations is duly considered and defendants are not precluded from continuing its investigation. In this regard the plaintiff's are required to respond to defendant's document subpoena as provided in the above Order. Furthermore, defendant is permitted to seek written discovery through interrogatories addressing the receipt of the Douglas documents, the return of privileged materials, and the content of discussions which may have taken place between Mr. Douglas and plaintiff counsel involving the substance of privileged information, if any such discussions took place. The Court is not inclined to permit the depositions of plaintiffs' former and present counsel and staff, particularly where defendants have not yet made full use of their opportunity to depose Mr. Douglas and have not availed themselves of alternative means of discovery.