**SPRENGER & LANG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

EXHIBIT E

WRITER'S ADDRESS:

SUSAN M. COLER
MINNEAPOLIS OFFICE
E-Mail: scoler@sprengerlang.com
Website: www.Sprengerlang.com

1614 TWENTIETH STREET, N.W.
WASHINGTON, D.C. 20009-1001
(202) 265-8010
FAX (202) 332-6652

325 RIDGEWOOD AVENUE
MINNEAPOLIS, MINNESOTA 55403
(612) 871-8910
FAX (612) 871-9270

August 30, 2002

**VIA FACSIMILE**

The Honorable Arthur J. Boylan
Magistrate Judge, U. S. DISTRICT COURT
Room 638, Warren E. Burger Federal Building
316 North Robert Street
St. Paul, MN 55101

***Re: Arnold et al. v. Cargill***

Dear Magistrate Judge Boylan:

At 4:15 p.m. on Friday, August 30, 2002 we received the letter Cargill sent to you in preparation for our Tuesday conference call. We did not know that Cargill intended to raise the issues in that letter so quickly without the opportunity for dialogue and an attempt to resolve the issue before bringing it to you. Accordingly, we have not prepared a letter to you addressing the issues Cargill has raised. Cargill certainly knows that we would consider this an important issue for which we would want to provide an appropriate letter to the Court. Given the time constraints, however, we are unable to do this and instead are providing the Court with the letter we sent to Cargill today.

From our letter to Cargill, it is obvious that Cargill's assumption that privileged documents were sent to Sprenger & Lang as a result of the website is dead wrong, making Cargill's inquiries about the website not reasonably calculated to lead to admissible evidence.

Moreover, the facts in Cargill's letter to the Court are wrong. The first privileged document was sent to us via U.S. mail in an unmarked envelope before the website was even posted online. The second group of documents did not come to us in an unmarked envelope and they did not come to us as a result of the website.

In its letter to the Court, Cargill is asking the Court to make a decision before Cargill has engaged in meaningful dialogue with the plaintiffs and before the plaintiffs' response to the disputed discovery is even due. Cargill served the discovery on the plaintiffs on August 14, 2002, making September 12, 2002 the deadline for a response. Cargill's request for a decision on this discovery is therefore premature.

Very truly yours,

Susan M. Coler

Enclosure
cc: Matthew Klein, Esq. (w/enclosure) (*Via facsimile*)

Susan

# SPRENGER & LANG

A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

WRITER'S ADDRESS:

SUSAN M. COLER
MINNEAPOLIS OFFICE
E-Mail: scoler@sprengerlang.com
Website: www.Sprengerlang.com

1614 TWENTIETH STREET, N.W.
WASHINGTON, D.C. 20009-1001
(202) 265-8010
FAX (202) 332-6652

325 RIDGEWOOD AVENUE
MINNEAPOLIS, MINNESOTA 55403
(612) 871-8910
FAX (612) 871-9270

August 30, 2001

**DELIVERY VIA MESSENGER**

Janice M. Symchych, Esq.
Matthew Klein, Esq.
DORSEY & WHITNEY, LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498

***Re:*** ***Arnold et al. v. Cargill***

Dear Jan and Matt:

I am responding to your letter addressed to Larry Schaefer and delivered to our office on August 14, 2002 after he had left on a vacation about which you had been informed.

**A. Discovery Directed at www.cargillcase.com**

Unless you convince us that your discovery demands related to development of the website at www.cargillcase.com and the response of class members to that website are reasonably calculated to lead to the discovery of admissible evidence and are otherwise appropriate, plaintiffs will not voluntarily respond to Interrogatories 4-8 of Cargill's Second Set of Interrogatories or Requests for Production 33 and 34. With regard to Request 35, it is unclear what is meant by documents received "from people responding directly or indirectly" to www.cargillcase.com. Documents that are responsive to Cargill's prior requests have been and are being produced that have been provided to us by plaintiffs and other persons. We also object to the Notice of Taking Deposition of Sprenger & Lang PLLC on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

Cargill apparently seeks to justify this discovery based on its assumption that information about means of participation in the lawsuit provided in the website caused privileged documents to be provided to our firm on two occasions. Cargill's factual

assumption is incorrect, but even if it were true, we do not understand how those two incidents would justify the proposed discovery.

The www.cargillcase.com website was first posted on or about the day the Complaint was filed, November 15, 2001. Sprenger & Lang was not and is not involved in posting any other website about the Cargill case (other than the link to www.cargillcase.com provided in the www.sprengerlang.com website).

By letter dated September 20, 2001, Mr. Schaefer sent you a privileged document that had been sent to him anonymously at the end of August, 2001. Accordingly, the website could not possibly have been the cause of an anonymous mailing some three and a half months before the website even appeared on the internet.

Nor can the documents sent to you on July 15, 2002 be linked in any way to the Cargill website. A client provided those documents to us, along with many non-privileged documents, in November 2000 to assist us in our evaluation of whether to prosecute a race discrimination class action against Cargill. Without describing any communications between the client and Mr. Schaefer, what happened was as follows.

A paralegal assigned to this case and Mr. Schaefer reviewed and began to organize these documents shortly after their production. They noticed that some documents were designated "Privileged" and/or otherwise appeared to originate from, or be directed to, internal or outside legal counsel for Cargill. At Mr. Schaefer's direction, the legal assistant immediately segregated these documents from the others produced. They did not review the documents substantively in any manner. Mr. Schaefer then asked the legal assistant to return all of the documents that were designated as or appeared to be privileged to the client, and to be sure that no one at the firm reviewed them and that we not retain any copies. The documents were returned to the client in December 2000.

In late June of 2002, the legal assistant discovered a box of documents while preparing to respond to Cargill's document production requests. The box contained documents produced by the client, including the privileged documents. Mr. Schaefer conducted an investigation and determined that either the legal assistant had forgotten, or did not know, that another employee had copied all of the documents that the client had produced before any review of the documents had been conducted. Thus, when the privileged documents were returned to the client, a set of copies was inadvertently retained. It is that set of copies that were sent to you July 15, 2002.

Thus, ***no*** privileged documents have been provided to us in response to any message in the website. This is not surprising. The first sentence of the page that you apparently find most problematic, "How Do I Become Involved?," has read since the site was created, "If you have non-privileged information that may assist us in prosecuting this case, please contact us at the address listed below." To address your concerns, however, and as discussed below, we have voluntarily changed the page to make

additional references to the fact that the information must be non-privileged. We share Cargill's desire that documents that Cargill has labeled "privileged" not come into our possession.

Even if we had received privileged documents from a current or former employee who learned of the case or was inspired to send us documents as a result of the website, we fail to see how that action by someone who ignored the statement that documents must not be privileged would justify the requested discovery. First, the discovery is not reasonably calculated to lead to the discovery of admissible evidence. The language of the website speaks for itself. If it is improper, the identity of the drafter, the date of drafting, and the text of improper drafts are irrelevant. Similarly, it is irrelevant whether a current or former Cargill employee found out about or decided to become involved in the lawsuit as a result of the website, of communications with other current or former employees, or of a combination of both. The strength of that employee's claims and of the evidence relevant to those claims is not affected by the source of that employee's knowledge about the lawsuit.

Second, even if Cargill could advance an argument to show that the information likely to be elicited by the propounded discovery about the website would have some marginal relevance to the case, the significance of that information would almost certainly not outweigh the patent threat to attorney-client privilege and attorney work product posed by the discovery and the imbalance in the scales of justice that such discovery would create. An employer's counsel has little trouble communicating with managers in possession of information relevant to a class action employment discrimination lawsuit, since the employer can compel cooperation. A website helps to even the odds by allowing class counsel even prior to class certification to reach out to class members and others in possession of relevant information. Class counsel should not have to choose between initiating communications with potential class members through a website and prying by employer's counsel into the preparation, use and value of the website.

Obviously from what I have said above, we very much doubt that we will acquiesce in any of the propounded discovery concerning the website. Nonetheless, this is a new experience for us. We have never been served with discovery directed at a case-specific website that we have created, and we may have overlooked an argument in favor of the discovery.

If you believe after reviewing this letter that you have a valid basis for propounding the website discovery, please let us know and we will either respond or seek relief from Magistrate Judge Boylan. Otherwise, we request that Cargill withdraw that discovery.

**B. Delivery of the July 15, 2002 Documents to Sprenger & Lang**

I understand that you had a telephone conversation with Mr. Schaefer shortly after we delivered the July 15 Documents to you. You asked him to divulge the name of the person who gave the documents to us, he declined, and you said that you knew who had done it even without Mr. Schaefer providing the name. Along with the discovery directed at Sprenger & Lang, you served a notice of deposition for Bill Douglas. You obviously believe that he was the source of the July 15 Documents, but we doubt that your belief concerning the source of the documents is the only reason you have noticed his deposition. There is thus no need for us to respond to Interrogatory 1 at this time. If you still believe that you need us to respond to that interrogatory after Mr. Douglas' deposition, please let us know.

Without disclosing any client confidences, we can respond to Interrogatories 2(a), 2(b), and 3. We also will respond to Requests for Production 31 and 32.

**C. Stipulation**

We will not sign the Stipulation as drafted. As explained above, the premise on which it is based is simply false. Moreover, after Sprenger & Lang received an anonymously-sent document last August, a letter was sent to all the plaintiffs of the type suggested in the Stipulation. If necessary, this letter could be provided to the Court for *in camera* review.

In the course of responding to Cargill's discovery requests, the plaintiffs have provided the documents in their possession to us and no additional privileged documents have emerged. This is compelling evidence that they understand their obligations.

The proposed stipulation reflects a belief that we find disturbing. Cargill apparently has concluded, based on two unrelated incidents, that plaintiffs and their supportive witnesses as a group are a risk to violate attorney-client privilege or the attorney work product doctrine. The attorneys and staff at Sprenger & Lang are well aware of their professional obligation not to seek or review such materials and they have instructed their clients accordingly. No additional stipulation is needed.

In the first sentence of the section in the <u>www.cargillcase.com</u> website titled "How do I become involved" readers are told that they can contact us if they have "**non-privileged** information that may assist us." Clearly the intent of that section was to elicit only non-privileged material. Nonetheless, we are adding additional text to that section of the website that should be operative by the end of next week. The text is attached.

Very truly yours,

Susan M Coler

Susan M. Coler

# Cargill Employment Discrimination Litigation Website

**How Do I Become Involved?**

## Contacting Us

If you have non-privileged information that may assist us in prosecuting this case, please contact us at the address listed below. We would like to hear from you even if your knowledge is limited to what you've heard from others or if you believe that another proposed class member or witness already contacted us about the same incident.

At this time, we would like information concerning:

1. Race discrimination against African American managerial and professional employees in the areas of advancement, compensation, and termination.
2. Any statements, written or oral, by Cargill managers showing bias against African American employees and/or remarks that are derogatory in nature against African Americans.
3. Any reports or studies showing the disparities in advancing, compensating, and terminating African American employees in relation to their non-African American co-workers.

**You should NOT provide us with any Cargill documents that are marked "attorney-client privilege" or documents or information provided by or received from a Cargill attorney or an attorney representing Cargill.**

If you have nonprivileged information, documents, video or audiotapes, that you wish to share with us, please contact Sprenger & Lang, PLLC at the mailing address, phone number, or e-mail address listed below:

**Sprenger & Lang, PLLC**
**Attn: The Cargill Case**
**325 Ridgewood Avenue**
**Minneapolis, MN 55403**

**612/871-8910**
**CargillCase@SprengerLang.com**