EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, NII-AKWEI ACQUAYE, SEAN ALLEN, HOLLIS BRANHAM, TOYA BROWN, DAWN COLLINS, LOUIS DARDEN, DELLA DICKSON, VIRGINIA DOUGLAS, RONALD GARRUS, MARGO HARVEY, CHENETA HUGHEY, JACQUELINE JENKINS, KEITH LEWIS, VALERIE MASON-ROBINSON, MICHAEL MITCHELL, PHYLLIS REECE, TONYA ROSS, CHARLES SCOTT, CLINTONIA SIMMONS, TAUSHA TATE, EMILY TYLER, JACQUELINE WILLIAMS, CHERYL WILLIS, SEAN WRIGHT,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**AMENDED NOTICE OF TAKING DEPOSITION OF R. BILL DOUGLAS**

**TO: The named Plaintiffs and their attorneys, Lawrence Schaefer and Susan M. Coler, Sprenger & Lang PLLC, 325 Ridgewood Avenue, Minneapolis, Minnesota 55403.**

**PLEASE TAKE NOTICE** that the deposition of R. Bill Douglas will be taken pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, by oral examination before a duly qualified court reporter at the offices of Dorsey & Whitney LLP, Suite 1500, 50 South Sixth Street, Minneapolis, Minnesota, 55402, on September 17 and 18, 2003, commencing at 9:00 a.m. each day, and continuing thereafter until the same shall be completed. Mr. Douglas also has been commanded to produce the documents described in Exhibit A, attached hereto.

Dated: July 11, 2003

DORSEY & WHITNEY LLP

By [signature]

Janice M. Symchych #10811X
Mark Ginder #136396
Melissa Raphan #182795
Holly S. A. Eng #238028
Michael Iwan #28628X
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

Issued by the

# United States District Court

## DISTRICT OF MINNESOTA

Roderick Arnold, et al.

V.

Cargill, Incorporated

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 01-CV-2086 (DWF/AJB)

TO: **R. Bill Douglas, 1343 Washburn Avenue N., Minneapolis, MN 55411**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Dorsey & Whitney LLP**<br>**50 South Sixth Street, Suite 1500**<br>**Minneapolis, MN 55402** | **September 17 and 18, 2003 at 9:00 a.m. each day** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **Dorsey & Whitney LLP**<br>**50 South Sixth Street, Suite 1500**<br>**Minneapolis, MN 55402** | **August 18, 2003 at 1:30 p.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>*Attorney for Defendant Cargill, Incorporated* | 7-11-03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael Iwan (#28628X), Dorsey & Whitney LLP, Suite 1500, 50 South Sixth Street, Minneapolis, MN 55402. Telephone: 612-340-5613.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less that 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena; or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only under specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of all the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

For purpose of these Requests, the following words shall have the meanings ascribed to them below:

1. As used herein, the term "document" or "documents" includes, the original or drafts of any kind of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, and including, but not limited to, any correspondence, paper, book, account, drawing, agreement, calendar, diary, contract, memorandum, telegram, report, record, audio tape, video tape, transcript, study, note, intra-office communication, inter-office communication, electronic mail ("e-mail") communication, computer program, computer file, check, check stub, or note of any conference.

2. "You" or "your" means you, Bill Douglas, and all representatives or other persons acting, or purporting to act, on your behalf.

3. "Representative" means agents, attorneys, and all other persons acting, or purporting to act, on behalf of the designated person.

4. As used herein, "Cargill" means not only Cargill, Inc., but also its officers, employees, and representatives.

5. As used herein, "Sprenger & Lang PLLP" means the law firm itself and its partners, employees, agents, and representatives.

6. "Diary" means a record of events, transactions, observations, activities, reflections, or feelings kept on a daily or frequent basis, including but not limited to notes of such events, transactions, observations, activities, reflections, or feelings.

7. As used herein, "the Litigation" means the litigation captioned *Arnold, et al. v. Cargill, Incorporated*, filed in the United States District Court for the District of Minnesota and assigned Case Number 01-CV-2086.

7. The singular form of a word shall refer to the plural as well, and words used in the masculine gender also include the feminine.

8. If any privilege is claimed with respect to any document requested, please state:

(a) the nature of the document (e.g., letter, memorandum, report, etc.);

(b) the date it bears, or, if undated, the date it was written or created;

(c) its author(s);

(d) the identity of each of its recipients;

(e) its general subject matter;

(f) its present or last known location and/or custodian; and

(g) the privilege claimed and the basis therefore.

9. Unless otherwise specified, the pertinent time frame for these Requests is from January 1, 1995 through the present.

**REQUEST NO. 1:** Any and all documents you provided to Sprenger & Lang PLLP relating in any way to Cargill or your employment with Cargill.

**REQUEST NO. 2:** Any and all documents you received from Sprenger & Lang PLLP relating in any way to Cargill or your employment with Cargill, including, without limitation, any documents prepared by Sprenger & Lang PLLP on your behalf.

**<u>REQUEST NO. 3</u>:** Any and all documents in your possession prepared by Cargill; by any employee, agent, or representative of Cargill (including you acting in such capacity); or for Cargill by you or any other employee, agent, or representative of Cargill.

**<u>REQUEST NO. 4</u>:** Any correspondence, notes, or other documents you or your representatives sent, mailed, delivered, or otherwise provided to or received from any government body, agency, or other person containing, referencing, or commenting upon the Litigation, Cargill, your employment experience at Cargill, or the employment experience of any of Cargill's employees, including, without limitation, any correspondence between you and any current or former employee of Cargill. This request specifically includes e-mail communications, whether currently printed in hard copy or maintained in an electronic format.

**<u>REQUEST NO. 5</u>:** All memoranda, correspondence, notes or other documents that in any way relate to the Litigation, your employment with Cargill, or the employment experience of any of Cargill's employees, including, but not limited to, audio tapes, video tapes, diaries, logs, letters, correspondence, notes or calendars that you or your representatives have made that reference, summarize, describe, or memorialize your employment or any conversations, warnings, or other statements involving you and any current or former officers, employees, or representatives of Cargill.

**<u>REQUEST NO. 6</u>:** All calendars from January 1, 1999 to the present reflecting dates of any meetings with Sprenger & Lang PLLP or current or former employees of Cargill.

**<u>REQUEST NO. 7</u>:** To the extent that you had any relationship with Sprenger & Lang PLLP other than an attorney-client relationship, all documents describing or reflecting that relationship, including, without limitation, documents reflecting any payments made to you by Sprenger & Lang PLLP or offers from Sprenger & Lang PLLP to make payments to you.

**<u>REQUEST NO. 8</u>:** All documents reflecting the date on which your attorney-client relationship with Sprenger & Lang PLLP ended.