RECEIVED OCT 06 2003

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

EXHIBIT

CHAMBERS OF
ARTHUR J. BOYLAN
U. S. MAGISTRATE JUDGE

638 FEDERAL COURTS BUILDING
316 NORTH ROBERT STREET
ST. PAUL, MINNESOTA 55101
(651) 848-1210

October 3, 2003

Paul B. Klaas, Esq.
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498

Susan M. Coler, Esq. and
Lawrence P. Schaefer, Esq.
Sprenger & Lang
325 Ridgewood Avenue
Minneapolis, MN 55403

Re: Arnold, et al. v. Cargill, Inc., Court Civil File No. 01-2086 DWF/AJB

Dear Counsel:

Matters is this action have come to the Court's attention through correspondence in which defendant requests an emergency conference and guidance on how to proceed in this case in light of certain information obtained in the course of the deposition of Mr. R. Bill Douglas. The Court has received letters from counsel for both sides concerning the Mr. Douglas's testimony and has reviewed pertinent portions of the transcript as well as additional materials submitted along with the respective letters to the Court.

Upon consideration of the written arguments of counsel and the testimony of Mr. Douglas, the Court finds no compelling justification for an "emergency" conference and is not persuaded that "guidance" from the court is appropriate in this instance. In particular, the Court is not inclined to schedule an evidentiary hearing or commence an investigation into the handling of privileged documents on the basis of Mr. Douglas's testimony and additional information that has been presented and considered as a whole. Furthermore, the Court will not disqualify the plaintiff law firm on the basis of current record. That being said, the Court acknowledges that defendant is certainly not barred from going forward on a motion to disqualify counsel and/or motion to dismiss the action as considered appropriate by the defendant. Though the Court takes the implications of Mr. Douglas's testimony very seriously, with respect to both the alleged conduct of plaintiff's counsel and the continuing vitality of the case itself, it is abundantly clear that critical facts are disputed. Each of the sides in this case will simply have to make its own assessment of the strength of its position on the subjects at hand in deciding how to proceed.

With respect to other concerns related in correspondence, *i.e.* the continuation of Mr. Douglas's deposition for a second day, plaintiff's request that the deposition be terminated is denied. Finally, the correspondence received by the Court indicates that thus far this matter is being presented informally; pertinent materials have not been filed in the Court's docket, under seal or otherwise; and parties' letter arguments and supporting materials are offered on a confidential basis. Consequently, the parties are advised that Court will immediately destroy the rough transcript of Mr. Douglas's deposition and one copy of the final transcript and exhibits will be retained in the Court's unofficial chambers file, along with the correspondence and attachments submitted by both sides. These materials will not be filed in the official clerk's file and will be discarded 60 days after the date of this letter unless return or other disposition is requested.

Very truly yours,

Arthur J. Boylan
United States Magistrate Judge