UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EXHIBIT I

RODERICK ARNOLD, et al.,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**NOTICE OF TAKING DEPOSITION OF LAWRENCE SCHAEFER**

**TO: The named Plaintiffs and their attorneys Lawrence Schaefer and Susan M. Coler, Sprenger & Lang PLLC, 325 Ridgewood Avenue, Minneapolis, Minnesota 55403.**

**PLEASE TAKE NOTICE** that the deposition of Lawrence Schaefer will be taken pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, by oral examination before a duly qualified court reporter at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, Minnesota 55402, on November 11, 2003, commencing at 9:00 a.m. and continuing thereafter until the same shall be completed.

Lawrence Schaefer will be served with a subpoena duces tecum requesting him to produce for inspection and copying at such deposition all documents described in Exhibit A attached hereto.

Dated: October 6, 2003

DORSEY & WHITNEY LLP

By [signature]
Paul B. Klaas #0056327
Mark Ginder #1016794
David J. Lauth #014552X
Holly S. A. Eng #238028
Melissa Raphan #0182795
Ryan E. Mick #0311960
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

AO ...ev. 1/94) Subpoena in a Civil Case

**Issued by the**
**UNITED STATES DISTRICT COURT**

DISTRICT OF Minnesota

Roderick Arnold, et al.

V.

Cargill, Incorporated

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 01-CV2086 (DWF/AJB)

TO: Lawrence Schaefer, Sprenger & Lang, PLLC, 325 Ridgewood Avenue, Minneapolis, MN 55403.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | November 11, 2003 9:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | November 4, 2003 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant [signature] | October 7, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ryan E. Mick (#311960), Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For purposes of these Requests, the following words shall have the meanings ascribed to them below:

1. As used herein, the term "document" or "documents" includes, the original or drafts of any kind of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, and including, but not limited to, any correspondence, paper, book, account, drawing, agreement, calendar, diary, notes, publication, contract, memorandum, telegram, report, record, audio tape, video tape, transcript, study, note, intra-office communication, inter-office communication, electronic mail ("e-mail") communication, computer program, computer file, check, check stub, or note of any conference.

2. "You" or "your" means you, Lawrence Schaefer, and all representatives or other persons acting, or purporting to act, on your behalf.

3. "Representative" means agents, attorneys, and all other persons acting, or purporting to act, on behalf of the designated person.

4. As used herein, "Cargill" means not only Cargill, Inc., but also its officers, employees, and representatives.

5. As used herein, "Sprenger & Lang PLLC" means the law firm itself and its partners, employees, agents, and representatives, including you.

6. "Diary" means a record of events, transactions, observations, activities, reflections, or feelings kept on a daily or frequent basis, including but not limited to notes of such events, transactions, observations, activities, reflections, or feelings.

7. As used herein, "the Litigation" means the litigation captioned *Arnold, et al. v. Cargill, Incorporated,* filed in the United States District Court for the District of Minnesota and assigned Case Number 01-CV-2086.

8. The singular form of a word shall refer to the plural as well, and words used in the masculine gender also include the feminine.

9. If any privilege is claimed with respect to any document requested, please state:

(a) the nature of the document (e.g., letter, memorandum, report, etc.);

(b) the date it bears, or, if undated, the date it was written or created;

(c) its author(s);

(d) the identity of each of its recipients:

(e) its general subject matter;

(f) its present or last known location and/or custodian; and

(g) the privilege claimed and the basis therefore.

**REQUEST NO. 1:** Any and all documents that were provided to Sprenger & Lang PLLC by R. Bill Douglas, relating in any way to Cargill or its employees, whether current or former or individually or collectively; or Cargill's policies, practices, or procedures, or any one or more of them; or Cargill's litigation strategy in any lawsuit.

**REQUEST NO. 2:** Any and all documents provided to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 3:** Any index, chart, table, log, or other listing of documents, whether individually or by category, provided by R. Bill Douglas to Sprenger & Lang PLLC.

**REQUEST NO. 4:** Any index, chart, table, log, or other listing of documents, whether individually or by category, prepared by Sprenger & Lang PLLC or provided by Sprenger & Lang PLLC to R. Bill Douglas.

**REQUEST NO. 5:** Any invoice, order form, or other document reflecting, noting, or requesting the copying of documents provided by R. Bill Douglas to Sprenger & Lang PLLC.

**REQUEST NO. 6:** Any correspondence, memoranda, or any other document reflecting, noting, or accompanying the return of any documents by Sprenger & Lang PLLC to R. Bill Douglas, including any request by R. Bill Douglas for the return of documents.

**REQUEST NO. 7:** Any correspondence, notes, memoranda, or any other document regarding, referring to, reflecting, or mentioning any actual or potential subpoena or request for the production of documents served on R. Bill Douglas by Cargill or its counsel.

**REQUEST NO. 8:** Any correspondence, notes, memoranda, or any other document in Sprenger & Lang PLLC's possession, custody, or control constituting, summarizing, outlining, referring to, reflecting, or mentioning any communication, meeting, or conversation involving R. Bill Douglas, whether as a participant, attendee, observer, recipient, or in any other capacity.

**REQUEST NO. 9:** To the extent not encompassed within the foregoing Requests, any document in Sprenger & Lang PLLC's possession, custody, or control reviewed, annotated, edited, or commented upon by R. Bill Douglas, including but not limited to, the annotated Complaint mentioned by R. Bill Douglas in his deposition on September 18, 2003.

**REQUEST NO. 10:** Any correspondence, memoranda, or any other document reflecting the retention or employment of R. Bill Douglas by Sprenger & Lang PLLC, as a

consultant, independent contractor, employee, or on any other basis, including the termination or cessation of any such relationship.

**REQUEST NO. 11:** Any correspondence, memoranda, or any other document reflecting the retention of Sprenger & Lang PLLC by R. Bill Douglas as counsel or on any other basis, including the termination or cessation of any such relationship.

**REQUEST NO. 12:** Any correspondence, notes, memoranda, or other documents reflecting the actual, offered, possible, potential, or hypothetical transfer of money or any other thing or things of value to R. Bill Douglas by Sprenger & Lang PLLC, including, but not limited to, any tax form issued or otherwise given to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 13:** Any correspondence, notes, memoranda, or other documents setting forth a request for information or documents from Sprenger & Lang PLLC to R. Bill Douglas, or any document referring to or reflecting such a request, including any instructions to R. Bill Douglas.

**REQUEST NO. 14:** Any correspondence, notes, memoranda, or any other document constituting, memorializing, reflecting, or referring to any direct or indirect contact between Sprenger & Lang PLLC and R. Bill Douglas, or between any person acting on behalf or at the behest of Sprenger & Lang PLLC and R. Bill Douglas ,on or after September 18, 2003.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, et al.,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**NOTICE OF TAKING DEPOSITION OF TERESA PATTON**

**TO: The named Plaintiffs and their attorneys Lawrence Schaefer and Susan M. Coler, Sprenger & Lang PLLC, 325 Ridgewood Avenue, Minneapolis, Minnesota 55403.**

**PLEASE TAKE NOTICE** that the deposition of Teresa Patton will be taken pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, by oral examination before a duly qualified court reporter at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, Minnesota 55402, on November 10, 2003, commencing at 1:00 p.m. and continuing thereafter until the same shall be completed.

Teresa Patton will be served with a subpoena duces tecum requesting her to produce for inspection and copying at such deposition all documents described in Exhibit A attached hereto.

Dated: October 6, 2003

DORSEY & WHITNEY LLP

By [signature]

Paul B. Klaas #0056327
Mark Ginder #1016794
David J. Lauth #014552X
Holly S. A. Eng #238028
Melissa Raphan #0182795
Ryan E. Mick #0311960
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
**UNITED STATES DISTRICT COURT**

DISTRICT OF Minnesota

Roderick Arnold, et al.

V.

Cargill, Incorporated

# SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 01-CV2086 (DWF/AJB)

TO: Teresa Patton, Sprenger & Lang, PLLC, 325 Ridgewood Avenue, Minneapolis, MN 55403.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | November 10, 2003 1:00 p.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | November 3, 2003 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant [signature] | October 7, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ryan E. Mick (#311960), Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

For purposes of these Requests, the following words shall have the meanings ascribed to them below:

1. As used herein, the term "document" or "documents" includes, the original or drafts of any kind of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, and including, but not limited to, any correspondence, paper, book, account, drawing, agreement, calendar, diary, notes, publication, contract, memorandum, telegram, report, record, audio tape, video tape, transcript, study, note, intra-office communication, inter-office communication, electronic mail ("e-mail") communication, computer program, computer file, check, check stub, or note of any conference.

2. "You" or "your" means you, Teresa Patton, and all representatives or other persons acting, or purporting to act, on your behalf.

3. "Representative" means agents, attorneys, and all other persons acting, or purporting to act, on behalf of the designated person.

4. As used herein, "Cargill" means not only Cargill, Inc., but also its officers, employees, and representatives.

5. As used herein, "Sprenger & Lang PLLC" means the law firm itself and its partners, employees, agents, and representatives, including you.

6. "Diary" means a record of events, transactions, observations, activities, reflections, or feelings kept on a daily or frequent basis, including but not limited to notes of such events, transactions, observations, activities, reflections, or feelings.

7. As used herein, "the Litigation" means the litigation captioned *Arnold, et al. v. Cargill, Incorporated,* filed in the United States District Court for the District of Minnesota and assigned Case Number 01-CV-2086.

8. The singular form of a word shall refer to the plural as well, and words used in the masculine gender also include the feminine.

9. If any privilege is claimed with respect to any document requested, please state:

(a) the nature of the document (e.g., letter, memorandum, report, etc.);

(b) the date it bears, or, if undated, the date it was written or created;

(c) its author(s);

(d) the identity of each of its recipients:

(e) its general subject matter;

(f) its present or last known location and/or custodian; and

(g) the privilege claimed and the basis therefore.

**REQUEST NO. 1:** Any and all documents that were provided to Sprenger & Lang PLLC by R. Bill Douglas, relating in any way to Cargill or its employees, whether current or former or individually or collectively; or Cargill's policies, practices, or procedures, or any one or more of them; or Cargill's litigation strategy in any lawsuit.

**REQUEST NO. 2:** Any and all documents provided to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 3:** Any index, chart, table, log, or other listing of documents, whether individually or by category, provided by R. Bill Douglas to Sprenger & Lang PLLC.

**REQUEST NO. 4:** Any index, chart, table, log, or other listing of documents, whether individually or by category, prepared by Sprenger & Lang PLLC or provided by Sprenger & Lang PLLC to R. Bill Douglas.

**REQUEST NO. 5:** Any invoice, order form, or other document reflecting, noting, or requesting the copying of documents provided by R. Bill Douglas to Sprenger & Lang PLLC.

**REQUEST NO. 6:** Any correspondence, memoranda, or any other document reflecting, noting, or accompanying the return of any documents by Sprenger & Lang PLLC to R. Bill Douglas, including any request by R. Bill Douglas for the return of documents.

**REQUEST NO. 7:** Any correspondence, notes, memoranda, or any other document regarding, referring to, reflecting, or mentioning any actual or potential subpoena or request for the production of documents served on R. Bill Douglas by Cargill or its counsel.

**REQUEST NO. 8:** Any correspondence, notes, memoranda, or any other document in Sprenger & Lang PLLC's possession, custody, or control constituting, summarizing, outlining, referring to, reflecting, or mentioning any communication, meeting, or conversation involving R. Bill Douglas, whether as a participant, attendee, observer, recipient, or in any other capacity.

**REQUEST NO. 9:** To the extent not encompassed within the foregoing Requests, any document in Sprenger & Lang PLLC's possession, custody, or control reviewed, annotated, edited, or commented upon by R. Bill Douglas, including but not limited to, the annotated Complaint mentioned by R. Bill Douglas in his deposition on September 18, 2003.

**REQUEST NO. 10:** Any correspondence, memoranda, or any other document reflecting the retention or employment of R. Bill Douglas by Sprenger & Lang PLLC, as a

consultant, independent contractor, employee, or on any other basis, including the termination or cessation of any such relationship.

**REQUEST NO. 11:** Any correspondence, memoranda, or any other document reflecting the retention of Sprenger & Lang PLLC by R. Bill Douglas as counsel or on any other basis, including the termination or cessation of any such relationship.

**REQUEST NO. 12:** Any correspondence, notes, memoranda, or other documents reflecting the actual, offered, possible, potential, or hypothetical transfer of money or any other thing or things of value to R. Bill Douglas by Sprenger & Lang PLLC, including, but not limited to, any tax form issued or otherwise given to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 13:** Any correspondence, notes, memoranda, or other documents setting forth a request for information or documents from Sprenger & Lang PLLC to R. Bill Douglas, or any document referring to or reflecting such a request, including any instructions to R. Bill Douglas.

**REQUEST NO. 14:** Any correspondence, notes, memoranda, or any other document constituting, memorializing, reflecting, or referring to any direct or indirect contact between Sprenger & Lang PLLC and R. Bill Douglas, or between any person acting on behalf or at the behest of Sprenger & Lang PLLC and R. Bill Douglas ,on or after September 18, 2003.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, et al.,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**NOTICE OF TAKING DEPOSITION OF DAVID SHULMAN**

**TO: The named Plaintiffs and their attorneys Lawrence Schaefer and Susan M. Coler, Sprenger & Lang PLLC, 325 Ridgewood Avenue, Minneapolis, Minnesota 55403.**

**PLEASE TAKE NOTICE** that the deposition of David Shulman will be taken pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, by oral examination before a duly qualified court reporter at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, Minnesota 55402, on November 10, 2003, commencing at 9:00 a.m. and continuing thereafter until the same shall be completed.

David Shulman will be served with a subpoena duces tecum requesting him to produce for inspection and copying at such deposition all documents described in Exhibit A attached hereto.

Dated: October 6, 2003

DORSEY & WHITNEY LLP

By [signature]

Paul B. Klaas #0056327
Mark Ginder #1016794
David J. Lauth #014552X
Holly S. A. Eng #238028
Melissa Raphan #0182795
Ryan E. Mick #0311960
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
**UNITED STATES DISTRICT COURT**

DISTRICT OF Minnesota

Roderick Arnold, et al.

v.

Cargill, Incorporated

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 01-CV2086 (DWF/AJB)

TO: David Shulman, Shulman & Dornbos, PLLC, 1005 West Franklin Avenue, Suite 3, Minneapolis, MN 55405.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | November 10, 2003 9:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | November 3, 2003 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant [signature] | October 7, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ryan E. Mick (#311960), Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For purposes of these Requests, the following words shall have the meanings ascribed to them below:

1. As used herein, the term "document" or "documents" includes, the original or drafts of any kind of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, and including, but not limited to, any correspondence, paper, book, account, drawing, agreement, calendar, diary, notes, publication, contract, memorandum, telegram, report, record, audio tape, video tape, transcript, study, note, intra-office communication, inter-office communication, index, chart, table, log, or other listing of documents, electronic mail ("e-mail") communication, computer program, computer file, check, check stub, or note of any conference.

2. "You" or "your" means you, David Shulman, and all representatives or other persons acting, or purporting to act, on your behalf.

3. "Representative" means agents, attorneys, and all other persons acting, or purporting to act, on behalf of the designated person.

4. As used herein, "Cargill" means not only Cargill, Inc., but also its officers, employees, and representatives.

5. As used herein, "Sprenger & Lang PLLC" means the law firm itself and its partners, employees, agents, and representatives, including you during that time period when you were employed by or associated with Sprenger & Lang PLLC.

6. "Diary" means a record of events, transactions, observations, activities, reflections, or feelings kept on a daily or frequent basis, including but not limited to notes of such events, transactions, observations, activities, reflections, or feelings.

7. As used herein, "the Litigation" means the litigation captioned *Arnold, et al. v. Cargill, Incorporated,* filed in the United States District Court for the District of Minnesota and assigned Case Number 01-CV-2086.

8. The singular form of a word shall refer to the plural as well, and words used in the masculine gender also include the feminine.

9. If any privilege is claimed with respect to any document requested, please state:

(a) the nature of the document (e.g., letter, memorandum, report, etc.);

(b) the date it bears, or, if undated, the date it was written or created;

(c) its author(s);

(d) the identity of each of its recipients:

(e) its general subject matter;

(f) its present or last known location and/or custodian; and

(g) the privilege claimed and the basis therefore.

**REQUEST NO. 1:** Any and all correspondence, memoranda, notes, or any other documents in your possession, custody, or control that were authored, edited, annotated, reviewed, or otherwise modified by R. Bill Douglas.

**REQUEST NO. 2:** Any and all correspondence, memoranda, notes, or any other documents in your possession, custody, or control that were provided to Sprenger & Lang PLLC by R. Bill Douglas.

**REQUEST NO. 3:** Any and all correspondence, memoranda, notes, or any other documents in your possession, custody, or control that were provided to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 4:** Any and all correspondence, memoranda, notes, or any other documents in your possession, custody, or control that refer to or mention to R. Bill Douglas.

**REQUEST NO. 5:** Any correspondence, notes, memoranda, or any other documents in your possession, custody, or control constituting, summarizing, outlining, referring to, or reflecting any communication, meeting, or conversation involving R. Bill Douglas, whether as a participant, attendee, observer, recipient, or in any other capacity.

**REQUEST NO. 6:** Any correspondence, memoranda, or any other documents in your possession, custody, or control reflecting, referring to, or mentioning the retention or employment of R. Bill Douglas by Sprenger & Lang PLLC as a consultant, independent contractor, employee, or on any other basis, including the termination or cessation of any such relationship.

**REQUEST NO. 7:** Any correspondence, notes, memoranda, or other documents in your possession, custody, or control reflecting the actual, offered, possible, potential, or hypothetical transfer of money or any other thing or things of value to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 8:** Any correspondence, notes, memoranda, or other documents in your possession, custody, or control setting forth a request for information or documents from Sprenger & Lang PLLC to R. Bill Douglas, or any document referring to or reflecting such a request, including any instructions to R. Bill Douglas.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, et al.,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**NOTICE OF TAKING DEPOSITION OF PATRICIA JONES**

**TO: The named Plaintiffs and their attorneys Lawrence Schaefer and Susan M. Coler, Sprenger & Lang PLLC, 325 Ridgewood Avenue, Minneapolis, Minnesota 55403.**

**PLEASE TAKE NOTICE** that the deposition of Patricia Jones will be taken pursuant to RuleS 30(a) and 45 of the Federal Rules of Civil Procedure, by oral examination before a duly qualified court reporter at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, Minnesota 55402, on October 22, 2003, commencing at 1:00 p.m. and continuing thereafter until the same shall be completed.

Patricia Jones will be served with a subpoena duces tecum requesting her to produce for inspection and copying at such deposition all documents described in Exhibit A attached hereto.

Dated: October 6, 2003

DORSEY & WHITNEY LLP

By [signature]

Paul B. Klaas #0056327
Mark Ginder #1016794
David J. Lauth #014552X
Holly S. A. Eng #238028
Melissa Raphan #0182795
Ryan E. Mick #0311960
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
**UNITED STATES DISTRICT COURT**

DISTRICT OF Minnesota

Roderick Arnold, et al.

V.

Cargill, Incorporated

# SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 01-CV2086 (DWF/AJB)

TO: Patricia Jones, Sprenger & Lang, PLLC, 325 Ridgewood Avenue, Minneapolis, MN 55403.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | October 22, 2003 1:00 p.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | October 15, 2003 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant [signature] | October 7, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ryan E. Mick (#311960), Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

For purposes of these Requests, the following words shall have the meanings ascribed to them below:

1. As used herein, the term "document" or "documents" includes, the original or drafts of any kind of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, and including, but not limited to, any correspondence, paper, book, account, drawing, agreement, calendar, diary, notes, publication, contract, memorandum, telegram, report, record, audio tape, video tape, transcript, study, note, intra-office communication, inter-office communication, electronic mail ("e-mail") communication, computer program, computer file, check, check stub, or note of any conference.

2. "You" or "your" means you, Patricia Jones, and all representatives or other persons acting, or purporting to act, on your behalf.

3. "Representative" means agents, attorneys, and all other persons acting, or purporting to act, on behalf of the designated person.

4. As used herein, "Cargill" means not only Cargill, Inc., but also its officers, employees, and representatives.

5. As used herein, "Sprenger & Lang PLLC" means the law firm itself and its partners, employees, agents, and representatives, including you.

6. "Diary" means a record of events, transactions, observations, activities, reflections, or feelings kept on a daily or frequent basis, including but not limited to notes of such events, transactions, observations, activities, reflections, or feelings.

7. As used herein, "the Litigation" means the litigation captioned *Arnold, et al. v. Cargill, Incorporated,* filed in the United States District Court for the District of Minnesota and assigned Case Number 01-CV-2086.

8. The singular form of a word shall refer to the plural as well, and words used in the masculine gender also include the feminine.

9. If any privilege is claimed with respect to any document requested, please state:

(a) the nature of the document (e.g., letter, memorandum, report, etc.);

(b) the date it bears, or, if undated, the date it was written or created;

(c) its author(s);

(d) the identity of each of its recipients:

(e) its general subject matter;

(f) its present or last known location and/or custodian; and

(g) the privilege claimed and the basis therefore.

**REQUEST NO. 1:** Any and all documents that were provided to Sprenger & Lang PLLC by R. Bill Douglas, relating in any way to Cargill or its employees, whether current or former or individually or collectively; or Cargill's policies, practices, or procedures, or any one or more of them; or Cargill's litigation strategy in any lawsuit.

**REQUEST NO. 2:** Any and all documents provided to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 3:** Any index, chart, table, log, or other listing of documents, whether individually or by category, provided by R. Bill Douglas to Sprenger & Lang PLLC.

**REQUEST NO. 4:** Any index, chart, table, log, or other listing of documents, whether individually or by category, prepared by Sprenger & Lang PLLC or provided by Sprenger & Lang PLLC to R. Bill Douglas.

**REQUEST NO. 5:** Any invoice, order form, or other document reflecting, noting, or requesting the copying of documents provided by R. Bill Douglas to Sprenger & Lang PLLC.

**REQUEST NO. 6:** Any correspondence, memoranda, or any other document reflecting, noting, or accompanying the return of any documents by Sprenger & Lang PLLC to R. Bill Douglas, including any request by R. Bill Douglas for the return of documents.

**REQUEST NO. 7:** Any correspondence, notes, memoranda, or any other document regarding, referring to, reflecting, or mentioning any actual or potential subpoena or request for the production of documents served on R. Bill Douglas by Cargill or its counsel.

**REQUEST NO. 8:** Any correspondence, notes, memoranda, or any other document in Sprenger & Lang PLLC's possession, custody, or control constituting, summarizing, outlining, referring to, reflecting, or mentioning any communication, meeting, or conversation involving R. Bill Douglas, whether as a participant, attendee, observer, recipient, or in any other capacity.

**REQUEST NO. 9:** To the extent not encompassed within the foregoing Requests, any document in Sprenger & Lang PLLC's possession, custody, or control reviewed, annotated, edited, or commented upon by R. Bill Douglas, including but not limited to, the annotated Complaint mentioned by R. Bill Douglas in his deposition on September 18, 2003.

**REQUEST NO. 10:** Any correspondence, memoranda, or any other document reflecting the retention or employment of R. Bill Douglas by Sprenger & Lang PLLC, as a

consultant, independent contractor, employee, or on any other basis, including the termination or cessation of any such relationship.

**REQUEST NO. 11:** Any correspondence, memoranda, or any other document reflecting the retention of Sprenger & Lang PLLC by R. Bill Douglas as counsel or on any other basis, including the termination or cessation of any such relationship.

**REQUEST NO. 12:** Any correspondence, notes, memoranda, or other documents reflecting the actual, offered, possible, potential, or hypothetical transfer of money or any other thing or things of value to R. Bill Douglas by Sprenger & Lang PLLC, including, but not limited to, any tax form issued or otherwise given to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 13:** Any correspondence, notes, memoranda, or other documents setting forth a request for information or documents from Sprenger & Lang PLLC to R. Bill Douglas, or any document referring to or reflecting such a request, including any instructions to R. Bill Douglas.

**REQUEST NO. 14:** Any correspondence, notes, memoranda, or any other document constituting, memorializing, reflecting, or referring to any direct or indirect contact between Sprenger & Lang PLLC and R. Bill Douglas, or between any person acting on behalf or at the behest of Sprenger & Lang PLLC and R. Bill Douglas ,on or after September 18, 2003.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, et al.,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**NOTICE OF TAKING DEPOSITION OF SARAH MADSEN**

**TO: The named Plaintiffs and their attorneys Lawrence Schaefer and Susan M. Coler, Sprenger & Lang PLLC, 325 Ridgewood Avenue, Minneapolis, Minnesota 55403.**

**PLEASE TAKE NOTICE** that the deposition of Sarah Madsen will be taken pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, by oral examination before a duly qualified court reporter at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, Minnesota 55402, on October 22, 2003, commencing at 9:00 a.m. and continuing thereafter until the same shall be completed.

Sarah Madsen will be served with a subpoena duces tecum requesting her to produce for inspection and copying at such deposition all documents described in Exhibit A attached hereto.

Dated: October 6, 2003

DORSEY & WHITNEY LLP

By ______________________

Paul B. Klaas #0056327
Mark Ginder #1016794
David J. Lauth #014552X
Holly S. A. Eng #238028
Melissa Raphan #0182795
Ryan E. Mick #0311960
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**
**UNITED STATES DISTRICT COURT**

DISTRICT OF Minnesota

Roderick Arnold, et al.

V.

Cargill, Incorporated

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 01-CV2086 (DWF/AJB)

TO: Sara Madsen, 4728 37th Ave. S., Minneapolis, MN 55406

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | October 22, 2003 9:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | October 15, 2003 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant [signature] | October 7, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ryan E. Mick (#311960), Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

For purposes of these Requests, the following words shall have the meanings ascribed to them below:

1. As used herein, the term "document" or "documents" includes, the original or drafts of any kind of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, and including, but not limited to, any correspondence, paper, book, account, drawing, agreement, calendar, diary, notes, publication, contract, memorandum, telegram, report, record, audio tape, video tape, transcript, study, note, intra-office communication, inter-office communication, index, chart, table, log, or other listing of documents, electronic mail ("e-mail") communication, computer program, computer file, check, check stub, or note of any conference.

2. "You" or "your" means you, Sara Madsen, and all representatives or other persons acting, or purporting to act, on your behalf.

3. "Representative" means agents, attorneys, and all other persons acting, or purporting to act, on behalf of the designated person.

4. As used herein, "Cargill" means not only Cargill, Inc., but also its officers, employees, and representatives.

5. As used herein, "Sprenger & Lang PLLC" means the law firm itself and its partners, employees, agents, and representatives, including you during that time period when you were employed by or associated with Sprenger & Lang PLLC.

6. "Diary" means a record of events, transactions, observations, activities, reflections, or feelings kept on a daily or frequent basis, including but not limited to notes of such events, transactions, observations, activities, reflections, or feelings.

7. As used herein, "the Litigation" means the litigation captioned *Arnold, et al. v. Cargill, Incorporated,* filed in the United States District Court for the District of Minnesota and assigned Case Number 01-CV-2086.

8. The singular form of a word shall refer to the plural as well, and words used in the masculine gender also include the feminine.

9. If any privilege is claimed with respect to any document requested, please state:

(a) the nature of the document (e.g., letter, memorandum, report, etc.);

(b) the date it bears, or, if undated, the date it was written or created;

(c) its author(s);

(d) the identity of each of its recipients:

(e) its general subject matter;

(f) its present or last known location and/or custodian; and

(g) the privilege claimed and the basis therefore.

**REQUEST NO. 1:** Any and all correspondence, memoranda, notes, or any other documents in your possession, custody, or control that were authored, edited, annotated, reviewed, or otherwise modified by R. Bill Douglas.

**REQUEST NO. 2:** Any and all correspondence, memoranda, notes, or any other documents in your possession, custody, or control that were provided to Sprenger & Lang PLLC by R. Bill Douglas.

**REQUEST NO. 3:** Any and all correspondence, memoranda, notes, or any other documents in your possession, custody, or control that were provided to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 4:** Any and all correspondence, memoranda, notes, or any other documents in your possession, custody, or control that refer to or mention to R. Bill Douglas.

**REQUEST NO. 5:** Any correspondence, notes, memoranda, or any other documents in your possession, custody, or control constituting, summarizing, outlining, referring to, or reflecting any communication, meeting, or conversation involving R. Bill Douglas, whether as a participant, attendee, observer, recipient, or in any other capacity.

**REQUEST NO. 6:** Any correspondence, memoranda, or any other documents in your possession, custody, or control reflecting, referring to, or mentioning the retention or employment of R. Bill Douglas by Sprenger & Lang PLLC as a consultant, independent contractor, employee, or on any other basis, including the termination or cessation of any such relationship.

**REQUEST NO. 7:** Any correspondence, notes, memoranda, or other documents in your possession, custody, or control reflecting the actual, offered, possible, potential, or hypothetical transfer of money or any other thing or things of value to R. Bill Douglas by Sprenger & Lang PLLC.

**REQUEST NO. 8:** Any correspondence, notes, memoranda, or other documents in your possession, custody, or control setting forth a request for information or documents from Sprenger & Lang PLLC to R. Bill Douglas, or any document referring to or reflecting such a request, including any instructions to R. Bill Douglas.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, et al.,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**NOTICE OF TAKING DEPOSITION OF R. BILL DOUGLAS**

**TO: The named Plaintiffs and their attorneys Lawrence Schaefer and Susan M. Coler, Sprenger & Lang PLLC, 325 Ridgewood Avenue, Minneapolis, Minnesota 55403.**

**PLEASE TAKE NOTICE** that the deposition of R. Bill Douglas will be taken pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, by oral examination before a duly qualified court reporter at the offices of Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, Minnesota 55402, on November 17, 2003, commencing at 9:00 a.m. and continuing thereafter until the same shall be completed.

R. Bill Douglas will be served with a subpoena duces tecum requesting him to produce for inspection and copying at such deposition all documents described in Exhibit A attached hereto.

Dated: October 6, 2003

DORSEY & WHITNEY LLP

By ______________________

Paul B. Klaas #0056327
Mark Ginder #1016794
David J. Lauth #014552X
Holly S. A. Eng #238028
Melissa Raphan #0182795
Ryan E. Mick #0311960
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Minnesota

Roderick Arnold, et al.

V.

Cargill, Incorporated

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 01-CV2086 (DWF/AJB)

TO: R. Bill Douglas, 1343 Washburn Avenue, N., Minneapolis, MN 55411

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | November 17, 2003 9:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, MN 55402. | November 10, 2003 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant [signature] | October 7, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Ryan E. Mick (#311960), Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

For purposes of these Requests, the following words shall have the meanings ascribed to them below:

1. As used herein, the term "document" or "documents" includes, the original or drafts of any kind of written, printed, recorded, or graphic material or sound reproduction, however produced or reproduced, whether sent or received or neither, and all copies thereof, which are different in any way from the original (whether by notation, indication of copies sent or received, or otherwise) regardless of whether designated "confidential," "privileged," or otherwise, and including, but not limited to, any correspondence, paper, book, account, drawing, agreement, calendar, diary, notes, publication, contract, memorandum, telegram, report, record, audio tape, video tape, transcript, study, note, intra-office communication, inter-office communication, electronic mail ("e-mail") communication, computer program, computer file, check, check stub, or note of any conference.

2. "You" or "your" means you, Bill Douglas, and all representatives or other persons acting, or purporting to act, on your behalf.

3. "Representative" means agents, attorneys, and all other persons acting, or purporting to act, on behalf of the designated person.

4. As used herein, "Cargill" means not only Cargill, Inc., but also its officers, employees, and representatives.

5. As used herein, "Sprenger & Lang PLLP" means the law firm itself and its partners, employees, agents, and representatives.

6. "Diary" means a record of events, transactions, observations, activities, reflections, or feelings kept on a daily or frequent basis, including but not limited to notes of such events, transactions, observations, activities, reflections, or feelings.

7. As used herein, "the Litigation" means the litigation captioned *Arnold, et al. v. Cargill, Incorporated,* filed in the United States District Court for the District of Minnesota and assigned Case Number 01-CV-2086.

8. The singular form of a word shall refer to the plural as well, and words used in the masculine gender also include the feminine.

9. If any privilege is claimed with respect to any document requested, please state:

(a) the nature of the document (e.g., letter, memorandum, report, etc.);

(b) the date it bears, or, if undated, the date it was written or created;

(c) its author(s);

(d) the identity of each of its recipients:

(e) its general subject matter;

(f) its present or last known location and/or custodian; and

(g) the privilege claimed and the basis therefore.

10. Unless otherwise specified, the pertinent time frame for these Requests is from January 1, 1995 through the present.

**REQUEST NO. 1:** Any and all documents you provided to Sprenger & Lang PLLC relating in any way to Cargill or your employment with Cargill.

**REQUEST NO. 2:** Any and all documents you received from Sprenger & Lang PLLC relating in any way to Cargill, the Litigation, or your employment with Cargill, including without limitation, any documents prepared by Sprenger & Lang on your behalf.

**REQUEST NO. 3:** Any and all documents in your possession prepared by Cargill; by any employee, agent, or representative of Cargill (including you acting in such capacity); or for Cargill by you or any other employee, agent, or representative of Cargill.

**REQUEST NO. 4:** Any correspondence, notes, or other documents you or your representatives sent, mailed, delivered, or otherwise provided to or received from any government body, agency, or other person containing, referencing, or commenting upon the Litigation, Cargill, your employment experience at Cargill, or the employment experience of any of Cargill's employees, including, without limitation, any correspondence between you and any current or former employee of Cargill. This request specifically includes e-mail communications, whether currently printed in hard copy or maintained in an electronic format.

**REQUEST NO. 5:** All memoranda, correspondence, notes, or other documents that in any way relate to the Litigation, your employment with Cargill, or the employment experience of any of Cargill's employees, including but not limited to, audio tapes, video tapes, diaries, logs, letters, correspondence, notes or calendars that you or your representatives have made that reference, summarize, describe, or memorialize your employment or any conversations, warning, or other statements involving you and any current or former officers, employees, or representatives or Cargill.

**REQUEST NO. 6:** All calendars from January 1, 1999 to the present reflecting dates of any meetings with Sprenger & Lang PLLC or current or former employees of Cargill.

**REQUEST NO. 7:** To the extent you had any relationship with Sprenger & Lang PLLC other than an attorney-client relationship, including but not limited to a relationship as an employee, independent contractor, or consultant, all documents describing or reflecting that

relationship, including without limitation, documents reflecting any payments of money or other goods or consideration made to you by Sprenger & Lang PLLC or offers from Sprenger & Lang PLLC to make such payments to you, as well as any tax form or forms provided to you by Sprenger & Lang PLLC.

**REQUEST NO. 8:** All documents reflecting the date on which your attorney-client relationship with Sprenger & Lang PLLC ended.

**REQUEST NO. 9:** Any correspondence, notes, memoranda, or other documents prepared by Sprenger & Lang PLLC summarizing, outlining, referring to, or reflecting any conversation between you and Sprenger & Lang PLLC.

**REQUEST NO. 10:** Any correspondence, notes, memoranda, or other documents setting forth a request for information from Sprenger & Lang PLLC to you, or any document referring to or reflecting such a request, including any instructions to you by Sprenger & Lang PLLC.

**REQUEST NO. 11:** Any correspondence, notes, memoranda, or any other document regarding, referring to, reflecting, or mentioning any actual or potential subpoena or request for the production of documents served on you by Cargill or its counsel.

**REQUEST NO. 12:** Any correspondence, notes, memoranda, or any other document constituting, memorializing, reflecting, or referring to any direct or indirect contact between Sprenger & Lang PLLC and you, or between any person acting on behalf or at the behest of Sprenger & Lang PLLC and you,on or after September 18, 2003.