**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RODERICK ARNOLD, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

**Case No. 01-CV-2086 (DWF/AJB)**

**AFFIDAVIT OF JANICE M. SYMCHYCH**

**JANICE M. SYMCHYCH,** being first duly sworn upon oath, deposes and states as follows:

1. I am an attorney licensed to practice in the State of Minnesota and before this Court. I currently am a shareholder at the law firm of Halleland, Lewis, Nilan, Sipkins & Johnson P.A. However, at the time of the events described below, I was a partner at the law firm of Dorsey & Whitney LLP and the lead counsel on the above-captioned matter.

2. On July 15, 2002, Plaintiffs' counsel in this matter, Sprenger & Lang PLLC, delivered to us a box filled with hundreds of privileged documents that obviously had been taken from Cargill, without authorization, by someone in the organization.

3. I was very concerned about this event, given the obvious confidential and privileged nature of the documents and given that many were plainly marked "Privileged and Confidential" on their faces. This incident was alarming because it was the second time in this case when Sprenger & Lang had disclosed to us that it had come into possession of Cargill's privileged documents. The first time involved a document that was authored by me and that was clearly marked "Privileged and Confidential," "Attorney Work Product," and "Attorney Client Privilege."

4. Upon closer examination of the documents delivered to us on July 15, 2002, it became apparent that Bill Douglas' name was on many of those documents, and I immediately suspected that he was the most likely individual to have provided those privileged documents to Sprenger & Lang.

5. On that same date, July 15, 2002, I left a voice mail for Lawrence Schaefer, clearly requesting that he reveal the source from whom they had obtained the documents. Later that same day, I had a telephone conversation with Mr. Schaefer in which he informed me that a "client" of Sprenger & Lang had delivered the documents. He would say no more and provide no further information. I indicated in that conversation that I believed we knew who had given the documents to Sprenger & Lang. I also clearly informed Mr. Schaefer that Cargill had full intention of pursuing formal legal recourse for the privilege breach given the seriousness of the privilege invasions involved.

6. After Sprenger & Lang's refusal to provide specific information about how it had come into possession of the box of privileged materials or who had provided them, we noticed Bill Douglas' deposition on August 14, 2002.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

s/Janice M. Symchych

Janice M. Symchych

Subscribed and sworn to before me
this 23rd day of October, 2003.

s/Alaina Austin

Notary Public

ALAINA AUSTIN
Comm. # 1252936
NOTARY PUBLIC-CALIFORNIA
City & County of San Francisco
My Comm. Expires Feb. 15, 2004



4826-1223-0656\2 10/23/2003 8:42 AM