UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**DECLARATION OF MARA R. THOMPSON** |

I, Mara R. Thompson, declare under penalty of perjury that the following is true and accurate to the best of my personal knowledge.

1. I am Of Counsel with Sprenger & Lang. I am one of the attorneys overseeing the witness contact project in the above-entitled litigation.

2. Attached to this declaration are true and correct copies of the following:

Exhibit 1: Pretrial Scheduling Order filed March 27, 2002

Exhibit 2: Rule 26(f) Report dated March 19, 2002

3. As part of its investigation of this case, Sprenger & Lang (S&L) staff members, including law clerks, paralegals and legal assistants, under the direction of attorneys, have contacted numerous people who have worked for Cargill, particularly African American potential class members. The evidence gleaned from these witness and potential class member contacts has been used, among other purposes, to identify anecdotal evidence in support of the statistical evidence from experts.

4. S&L attorneys make determinations about whether potential witnesses can or should be contacted based upon information available about them and applicable ethical requirements. These same policies apply to potential witnesses who initiate contact with S&L.

5. S&L personnel who contact potential witnesses are trained and supervised to assure that their conduct complies with ethical obligations applicable to this process. For example, at the inception of a telephone contact with a potential witness, S&L staff are directed to identify themselves clearly, including that they work for S&L and their position with S&L[1], state that they are investigating claims of race discrimination against Cargill in a lawsuit that has been filed against Cargill, and ask if the potential witness would be willing to discuss his/her experiences at Cargill. If the witness believes he/she has experienced racial discrimination, S&L staff inquire whether he/she would be willing to sign a declaration describing his/her experiences at Cargill.

6. To date, 30 potential witnesses have executed declarations. S&L staff continue their attempts to reach and obtain sworn statements from other potential class members and will do so at least until the plaintiffs' motion to certify the class is filed.

7. On occasion, current and even former employees who are unwilling to talk or to sign a statement express fear of retaliation from Cargill. Many who do ultimately decide to sign declarations express such fears at some time during the process.

8. S&L obtained the first signed declarations in November 2003. At that time, S&L began to consider whether plaintiffs had an obligation to produce the

[1] No non-attorney S&L staff member is allowed to, nor do they, represent themselves to be an attorney to any witness or other person.

declarations themselves, or information about the persons who provided the declarations, to Cargill. Cargill's Interrogatory No. 1 in its first set of interrogatories requested "each Plaintiff" to answer a series of questions, including to "[i]dentify each person with knowledge of any of the facts or allegations regarding … the individual claims of any putative class member …, and state the information known to each person identified." Collectively, in their response to this interrogatory, the plaintiffs initially identified many more than forty persons with knowledge, and the interrogatory response stated, "Discovery is continuing." Cargill's Request No. 15 in its first set of document production requests requested production of, among other things, "All memoranda, correspondence, notes or other documents that in any way relate to your employment with Cargill or the claims in the Complaint, including, but not limited to, audio tapes, video tapes, diaries, logs, letters, correspondence, notes or calendars that you or your representatives have made that reference, summarize, describe, or memorialize your employment or any conversations, warnings, or other statements involving you [plaintiff] or any current or former officers, employees, or representatives of Cargill."

9. By February 2004, S&L had decided to produce to Cargill the executed declarations S&L had received in order to comply with obligations to supplement responses to Cargill's first set of document production requests and to serve at reasonable intervals the declarations executed after that.

10. The following table shows the number of declarations signed each month (or partial month) and when they were produced to Cargill:

| Month | Declarations Signed | Production Date |
|---|---|---|
| November 2003 | 3 | February 19, 2004 |
| December 2003 | 4 | February 19, 2004 |
| January 2004 | 5[2] | February 19, 2004 |
| February 2004 | 0 | February 19, 2004 |
| March 1-17, 2004 | 2 | April 16, 2004 |
| March 18-31, 2004 | 6 | April 16, 2004 |
| April 1-16, 2004 | 0 | April 16, 2004 |
| April 17-30, 2004 | 0 | May 14, 2004 |
| May 1-14, 2004 | 3 | May 14, 2004 |
| May 15-31, 2004 | 5 | June 8, 2004 |
| June 1-8, 2004 | 0 | June 8, 2004 |
| June 9-24, 2004 | 2 | June 24, 2004 |

11. The Scheduling Order has been amended several times. The most recent amended Order set March 17, 2004, as the deadline for discovery. Two declarations served on Cargill in April were *signed* before the formal discovery cutoff, but one of the declarants, Jerry Summers, signed his declaration on March 16, 2004, and S&L received it after March 17.

12. By February 19, 2004, when plaintiffs served twelve declarations on Cargill, defendants had conducted thirty depositions. Cargill deposed the twenty-six plaintiffs, two other witnesses (Michelle Berg and Bill Douglas), and only two persons identified as having knowledge in plaintiffs' interrogatory responses (Toni Greene and John Chavers). Cargill deposed ten of the declarants and has not sought leave to depose the other two.

13. In support of its motion to disqualify S&L and dismiss plaintiffs' case, filed June 18, 2004, Cargill submitted an affidavit from one employee trying to cast doubt on the allegations of declarant Candy Smith. In support of this motion, Cargill filed

[2] The January count includes Michael Collier's declaration that was originally signed on January 23, 2004 and produced on February 19, 2004. His amended declaration was produced March 9, 2004.

affidavits from two current employees concerning contacts from S&L to African-American employees. In its motion for summary judgment on the claims of Louis Darden, Cargill filed affidavits by Brad Down, Dale Fehrenbach and Charles Michael Suter, none of whom were identified as "persons with knowledge" in Cargill's responses to plaintiffs' interrogatories.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of June, 2004 in Minneapolis, Minnesota.

s/*Mara R. Thompson*
Mara R. Thompson



60186