**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RODERICK ARNOLD, ET AL.,

Civil No. 01-2086 DWF/AJB

Plaintiffs,

v.

**PRETRIAL SCHEDULING ORDER**

CARGILL, INCORPORATED,

Defendant.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings.

Discovery Plan

1. Discovery shall be conducted in two phases:

   a. Pre-Class Certification

   b. Post-Class Certification

Following the Court's decision on the Plaintiffs' motion for class certification, a second Rule 16 scheduling conference shall be convened for purposes of imposing a scheduling order for the post-certification order proceedings. The following schedule shall apply to the discovery conducted during the pre-class certification phase:

1. Discovery during the pre-class certification portion shall be completed by January 15, 2003.

2. During the first phase of the discovery each party shall serve not more than 25 interrogatories per named Plaintiff to the other side regarding that Plaintiff; each side may direct 50 additional interrogatories to the other side.

3. Each side may serve 50 Requests for Admissions.

FILED MAR 2 7 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.________
DEPUTY CLERK________

**EXHIBIT 1**

4. Each side may take 40 depositions during the first phase of discovery. Out of said 40 depositions, the Defendant may depose each named Plaintiff for up to 14 hours in two days; Plaintiffs may take an equal number of depositions that will last for 14 hours. All other depositions shall be limited to 7 hours in one day.

5. All motions which seek to amend the pleadings or add parties during the pre-class certification portion of the case must be served by January 15, 2003. This deadline will be revisited at a second Rule 16 scheduling conference convened after the Court issues its ruling on Plaintiff's motion for class certification.

Disclosure and Discovery

For class certification experts it shall be conducted as follows:

1. July 1, 2002 deadline for Plaintiffs to identify expert witnesses for class certification.

2. August 15, 2002 deadline for Defendant to identify expert witnesses for class certification.

3. October 1, 2002 deadline for Plaintiffs to complete disclosures required by Fed.R.Civ.P. 26(a)(2)(B) with respect to class certification experts.

4. December 1, 2002 deadline for Defendant to complete disclosures required by Fed.R.Civ.P. 26(a)(2)(B) with respect to class certification experts.

5. January 15, 2003, deadline for completion of expert witness depositions with respect to class certification experts.

The number of experts that the parties will be allowed to use at trial and the dates for the disclosure of their identity and reports shall be revisited in the second Rule 16 scheduling conference to be held after the Court decides Plaintiffs' motion for class certification.

The class certification motion will be heard after the parties complete briefing on the schedule described below:

1. Plaintiffs will serve their brief on or before March 3, 2003.

2. Defendant will serve its brief on or before April 1, 2003.

3. Plaintiffs will submit any reply brief on or before April 15, 2003.

The Court anticipates that monthly status conferences will be held to address discovery disputes or other issues that may have arisen between the parties. The first monthly status conference will be held at 8:00 a.m. on Tuesday, May 7, 2002.

Following the Court's issuance of the Order in response to Plaintiffs' motion for class certification, a second Rule 16 scheduling conference will be held. Plaintiffs shall be responsible for contacting the undersigned's Chambers for purposes of scheduling said second Rule 16 conference following their receipt of the Court's class certification order.

Dated: 3/26/02

Arthur J. Boylan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RODERICK ARNOLD, NII-AKWEI ACQUAYE, SEAN ALLEN, HOLLIS BRANHAM, TOYA BROWN, DAWN COLLINS, LOUIS DARDEN, DELLA DICKSON, VIRGINIA DOUGLAS, RONALD GARRUS, MARGO HARVEY, CHENETA HUGHEY, JACQUELINE JENKINS, KEITH LEWIS, VALERIE MASON-ROBINSON, MICHAEL MITCHELL, PHYLLIS REECE, TONYA ROSS, CHARLES SCOTT, CLINTONIA SIMMONS, TAUSHA TATE, EMILY TYLER, JACQUELINE WILLIAMS, CHERYL WILLIS, SEAN WRIGHT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

**Case No. 01-CV-2086 (DWF/AJB)**

**RULE 26(f) REPORT**

The counsel identified below participated in the meeting required by Fed.R.Civ.P. 26(f) on March 4, 2002 and prepared the following report.

The pretrial conference in this matter is scheduled for March 26, 2002, at 9:30 a.m. before United States Magistrate Judge Arthur J. Boylan in Room 638, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota. The parties do not request that the pretrial be held by telephone.

**(a) Description of Case**

(1) *Concise Factual Summary of Plaintiffs' Claims*

Twenty-five current and former African American employees have brought this class action against Cargill, Inc. alleging race discrimination in violation of 42 U.S.C. § 1981 and the

**EXHIBIT 2**

Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.01 *et seq*. Plaintiffs allege discrimination in the areas of promotion, compensation, and discriminatory discharge.

The suit alleges that Cargill has effected its discrimination by creating and maintaining centralized, company-wide systems that are designed and implemented to favor employees who "look and talk" like Cargill's white executives. These systems include the following: (a) the "Key Employee Identification System" used to identify "high potential" employees; (b) a "Selection Grid Process" used in promotions; and (c) discriminatory performance appraisal systems. Cargill has also allowed a culture of hostility toward equal employment opportunities for African Americans to flourish, and it has failed to take effective action to correct the pervasive pattern and practice of systemic discrimination at the company.

Plaintiffs seek to represent a class of former, current, and future African American employees of Cargill under Federal Rule of Civil Procedure 23. Plaintiffs' proposed class includes managerial and professional salaried persons (below vice president level) who have experienced race discrimination throughout the liability period to the present. The actual number of class members is unknown at this time, but plaintiffs estimate that the class consists of over 1,000 current and former employees.

In Count I, Plaintiffs claim that Cargill violated § 1981 by denying them and the class equal rights in the enjoyment of benefits, privileges, terms and conditions, and by terminating their employment based on race. In Count II, Plaintiffs allege a disparate impact claim under the MHRA, § 363.03, subd. 11. They assert that Cargill has engaged in unlawful employment practices responsible for a statistically significant adverse impact on African Americans. These practices include the centralized, company-wide systems described above.

Plaintiffs also claim that punitive damages are warranted because Cargill's actions constituting discrimination under § 1981 have been and continue to be conducted with malice and/or with callous indifference to the federal rights of the plaintiffs and the class. They further assert that clear and convincing evidence exists of defendant's deliberate disregard of the rights of plaintiffs and the class under Minnesota law.

(2) *Concise Factual Summary of Defendant's Defenses*

Cargill is not a company which intentionally, systematically, or in any other way discriminates against its African American employees, and it specifically denies that it has discriminated in any way against the named Plaintiffs. Cargill denies that the named Plaintiffs are similarly situated to any properly definable class, and denies that they are legally entitled to sue on behalf of others not named.

The company has filed a motion to dismiss with respect to claims brought by several of the named Plaintiffs, arguing that many of their claims brought under the Minnesota Human Rights Act ("MHRA") should be dismissed because (1) there is no extraterritorial application of the statute and (2) their claims are barred by the MHRA statute of limitations. Further, many of their claims brought under § 1981 should be dismissed because they are barred by the statute of limitations; and the claims of named Plaintiffs Garrus, Branham, and Brown should be dismissed because those individuals cannot create genuine issues of material fact to support their claims.

In its Answer, Cargill also asserts that some or all of the claims alleged in the Complaint (1) fail to state a claim upon which relief can be granted; (2) are barred by applicable statutes of limitations; (3) are barred due to the lack of extraterritorial coverage of the MHRA; (4) should be dismissed because any employment actions allegedly taken with respect to Plaintiffs were based upon legitimate nondiscriminatory business reasons unrelated to Plaintiffs' race or any other

protected basis; (5) should be dismissed because any impact allegedly affecting Plaintiffs, which Cargill continues to deny, is the unintended and nondiscriminatory consequence of facially neutral policies implemented pursuant to good business practices, for legitimate business reasons, and justified by business necessity; (6) should be dismissed because some or all of the claims alleged are not cognizable under § 1981 and the MHRA because they do not allege employment decisions or actions that amount to a material adverse change to a term or condition of employment; (7) should be dismissed to the extent that they seek punitive damages or attorneys' fees because Cargill did not commit any oppressive, fraudulent, or malicious acts, or act with reckless indifference to Plaintiffs' rights; (8) should be dismissed because Plaintiffs failed to timely report any alleged discrimination through Cargill's well publicized internal policy prohibiting discrimination; (9) should be dismissed because any damages Plaintiffs experienced were proximately caused by Plaintiffs' own acts or omissions; (10) should be dismissed because Plaintiffs have failed to reasonably mitigate their claimed damages (their entitlement to which Cargill expressly denies); (11) are barred by the doctrines of estoppel, laches, accord and satisfaction, waiver, and release; (12) to the extent they seek punitive damages, are barred by Cargill's affirmative good faith efforts to prevent discrimination and are inconsistent with due process; (13) should be dismissed to the extent they seek to proceed as a class because the named Plaintiffs cannot meet the requirements of Rule 23 of the Federal and Minnesota Rules of Civil Procedure, joinder of all members is not impracticable, the named Plaintiffs' claims require individualized proof that precludes a finding of commonality and typicality, the named Plaintiffs' claims for monetary relief predominate over their claims for injunctive or declaratory relief, and the named Plaintiffs cannot adequately represent the interests of the alleged class; (14) should be dismissed to the extent they purport to include "each of

Cargill's subsidiaries and affiliated companies" within the lawsuit because some or all of such "subsidiaries and affiliated companies" are not properly subject to this action; (15) should be dismissed because Plaintiffs are not entitled to the relief prayed for or any other relief by virtue of the matters set forth in the Complaint; (16) should be dismissed to the extent they claim constructive discharge because the named Plaintiffs cannot meet the legal standard for constructive discharge applicable in the jurisdiction in which their claims arise; (17) should be dismissed to the extent that they are premised, in whole or in part, on a termination pursuant to a reduction in force because such terminations occurred based upon legitimate, nondiscriminatory business reasons unrelated to Plaintiffs' race or any other protected basis; (18) should be dismissed to the extent they allege a disparate impact claim under § 1981 because § 1981 does not recognize a cause of action for disparate impact discrimination; and (19) should be dismissed to the extent that they are based on alleged inappropriate or unlawful conduct of certain supervisors and/or managers, because any such conduct is contrary to Cargill's good faith efforts to comply with § 1981 and the MHRA, and Cargill cannot be vicariously liable for such actions or conduct, if any.

(3) *Statement of Jurisdiction (including statutory citations)*

Jurisdiction is proper under 28 U.S.C. § 1331, the doctrine of supplemental jurisdiction, and 28 U.S.C. § 1367.

(4) *Summary of Factual Stipulations or Agreements*

None.

(5) *Statement of whether jury trial has been timely demanded by any party*

The Plaintiffs have timely demanded a jury trial for both their § 1981 and MHRA claims. They assert that their MHRA claims are triable to a jury in federal court under Kampa v. White

Consol. Indus., 115 F.3d 585, 586 (8th Cir. 1997) (holding that plaintiff raising MHRA claim in federal court had Seventh Amendment right to a jury trial of that claim). Defendant denies that Plaintiffs are entitled to a jury trial on the MHRA claims.

**(b) Pleadings**

(1) *Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action*

Plaintiffs have served Cargill, Inc. with the Complaint, and the Complaint, Answer, and pleadings connected with Cargill's Motion to Dismiss, for Summary Judgment, and to Strike have been filed with the Court. Plaintiffs propose to amend the Complaint before the scheduled April 12, 2002 hearing on Cargill's motions. Cargill reserves the right to oppose any proposed amendments to the Complaint.

(2) *Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard*

Plaintiffs ask the court to reserve determination of the deadline for amending the Complaint until the second Rule 16 conference after the determination of the Class Certification motion. At that time, in the context of the liability phase of the litigation and on the basis of the outcome of the Class Certification Motion, an appropriate deadline may be set.

Defendant proposes December 15, 2002, and proposes that this deadline can be revisited at a second Rule 16 Scheduling Conference convened after the Court issues its ruling on Plaintiffs' motion for class certification. Cargill reserves the right to oppose any motions to amend and/or add parties, whether brought before or after the deadline(s) set by the Court.

**(c) Discovery Limitations**

(1) *The parties agree and recommend that the Court limit the use and numbers of discovery procedures through the class certification stage of this proceeding as follows:*

(A) *Interrogatories: each side may direct 25 interrogatories per named plaintiff to the other side regarding that plaintiff; each side may direct 50 additional interrogatories to the other side;*

(B) *Document Requests:*

*Plaintiffs ask the Court to follow Fed. R. Civ. P. 32, which does not place a limit on document requests.*

*Defendant proposes that each side may direct 15 document requests per named plaintiff to the other side regarding that plaintiff; each side may direct 25 additional document requests to the other side.*

(C) *Depositions, including numbers and length:*

*Plaintiffs propose that the Court allow each side to conduct thirty-five depositions in the first phase of discovery. Out of the thirty-five depositions, each side may conduct up to ten depositions for up to two seven-hour days.*

*Defendant proposes that each side may take 100 depositions during the entirety of the discovery period. Out of Defendant's 100 depositions, Defendant may depose each named Plaintiff for up to 14 hours in two days; all other depositions shall be limited to 7 hours in one day. Plaintiffs may take an equal number of 14 hour depositions.*

(D) *Requests for Admission: each side may serve 50 Requests for Admission;*

(E) *Rule 35 Medical Examinations: The parties propose that the deadline for Rule 35 Medical Examinations be set at a second Rule 16 Scheduling Conference convened after the Court decides Plaintiffs' motion for class certification.*

*Plaintiffs note that they do not agree that Rule 35 Medical Examinations are warranted.*

*Defendant notes that, while it anticipates that Rule 35 Medical Examinations would only be scheduled after class certification issues are decided, it reserves the right to seek Rule 35 Medical Examinations before class certification if Plaintiffs indicate that they intend to present expert evidence of physical, mental, or emotional injury as part of their class certification motion.*

*(F)* ______*other*

**(d) Discovery Schedule/Deadlines**

The parties recommend that the Court establish deadlines for completion of non-expert discovery and completion of Rule 35 medical examinations at a second Rule 16 Scheduling Conference convened after the Court decides Plaintiffs' motion for class certification.

The parties agree that the post-class certification decision discovery period should be approximately six months long.

**(e) Discovery Conferences**

The parties recommend that the Court schedule monthly status conferences to address discovery disputes that have arisen between the parties. The parties anticipate that such conferences would be a method for bringing disputes to the Court without the need for formal motions. The parties would confer in advance of each status conference to attempt to resolve any outstanding issues and to determine whether the status conference is needed in a particular month. In the event that the parties jointly conclude that no status conference is needed, they will inform the Court of their conclusion in advance of the conference.

**(f) Class Certification**

(1) *The parties recommend that the class certification motion be heard after the parties complete briefing on the schedule described below.*

*(A)* *Plaintiffs will submit their brief on or before* March 3, 2003.
*(B)* *Defendant will submit its brief on or before* April 1, 2003.
*(C)* *Plaintiffs will submit any reply brief on or before* April 15, 2003.

(2) *The parties anticipate that they will require experts on the issue of class certification.*

*(A)* *The Plaintiffs will call* ______3-6______*(number) experts in support of class certification.*

*(B)* *The Defendant will call* ______3-6______*(number) experts in opposition to class certification.*

(3) *The parties recommend the disclosure and discovery option for class certification experts as follows:*

*(A)* July 1, 2002 *deadline for Plaintiffs to identify expert witnesses for class certification.*

(B) August 15, 2002 *deadline for Defendant to identify expert witnesses for class certification.*

(C) October 1, 2002 *deadline for Plaintiffs to complete disclosures required by Fed.R.Civ.P. 26(a)(2)(B) with respect to class certification experts.*

(D) December 1, 2002 *deadline for Defendant to complete disclosures required by Fed.R.Civ.P. 26(a)(2)(B) with respect to class certification experts.*

(E) January 15, 2003 *deadline for completion of expert witness depositions with respect to class certification experts.*

**(g) Experts on Merits**

The parties anticipate that they will require expert witnesses at time of trial. The parties recommend that the identification and disclosure schedule be set by the Court at a second Rule 16 Scheduling Conference held after the Court decides Plaintiffs' motion for class certification.

**(h) Motion Schedule**

The parties recommend that deadlines for filing and serving non-dispositive and dispositive motions be set at a second Rule 16 Scheduling Conference held after the Court decides Plaintiffs' motion for class certification.

**(i) Trial-Ready Date**

The parties recommend that the trial-ready and final pretrial conference dates be set at a second Rule 16 Scheduling Conference held after the Court decides Plaintiffs' motion for class certification.

**(j) Additional Rule 16 Conferences**

The parties recommend that, from time to time and after the class certification motion is decided, the deadlines and discovery limits established herein be revisited with the Magistrate Judge.

**(h) Insurance Carriers/Indemnitors**

*List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.*

Cargill's liability insurance program includes an Employment Practices Retained Amount Policy issued by American International Surplus Lines Insurance Company for which the retained amount is $5 million per claimant and per class action suit.

**(i) Settlement**

The parties have discussed whether settlement negotiations might be fruitful, but at this time have concluded that they would not be productive until class certification issues are decided.

Dated: March 19, 2002 DORSEY & WHITNEY LLP

By [signature]
Janice M. Symchych #010811X
Mark Ginder #1016794
Melissa Raphan #182795
Holly S. A. Eng #238028
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

Dated: 3/19/2002 SPRENGER & LANG, PLLC

By [signature]
Lawrence Schaefer #195583
Susan M. Coler #217621
Teresa K. Patton #205679
Lisa Stratton #236858
325 Ridgewood Avenue
Minneapolis, MN 55403
Telephone: (612) 871-8910

Attorneys for Plaintiffs