UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al., On behalf of themselves and all others similarly situated, | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB) |
| | ) | CLASS ACTION |
| *Plaintiffs,* | ) | |
| v. | ) | **ORAL ARGUMENT REQUESTED** |
| CARGILL, INCORPORATED, | ) | |
| *Defendant.* | ) | |

**PLAINTIFFS' MOTION**
**FOR CLASS CERTIFICATION**

The named plaintiffs, by and through their counsel and pursuant to Rule 23 of the Federal Rules of Civil Procedure, hereby move to maintain the above-captioned action as a class action, that named plaintiffs' proposed form of notice be issued to all subclass members, and to appoint Sprenger & Lang, PLLC as class counsel. In support of their motion, they state as follows:

1. The named plaintiffs seek to prosecute their 42 U.S.C. § 1981 "pattern or practice" race discrimination claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Their proposed class consists of "All salaried African-Americans through salary grade 15 who were employed by Cargill at any time during the liability period."

2. The proposed class meets the threshold requirements of Rule 23(a). The proposed class should be certified pursuant to Rule 23(b)(2) because Cargill has acted and refused to act on ground generally applicable to the entire class, and plaintiffs seek extensive non-monetary equitable, injunctive and declaratory relief as a result of defendant's actions and inactions with respect to the class. The proposed class should be certified in hybrid form

pursuant to Rule 23(b)(2), but using the notice and "opt out" procedures designed for Rule 23(b)(3) class actions.

3. The named plaintiffs request the court to order that named plaintiffs' proposed form of notice, attached as Exhibit A, be issued to all class members. The proposed notice complies with the new requirements under Rule 23(c)(2)(B), and follows the "full notice" exemplar for employment discrimination class actions published by the Federal Judicial Center at www.fjc.gov.

4. The named plaintiffs also request the court to designate Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Della Dickson, Virginia Douglas, Cheneta Hughey, Jacqueline Jenkins, Keith Lewis, Vivian Little, Valerie Mason-Robinson, Anthony Mcdowell, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, Steve Wint, and Sean Wright as Class Representatives.

5. The named plaintiffs further request that Sprenger & Lang, PLLC be designated as class counsel.

6. Plaintiffs hereby inform the Court that, following a successful class liability ruling, they intend to seek the following injunctive and declaratory relief:

a. Implementation of mandatory job posting for all open positions through Salary Grade 15, with no exceptions permitted and no "internal candidate identified" designation on the job posting. Before any position is posted, the job-related qualifications for the position must be identified in writing, and all candidates for the position will be evaluated pursuant to these qualifications.

b. In evaluating candidates who are interviewed for open positions, the manager responsible for supervising the successful candidate and a representative from the Human Resources Department will complete a "Selection Grid" form that lists the required and preferred qualifications for the position, based directly on the job qualifications that existed before the job was posted. For all positions posted, demonstrated support for EEO and diversity must be considered as a position requirement.

c. Before any candidates are interviewed for an open position, efforts will be made to identify qualified African-American employees. These efforts will involve consultation with the VDI Department, and must be documented in writing.

d. Whenever an African-American candidate applies for a posted position and is not selected for an interview for a position, an explanation must be provided to the candidate in writing within two business days of this decision, and at least five business days before the position is filled.

e. The unsuccessful African-American candidate may contest this decision within two business days of being informed as described above by filing a complaint, in writing, to the Diversity Executive described in the following paragraph. The contested position will not be filled until the complaint is resolved.

f. Cargill will create an Executive Vice-President level position, reporting directly to the CEO, whose responsibilities will include overseeing the current "Valuing Differences Initiative," as well as the specific injunctive measures in the Order. This position must be filled within 90 days of the ruling on class liability.

g. All Cargill managers and supervisors will have a KRA in the annual PMP evaluation process that relates to contributions to Cargill's EEO, AAP, and diversity efforts. The determination of the specific terms of each KRA will be left to local operations. If an employee, supervisor, or manager receives a "meets some" or "below expectations" score on this KRA, he or she may not receive a pay increase or any component of discretionary pay for that review cycle. If the employee receives an "exceeds" or "exceeds some" rating on this KRA, his or her merit or discretionary pay increase may be upwardly adjusted by 10-20%.

h. The recommendations proposed in enclosures I – VI to Plaintiffs' Deposition Exhibit 1359 are hereby adopted.

i. On an annual basis, Cargill will compile and statistically analyze the following data for all salaried employees in salary grades 1-15:

(1) The distribution of PMP data comparing African-American employees to Caucasian employees.

(2) The number of promotions filled by African-American employees compared to Caucasian employees.

(3) The merit and variable pay provided to African-American versus Caucasian employees.

(4) The number of involuntary terminations of African-American versus Caucasian employees.

(5) The number of African-American employees rated in the four "Leadership Talent Management" categories, compared to Caucasian employees.

The statistical analysis of this data will include accepted methodology for determining the number of "standard deviations" between the actual and predicted treatment of African-American and Caucasian employees. The parties will have 30 days following a ruling on class liability to agree on this methodology. Should an agreement not be reached, the matter will be submitted



60206

to the Court for resolution. The statistical analysis will be provided to the Diversity Executive and Cargill's Management Operating Committee.

j. To the extent any of the above analyses reveal negative standard deviation in excess of 2.00 between the treatment of African-American employees and Caucasian employees, Cargill must take immediate corrective action. The parties will have 30 days following a ruling on class liability to agree on the specific remedial measures to be taken in relation to each of the above areas. Should an agreement not be reached, the issue of appropriate remedial measures will be submitted to the Court for resolution.

k. In addition to all other review procedures currently in place, the Diversity Executive will review all terminations of salaried African-American employees before the termination decision becomes effective. This review will involve assuring that all applicable policies and procedures were followed, that Caucasian employees were treated similarly in comparable circumstances, and that no credible evidence exists that race bias may have influenced the decision. The Diversity Executive shall have the authority to overturn any termination decision.

l. Any African-American salaried employee who complains of race discrimination may direct the complaint directly to the Diversity Executive, in addition to any other recourse the employee may seek. This will be announced company-wide to all salaried employees when this position is filled. Cargill's current Employee Dispute Resolution program will not apply to race discrimination claims brought by salaried African-American employees, and all employees will be notified of this in writing.

m. The Diversity Executive will prepare annual reports to the Court and to Class Counsel, which must contain a detailed accounting of compliance with each of the measures described above. Class counsel may, upon request, review the statistical analysis described above.

n. The term of these injunctive measures will be five years.

6. In further support of their motion, the moving named plaintiffs respectfully refer the Court to their supporting memorandum of law, including the declarations, summary exhibits and exhibits thereto, which will be filed pursuant to the rules of this Court.

WHEREFORE, the named plaintiffs respectfully request that the Court grant their motion and certify the above-referenced class and subclasses, order that named plaintiffs' proposed form of notice be issued to all subclass members, and appoint Sprenger & Lang, PLLC as class counsel.

Respectfully submitted,

Dated: July 19, 2004

**SPRENGER & LANG, PLLC**

By: ***s/Lawrence P. Schaefer***

Lawrence Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
David L. Ramp (MN No. 89357)
Mara R. Thompson (MN No. 196125)
Sprenger & Lang, PLLC
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

Michael D. Lieder (DC Bar No. 444273)
Steven M. Sprenger (DC Bar No. 418736)
1614 20th Street, N.W.
Washington, DC 20009-1001
(202) 265-8010

COUNSEL FOR PLAINTIFFS