UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, et al.,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE UNTIMELY THIRD-PARTY DECLARATIONS**

## INTRODUCTION

By Order dated July 13, 2004 ("Court Order"), this Court granted Cargill's request to strike third-party declarations submitted after the close of discovery. The Court Order specifically forbids their use in any dispositive motion unless Cargill is given the reasonable opportunity to depose the declarants in the Twin Cities before August 10, 2004.

Despite this clear direction, Plaintiffs submitted 47 third-party declarations in support of its motion for class certification before appealing the Court Order and without requesting a stay. Plaintiffs included not only the 12 declarations that Cargill received shortly before the discovery cutoff, but also the 18 declarations that the Court ordered stricken unless Plaintiffs produced the declarants for deposition. In addition, Plaintiffs submitted one declaration sent after the Court heard arguments on the previous motion to strike and 16 additional declarations with their motion for class certification that Cargill received *after* the Court Order. Finally, Cargill since received 2 additional declarations on July 22, 2004, after Plaintiffs filed their motion for class certification. The 19 declarations produced *after* argument of Cargill's motion and the Court Order must be stricken.

## BACKGROUND

### I. PLAINTIFFS SUBMITTED THIRD-PARTY DECLARATIONS SHORTLY BEFORE THE CLOSE OF DISCOVERY AND AFTER DISCOVERY CLOSED

There has already been considerable motion practice related to Plaintiffs' submission of third-party declarations near the end of and following the close of discovery. *See generally* Mem. in Supp. of Mot. to Strike Untimely Decls., or in the Alternative, to Compel Decl. Deps. ("Strike/Compel Br.") and supporting exhibits.

To briefly recap, Cargill began receiving declarations from third parties (which had been signed between November and January 2003) approximately three weeks before the close of the discovery period on March 17, 2004. The initial batch contained 12 declarations from former Cargill employees. *See* Ex. 1 of Strike/Compel Br. (Letter from P. Jones to H. Eng dated 2/19/04). Cargill unsuccessfully attempted to ascertain from Plaintiffs whether these declarations were the only ones in Plaintiffs' possession. *See* Exs. 2 & 3 of Strike/Compel Br. (Letter from H. Eng to P. Jones dated 2/25/04 and Letter from L. Schaefer to H. Eng dated 2/26/04). Receiving no answer to its inquiry, Cargill deposed 10 of the 12 declarants.

*After* the close of discovery, Cargill started receiving additional third-party declarations. The initial post-discovery batch received in mid-April 2004 contained 8 declarations, some dated *before* the close of discovery. *See* Ex. 4 of Strike/Compel Br. (Letter from P. Jones to H. Eng dated 4/16/04). Cargill promptly objected to the new declarations, but Plaintiffs continued their belated production without offering any justification for these untimely productions. Accordingly, Cargill moved to strike the declarations (or in the alternative, to compel declarant depositions) received after the close of discovery. Cargill's motion was heard on June 30, 2004

and granted on July 13, 2004.[1] *See* Order on Motion to Strike Declarations, or in the Alternative, to Compel Declarant Depositions attached to Raphan Decl. as Exhibit 2.

## II. PLAINTIFFS HAVE CONTINUED TO SUBMIT DECLARATIONS WHILE REFUSING TO PRODUCE DECLARANTS FOR DEPOSITION

The Court Order granted Cargill's motion to strike the third-party declarations received after the close of discovery and specifically forbids their use in support of Plaintiffs' motion for class certification or any dispositive motions. *See* Raphan Decl., Ex. 2. Plaintiffs could use the third-party declarations only if Plaintiffs produced any *already disclosed declarants* for deposition in the Twin Cities on or before August 10, 2004. *Id.* (emphasis added). In that circumstance, Plaintiffs could use the declarations of any individuals whom Cargill was given the reasonable opportunity to depose. *Id.*

Before producing any of the declarants for deposition, Plaintiffs filed their motion for class certification on July 19, 2004, and attached 47 third-party declarations. *See* Pls.' Mot. in Suppt. of Class Certif; Raphan Decl., Exhibit 4 (Appendix 2 cover sheet). Only 12 of the 47 were permitted under the Court Order, the 12 submitted *before* the close of discovery. Plaintiffs also attached the 18 declarations that the Court and Cargill knew about when the motion to strike was heard. To Cargill's surprise, Plaintiffs also attached 17 *additional* declarations, 16 of which had never been disclosed to Cargill or this Court before they were submitted.[2] *See* Letters from P. Jones to H. Eng dated 7/9/04, 7/16/04 and 7/21/04 attached to Raphan Decl. as Exhibits 3, 5, and 6 respectively. Finally, three days *after* Plaintiffs filed their motion for class certification, Cargill received 2 additional third-party declarations. *See* Raphan Decl. ¶ 8, Ex. 6.

---

[1] Plaintiffs sent a total of 18 post-discovery declarations prior to the hearing—16 prior to briefing and 2 more afterwards. *See* Exs. 8 & 9 of Strike/Compel Br.; Letter from Patty Jones to Holly Eng dated 6/26/04 attached to the Declaration of Melissa Raphan ("Raphan Decl.") as Exhibit 1.

[2] Following arguments but before the Court Order, Cargill also received one declaration. Raphan Decl., Exhibit 3

## III. CARGILL ATTEMPTED TO COMPLY WITH THE COURT ORDER BY PROPOSING A DEPOSITION SCHEDULE, WHICH PLAINTIFFS REJECTED

Cargill promptly wrote to Plaintiffs' counsel on July 21, 2004, noting that the declarations had been attached to the motion for class certification. Because Plaintiffs had used the declarations, Cargill understood under the express language of the Court Order that the declarants must be produced for depositions. *See* Letter from M. Raphan to L. Schaefer dated 7/21/04 attached to Raphan Decl. as Exhibit 7. This letter set forth a proposed schedule for taking the declarations of the 35 declarants disclosed after the discovery deadline. *Id.*

Plaintiffs responded by saying that Cargill had agreed that this Court Order would have no effect until Plaintiffs' appeal of the Order was resolved. *See* Letter from S. Coler to P. Klaas & M. Raphan dated 7/21/04 attached to Declaration of Paul Klaas ("Klaas Decl.") as Exhibit 1. In support of this assertion, counsel attached an e-mail exchange between counsel for Cargill and counsel for Plaintiffs. *Id.* at 2. The e-mail sent by Plaintiffs was not received by Cargill's counsel. *Id.*, Exhibit 2 (e-mail exchange between P. Klaas and L. Schaefer).

Cargill's counsel never agreed that Plaintiffs could violate this Court's Order. Instead, Cargill took steps to comply with the Court Order by setting forth a schedule for conducting depositions before the August 10, 2004 deadline set by the Court.

## <u>ARGUMENT</u>

Despite the Court Order striking the untimely third-party declarations unless and until the declarants were deposed prior to August 10, 2004, Plaintiffs submitted *all* of the third-party declarations in support of their motion for class certification, including additional declarations that were not disclosed to Cargill or the Court during briefing and arguments on Cargill's motion to strike the untimely declarations. In addition, Plaintiffs have refused to produce any of the declarants for deposition.

The most recent third-party declarations submitted for the first time with the motion for class certification[3] are even more prejudicial than the prior untimely third-party declarations. Cargill has even less time to explore and defend itself against unsubstantiated allegations contained in these declarations and will not know until *after* its time for responding to the class certification motion whether any of the declarations will be allowed. If Plaintiffs refuse to produce the declarants for deposition as required by the Court Order, those declarations should be stricken. Their belated disclosures make curing the prejudice to Cargill impracticable.

## I. THIRD-PARTY DECLARATIONS SUBMITTED *AFTER* THE COURT ORDER SHOULD BE STRICKEN AS UNTIMELY

Paragraph Two of the Court Order states that Plaintiffs must "produce any *already disclosed third party declarant* for deposition to take place in the Twin Cities, on or before August 10, 2004." (emphasis added). Paragraph Three allows Cargill to "take the deposition of any individual whose declaration *was produced* subsequent to the close of class certification fact discovery." (emphasis added).

By the terms of the Court Order it appears that no declarations were to be produced following the hearing. Accordingly, the 19 declarations produced after the hearing should be stricken.

Plaintiffs have indicated that they do not intend to produce *any* of the declarants pending their appeal, thereby eliminating Cargill's ability to defend itself against unsubstantiated allegations by deposing the third-party declarants before August 10, 2004, as required by the

3 Plaintiffs' claim in their motion for class certification that 9 of the most recent declarations are not subject to the Court Order—8 because the declarants were named in interrogatory responses and one because the declarant has previously been deposed in an unrelated arbitration proceeding. *See* Decl. of Lawrence P. Schaefer in Suppt. of Pls.' Mot. for Class Certification at ¶ 4. This position is baseless. The Court Order specifically recognizes that Cargill is entitled to depose those individuals who have submitted declarations in this matter, see Raphan Decl., Ex. 2 at ¶¶ 2-3, and a deposition taken in what Plaintiffs concede is an "unrelated" proceeding is obviously insufficient.

Court Order. Cargill is significantly prejudiced by Plaintiffs' conduct in submitting the declarations. Plaintiffs continue to submit new, untested declarations filled with vague, ill-defined and unsubstantiated allegations against Cargill while denying Cargill the ability to defend itself against these allegations. Plaintiffs should "not be allowed to bring in through the back door those issues which they were too late in bringing to the front." *Havenfield Corp. v. H & R Block, Inc.*, 509 F.2d 1263, 1272 (8th Cir. 1975)(holding that defendant was "clearly not acting seasonably" within the meaning of FRCP 26(e)(2) when it failed to disclose discoverable information until five weeks after discovery closed and after the information had been in its possession for four months).

The closer in time to the class certification motion that declarations are received by Cargill, the greater the prejudice. It is well-recognized that, absent substantial justification, a party who fails to disclose information required for Rule 26(a) initial disclosures or who fails to timely supplement either the initial disclosures or to amend a prior response to discovery as required by the Rules, "is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." *See* Fed. R. Civ. Proc. 37(c). Here, Plaintiffs have never offered any legitimate justification for their extreme delay and surprise tactics, much less substantial justification, and Cargill continues to be harmed.

In *Fitz v. Ralph Wilson Plastics Co.*, defendants sought sanctions against plaintiffs, who submitted nine declarations in support of their motion for class certification, but failed to provide the declarations to defendants during discovery. 174 F.R.D. 587, 588 (D.N.J. 1997). The court held that "contrary to the dictates of this court and to the notions of fair play and efficiency, the defendants were left unsuspecting that any information was being withheld" and thus "did not have the requisite knowledge and the consequent opportunity to question the adequacy" of Plaintiffs' discovery responses. *Id.* at 590.

In this case, the remedy of allowing depositions of the post-discovery declarants was left as a possibility for the 18 declarants who Plaintiffs disclosed to Cargill and the Court before the hearing on the previous motion to strike. At this late stage in the pre-class certification proceedings, however, the remaining 19 declarations should simply be stricken.

## II. PLAINTIFFS HAVE NOT YET COMPLIED WITH THE COURT'S ORIGINAL ORDER AND THEIR ADDITIONAL UNTIMELY DECLARATIONS MUST BE STRICKEN IMMEDIATELY

Plaintiffs failed to follow the Court Order and filed the 18 third-party declarations previously stricken by the Court with their motion for class certification. This step was taken without moving for a stay or otherwise acknowledging the immediate effect of the Court Order. This Court's Order was effective *when made*. *See, e.g.*, *Sunview Condominium Assoc. v. Flexel International, Ltd.*, 116 F.3d 962, 964 (1st Cir. 1997) (stating that where a motion to compel discovery was granted and involved a nondispositive matter, "the magistrate's order was effective when made"); *United States v. Ecker*, 923 F.2d 7, 9 (1st Cir. 1991) (stating that a magistrate judge's "self-operating" orders, which cover most pretrial and discovery matters, are valid when made).

Notwithstanding the Court Order, Plaintiffs attached 47 third-party declarations to their motion for class certification (35 of which were submitted after the close of discovery), while at the same time refusing to produce the declarants for depositions until after an appeal. As to the 18 declarations revealed by Plaintiffs before the July 13th Court Order, this Court has ruled (granting Plaintiffs the opportunity to avoid the late declarations being stricken, if they produce the declarants for deposition). However, the 19 additional declarations, which were not disclosed and are even more belated, should just be stricken. Cargill should not have to pay the high price resulting from Plaintiffs' hide-the-ball tricks.

**CONCLUSION**

Cargill respectfully requests that the Court strike all third-party declarations disclosed by Plaintiffs after June 30, 2004.

Dated: July 26, 2004

DORSEY & WHITNEY LLP

By /s Paul Klaas____________

Paul Klaas #0056327
Melissa Raphan #0182795
Emily L. Fitzgerald #0310906
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
Cargill, Inc.