UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INC.,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**DECLARATION OF MELISSA RAPHAN**

I, Melissa Raphan, declare as follows:

1. I am an attorney with the firm of Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, Minnesota, 55402, attorneys for Defendant in this matter. I submit this Declaration to accompany Defendant Cargill, Incorporated's Memorandum of Law in Support of Motion to Strike Untimely Affidavits.

2. On June 25, 2004, Cargill received the declarations of Bernard Baker and Sylvester Sipp. A true and correct copy of the letter from P. Jones to H. Eng dated 6/8/04 attached hereto as Exhibit 1.

3. The Court heard arguments on Cargill's Motion to Strike Untimely Declarations, or in the Alternative, to Compel Declarant Depositions on June 28, 2004 and issued its opinion on July 13, 2004. A true and correct copy of the Court Order is attached hereto as Exhibit 2.

4. After oral argument, but before the Court Order was issued, Cargill received the declaration of Kevin Miller. A true and correct copy of the letter from P. Jones to H. Eng dated 7/9/04 is attached hereto as Exhibit 3.

5. Plaintiffs attached 47 declarations to their motion for class certification. True and correct copies of the relevant Appendix is attached hereto as Exhibit 4.

6. On July 20, 2004, Cargill received the declarations of Angela Flennoy, Jermaine Flennoy, Bobby Gholar, John Graves, Jerry Harrison, Pamela Hullum, Floyd Lee, Dana Major-Wilson, Warren McMath, Chibuzor Kingsley Osuarah, William Shaw, and John Smith. A true and correct copy of the letter from P. Jones to H. Eng dated 7/16/04 is attached hereto as Exhibit 5.

7. On July 22, 2004, Cargill received the declarations of Teri Harris, Otis Jones, Bruce Miller, and Leighton Moulton. A true and correct copy of the letter from P. Jones to H. Eng dated 7/21/04 is attached hereto as Exhibit 6.

8. The declarations cited in Paragraphs 4, 6, and 7 were all included in Plaintiffs' motion for class certification. In addition, the letter of July 21, 2004 (Ex. 6) also attached two declarations—those of Michael King and Randy Thompson—not included in the class certification motion.

9. On July 21, 2004, Defendant sent a letter to Plaintiffs' counsel requesting that Plaintiffs produce all thirty-five (35) of the individuals whose declarations were submitted after the close of discovery and which were attached to Plaintiffs' motion for class certification—the eighteen (18) declarations produced prior to the arguments on Cargill's motion to strike untimely declarations, or in the alternative, to compel declarant depositions and also the seventeen (17) produced after that date. A true and correct copy of the letter from M. Raphan to L. Schaefer dated 7/21/04 is attached hereto as Exhibit 7.

10. Plaintiffs submitted twelve (12) declarations prior to the close of discovery and Cargill deposed ten of them. Cargill believed that no more declarations were forthcoming when it made its decision as to which of these declarants to depose.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true.

Dated: July 26, 2004

/s Melissa Raphan
Melissa Raphan

# SPRENGER & LANG

A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

WRITER'S ADDRESS:

**PATTY JONES**
MINNEAPOLIS OFFICE
E-Mail: pjones@sprengerlang.com
Website: www.Sprengerlang.com

1614 TWENTIETH STREET, N.W.
WASHINGTON, D.C. 20009-1001
(202) 265-8010
FAX (202) 332-6652

325 RIDGEWOOD AVENUE
MINNEAPOLIS, MINNESOTA 55403
(612) 871-8910
FAX (612) 871-9270

June 8, 2004

RECEIVED
JUN 25 2004

Holly S.A. Eng, Esq.
DORSEY & WHITNEY, LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498

**Re:** ***Arnold, et al. v. Cargill, Inc.***
**No. 01-CV-2086 DWF/AJB**

Dear Holly:

Enclosed please find copies of signed declarations of the following individuals responsive to Defendant's Requests for Production of Documents:

Bernard Baker
Sylvester Sipp

Sincerely,

Patty Jones

Patty Jones
Legal Assistant

:mbk
Enclosures

58802v3

Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Roderick Arnold, et al., Civil No. 01-2086 DWF/AJB

Plaintiffs,

v.

Cargill, Incorporated,

Defendant.

**ORDER ON MOTION TO STRIKE DECLARATIONS, OR IN THE ALTERNATIVE, TO COMPEL DECLARANT DEPOSITIONS**

This matter came is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion to strike third-party declarations filed by plaintiffs, or alternatively, to permit defendant to take depositions of the declarants [Docket No. 234]. Plaintiffs oppose the motion. Hearing was held by telephone on June 30, 2004, the Court sitting at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Melissa Raphan, Esq., and Mark Ginder, Esq., appeared and spoke on behalf of the defendant. Lawrence P. Schaefer, Esq., and Susan Coler, Esq., appeared and spoke on behalf of the plaintiffs. Matters relating to confidentiality of expert reports were also presented to the Court for consideration.

Based upon the file, memorandums, affidavits, exhibits and arguments of counsel, the Court makes the following:

**ORDER**

1. Defendant's Motion to Strike Untimely Declarations, or in the alternative, to Compel Declarant Depositions is **granted in part and denied in part** as further provided herein [Docket No. 234].

**Exhibit 2**

2. Defendant's motion to strike third-party declarations is **granted**. However, to the extent that counsel for the putative class are willing and able to produce any already disclosed third-party declarant for deposition to take place in the Twin Cities, on or before August 10, 2004, plaintiffs may submit and reference that individual's declaration for consideration on class certification. No third-party declaration produced after expiration of the time for class discovery may be used by plaintiffs in support of their motion for class certification or in support of plaintiffs' position on any dispositive motion if defendant has been denied the reasonable opportunity to depose the declarant as provided in this Order.

3. Defendant's alternative motion to compel third-party declarant depositions is **denied**, except on conditions otherwise provided in this Order. Defendant shall be permitted to take the deposition of any individual whose declaration was produced subsequent to the close of class certification fact discovery in this case only in the event that the particular individual's declaration is offered in support of class certification. All depositions permitted and conducted pursuant to this Order shall be completed by August 10, 2004.

4. Plaintiffs' request that "Confidential" and "Attorneys' Eyes Only" designations be removed from the reports of plaintiff retained experts William T. Bielby and David W. Peterson is **granted**. Plaintiffs acknowledge that the reports contain analysis of underlying data which has been designated "Confidential" or "Attorneys' Eyes Only," but insist that the reports do not link the data to specific employees and are therefore exempt from the sealed filing requirement under Paragraph No. 10 of the stipulated Protective Order. Defendant does not oppose removal of the "Attorneys' Eyes Only" designation from the reports, thereby allowing access by plaintiffs themselves, but contend that

the "Confidential" designation is justified and that reports should remain sealed because the reports contain information that is otherwise unavailable and could be used to defendant's disadvantage by competitors. Upon review of the reports at issue, the Protective Order, and the letter memorandums submitted by the parties, the Court concludes that the reports do not link confidential information to particular employees and are not protected from public disclosure under the Protective Order. It is therefore not required that the reports be filed under seal.

Dated: July 13, 2004

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Discovery in this matter was bifurcated to permit an initial period of discovery focused upon class certification issues. The deadline for pre-class certification fact discovery pursuant to Pretrial Scheduling Order dated March 27, 2002, was March 17, 2004.[1] The same scheduling order allowed each side to take 40 depositions. Early in the discovery period defendant served an interrogatory seeking identification of persons having knowledge of facts or allegations regarding individual claims in this case.[2] In the course of certification discovery defendant conducted thirty

---

[1] Declaration of Mara R. Thompson, Exh. 1.

[2] Affidavit of Melissa Raphan, Exh. 7.

depositions. Subsequently, on February 19, 2004, plaintiffs produced twelve third-party declarations by individuals who had not previously been identified through interrogatory responses, but whose declarations are now characterized as supplemental discovery responses pursuant to Fed. R. Civ. P. 26(e). Defendant promptly noticed and conducted ten additional declarant depositions prior to expiration of the discovery period. Plaintiffs thereafter produced at least eighteen additional third-party declarations after the March 17, 2004, discovery deadline.[3] Defendant now objects to the third-party declaration productions as untimely, particularly with respect to certain declarations which were signed before the close of discovery, and moves for an order either striking the late declarations or authorizing depositions of the third-party declarants. Plaintiffs insist that the declarations were timely produced and declarant identities were properly disclosed in the usual course of discovery and in a manner consistent with obligations imposed under Rule 26(e), and striking the depositions is therefore not justified. Plaintiffs further argue that defendant has used up its 40 deposition allotment and the alternative request for relief should therefore be denied.

It is readily apparent to the Court that the third-party declarations now at issue were prepared in support of plaintiffs' class certification efforts and that plaintiffs' obligations relating to production of the declarations are appropriately subject to the Court's pre-class certification scheduling order, as well as the Court's general litigation management authority. Indeed, a review of all the various factors to be considered in making the determination whether to certify a class under Fed. R. Civ. P.

---

[3] Plaintiff has prepared a table indicating that eight additional declarations were produced on April 16, 2004; three additional declarations were produced on May 14, 2004; five declaration were produced on June 8, 2004; and two more declarations were produced on June 24, 2004. Declaration of Mara R. Thompson, para. 10.

23(b) quickly reveals that the court must review the matter comprehensively, and must weigh the evidence supporting each of the opposing positions, rather than merely determine whether class proponents have met a certain minimum standard or made a *prima facie* case which has not been sufficiently rebutted. In the present instance it is not patently obvious that the timing of plaintiffs' post-post discovery deadline production of declarations is in violation of procedural rules, simply because the obligation to supplement interrogatory responses is a continuing obligation and there will undoubtedly be additional merits discovery in this case, regardless of the outcome on class certification. Nonetheless, the Court finds that third-party declarations produced subsequent to the close of class certification discovery are untimely pursuant to the pre-class certification discovery provision of the scheduling order and should be stricken. Furthermore, it appears as though numerous productions were made in a manner calculated to limit the defendant's ability or opportunity to timely test those declarations by deposition or otherwise. Consequently, the late declarations not only compromise the defendant's position with respect to class certification, the materials also have the capacity to improperly influence the court's comprehensive review of the evidence relating to class certification and to inappropriately interfere with the court's litigation management responsibilities. Simply put, justice would not be served if the court was influenced in favor of certifying a class action on the basis of third-party declaration statements that subsequently proved to be vague, untrue or subject to misinterpretation. Under the circumstances presented here the Court concludes that all third-party declarations produced by plaintiffs after the close of discovery on March 17, 2004, are stricken, except to the extent defendant is provided the opportunity to take the deposition of an individual whose declaration was produced and whose declaration is offered in support of plaintiffs' motion for class

certification.

SPRENGER & LANG
A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

RECEIVED
JUL 12 2004

1614 TWENTIETH STREET, N.W.
WASHINGTON, D.C. 20009-1001
(202) 265-8010
FAX (202) 332-6652

325 RIDGEWOOD AVENUE
MINNEAPOLIS, MINNESOTA 55403
(612) 871-8910
FAX (612) 871-9270

WRITER'S ADDRESS:

PATTY JONES
MINNEAPOLIS OFFICE
E-Mail: pjones@sprengerlang.com
Website: www.Sprengerlang.com

July 9, 2004

Holly S.A. Eng, Esq.
DORSEY & WHITNEY, LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498

**Re:** ***Arnold, et al. v. Cargill, Inc.***
**No. 01-CV-2086 DWF/AJB**

Dear Holly:

Enclosed please find copies of signed declarations of the following individuals responsive to Defendant's Requests for Production of Documents:

Kevin Miller

Sincerely,

Patty Jones
Legal Assistant

:mbk
Enclosures

**Exhibit 3**

58802v3