**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil No. 01-2086 (DWF/AJB)

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hughey, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ORDER**

Cargill Incorporated,

Defendant.

---

Lawrence P. Shaefer, Esq., Susan M. Coler, Esq., and Teresa Kathleen Patton, Esq., Sprenger & Lang, 325 Ridgewood Ave., Minneapolis, MN 55403; Michael P. Lieder, Esq., Paul Carl Sprenger, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th St. NW, Washington, DC 20009, counsel for Plaintiffs.

Holly S. A. Eng, Esq., Mark John Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul Barry Klaas, Esq., and Ryan E. Mick, Esq., Dorsey & Whitney, 50 6th St. S., Ste. 1500, Minneapolis, MN 55402-1498, counsel for Defendant.

Peter N. Thompson, Esq., Hamline Law School, 1536 Hewitt Ave., St. Paul, MN 55104, Special Master.

---

The above-entitled matter is before the undersigned United States District Court Judge pursuant to Plaintiffs' request to file a motion for reconsideration of the Court's Order of May 28, 2004. Pursuant to that order, this Court granted Defendant Cargill Incorporated's ("Cargill") Motion for Summary Judgment on the Claims of Louis Darden and denied Cargill's Motion for Summary Judgment on Plaintiffs' Constructive Discharge Claims. The Court issued a Memorandum Opinion explaining the reasoning behind its rulings.

In a letter dated June 15, 2004, Plaintiffs requested permission to file a motion for reconsideration of this Court's Order insofar as it dismissed Louis Darden's compensation and promotion claims. Plaintiffs made no request to reconsider the Court's dismissal of Darden's termination claim. Cargill responded to Plaintiffs' letter on June 28, 2004, arguing that Plaintiffs' request should be denied.

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Plaintiffs contend that reconsideration of Darden's compensation and promotion claims is necessary because "important evidence exists from the class certification analysis that is critical to the Court's consideration." (*See* June 15, 2004, letter to the Court from Susan M. Coler, attorney for Plaintiffs.) Specifically, Plaintiffs claim that statistical and other evidence contained in Plaintiffs' expert reports supports its pattern and practice claims regarding Cargill's compensation and promotion

decisions. This evidence was not presented to the Court until now, although the existence of such evidence was discussed generally during the summary judgment hearing. Plaintiffs claim that this evidence, if accepted by the Court, would prevent application of *McDonnell Douglas* to Darden's compensation and promotion claims. In response, Defendant points out that it brought and argued its summary judgment motion assuming that Plaintiffs would offer such statistical evidence.

While Plaintiffs' pattern and practice statistical evidence would have no bearing on this Court's decision with respect to its dismissal, as a matter of law, of Darden's termination claim, the Court is now presented with the issue of whether Plaintiffs' statistical evidence should prevent the summary disposition of Darden's compensation and promotion claims. The Court notes that while Darden's compensation and promotion claims were discussed generally, neither party appears to have attempted, before now, to meaningfully distinguish these claims from Darden's termination claims in the context of Defendant's summary judgment motion. The Court has, therefore, not fully considered whether a distinction exists between Darden's compensation and promotion claims on one hand, and Darden's termination claim on the other hand, when considering the parties' respective burdens on summary judgment and in light of the presentation of statistical pattern and practice evidence. Accordingly, the Court believes the limited issues raised in Plaintiffs' June 15, 2004, letter require further inquiry and grants Plaintiffs' request to submit a motion to reconsider. Further, the Court reiterates that while requests to file a motion for reconsideration shall be granted only upon a showing of compelling circumstances, the present request is not typical in that the issue, whether intended or not, was not fully argued by the parties and therefore not fully considered by the Court.

Based upon the foregoing, submissions of the parties, the record before the Court, and the procedural history of this litigation, the Court hereby enters the following:

**ORDER**

1. Plaintiff's Request for Leave to File a Motion for Reconsideration is **GRANTED** as follows:

   a. Plaintiff shall submit a memorandum, not more than 15 pages in length, within 10 days.

   b. Defendant shall file a responsive memorandum, not more than 15 pages in length, within 17 days.

The Court reserves the right to set the matter on for oral argument upon receipt and review of the memorandums.

Dated: July 29, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court