**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil No. 01-2086 (DWF/AJB)

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hughey, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ORDER**

Cargill Incorporated,

Defendant.

---

Lawrence P. Shaefer, Esq., Susan M. Coler, Esq., and Teresa Kathleen Patton, Esq., Sprenger & Lang, 325 Ridgewood Ave., Minneapolis, MN 55403; Michael P. Lieder, Esq., Paul Carl Sprenger, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th St. NW, Washington, DC 20009, counsel for Plaintiffs.

Holly S. A. Eng, Esq., Mark John Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul Barry Klaas, Esq., and Ryan E. Mick, Esq., Dorsey & Whitney, 50 6th St. S., Ste. 1500, Minneapolis, MN 55402-1498, counsel for Defendant.

Peter N. Thompson, Esq., Hamline Law School, 1536 Hewitt Ave., St. Paul, MN 55104, Special Master.

---

## Introduction

The above-entitled matter is before the undersigned United States District Court Judge pursuant to Defendant Cargill Incorporated's ("Cargill") Request for Evidentiary Hearing. In a letter dated July 13, 2004, Cargill requested that the Court allow the parties to present live testimony during the hearing of Plaintiffs' motion for class certification. Cargill also requested an order from the Court requiring the parties to make experts available for cross-examination. Plaintiffs responded to Cargill's letter on July 26, 2004, arguing that Cargill's request should be denied. For the reasons set forth below, the Court denies Defendant's request for an evidentiary hearing.

## Discussion

Whether or not to allow an evidentiary hearing before a class certification determination is within the discretion of the trial court. *See, e.g.*, *Franks v. Kroger Co.*, 649 F.2d 1216, 1223-24 (6th Cir. 1981), *on reh'g*, 670 F.2d 71 (6th Cir. 1982). The court need not resort to an evidentiary hearing where the record itself is sufficient to make the determination. *See id.; Jones v. Hutto*, 763 F.2d 979, 981 (8th Cir. 1985), *cert. granted, judgment vacated on other grounds*, 474 U.S. 916 (1985) (formal evidentiary hearing not necessary in order to make class determination). However, it is always within the discretion of the Court, *sua sponte* or otherwise, to decide that an evidentiary hearing is necessary to resolve disputed facts relevant to the certification issue. In those procedurally exceptional cases where an evidentiary hearing is necessary, the Court will carefully define the scope of the hearing to avoid a mini-trial on the merits of the class or individual claims. *See* ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 7.9 (4th ed. 2002).

Cargill argues generally that commonality and manageability issues exist simply because the class that Plaintiffs are seeking to certify involves "approximately 1,400 Cargill employees, in jobs ranging from cowboy to commodity trader." (*See* July 13, 2004, letter to the Court from Paul B. Klaas, attorney for Cargill.) Cargill offers no explanation for its suggested need to cross-examine Plaintiffs' experts. In response, Plaintiffs argue that an evidentiary hearing is not necessary because the Court will have all of the necessary evidence before it when class certification briefing is complete. (*See* July 26, 2004, letter to the Court from Lawrence P. Schaefer, attorney for Plaintiffs.)

The record before the Court fails to establish the existence of disputed facts relevant to the certification issue that would require an evidentiary hearing with or without experts.

The motion for class certification is presently set for October 1, 2004. Until such time as the Court is persuaded that there are indeed significant disputes over the facts material to the certification decision, the Court will decline to schedule a testimonial hearing.

**Conclusion**

Based upon the foregoing, submissions of the parties, the record before the Court, and the procedural history of this litigation, the Court hereby enters the following:

**Order**

1. Defendant's Request for Evidentiary Hearing is **DENIED**.

Dated: August 3, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court