UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**DECLARATION OF MARA R. THOMPSON** |

I, Mara R. Thompson, declare under penalty of perjury that the following is true and accurate to the best of my personal knowledge.

1. I am Of Counsel with Sprenger & Lang, PLLC ("S&L"), and I am one of the attorneys who supervise the witness contact project in this case.

2. To investigate this case, S&L law clerks, paralegals and legal assistants contact potential witnesses under the supervision of attorneys.

3. Before attempting to contact any potential witness, S&L checks that witness' job title and grade level, if possible. In this case, I automatically eliminate any individuals at or above Salary Grade 10, those whose job titles include the words "superintendent," "manager," "director," "VP" and the like; and anyone in the human resources or law departments. I designate these people as "Do Not Contact" and instruct S&L staff members not to attempt to contact anyone in this category.

4. I instruct S&L staff members to call potential clients at their home telephone numbers only. No witness is to be called for the first time at work, and no current Cargill employees are ever to be called at work.

5. I train and supervise S&L staff members as follows: At the beginning of the telephone call they must identify themselves by name, title, and the fact that they work for S&L. They must also explain that we are investigating a race discrimination case against Cargill. They must also ask for the person's position or title with Cargill as a second check to make sure they do not fall into the "Do Not Contact" category. If there are no indications that the potential witness is within the "Do Not Contact" category, the interviewer is then to proceed to ask the potential witness if s/he would be willing to answer some questions about his/her work experience at Cargill.

6. If the witness indicates that s/he is management of some kind or otherwise in the "Do Not Contact" category, the staff person must immediately terminate the call and notify an attorney to review the situation. The same policies apply to potential witnesses who call S&L on their own initiative.

7. I always instruct S&L staff members that we are absolutely prohibited from asking any witness if they would like to be a plaintiff, join the lawsuit, or any other question of that nature. This is a very strict policy at S&L, both for staff members and for attorneys.

8. If a potential witness does ask one of our staff members if they can join the lawsuit or become a plaintiff, or any other question of that nature, the staff member must immediately refer that person to an attorney.

9. For witnesses who are not managerial, are not part Cargill's human resource or law departments, and who are willing to be interviewed, S&L staff members continue with a fact interview. If the witness is then willing to sign a declaration based on that interview, the staff member goes ahead and prepares a declaration for the witness. The communications with the witnesses typically include the following written instruction:

> If you wish to make any revisions [to your declaration], no matter how small, or if you are uncomfortable with the wording anywhere in your declaration, please let us know so we can revise it. You should be comfortable with everything in this statement. If there are even any words or phrases you wouldn't use, we should change them to reflect your sentiments and grammatical preferences. You can make any revisions you want and return it to me.

10. The witnesses make changes in tone and content as desired, and the staff person does not finalize the declaration for signature until the witness approves it.

11. According to Cargill's last-produced HRIS data, Anthony Skipper is a Grade 7 Production Supervisor in Akron, Ohio.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of August, 2004 in Minneapolis, Minnesota.

***s/Mara R. Thompson***
Mara R. Thompson



60628