**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| RODERICK ARNOLD, et al., | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB) |
| | ) | |
| On behalf of themselves and all others similarly situated, | ) | CLASS ACTION |
| | ) | |
| *Plaintiffs,* | ) | **PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO STRIKE UNTIMELY THIRD-PARTY DECLARATIONS** |
| v. | ) | |
| CARGILL, INCORPORATED, | ) | |
| | ) | |
| *Defendant.* | ) | |

## INTRODUCTION

Plaintiffs have appealed Magistrate Judge Boylan's July 13, 2004, Order ("the Order") striking third-party declarations unless the declarants are produced in the Twin Cities for depositions before August 10, 2004.[1] Cargill, Inc. has filed a second motion to strike declarations served on it after the briefing of the first motion. Cargill did this without consulting with plaintiffs about whether a second motion to strike was necessary and without getting agreement that an "expedited" motion is needed, let alone a hearing in person rather than by

[1] In the context of their motion for class certification, plaintiffs appropriately have put Judge Frank on notice of this Order and plaintiffs' appeal. They further have indicated which declarations are subject to the July 13th Order so that the Court may segregate them until the appeal is decided. Because plaintiffs have the option of having the declarations excluded rather than producing the declarants for deposition, defendant's claim that plaintiffs must produce declarants for depositions prior to the decision on appeal is unfounded. This demand also is inconsistent with the courtesy that plaintiffs generally have extended to Cargill throughout this litigation. For example, Cargill has appealed this Court's ruling that certain expert reports are not confidential. Plaintiffs have agreed to maintain the reports as confidential until the appeal is decided. Similarly, plaintiffs did not demand the immediate production of documents the Special Master and Judge Frank ruled were not privileged until after the decision on Cargill's mandamus petition.

telephone, which is the practice in this case. Plaintiffs believed they had appropriately communicated their intent to appeal this Court's decision in their email to Paul Klaas attached to defendant's motion. Further, they have every intent of proceeding respectfully with the resolution of these issues. However, they do not understand how this one email to defense counsel was not delivered when all other emails apparently have been received.

If Cargill had asked, and for purposes of this motion, plaintiffs agree that Judge Frank's ruling on plaintiffs' appeal of Judge Boylan's July 13, 2004 Order also applies to the declarations plaintiff served on Cargill after the briefing of the first motion and that fall within the ambit of the Court's first Order.[2] As to the issues raised in Cargill's first motion to strike, plaintiffs rely, therefore, on their first briefing of this matter, as well as the brief filed in their appeal to Judge Frank, which they incorporate here by reference.

This leaves a single issue for the Court's determination: whether, if Judge Boylan's ruling is upheld, all of the declarations at issue fall within its scope. In the memorandum supporting its initial motion to strike, Cargill argued that the key problem with the declarations was that they involved "individuals never previously identified." Cargill's First Memorandum at 1. Cargill further complained that plaintiffs "never provided the names of the declarants *in response to discovery requests*." *Id.* at 3 (emphasis added). It also argued that the existence of the declarants "had not been made known *in any way* to Cargill before the discovery cut-off." *Id.* at 5 (emphasis added). Accordingly, in its Order, this Court identified the declarations at issue as those "declarations by individuals who had not previously been identified through interrogatory responses." Order at 4.

---

[2] Plaintiffs believe that their obligation seasonably to produce "statements" continues to require service of the statements on Cargill, regardless of the outcome of these motions. The attached chart shows that the declarations were produced almost immediately after they were signed.

In fact, eleven of the declarations that Cargill seeks to strike in this second motion were made by persons previously identified in plaintiffs' interrogatory responses. Accordingly, these declarations do not fall within the scope of the Court's Order and plaintiffs do not agree that they would be subject to Judge Frank's ruling on appeal of the first motion to strike. The declaration of Sabrina Jenkins fell within the Court's first order in this matter, but plaintiffs seek reconsideration of her declaration on the grounds that she was identified in a timely interrogatory response. Plaintiffs respectfully ask the Court to exclude all of these declarations from any further rulings on this matter.

Specifically, declarants Bernard Baker, John Graves, Teri Harris, Pamela Hullum, Sabrina Y. Jenkins, Otis Jones, Floyd Lee, Warren McMath, Sylvester Sipp, John Smith and Randy Thompson were identified as persons with knowledge by virtue of being named as other African American employees who experienced discrimination at Cargill. They were named in answers to Defendant's Interrogatory No. 2, the answers to which were incorporated by reference into plaintiffs' identification of persons with knowledge in Defendant's Interrogatory No. 1. *See* Declaration of Lawrence P. Schaefer, ¶ 2 and Ex. A. Declarants Bernard Baker, Teri Harris, Pamela Hullum, Floyd Lee and Sylvester Sipp were also identified through interrogatory responses as clients of Sprenger & Lang. *Id.* Cargill also noticed and took the depositions of three other persons, Michelle Berg, Toni Green, and John Chavers, even though they did *not* file declarations. Berg, Green, and Chavers were identified in Plaintiffs' Second Revised Answers to Cargill's Interrogatories to Plaintiffs (Set III, Interrogatory 1) as on Sprenger & Lang's client list, well in advance of the close of discovery. Schaefer Dec., ¶ 4. Clearly Cargill viewed the clients on this list as persons with knowledge and could have noticed the depositions of any of the other

clients, but chose not to. It cannot now argue prejudice for lack of notice of the identity of those clients who became declarants .

Jerry Harrison, a former Cargill manager who executed a declaration filed with Plaintiffs' Motion for Class Certification, should also not be subject to this Court's prior order because the concern underlying that order – that Cargill be permitted to test the allegations in the declaration by deposition – doesn't apply. Cargill already deposed Harrison in an arbitration proceeding regarding Harrison's claim that Cargill terminated him in retaliation for complaining about having to change the performance rating of an African-American employee. This is precisely the incident Harrison describes in his declaration. *Id.*, ¶ *3.* If Cargill wishes to challenge Harrison's declaration, it is free to do so based on the testimony in his deposition as well as evidence it may have gathered in opposing his arbitration claim. *Id.* Plaintiffs were not aware of Harrison's termination and its underlying facts until after the close of discovery. *Id.* They served his declaration on Cargill two days after it was signed. *Id.* They should not be foreclosed from using this newly discovered probative anecdotal evidence obtained through the informal discovery process, which is not subject to the Federal Rules of Civil Procedure. *See, e.g.*, *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 292 (2d Cir. 1999) (anecdotal evidence probative on "common questions of fact"); *Dukes v. Wal-Mart, Inc.*, 2004 U.S. Dist. LEXIS 11365, *85-86 (N.D. Cal. 2004) (anecdotal evidence bolsters statistical proof by bringing "cold numbers" to life).

DATED: August 3, 2004 SPRENGER & LANG, PLLC

By: **s/*Lawrence P. Schaefer***
Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
David L. Ramp (MN No. 89357)
Mara R. Thompson (MN No. 196125)
Sprenger & Lang, PLLC
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

Michael D. Lieder (DC Bar No. 444273)
Steven M. Sprenger (MO Bar No. 43994)
1614 20th Street, N.W.
Washington, DC 20009-1001
(202) 265-8010

ATTORNEYS FOR PLAINTIFFS