UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al., | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB) |
| | ) | |
| On behalf of themselves and all others similarly situated, | ) | CLASS ACTION |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | **PLAINTIFFS' REVISED ANSWERS TO CARGILL'S INTERROGATORIES TO PLAINTIFFS (SET III)** |
| | ) | |
| CARGILL, INCORPORATED, | ) | |
| | ) | |
| *Defendant.* | ) | |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiffs answer Defendant Cargill's Interrogatories to Plaintiffs (Set III) as follows:

**GENERAL OBJECTION**

Plaintiffs object to Cargill's Interrogatories to Plaintiffs (Set III) to the extent that they appear to be improperly directed to plaintiffs' counsel as if they were separate parties to this action and in a role other than counsel to the plaintiffs. Such an interrogatory is improper pursuant to Fed. R. Civ. P. 33(a) limiting service of interrogatories to "any other party."

**INTERROGATORIES**

**Interrogatory No. 1:** Identify all current and former employees of Cargill who are clients of Sprenger & Lang.

**OBJECTION:** Plaintiff objects to this Interrogatory as not reasonably calculated to lead to admissible evidence and as in violation of Fed. R. Civ. P. 33 to

**EXHIBIT A**

the extent that it appears to be improperly directed to plaintiffs' counsel as if they were separate parties to this action and in a role other than counsel to the plaintiffs. Plaintiffs also object to this Interrogatory as seeking information protected by attorney-client privilege, as overly broad, and as asking counsel to violate Minnesota Rule of Professional Conduct 1.6. Reserving these objections, Plaintiffs respond as follows:

**ANSWER:** Plaintiffs have already disclosed that the named plaintiffs and Ray B. Douglas are clients of Sprenger & Lang. All African American current and former salaried employees who meet the class definition arguably are clients of Sprenger & Lang to the extent that they are putative class members. Additionally, pursuant to the December 11, 2002 Order of United States Magistrate Judge Boylan, Sprenger & Lang identifies the following as current and former employees of Cargill whom Sprenger & Lang considers are clients on the grounds that they are currently under retainer, and/or have sought legal advice from Sprenger & Lang for purposes of this litigation including attending one or more group meetings, the purpose of which were to provide confidential legal advice related to this litigation:

Patty Albers-Rendessy

Calvin Allen

Bernie Baker

Michelle Berg

John Chavers

James Crawford

Chantell Fernandez

Bev Franklin

Toni Green

Pam Hullum

Willie Harris, Jr.

Floyd Lee, Sr.

Anthony McDowell

Greg Milsap

Duane Reed

Sylvester Sipp

James Sneed

Yolanda Webster

DATED: January 17 2003

SPRENGER & LANG, PLLC

By: [signature]

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

Paul C. Sprenger (MN Bar No. 104164)
Michael D. Lieder (DC Bar No. 444273)
Steven M. Sprenger (MO Bar No. 43994)
1614 20th Street, N.W.
Washington, DC 20009-1001
(202) 265-8010

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served on January 17, 2003, a copy of Plaintiffs' Revised Answers to Cargill's Interrogatories to Plaintiffs (Set III), by transmitting them via facsimile to Matthew Klein, Esq., Dorsey & Whitney, LLP, at his last-known facsimile telephone number, and by placing in an envelope, postage paid, addressed to Mr. Klein at Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, the last known address of said attorneys for defendant.

Susan M. Coler

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' SECOND REVISED ANSWERS TO CARGILL'S INTERROGATORIES TO PLAINTIFFS (SET III)** |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiffs answer Defendant Cargill's Interrogatories to Plaintiffs (Set III) as follows:

## GENERAL OBJECTION

Plaintiffs object to Cargill's Interrogatories to Plaintiffs (Set III) to the extent that they appear to be improperly directed to plaintiffs' counsel as if they were separate parties to this action and in a role other than counsel to the plaintiffs. Such an interrogatory is improper pursuant to Fed. R. Civ. P. 33(a) limiting service of interrogatories to "any other party."

## INTERROGATORIES

**Interrogatory No. 1:** Identify all current and former employees of Cargill who are clients of Sprenger & Lang.

**OBJECTION:** Plaintiff objects to this Interrogatory as not reasonably calculated to lead to admissible evidence and as in violation of Fed. R. Civ. P. 33 to the extent that it appears to be improperly directed to plaintiffs' counsel as if they were separate parties to this action and in a role other than counsel to the plaintiffs. Plaintiffs also object to this Interrogatory as seeking information protected by attorney-client privilege, as overly broad, and as asking counsel to violate Minnesota Rule of Professional Conduct 1.6. Reserving these objections, Plaintiffs respond as follows:

**ANSWER:** Plaintiffs have already disclosed that the named plaintiffs and Ray B. Douglas are clients of Sprenger & Lang. All African American current and former salaried employees who meet the class definition arguably are clients of Sprenger & Lang to the extent that they are putative class members. Additionally, pursuant to the December 11, 2002 Order of United States Magistrate Judge Boylan, Sprenger & Lang identifies the following as current and former employees of Cargill whom Sprenger & Lang considers are clients on the grounds that they are currently under retainer, and/or have sought legal advice from Sprenger & Lang for purposes of this litigation including attending one or more group meetings, the purpose of which were to provide confidential legal advice related to this litigation:

Patty Albers-Rendessy

Calvin Allen

Bernie Baker

Michelle Berg

Yvonne Blaine

John Chavers

James Crawford

Chantell Fernandez

Bev Franklin

Toni Green

Teri Harris

Pam Hullum

Willie Harris, Jr.

Floyd Lee, Sr.

Vivian Little

Anthony McDowell

Greg Milsap

Pauline Neal

Duane Reed

Sylvester Sipp

James Sneed

Yolanda Webster

Steve Wint

DATED: April 30, 2003

SPRENGER & LANG, PLLC

By: ______________________________

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

Paul C. Sprenger (MN Bar No. 104164)
Michael D. Lieder (DC Bar No. 444273)
Steven M. Sprenger (MO Bar No. 43994)
1614 20th Street, N.W.
Washington, DC 20009-1001
(202) 265-8010

ATTORNEYS FOR PLAINTIFFS



52309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**PLAINTIFF SEAN ALLEN'S INDIVIDUAL RESPONSES TO CARGILL'S INTERROGATORIES TO PLAINTIFFS NUMBERS 1-7 (SET I)** |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew E. Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiff objects to Defendant Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I), below. Plaintiff's individual responses to Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I) will follow.

Plaintiff reserves the following:

(1) All questions as to competency, relevance, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any answers, or the subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatory answers; and

(4) The right at any time to revise, correct, add to, or clarify any of these answers.

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that could be construed as seeking information consisting of attorney-client privileged communications or attorney work product. Accordingly, unless otherwise indicated, Plaintiff's responses will exclude from their scope:

a. All communications between counsel for Plaintiffs or between Plaintiffs and their counsel;

b. All information and tangible items generated or prepared in anticipation of litigation by or for Plaintiffs or their representatives. To the extent that any response may be construed as containing work product, Plaintiffs do not waive immunity with respect to any other work product.

2. Plaintiff objects to the instructions contained in the Interrogatories to the extent that any such instruction seeks to impose on Plaintiff any duty greater than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge of any of the facts or allegations regarding your individual claims, the individual claims of any other named Plaintiff, and the individual claims of any putative class member as defined in the Complaint, and state the information known to each person identified.

**OBJECTION:** Plaintiff objects to this Interrogatory on the following grounds: it conceivably requires Plaintiff to speculate as to what is known by every person who has worked at Cargill during the relevant time period; and it is overly broad and unduly burdensome in that every person who has worked at Cargill during the relevant time period may have such knowledge. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Anyone at Cargill who worked with, supervised, made a decision about and/or handled an employment record for any African American employee during the relevant time period conceivably has knowledge of facts related to the claims of the plaintiffs and class members. Plaintiff lists below persons whom Plaintiff believes have knowledge in the areas indicated. Plaintiff also refers Defendant to and incorporates herein the persons identified in the Complaint filed in this matter, the other interrogatory answers in this response, the individual interrogatory responses of the other plaintiffs, and the responses to Interrogatories 8-20. Discovery is continuing.

| Name | Subject of Knowledge | Last Known Address |
|---|---|---|
| Richard Thayer (Merchandising Manager – Dayton Corn Milling Plant) | (June 1992-Fall 1993) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities. | Dayton, OH |
| Terry Jaffoni (Sales and Marketing Manager – Cargill Ethanol; Product Line Manager – Cargill Ethanol) | (January 1994-May 1998) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of compensation issues. | Minneapolis, MN |
| Todd Porter (Sales & Marketing Manager – Cargill Ethanol) | (Fall 1997-Spring 1998) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities. | Minneapolis, MN |
| Tom Devaney (Regional Sales Manager – Cargill Salt – South Atlantic Sales Region) | (May 1998-March 2000) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of training opportunities; Knowledge of compensation issues. | Work (1): International Flavors & Fragrances Work(2): Cargill Salt 400 South Hwy 169 St. Louis Park, MN 55426 |

| | | |
|---|---|---|
| Rick Schonfelder (Regional Sales Manager – Cargill Salt – Southern Sales Region) | (April 2000-February 2001) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of training opportunities; Knowledge of compensation issues, | Work: Cargill Salt 400 South Hwy 169 St. Louis Park, MN 55426 |
| Mike Lilly (Regional Sales Manager – Cargill Salt) | (February 2001) Knowledge of job requirements, qualifications and performance. | Work: Cargill Salt 400 South Hwy 169 St. Louis Park, MN 55426 |
| Dennis Warnke (Regional Sales Manager – Cargill Salt – Southern Sales Region) | (March 2001-Present) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities. | Work: Cargill Salt 400 South Hwy 169 St. Louis Park, MN 55426 |
| Mike Schmit (Director of Sales – Cargill Salt) | (May 1998-December 2001) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of compensation issues. | Work: Cargill Salt 400 South Hwy 169 St. Louis Park, MN 55426 |
| Charles Scott (Merchant – Ferrous Division) | (March 1993-Present) Knowledge of promotion opportunities. | 324 Cherry Hill Court, Medina, MN 55340 |
| Eric Hines (Formerly Grocery & Retail Territory Manager – Cargill Salt; now National Account Manager – Sunny Fresh Foods (Cargill Subsidiary) | Knowledge of promotion opportunities; Knowledge of workplace culture and climate. | Unknown |

**INTERROGATORY NO. 2:** Identify any African Americans (including you) who you believe were discriminated against by Cargill during their employment with Cargill, including discrimination in promotion and/or advancement, discrimination that deterred African Americans from applying for promotion and/or advancement, discrimination in compensation, and

discrimination in termination, constructive termination, layoff, and/or position elimination. Separately with respect to each such person:

(a) Identify how the individual was allegedly discriminated against;

(b) Identify the dates for which the individual allegedly suffered discrimination; and

(c) Identify all the people who allegedly discriminated against the individual.

**ANSWER:** Plaintiff lists below persons whom Plaintiff believes were discriminated against by Cargill as described in the interrogatory and to the best of Plaintiff's knowledge and recollection at this time. Plaintiff also refers Defendant to and incorporates herein the persons identified as having experienced discrimination in the Complaint filed in this matter, the individual interrogatory responses of the other plaintiffs and the responses to Interrogatories 8-20. Based on Plaintiff's experience, Plaintiff believes that other African Americans experienced discrimination at Cargill but that information about them is within Defendant's control. Discovery is continuing.

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Sean Allen<br>7347 Fulcrum Ave.<br>Orlando FL 32812 | January 1994-May 1998: Compensation in Ethanol/Corn Milling (Plaintiff was paid less than white peers in terms of Total Compensation (base salary + incentives).) | Terry Jaffoni (Sales & Marketing Manager – Cargill Ethanol and Product Line Manager for Cargill Ethanol) | Minneapolis, MN |

| | | | |
|---|---|---|---|
| Sean Allen<br>7347 Fulcrum Ave.<br>Orlando FL 32812 | May 1998– Present: Compensation (Plaintiff was paid less than white peers. Additionally, management refused to address plaintiff's concerns in this matter.) | Tom Devaney (Regional Sales Manager – Cargill Salt – South Atlantic Sales Region); Rick Schonfelder (Regional Sales Manager – Cargill Salt – Southern Sales Region); Mike Schmit (Director of Sales – Cargill Salt) | Work:<br>Cargill Salt<br>400 South Hwy 169<br>St. Louis Park, MN<br>55426 |
| Sean Allen<br>7347 Fulcrum Ave.<br>Orlando FL 32812 | 1999: Denied promotion from Territory Manager to National Account Manager. | Tom Devaney (Regional Sales Manager – Cargill Salt – South Atlantic Sales Region); Rick Schonfelder (Regional Sales Manager – Cargill Salt – Southern Sales Region); Mike Schmit (Director of Sales – Cargill Salt) | Work:<br>Cargill Salt<br>400 South Hwy 169<br>St. Louis Park, MN<br>55426 |
| Sean Allen<br>7347 Fulcrum Ave.<br>Orlando FL 32812 | 2000: Denied promotion to National Account Manager. | Tom Devaney (Regional Sales Manager – Cargill Salt – South Atlantic Sales Region); Rick Schonfelder (Regional Sales Manager – Cargill Salt – Southern Sales Region); Mike Schmit (Director of Sales – Cargill Salt) | Work:<br>Cargill Salt<br>400 South Hwy 169<br>St. Louis Park, MN<br>55426 |

| | | | |
|---|---|---|---|
| Sean Allen<br>7347 Fulcrum Ave.<br>Orlando FL 32812 | 2001: Denied promotion from Territory Manager to Regional Sales Manager. | Mike Schmit (Director of Sales – Cargill Salt) | Work:<br>Cargill Salt<br>400 South Hwy 169<br>St. Louis Park, MN 55426 |
| Sean Allen<br>7347 Fulcrum Ave.<br>Orlando FL 32812 | December 1998: Deterred from seeking promotion by Terry Jaffoni. | Terry Jaffoni (Sales & Marketing Manager – Cargill Ethanol and Product Line Manager for Cargill Ethanol) | Minneapolis, MN |
| Greg Crump | October 2000: Termination | John Loosbrock (Territory Manager in Sales – Cargill Salt) | Unknown |
| Charles Scott | Winter 1997-1998: Denied or deterred from promotion to management position. | Mike Taylor (Merchant – Ferrous Division) | Minneapolis, MN |
| Charles Scott | Winter 1997-1998: Denied or deterred from promotion/transfer to Sweetener Division. | Ferrous Division – Management by Committee | Minneapolis, MN |
| Randy Thompson | June 1998-Present: Denied or deterred from promotion to management position. | Managers (Inside Sales – Cargill Salt) | P.O. Box 565<br>White Marsh, MD 21162 |

**INTERROGATORY NO. 3:** Describe your employment history, excluding only your employment history with Cargill, including the name and location of each employer, the inclusive dates of employment, and the reason for employment termination. Include any periods of concurrent employment with, or after leaving, Cargill.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is overly broad in time frame. Subject to and without

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it is unclear what information defendant seeks. It is vague in terms of what is meant by "basis for the amount sought" and vague in terms of what type of documents would show the Plaintiff is "entitled" to the amount sought. Plaintiff also objects to this Interrogatory to the extent that it involves matters that will be the subject of expert testimony and to the extent that it intrudes into decisions that fall within the province of the trier of fact. Finally, to the extent the interrogatory seeks calculations of economic losses, the interrogatory is premature because most of the relevant information is within Defendant's control. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Plaintiff will seek the full damages available under the law. The bases for these damages include lost income (wages and benefits), other losses for which compensatory damages are allowed under the law, and emotional distress. See documents produced. Plaintiff also seeks relief that will change the systems and culture at Cargill that result in discrimination against African-Americans. Plaintiff will supplement this response with the names of person(s) who have knowledge of the emotional distress experienced by Plaintiff as a result of Cargill's discriminatory treatment when he returns from an overseas business trip for Cargill.

Sean A. Allen

Sean Allen

Subscribed and sworn before me
this 26 day of Aug, 2002.

Teresa K. Patton

Notary Public

TERESA K. PATTON
NOTARY PUBLIC - MINNESOTA
My Comm. Expires Jan. 31, 2005

AS TO OBJECTIONS:

Dated: June 28, 2002

SPRENGER & LANG, PLLC

By: Teresa K. Patton

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
Lisa C. Stratton (MN No. 236858)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**PLAINTIFF TOYA BROWN'S INDIVIDUAL RESPONSES TO CARGILL'S INTERROGATORIES TO PLAINTIFFS NUMBERS 1-7 (SET I)** |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew E. Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiff objects to Defendant Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I), below. Plaintiff's individual responses to Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I) will follow.

Plaintiff reserves the following:

(1) All questions as to competency, relevance, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any answers, or the subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatory answers; and

(4) The right at any time to revise, correct, add to, or clarify any of these answers.

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that could be construed as seeking information consisting of attorney-client privileged communications or attorney work product. Accordingly, unless otherwise indicated, Plaintiff's responses will exclude from their scope:

   a. All communications between counsel for Plaintiffs or between Plaintiffs and their counsel;

   b. All information and tangible items generated or prepared in anticipation of litigation by or for Plaintiffs or their representatives. To the extent that any response may be construed as containing work product, Plaintiffs do not waive immunity with respect to any other work product.

2. Plaintiff objects to the instructions contained in the Interrogatories to the extent that any such instruction seeks to impose on Plaintiff any duty greater than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge of any of the facts or allegations regarding your individual claims, the individual claims of any other named Plaintiff, and the individual claims of any putative class member as defined in the Complaint, and state the information known to each person identified.

**OBJECTION:** Plaintiff objects to this Interrogatory on the following grounds: it conceivably requires Plaintiff to speculate as to what is known by every person who has worked at Cargill during the relevant time period; and it is overly broad and unduly burdensome in that every person who has worked at Cargill during the relevant time period may have such knowledge. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Anyone at Cargill who worked with, supervised, made a decision about and/or handled an employment record for any African American employee during the relevant time period conceivably has knowledge of facts related to the claims of the plaintiffs and class members. Plaintiff lists below persons whom Plaintiff believes have knowledge in the areas indicated. Plaintiff also refers Defendant to and incorporates herein the persons identified in the Complaint filed in this matter, the other interrogatory answers in this response, the individual interrogatory responses of the other plaintiffs, and the responses to Interrogatories 8-20. Discovery is continuing.

| Name | Subject of Knowledge | Last Known Address |
|---|---|---|
| James Monger (Location Manager, Maumee, OH Grain Division) | (1997) Knowledge of job requirements, qualifications and performance during internship. | Maumee, OH |
| John Culmer (Location Manager, Grain Division Export Location in Houston, TX) | (1997-2001) Knowledge of job requirements, qualifications and performance;<br>Knowledge of performance evaluations;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues. | Cargill Grain, Houston, TX |
| Duane Reed | (1996) Knowledge of job requirements and qualifications;<br>Knowledge of recruitment. | Minneapolis, MN |
| Sean Wright (Commodity Merchant) | (1997-2000) Knowledge of job requirements;<br>Knowledge of workplace culture and climate. | Minneapolis, MN |
| Karen Sachs (Corporate HR) | (1997-2001) Knowledge of job requirements, qualifications and performance;<br>Knowledge of performance evaluations;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues. | Minneapolis, MN |
| Stephan Maikkula (Commodity Merchant and Ag Producer Services Merchant) | (1997-2001) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues. | Shakopee, MN |

| | | |
|---|---|---|
| August Hauschild<br>(Commodity Merchant) | (1997-2001) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues. | New York, NY |
| Jason Voght<br>(Sales – Corporate Headquarters) | (1997-2001) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues. | Chicago, IL or Minneapolis, MN |
| Maxwell Enwere<br>(Merchant) | (December 1999-2001) Knowledge of job requirements, qualifications and performance;<br>Knowledge of workplace culture and climate. | Houston, TX |
| Craig Vansau<br>(Merchant) | (December 1999-2001) Knowledge of job requirements, qualifications and performance;<br>Knowledge of workplace culture and climate. | Des Moines, IA |
| Mickey Jensen<br>(HR Manager) | (2000) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities for Domestic Phosphate Merchant position. | Tampa, FL |
| Corrine Richard<br>(VP of Phosphate) | (2000) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities for Domestic Phosphate Merchant position. | Tampa, FL |
| John Bryant<br>(VP of Sulphur) | (2000) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities for Domestic Phosphate Merchant position. | Tampa, FL |
| Richard Sutherland<br>(Asst. VP of Nitrate) | (2000) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities for Domestic Phosphate Merchant position. | Tampa, FL |
| Jittaun Floyd<br>(Manager at Mt. Vernon, IL) | (1997-2001) Knowledge of job requirements, qualifications and performance;<br>Knowledge of job offer in Mt. Vernon, IL | Illinois |
| Natalie Auzane<br>(Merchant) | (1998-2000) Knowledge of job requirements, qualifications and performance;<br>Knowledge or workplace culture and climate. | Cincinnati, OH |

| | | |
|---|---|---|
| Dave Schimke (Corporate HR) | (1997-2001) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of compensation issues. | Minnetonka, MN |
| Don Gretter (Location Manager, Spring Valley, IL) | (1997-2001) Knowledge of job requirements, qualifications and performance. | Spring Valley, IL |
| Olivia Johnson (Accounting Manager) | (1997-2001) Knowledge of job requirements, qualifications and performance; Knowledge of workplace culture and climate. | Cargill Grain, Houston, TX |
| Brian Spencer (Plant Engineer) | (1997-2001) Knowledge of job requirements, qualifications and performance; Knowledge of workplace culture and climate. | Cargill Grain, Houston, TX |
| Roy Sutton (Stevedoring Manager) | (1997-2001) Knowledge of job requirements, qualifications and performance; Knowledge of workplace culture and climate. | Cargill Grain, Houston, TX |
| Al Bocart (Hourly employee at Cargill Grain, Houston TX) | (1997-2001) Knowledge of workplace culture and climate. | Cargill Grain, Houston, TX |

**INTERROGATORY NO. 2:** Identify any African Americans (including you) who you believe were discriminated against by Cargill during their employment with Cargill, including discrimination in promotion and/or advancement, discrimination that deterred African Americans from applying for promotion and/or advancement, discrimination in compensation, and discrimination in termination, constructive termination, layoff, and/or position elimination. Separately with respect to each such person:

(a) Identify how the individual was allegedly discriminated against;

(b) Identify the dates for which the individual allegedly suffered discrimination; and

(c) Identify all the people who allegedly discriminated against the individual.

**ANSWER:** Plaintiff lists below persons whom Plaintiff believes were discriminated against by Cargill as described in the interrogatory and to the best of Plaintiff's knowledge and recollection at this time. Plaintiff also refers Defendant to and incorporates herein the persons identified as having experienced discrimination in the Complaint filed in this matter, the individual interrogatory responses of the other plaintiffs and the responses to Interrogatories 8-20. Based on Plaintiff's experience, Plaintiff believes that other African Americans experienced discrimination at Cargill but that information about them is within Defendant's control. Discovery is continuing.

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Toya Brown | 6/99: Promotion to River Sector Merchant position given to August Hauschild | Dave Schimke and Don Gretter | Schimke: Minnetonka, MN<br><br>Gretter: Spring Valley, OH |
| Toya Brown | 9/99: Promotion to Ag Producer Services Merchant given to Stephan Maikkula | Dave Schimke | Minnetonka, MN |
| Toya Brown | Late 1998: Promotion to Sales position in Chicago given to Jason Voght | Dave Schimke | Minnetonka, MN |
| Toya Brown | 10/00: Promotion to Domestic Phosphate Merchant position given to Pam Rogers | Corrine Richard, Richard Sutherland, John Bryant, Mickey Jensen | Tampa, FL |
| Toya Brown | 3/01: Promotion to Commodity Marketing Specialist position given to Patrick Mchinery | Corporate HR | Wayzata, MN |
| Toya Brown | 1997-2001: Failure to promote beyond initial grade level. | Dave Schimke | Minnetonka, MN |

| | | | |
|---|---|---|---|
| Toya Brown | 1997-2001: Compensation – paid less than other Merchants, including Stephan Maikkula, August Hauschild and Patrick Mchinery, and possibly others who started as Merchants after Brown. | Dave Schimke, Corporate HR | Schimke: Minnetonka, MN<br><br>Corporate HR: Wayzata, MN |
| Toya Brown | 6/00-3/01: Compensation – paid less than Mary Leblanch. | Facility Manager in Port Allen, LA or Corporate HR | Facility Manager: Port Allen, LA<br><br>Corporate HR: Wayzata, MN |
| Toya Brown | 3/01 Constructive discharge. | Dave Schimke | Minnetonka, MN |
| Sean Wright | July 2000: Termination | Manager(s) | Minneapolis, MN |
| Natalie Auzzane | 1998-2000: Promotion, compensation | Corporate HR | Wayzata, MN |
| Maxwell Enwere | Promotion | Manager(s) | Houston, TX |
| John Culmer | Promotion | Gary Dahl | Minnetonka, MN |
| Brian Spencer | 1995-present: Promotion, Compensation | Corporate HR | Wayzata, MN |
| Terri Harris | Promotion, Compensation | Corporate HR | Wayzata, MN |
| Ken Jett | Promotion | Manager(s) | Wayzata, MN |

**INTERROGATORY NO. 3:** Describe your employment history, excluding only your employment history with Cargill, including the name and location of each employer, the inclusive dates of employment, and the reason for employment termination. Include any periods of concurrent employment with, or after leaving, Cargill.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is overly broad in time frame. Subject to and without

against African-Americans. The following person(s) have knowledge of the emotional distress experienced by Plaintiff as a result of Cargill's discriminatory treatment.

Sam Horton (Friend)
Edward Smith (Cousin)
Tanya Brown (Sister)
George Brown (Father)
Brian Spencer (Friend/co-worker)

Toya Brown

Subscribed and sworn before me
this 13 day of November 2002.

Notary Public

SUSAN M. COLER
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

AS TO OBJECTIONS:

Dated: October 7, 2002

SPRENGER & LANG, PLLC

By:

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
Lisa C. Stratton (MN No. 236858)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**PLAINTIFF VIVIAN LITTLE'S INDIVIDUAL RESPONSES TO CARGILL'S INTERROGATORIES TO PLAINTIFFS NUMBERS 1-7 (SET I)** |

TO: Cargill, Incorporated, and its counsel, Mark Ginder, Melissa Raphan, Holly S.A. Eng, and Michael Iwan, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiff objects to Defendant Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I), below. Plaintiff's individual responses to Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I) will follow.

Plaintiff reserves the following:

(1) All questions as to competency, relevance, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any answers, or the subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatory answers; and

(4) The right at any time to revise, correct, add to, or clarify any of these answers.

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that could be construed as seeking information consisting of attorney-client privileged communications or attorney work product. Accordingly, unless otherwise indicated, Plaintiff's responses will exclude from their scope:

> a. All communications between counsel for Plaintiffs or between Plaintiffs and their counsel;
>
> b. All information and tangible items generated or prepared in anticipation of litigation by or for Plaintiffs or their representatives. To the extent that any response may be construed as containing work product, Plaintiffs do not waive immunity with respect to any other work product.

2. Plaintiff objects to the instructions contained in the Interrogatories to the extent that any such instruction seeks to impose on Plaintiff any duty greater than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge of any of the facts or allegations regarding your individual claims, the individual claims of any other named Plaintiff, and the individual claims of any putative class member as defined in the Complaint, and state the information known to each person identified.

**OBJECTION:** Plaintiff objects to this Interrogatory on the following grounds: it conceivably requires Plaintiff to speculate as to what is known by every person who has worked at Cargill during the relevant time period; and it is overly broad and unduly burdensome in that every person who has worked at Cargill during the relevant time period may have such knowledge. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Anyone at Cargill who worked with, supervised, made a decision about and/or handled an employment record for any African American employee during the relevant time period conceivably has knowledge of facts related to the claims of the plaintiffs and class members. Plaintiff lists below persons whom Plaintiff believes have knowledge in the areas indicated. Plaintiff also refers Defendant to and incorporates herein the persons identified in the Complaint filed in this matter, the other interrogatory answers in this response, the individual interrogatory responses of the other plaintiffs, and the responses to Interrogatories 8-20. Discovery is continuing.

| Name/Job Title | Subject of Knowledge | Last Known Address |
|---|---|---|
| Shaun O'Brien (Chief Financial Officer of CIS) | (April 2002 - March 2003) Knowledge of the "Global Vision" implemented in the CIS Accounting Department; Knowledge of discriminatory managerial practices and motives at Cargill. | Cargill Investor Services<br>Sears Tower<br>233 S. Wacker Drive<br>Ste. 2300<br>Chicago, IL 60606 |
| Kim Strand (Global Controller of CIS) | (Fall 2002 – March 2003) Knowledge of the "Global Vision" implemented in the CIS Accounting Department; Knowledge of discriminatory managerial practices and motives at Cargill. | Cargill Investor Services<br>Sears Tower<br>233 S. Wacker Drive<br>Ste. 2300<br>Chicago, IL 60606 |
| Pamela Sue Ronan (Manager Financial Controls Group) | (April 2002 – March 2003) Knowledge of job requirements, qualifications and performance; Knowledge of assignments; Knowledge of discriminatory managerial practices and motives at Cargill. | Cargill Investor Services<br>Sears Tower<br>233 S. Wacker Drive<br>Ste. 2300<br>Chicago, IL 60606 |
| Sandip Lalli (Senior Manager, Corporate Accounting) | (Fall 2002 – March 2003) Knowledge of the "Global Vision" implemented in the CIS Accounting Department; Knowledge of job requirements, qualifications and performance; Knowledge of assignments; Knowledge of discriminatory managerial practices and motives at Cargill. | Cargill Investor Services<br>Sears Tower<br>233 S. Wacker Drive<br>Ste. 2300<br>Chicago, IL 60606 |

| | | |
|---|---|---|
| Sarah Schultz<br>(HR Specialist/Lawyer/ Member Operating Committee) | (April 2002 – March 2003)<br>Knowledge of job requirements, qualifications and performance;<br>Knowledge of assignments;<br>Knowledge of discriminatory managerial practices and motives at Cargill. | Cargill Investor Services<br>Sears Tower<br>233 S. Wacker Drive<br>Ste. 2300<br>Chicago, IL 60606 |
| Yolanda Webster<br>(Accounting Supervisor) | (April 2002 - February 2003)<br>Knowledge of job requirements, qualifications and performance;<br>Knowledge of assignments;<br>Knowledge of workplace culture and climate. | Chicago, IL |
| Terri Harris<br>(Risk Management) | (April 2002 - January 2003)<br>Knowledge of workplace culture and climate. | Chicago, IL |
| Emily Tyler<br>(Accounting Manager) | (Left Cargill in August 2000)<br>Knowledge of job requirements, qualifications and performance;<br>Knowledge of assignments;<br>Knowledge of workplace culture and climate. | Matteson, IL |
| Virginia Douglas<br>(Accounting Supervisor) | (Left Cargill in December 2000)<br>Knowledge of job requirements, qualifications and performance;<br>Knowledge of assignments;<br>Knowledge of workplace culture and climate. | Chicago, IL |

**INTERROGATORY NO. 2:** Identify any African Americans (including you) who you believe were discriminated against by Cargill during their employment with Cargill, including discrimination in promotion and/or advancement, discrimination that deterred African Americans from applying for promotion and/or advancement, discrimination in compensation, and discrimination in termination, constructive termination, layoff, and/or position elimination. Separately with respect to each such person:

(a) Identify how the individual was allegedly discriminated against;

(b) Identify the dates for which the individual allegedly suffered discrimination; and

(c) Identify all the people who allegedly discriminated against the individual.

**ANSWER:** Plaintiff lists below persons whom Plaintiff believes were discriminated against by Cargill as described in the interrogatory and to the best of Plaintiff's knowledge and recollection at this time. Plaintiff also refers Defendant to and incorporates herein the persons identified as having experienced discrimination in the Complaint filed in this matter, the individual interrogatory responses of the other plaintiffs and the responses to Interrogatories 8-20. Based on Plaintiff's experience, Plaintiff believes that other African Americans experienced discrimination at Cargill but that information about them is within Defendant's control. Discovery is continuing.

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Vivian Little | March 10, 2003: Constructive discharge | Shaun O'Brien (Chief Financial Officer of CIS); Kim Strand (Global Controller of CIS); Pamela S. Ronan (Manager Financial Controls Group); Sandip Lalli (Senior Manager, Corporate Accounting) | Cargill Investor Services Chicago, IL |
| Vivian Little | April 10, 2003: Position elimination | Shaun O'Brien (Chief Financial Officer of CIS); Kim Strand (Global Controller of CIS); Pamela S. Ronan (Manager Financial Controls Group); Sandip Lalli (Senior Manager, Corporate Accounting) | Cargill Investor Services Chicago, IL |

| | | | |
|---|---|---|---|
| Vivian Little | April 1, 2002: Compensation – no pay increase when moved to position in Corporate Accounting with increased responsibilities | Shaun O'Brien (Chief Financial Officer of CIS); Kim Strand (Global Controller of CIS); Pamela S. Ronan (Manager Financial Controls Group); Sandip Lalli (Senior Manager, Corporate Accounting) | Cargill Investor Services Chicago, IL |
| Vivian Little | 2001: Promotion – discouraged from applying for IT call center support position | Peter Wendt (Senior VP); HR | Chicago, IL |
| Vivian Little | 2000: Promotion – applied to and was denied IT Administrative Assistant position given to Lisa Hisson | John VonStein (Head of Cargill IT) | Chicago, IL |
| Vivian Little | January 2000: Promotion to IT Customer Support Analyst position given to Tony Bertronski | unknown | |
| Vivian Little | October 1997 - March 2003: Compensation | Managers | |
| Yolanda Webster | 2003: Constructive discharge | Shaun O'Brien (Chief Financial Officer of CIS); Kim Strand (Global Controller of CIS) | Cargill Investor Services Chicago, IL |
| Terri Harris | 2003: Termination | Shaun O'Brien (Chief Financial Officer of CIS); Chris Malo (North American Head of Operations); Deb Simkin (Global Head of HR/Member of Operating Committee); Anne Woodfin (HR Generalist) | Cargill Investor Services Chicago, IL |

| | | | |
|---|---|---|---|
| Terri Harris | 2003: Promotion to Management | Shaun O'Brien (Chief Financial Officer of CIS); Chris Malo (North American Head of Operations); Deb Simkin (Global Head of HR/Member of Operating Committee); Anne Woodfin (HR Generalist) | Cargill Investor Services Chicago, IL |
| Virginia Douglas | Prior to 2000: Promotion to Supervisor in Corporate Accounting | Shaun O'Brien (Chief Financial Officer of CIS) | Cargill Investor Services Chicago, IL |
| Virginia Douglas | 2000: Constructive discharge | Shaun O'Brien (Chief Financial Officer of CIS) | Cargill Investor Services Chicago, IL |
| Marla Rush | 2003: Constructive discharge | Pam Ronan (Manager Financial Controls Group); Julie Defalco Supervisor in Financial Controls Group) | Cargill Investor Services Chicago, IL |
| Nina Moore | Date unsure: Constructive discharge | Deb Simkin (Global Head of HR/Member of Operating Committee); Anne Woodfin (HR Generalist) | Cargill Investor Services Chicago, IL |
| Laura Isaacs | 2002: Termination | Jeanette Kehoe Chris Malo Shaun O'Brien (Chief Financial Officer of CIS); Rebecca Steindel (Compliance Manager) | Cargill Investor Services Chicago, IL |

**INTERROGATORY NO. 3:** Describe your employment history, excluding only your employment history with Cargill, including the name and location of each employer, the

Lorraine Little (Mother-in-Law)
Retired

Vivian Little

Subscribed and sworn before me
this 23rd day of Jan, 2004.

Notary Public

TERESA K. PATTON
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

AS TO OBJECTIONS:

Dated: August 11, 2003

SPRENGER & LANG, PLLC

By:

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ATTORNEYS FOR PLAINTIFFS



53946

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**PLAINTIFF VALERIE MASON-ROBINSON'S INDIVIDUAL RESPONSES TO CARGILL'S INTERROGATORIES TO PLAINTIFFS NUMBERS 1-7 (SET I)** |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew E. Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiff objects to Defendant Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I), below. Plaintiff's individual responses to Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I) will follow.

Plaintiff reserves the following:

(1) All questions as to competency, relevance, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any answers, or the subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatory answers; and

(4) The right at any time to revise, correct, add to, or clarify any of these answers.

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that could be construed as seeking information consisting of attorney-client privileged communications or attorney work product. Accordingly, unless otherwise indicated, Plaintiff's responses will exclude from their scope:

a. All communications between counsel for Plaintiffs or between Plaintiffs and their counsel;

b. All information and tangible items generated or prepared in anticipation of litigation by or for Plaintiffs or their representatives. To the extent that any response may be construed as containing work product, Plaintiffs do not waive immunity with respect to any other work product.

2. Plaintiff objects to the instructions contained in the Interrogatories to the extent that any such instruction seeks to impose on Plaintiff any duty greater than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge of any of the facts or allegations regarding your individual claims, the individual claims of any other named Plaintiff, and the individual claims of any putative class member as defined in the Complaint, and state the information known to each person identified.

**OBJECTION:** Plaintiff objects to this Interrogatory on the following grounds: it conceivably requires Plaintiff to speculate as to what is known by every person who has worked at Cargill during the relevant time period; and it is overly broad and unduly burdensome in that every person who has worked at Cargill during the relevant time period may have such knowledge. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Anyone at Cargill who worked with, supervised, made a decision about and/or handled an employment record for any African American employee during the relevant time period conceivably has knowledge of facts related to the claims of the plaintiffs and class members. Plaintiff lists below persons whom Plaintiff believes have knowledge in the areas indicated. Plaintiff also refers Defendant to and incorporates herein the persons identified in the Complaint filed in this matter, the other interrogatory answers in this response, the individual interrogatory responses of the other plaintiffs, and the responses to Interrogatories 8-20. Discovery is continuing.

| Name | Subject of Knowledge | Last Known Address |
|---|---|---|
| Marty Kvam (Sales Manager – Salt Division) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of compensation issues;<br>Knowledge of workplace culture and climate. | St. Clair, MI |
| Charles Sullivan (President – Salt Division) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | Minnetonka, MN |
| Tom Devaney (Regional Sales Manager – Cargill Salt) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | New Jersey |

| | | |
|---|---|---|
| Mike Schmidt (Vice President of Sales – Cargill Salt) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | Wayzata, MN |
| Mike Venker (Vice President of Eastern Operations – Cargill Salt) | (Late-1996/Early-1997 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | St. Clair, MI |
| Randy Thompson (Inside Sales Representative – Cargill Salt) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | Home:<br>P.O. Box 565<br>White Marsh, MD 21162 |
| Sean Allen (Territory Manager – Cargill Salt) | (February/March 1998 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate | Home:<br>7347 Fulcrum Ave.<br>Orlando, FL 32812 |

| | | |
|---|---|---|
| Janice Tsgoinus (Customer Service Manager – Cargill Salt) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | Bel Air, MD |
| Tom Bruenner (Regional Sales Manager – Cargill Salt) | (1997 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | Wisconsin |
| June Dunn (Inside Sales Representative – Cargill Salt) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | Home:<br>Bel Air, MD<br><br>Work:<br>White Marsh, MD |
| Penny Parker (National Account Manager) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of circumstances surrounding plaintiff's departure from Cargill;<br>Knowledge of workplace culture and climate. | Work:<br>White Marsh, MD |

| | | |
|---|---|---|
| Tom Carson (Territory Manager – Cargill Salt) | (1996 – July 1998) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of compensation issues; Knowledge of circumstances surrounding plaintiff's departure from Cargill; Knowledge of workplace culture and climate. | Timonium, MD |

**INTERROGATORY NO. 2:** Identify any African Americans (including you) who you believe were discriminated against by Cargill during their employment with Cargill, including discrimination in promotion and/or advancement, discrimination that deterred African Americans from applying for promotion and/or advancement, discrimination in compensation, and discrimination in termination, constructive termination, layoff, and/or position elimination. Separately with respect to each such person:

(a) Identify how the individual was allegedly discriminated against;

(b) Identify the dates for which the individual allegedly suffered discrimination; and

(c) Identify all the people who allegedly discriminated against the individual.

**ANSWER:** Plaintiff lists below persons whom Plaintiff believes were discriminated against by Cargill as described in the interrogatory and to the best of Plaintiff's knowledge and recollection at this time. Plaintiff also refers Defendant to and incorporates herein the persons identified as having experienced discrimination in the Complaint filed in this matter, the individual interrogatory responses of the other plaintiffs and the responses to Interrogatories 8-20. Based on Plaintiff's experience, Plaintiff believes that other African Americans experienced discrimination at Cargill but that information about them is within Defendant's control. Discovery is continuing.

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Valerie Mason-Robinson | 1997: Promotion from Inside Sales Representative – Salt Division to Territory Manager – Cocoa Division in Lititz, PA | Tom Devaney (Regional Sales Manager – Cargill Salt) | New Jersey |
| Valerie Mason-Robinson | March/April 1998: Promotion from Inside Sales Representative – Salt Division to Territory Manager – Salt Division in Florida | Mike Schmidt (Vice President of Sales – Cargill Salt); Mike Venker (Vice President of Eastern Operations – Cargill Salt) | Schmidt: Wayzata, MN<br><br>Venker: St. Clair, MI |
| Valerie Mason-Robinson | Fall 1997: Deterred Promotion from Inside Sales Representative – Cargill Salt to Territory Manager – Cargill Salt that went to Frank Peterson | Tom Bruenner (Regional Sales Manager – Cargill Salt); Mike Schmidt (Vice President of Sales – Cargill Salt); Mike Venker (Vice President of Eastern Operations – Cargill Salt) | Bruenner: Wisconsin<br><br>Schmidt: Wayzata, MN<br><br>Venker: St. Clair, MI |
| Valerie Mason-Robinson | June 1998: Deterred Promotion from Inside Sales Representative – Cargill Salt to Territory Manager – Cargill Salt that went to Doug Corselius | Tom Bruenner (Regional Sales Manager – Cargill Salt); Mike Schmidt (Vice President of Sales – Cargill Salt); Mike Venker (Vice President of Eastern Operations – Cargill Salt) | Bruenner: Wisconsin<br><br>Schmidt: Wayzata, MN<br><br>Venker: St. Clair, MI |
| Valerie Mason-Robinson | 1996: Promotion(s) to Territory Manager that never materialized | Marty Kvam (Sales Manager – Cargill Salt); Charles Sullivan (President of Salt Division) | Kvam: St. Clair, MI<br><br>Sullivan: Minnetonka, MN |

| | | | |
|---|---|---|---|
| Valerie Mason-Robinson | December 1997 – January 1998: Compensation when she received a very minimal raise | Tom Devaney (Regional Sales Manager – Cargill Salt) | New Jersey |
| Valerie Mason-Robinson | July 1998: Constructive Discharge when it was apparent to Mason-Robinson that she would not advance at Cargill, nor would she be compensated adequately and she was forced to leave | Mike Schmidt (Vice President of Sales – Cargill Salt); Mike Venker (Vice President of Eastern Operations – Cargill Salt) | Schmidt: Wayzata, MN<br><br>Venker: St. Clair, MI |
| Randy Thompson | 1998: Compensation when paid less than White peers | Mike Schmidt (Vice President of Sales – Cargill Salt); Mike Venker (Vice President of Eastern Operations – Cargill Salt) | Schmidt: Wayzata, MN<br><br>Venker: St. Clair, MI |
| Randy Thompson | 1998: Promotion to Regional Sales Manager from Territory Manager | Mike Schmidt (Vice President of Sales – Cargill Salt); Mike Venker (Vice President of Eastern Operations – Cargill Salt) | Schmidt: Wayzata, MN<br><br>Venker: St. Clair, MI |
| Randy Thompson | 1998: Demotion from Territory Manager to Inside Sales Representative | Mike Schmidt (Vice President of Sales – Cargill Salt); Mike Venker (Vice President of Eastern Operations – Cargill Salt) | Schmidt: Wayzata, MN<br><br>Venker: St. Clair, MI |
| Sean Allen | 2001-2002: Deterred Promotion to Regional Sales Manager that went to Doug Corselius | Mike Schmidt (Vice President of Sales – Cargill Salt) | Schmidt: Wayzata, MN |
| Tausha Tate | 1999-2000: Deterred promotion | Matt Turner (Project Engineer) | Memphis, TN |
| Tausha Tate | 1998-2000: Failure to promote plaintiff in progression and timing similar to her peer, James Alfieri | Matt Turner (Project Engineer) | Memphis TN |

| | | | |
|---|---|---|---|
| Tausha Tate | April 4, 2000: Constructive discharge | Matt Turner (Project Engineer) | Turner: Memphis, TN |

**INTERROGATORY NO. 3:** Describe your employment history, excluding only your employment history with Cargill, including the name and location of each employer, the inclusive dates of employment, and the reason for employment termination. Include any periods of concurrent employment with, or after leaving, Cargill.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is overly broad in time frame. Subject to and without waiving these objections, and to the best of Plaintiff's knowledge and recollection, Plaintiff answers as follows:

**ANSWER:**

| Dates | Name and Location of Employer | Reason for Leaving |
|---|---|---|
| Summer 1994 | Biotechnology Process Engineering Center<br>Cambridge, MA | Summer Internship |
| Summer 1995 | Rohm & Haas Company<br>Springhouse, PA | Summer Internship |
| 1998-Present | Mettler Toledo, Inc.<br>Columbus, OH | Current position |

**INTERROGATORY NO. 4:** Identify any and all physicians, medical personnel, hospitals, medical facilities, psychologists, psychiatrists, mental health personnel, mental health facilities, or any other person or facility that treated, examined, or otherwise had contact with each Plaintiff pertaining in any way to his or her physical and/or mental condition, the diagnosis thereof, and/or the prognosis thereof at any time, including any diagnosis and date of treatment.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it seeks information subject to physician/therapist-patient privilege that is not relevant or

**ANSWER:** Plaintiff will seek the full damages available under the law. The bases for these damages include lost income (wages and benefits), other losses for which compensatory damages are allowed under the law, and emotional distress. See documents produced. Plaintiff also seeks relief that will change the systems and culture at Cargill that result in discrimination against African-Americans. The following person(s) have knowledge of the emotional distress experienced by Plaintiff as a result of Cargill's discriminatory treatment.

Jeffrey Robinson (Spouse)
1939 Eutaw Place
Baltimore, MD 21217
Work: Loyola College of Maryland
Baltimore, MD
(Professor)

Alissa Erogbogbo (Friend)
5903 Delaware Ave.
Gurnee, IL

Tausha Tate (Friend)
1903 Meadow Brook Road, #18
Corinth, MS 38834

Doreen Robinson (Mother-in-law)
4345 Woodland Drive
Tobyhanna, PA 18466

Cheryl Oates (Mentor/Aunt)
Durham, NC
Work: Duke Corporate Education

Valerie Mason-Robinson

Subscribed and sworn before me
this 4th day of December 2002.

Teresa K. Patton
Notary Public

TERESA K. PATTON
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

AS TO OBJECTIONS:

Dated: November 7, 2002

SPRENGER & LANG, PLLC

By: ______________________________

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**PLAINTIFF PHYLLIS REECE'S INDIVIDUAL RESPONSES TO CARGILL'S INTERROGATORIES TO PLAINTIFFS NUMBERS 1-7 (SET I)** |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew E. Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiff objects to Defendant Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I), below. Plaintiff's individual responses to Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I) will follow.

Plaintiff reserves the following:

(1) All questions as to competency, relevance, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any answers, or the subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatory answers; and

(4) The right at any time to revise, correct, add to, or clarify any of these answers.

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that could be construed as seeking information consisting of attorney-client privileged communications or attorney work product. Accordingly, unless otherwise indicated, Plaintiff's responses will exclude from their scope:

a. All communications between counsel for Plaintiffs or between Plaintiffs and their counsel;

b. All information and tangible items generated or prepared in anticipation of litigation by or for Plaintiffs or their representatives. To the extent that any response may be construed as containing work product, Plaintiffs do not waive immunity with respect to any other work product.

2. Plaintiff objects to the instructions contained in the Interrogatories to the extent that any such instruction seeks to impose on Plaintiff any duty greater than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge of any of the facts or allegations regarding your individual claims, the individual claims of any other named Plaintiff, and the individual claims of any putative class member as defined in the Complaint, and state the information known to each person identified.

**OBJECTION:** Plaintiff objects to this Interrogatory on the following grounds: it conceivably requires Plaintiff to speculate as to what is known by every person who has worked at Cargill during the relevant time period; and it is overly broad and unduly burdensome in that every person who has worked at Cargill during the relevant time period may have such knowledge. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Anyone at Cargill who worked with, supervised, made a decision about and/or handled an employment record for any African American employee during the relevant time period conceivably has knowledge of facts related to the claims of the plaintiffs and class members. Plaintiff lists below persons whom Plaintiff believes have knowledge in the areas indicated. Plaintiff also refers Defendant to and incorporates herein the persons identified in the Complaint filed in this matter, the other interrogatory answers in this response, the individual interrogatory responses of the other plaintiffs, and the responses to Interrogatories 8-20. Discovery is continuing.

| Name | Subject of Knowledge | Last Known Address |
|---|---|---|
| John Mooneyham (Plant Manager – Grain Division – Reserve, LA) | (1992 – 1996) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | Baton Rouge, LA |
| Kristie Walker (Production Supervisor – Grain Division – Chesapeake, VA) | (1993 – 1997/98) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of workplace culture and climate. | Flint, MI |
| Steve Eldridge Superintendent of North and South Plants – Grain Division – Chesapeake, VA) | (June 1998 – February 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | Chesapeake, VA |

| | | |
|---|---|---|
| Donnie Love (Superintendent of North and South Plants – Grain Division – Chesapeake, VA) | (1992 – February 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | ~~Chesapeake, VA~~ Louisiana |
| Dale Theisen (Assistant Superintendent – Grain Division – Reserve, LA) | (1992 – 1996) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of workplace culture and climate. | Louisiana |
| Robert Taylor (Superintendent – Grain Division – Chesapeake, VA) | (1993 – 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | Louisiana |
| Ken Kleist (Superintendent of Maintenance – Grain Division – Chesapeake, VA) | (1996) Knowledge of job requirements, qualifications and performance;<br>Knowledge of workplace culture and climate. | Chesapeake, VA |
| John Brunk (Location Manager – Grain Division – Chesapeake, VA) | (1998 – 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | Chesapeake, VA |
| Dave Schimke (Human Resources Manager – Corporate – Minnetonka, MN) | (1992 – February 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | Minneapolis, MN |

| | | |
|---|---|---|
| Sue Sjeklocha (Diversity & Retention Manager – Corporate – Minnetonka, MN) | (1997 – February 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | Minneapolis, MN |
| Jackie Jenkins (Merchant – Grain Division – Alabama) | (Late1993 – Present) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | 2087 Roselake Cir.<br>St. Peters, MO 63376 |
| Deanna Albraugh (Team Leader at Terre Haute Facility – Grain Division – Reserve, LA) | (1995 – 1996) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of workplace culture and climate. | Louisiana |
| Charlie Sharp (Team Leader at Terre Haute Facility – Grain Division – Reserve, LA) | (1995 – 1996) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of workplace culture and climate. | Louisiana |
| Doug Jensen (Vice-President – Grain Division – Minneapolis, MN) | (1993 – February 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | Minneapolis, MN |
| Dale Frenbarh (Vice-President Operations – Grain Division – Minneapolis, MN) | (1993 – February 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | Minneapolis, MN |

| | | |
|---|---|---|
| Jacqueline Scott (Accounting Merchant – Grain Division – Chesapeake, VA) | (1996 – February 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of constructive discharge;<br>Knowledge of workplace culture and climate. | 3362 Loam Street, Norfolk, VA |
| Clinton Tynes (Production Supervisor – Grain Division – Chesapeake, VA) | (1996 – February 1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of workplace culture and climate. | Norfolk, VA |
| Sabrina Jenkins (Production Supervisor – Grain Division – Chesapeake, VA) | (1997 – 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of workplace culture and climate. | Greensboro, NC |

**INTERROGATORY NO. 2:** Identify any African Americans (including you) who you believe were discriminated against by Cargill during their employment with Cargill, including discrimination in promotion and/or advancement, discrimination that deterred African Americans from applying for promotion and/or advancement, discrimination in compensation, and discrimination in termination, constructive termination, layoff, and/or position elimination. Separately with respect to each such person:

(a) Identify how the individual was allegedly discriminated against;

(b) Identify the dates for which the individual allegedly suffered discrimination; and

(c) Identify all the people who allegedly discriminated against the individual.

**ANSWER:** Plaintiff lists below persons whom Plaintiff believes were discriminated against by Cargill as described in the interrogatory and to the best of Plaintiff's knowledge and recollection at this time. Plaintiff also refers Defendant to and incorporates herein the persons identified as having experienced discrimination in the Complaint filed in this matter, the

individual interrogatory responses of the other plaintiffs and the responses to Interrogatories 8-20. Based on Plaintiff's experience, Plaintiff believes that other African Americans experienced discrimination at Cargill but that information about them is within Defendant's control. Discovery is continuing.

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Phyllis Reece | 1994-1996: Promotion to Team Leader at Terre Haute Facility that was not posted and went to Deanna Albraugh and Charlie Sharp. | Donnie Love (Superintendent of North and South Plants – Grain Division – Chesapeake, VA); John Mooneyham (Plant Manager – Grain Division – Reserve, LA); Dale Theisen (Assistant Superintendent – Grain Division – Reserve, LA) | Love: Baton Rouge, LA<br><br>Mooneyham: Baton Rouge, LA<br><br>Theisen: Louisiana |
| Phyllis Reece | 1995: Promotion to Maintenance Supervisor that was not posted and went to Todd Eisenbeisz. | John Mooneyham (Plant Manager – Grain Division – Reserve, LA); Dale Theisen (Assistant Superintendent – Grain Division – Reserve, LA) | Mooneyham: Baton Rouge, LA<br><br>Theisen: Louisiana |
| Phyllis Reece | Summer 1996: Promotion/Compensation when Reece accepted what she thought was a Maintenance Supervisor position in Chesapeake, VA thinking it was a promotion from her Production Supervisor position, but it turned out to be a lower classified Production Supervisor position and she didn't receive a raise. | Donnie Love (Superintendent of North and South Plants – Grain Division – Chesapeake, VA); John Mooneyham (Plant Manager – Grain Division – Reserve, LA) | Love: Baton Rouge, LA<br><br>Mooneyham: Baton Rouge, LA |

| | | | |
|---|---|---|---|
| Phyllis Reece | 1997-1999: Promotion/Compensation after Ken Kleist, the other Maintenance Supervisor, left and Reece performed his job duties in addition to her own without the compensation or title of Superintendent. | Donnie Love (Superintendent of North and South Plants – Grain Division – Chesapeake, VA); Doug Jensen (Vice-President – Grain Division – Minneapolis, MN) | Love: Baton Rouge, LA<br><br>Jensen: Minneapolis, MN |
| Phyllis Reece | 1998-1999: Demotion/Compensation when Reece was effectively demoted from Maintenance Supervisor duties that she performed without the compensation or job title to a Production Supervisor position. | Donnie Love (Superintendent of North and South Plants – Grain Division – Chesapeake, VA); Doug Jensen (Vice-President – Grain Division – Minneapolis, MN) | Love: Baton Rouge<br><br>Jensen: Minneapolis, MN |
| Phyllis Reece | February 1999: Constructive discharge from Production Supervisor position. | Steve Eldridge (Superintendent of North and South Plants – Grain Division – Chesapeake, VA);<br>Robert Taylor (Superintendent – Grain Division – Chesapeake, VA);<br>Doug Jensen (Vice-President – Grain Division – Minneapolis, MN);<br>Dave Schimke (Human Resources Manager – Corporate – Minnetonka, MN) | Eldridge: Chesapeake, VA<br><br>Taylor: Louisiana<br><br>Jensen: Minneapolis, MN<br><br>Schimke: Minneapolis, MN |
| Kristie Walker | Constructive Discharge when she had to leave Cargill due to extreme racial harassment and a hostile work environment while she was pregnant that required her to seek medical attention. | Chuck Ryans (Production Supervisor – Grain Division – Chesapeake, VA) | ~~Chesapeake, VA~~<br>Flint, MI |

| | | | |
|---|---|---|---|
| Jackie Jenkins | 1997-1998: Promotion and Compensation claims in general. | Manager(s) | Unknown |

**<u>INTERROGATORY NO. 3:</u>** Describe your employment history, excluding only your employment history with Cargill, including the name and location of each employer, the inclusive dates of employment, and the reason for employment termination. Include any periods of concurrent employment with, or after leaving, Cargill.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is overly broad in time frame. Subject to and without waiving these objections, and to the best of Plaintiff's knowledge and recollection, Plaintiff answers as follows:

**<u>ANSWER:</u>**

| Dates | Name and Location of Employer | Reason for Leaving |
|---|---|---|
| 1999-Present | Aurora Foods<br>Jackson, TN | Current position |

**<u>INTERROGATORY NO. 4:</u>** Identify any and all physicians, medical personnel, hospitals, medical facilities, psychologists, psychiatrists, mental health personnel, mental health facilities, or any other person or facility that treated, examined, or otherwise had contact with each Plaintiff pertaining in any way to his or her physical and/or mental condition, the diagnosis thereof, and/or the prognosis thereof at any time, including any diagnosis and date of treatment.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it seeks information subject to physician/therapist-patient privilege that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. It is also

information is within Defendant's control. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Plaintiff will seek the full damages available under the law. The bases for these damages include lost income (wages and benefits), other losses for which compensatory damages are allowed under the law, and emotional distress. See documents produced. Plaintiff also seeks relief that will change the systems and culture at Cargill that result in discrimination against African-Americans. The following person(s) have knowledge of the emotional distress experienced by Plaintiff as a result of Cargill's discriminatory treatment.

Willie M. Reece & Percy L. Reece (Parents)
P.O. Box 201
Macon, ~~NC~~ MS 39341

Phyllis Reece

Subscribed and sworn before me
this 2nd day of December, 2002.

Notary Public

SUSAN M. COLER
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

AS TO OBJECTIONS:

Dated: October 30, 2002

SPRENGER & LANG, PLLC

By: ______________________
Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ATTORNEYS FOR PLAINTIFFS