UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RODERICK ARNOLD, et al., On behalf of themselves and all others similarly situated, *Plaintiffs,* v. CARGILL, INCORPORATED, *Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB) CLASS ACTION **PLAINTIFF CHARLES SCOTT'S INDIVIDUAL RESPONSES TO CARGILL'S INTERROGATORIES TO PLAINTIFFS NUMBERS 1-7 (SET I)** |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew E. Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiff objects to Defendant Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I), below. Plaintiff's individual responses to Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I) will follow.

Plaintiff reserves the following:

(1) All questions as to competency, relevance, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any answers, or the subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatory answers; and

(4) The right at any time to revise, correct, add to, or clarify any of these answers.

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that could be construed as seeking information consisting of attorney-client privileged communications or attorney work product. Accordingly, unless otherwise indicated, Plaintiff's responses will exclude from their scope:

    a. All communications between counsel for Plaintiffs or between Plaintiffs and their counsel;

    b. All information and tangible items generated or prepared in anticipation of litigation by or for Plaintiffs or their representatives. To the extent that any response may be construed as containing work product, Plaintiffs do not waive immunity with respect to any other work product.

2. Plaintiff objects to the instructions contained in the Interrogatories to the extent that any such instruction seeks to impose on Plaintiff any duty greater than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge of any of the facts or allegations regarding your individual claims, the individual claims of any other named Plaintiff, and the individual claims of any putative class member as defined in the Complaint, and state the information known to each person identified.

**OBJECTION:** Plaintiff objects to this Interrogatory on the following grounds: it conceivably requires Plaintiff to speculate as to what is known by every person who has worked at Cargill during the relevant time period; and it is overly broad and unduly burdensome in that every person who has worked at Cargill during the relevant time period may have such knowledge. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Anyone at Cargill who worked with, supervised, made a decision about and/or handled an employment record for any African American employee during the relevant time period conceivably has knowledge of facts related to the claims of the plaintiffs and class members. Plaintiff lists below persons whom Plaintiff believes have knowledge in the areas indicated. Plaintiff also refers Defendant to and incorporates herein the persons identified in the Complaint filed in this matter, the other interrogatory answers in this response, the individual interrogatory responses of the other plaintiffs, and the responses to Interrogatories 8-20. Discovery is continuing.

| Name | Subject of Knowledge | Last Known Address |
|---|---|---|
| Steve Chalgren (Inside Sales Manager – Cargill Steel & Wire) | (1991-June 1993) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of workplace culture and climate. | Beaumont, TX |
| Sherri Johnson (Inside Sales Manager – Cargill Steel & Wire) | (June 1993-June 1994) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of workplace culture and climate. | Memphis, TN |
| John Kafka (Sales Manager – Cargill Steel & Wire) | (June 1994-October 1995) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities. | Memphis, TN |
| Mike Taylor (VP of Sales & Marketing for Cargill Ferrous International) | (October 1995-January 1997) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of compensation issues. | Minneapolis, MN |
| Rick Dougherty (Senior Sales Merchant – Cargill Ferrous) | (January 1997-January 1998) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of workplace culture and climate. | Minneapolis, MN |
| Tom Keller (Senior Sales Merchant – Cargill Ferrous) | (January 1997-January 1998) Knowledge of job requirements, qualifications and performance; Knowledge of promotion opportunities; Knowledge of training opportunities; Knowledge of compensation issues; Knowledge of workplace culture and climate. | Minneapolis, MN |

| | | |
|---|---|---|
| Jim Kerkvliet (Senior Sales Merchant – Cargill Ferrous) | (January 1997-January 1998) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of training opportunities;<br>Knowledge of workplace culture and climate. | Minneapolis, MN |
| Kellie Akins (Merchant – Cargill Ferrous) | (October 1995-January 1998) Knowledge of compensation issues. | Minneapolis, MN |
| Jed Tracket (Merchant – Cargill Ferrous) | (June 1997-January 1998) Knowledge of recruiting;<br>Knowledge of compensation issues. | Minneapolis, MN |
| Dave Kemp (Merchant – Cargill Ferrous) | (October 1994-December 1997) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues. | Minneapolis, MN |
| Dan Butterbrat (Merchant – Cargill Ferrous) | (October 1994-December 1997) Knowledge of job requirements, qualifications and performance;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues. | Minneapolis, MN |
| Bob Mann (President of Cargill Ferrous Division) | (October 1994-January 1997) Knowledge of job requirements and qualifications;<br>Knowledge of promotion opportunities;<br>Knowledge of compensation issues. | Minneapolis, MN |
| Jim Ross (Interim Inside Sales Manager – Cargill Steel & Wire) | (January 1991-June 1993) Knowledge of workplace culture and climate. | Beaumont, TX |
| Lloyd Smoyer (Sales Manager – Cargill Steel & Wire) | (January 1991-June 1993) Knowledge of workplace culture and climate. | Beaumont, TX |
| Tom Valentine (Outside Sales Representative – Cargill Steel & Wire) | (January 1991-June 1993) Knowledge of workplace culture and climate. | Beaumont, TX |
| John Chavers (Human Resources – Cargill Steel Sector) | (1991-mid 1996) Knowledge of job requirements and qualifications;<br>Knowledge of promotion opportunities;<br>Knowledge of workplace culture and climate;<br>Knowledge of plaintiff's complaints. | Minneapolis, MN |

| | | |
|---|---|---|
| Bill Trecker (Sales Manager – Cargill Corn Milling) | (December 1997) Knowledge of job requirements and qualifications;<br>Knowledge of promotion opportunities;<br>Knowledge of circumstances surrounding rescission of job offer;<br>Knowledge of workplace culture and climate. | Minneapolis, MN |
| Karen Sachs (Human Resources – Cargill College Recruiting) | (1995-1997) Knowledge of recruiting. | Minneapolis, MN |

**INTERROGATORY NO. 2:** Identify any African Americans (including you) who you believe were discriminated against by Cargill during their employment with Cargill, including discrimination in promotion and/or advancement, discrimination that deterred African Americans from applying for promotion and/or advancement, discrimination in compensation, and discrimination in termination, constructive termination, layoff, and/or position elimination. Separately with respect to each such person:

(a) Identify how the individual was allegedly discriminated against;

(b) Identify the dates for which the individual allegedly suffered discrimination; and

(c) Identify all the people who allegedly discriminated against the individual.

**ANSWER:** Plaintiff lists below persons whom Plaintiff believes were discriminated against by Cargill as described in the interrogatory and to the best of Plaintiff's knowledge and recollection at this time. Plaintiff also refers Defendant to and incorporates herein the persons identified as having experienced discrimination in the Complaint filed in this matter, the individual interrogatory responses of the other plaintiffs and the responses to Interrogatories 8-20. Based on Plaintiff's experience, Plaintiff believes that other African Americans experienced discrimination at Cargill but that information about them is within Defendant's control. Discovery is continuing.

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Charles Scott | June 1993-1994: Failure to promote. | Sherri Johnson (Inside Sales Manager – Cargill Steel & Wire) | Memphis, TN |
| Charles Scott | 1994-October 1995: Failure to promote to Outside Sales Representative. Plaintiff was denied the position until he threatened to leave when he finally received the promotion. | John Kafka (Outside Sales Manager – Cargill Steel & Wire) | Memphis, TN |
| Charles Scott | October 1995-January 1997: Failure to promote. | Mike Taylor (Vice President of Sales & Marketing – Cargill Ferrous International) | Minneapolis, MN |
| Charles Scott | October 1995-January 1997: Failure to promote. Promotions given out on a secretive basis without postings. | Bob Mann (President – Cargill Ferrous International) | Minneapolis, MN |
| Charles Scott | October 1995-January 1997: Compensation. Dougherty, Kerkvliet, Keller were placed on the bonus incentive program, but plaintiff was not. | Bob Mann (President – Cargill Ferrous International) | Minneapolis, MN |
| Charles Scott | January 1998: Termination from Merchant position in Cargill Ferrous | Rick Dougherty, Tom Keller, Jim Kerkvleit (Management by Committee – Cargill Ferrous) | Minneapolis, MN |
| Troy Hatcher | Failure to promote. Hatcher applied for, but was denied a variety of opportunities while similar performing White peers received the opportunities. | Manager(s) | Unknown |

| | | | |
|---|---|---|---|
| Sean Allen | 1992-2002: Failure to promote. | Terry Jaffoni and Cargill Salt Managers | Minneapolis, MN |
| Della Dickson | 1996-Present: Disparate treatment and failure to promote. | Manager(s) | Unknown |
| Reggie Wright | 1995-Present: Compensation with respect to initial salary in position in Chicago. | Manager(s) | Chicago, IL |
| Ralph Leslie | 1995-2002: Failure to promote leading to stalled career advancement. | Dave Lewis and other Manager(s) | Chicago, IL |
| John Graves | 1996-1997: Failure to Promote. Participated in Strategy & Business Development Group, but found fewer opportunities for promotion than white Strategy & Business Development Group participants. | Manager(s) | Unknown |
| John Chavers | 1991-2002: Lost promotion to HR Manager of Cargill Steel Sector over all of Steel & Wire, NorthStar Steel, and Ferrous International | Jim Thompson and Cargill Steel Sector Manager(s) | North Star Steel South St. Paul, MN |

**INTERROGATORY NO. 3:** Describe your employment history, excluding only your employment history with Cargill, including the name and location of each employer, the inclusive dates of employment, and the reason for employment termination. Include any periods of concurrent employment with, or after leaving, Cargill.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is overly broad in time frame. Subject to and without

Charles Scott

Subscribed and sworn before me
this 13th day of Aug, 2002.

Notary Public

TERESA K. PATTON
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

AS TO OBJECTIONS:

Dated: June 28, 2002

SPRENGER & LANG, PLLC

By:

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
Lisa C. Stratton (MN No. 236858)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**PLAINTIFF TAUSHA TATE'S INDIVIDUAL RESPONSES TO CARGILL'S INTERROGATORIES TO PLAINTIFFS NUMBERS 1-7 (SET I)** |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew E. Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiff objects to Defendant Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I), below. Plaintiff's individual responses to Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I) will follow.

Plaintiff reserves the following:

(1) All questions as to competency, relevance, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any answers, or the subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatory answers; and

(4) The right at any time to revise, correct, add to, or clarify any of these answers.

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that could be construed as seeking information consisting of attorney-client privileged communications or attorney work product. Accordingly, unless otherwise indicated, Plaintiff's responses will exclude from their scope:

> a. All communications between counsel for Plaintiffs or between Plaintiffs and their counsel;
>
> b. All information and tangible items generated or prepared in anticipation of litigation by or for Plaintiffs or their representatives. To the extent that any response may be construed as containing work product, Plaintiffs do not waive immunity with respect to any other work product.

2. Plaintiff objects to the instructions contained in the Interrogatories to the extent that any such instruction seeks to impose on Plaintiff any duty greater than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge of any of the facts or allegations regarding your individual claims, the individual claims of any other named Plaintiff, and the individual claims of any putative class member as defined in the Complaint, and state the information known to each person identified.

**OBJECTION:** Plaintiff objects to this Interrogatory on the following grounds: it conceivably requires Plaintiff to speculate as to what is known by every person who has worked at Cargill during the relevant time period; and it is overly broad and unduly burdensome in that every person who has worked at Cargill during the relevant time period may have such knowledge. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Anyone at Cargill who worked with, supervised, made a decision about and/or handled an employment record for any African American employee during the relevant time period conceivably has knowledge of facts related to the claims of the plaintiffs and class members. Plaintiff lists below persons whom Plaintiff believes have knowledge in the areas indicated. Plaintiff also refers Defendant to and incorporates herein the persons identified in the Complaint filed in this matter, the other interrogatory answers in this response, the individual interrogatory responses of the other plaintiffs, and the responses to Interrogatories 8-20. Discovery is continuing.

| Name | Subject of Knowledge | Last Known Address |
|---|---|---|
| Matthew S. Turner (Superintendent) | (1998-2000) Knowledge of job requirements, qualifications and performance;<br>Knowledge of training issues. | Memphis, TN |
| Darren Litle (Oil Refinery Supervisor) | (November 1998-2000) Knowledge of job requirements, qualifications and performance. | Georgia |
| Mike Jones (Plant Superintendent) | (1998-2000) Knowledge of performance evaluation;<br>Knowledge of workplace culture and climate. | Memphis, TN |
| Kristin Espenchied (HR) | (1998-1999) Knowledge of job requirements, qualifications and performance;<br>Knowledge of workplace culture and climate. | Wisconsin |
| Jorge Villegas | (1999-2000) Knowledge of job requirements, qualifications and performance;<br>Knowledge of workplace culture and climate. | Memphis, TN |
| Greg O'Hare | (1999-2000) Knowledge of job requirements, qualifications and performance. | Australia |
| Bill Jeffries (Oil Refinery Manager) | (1998-2000) Knowledge of job requirements, qualifications and performance. | Memphis, TN |

| | | |
|---|---|---|
| Crystal O'Neal (Corn Milling and Syrup) | Knowledge of workplace culture and climate. | Memphis, TN |
| Audria Borders (Manager of Corn Milling) | (1998-2000) Knowledge of workplace culture and climate. | Baton Rouge, LA |
| Sylvester Sipp (Instrumentation Dept.) | (1998-2000) Knowledge of job requirements, qualifications and performance;<br>Knowledge of workplace culture and climate. | Memphis, TN |

**INTERROGATORY NO. 2:** Identify any African Americans (including you) who you believe were discriminated against by Cargill during their employment with Cargill, including discrimination in promotion and/or advancement, discrimination that deterred African Americans from applying for promotion and/or advancement, discrimination in compensation, and discrimination in termination, constructive termination, layoff, and/or position elimination. Separately with respect to each such person:

(a) Identify how the individual was allegedly discriminated against;

(b) Identify the dates for which the individual allegedly suffered discrimination; and

(c) Identify all the people who allegedly discriminated against the individual.

**ANSWER:** Plaintiff lists below persons whom Plaintiff believes were discriminated against by Cargill as described in the interrogatory and to the best of Plaintiff's knowledge and recollection at this time. Plaintiff also refers Defendant to and incorporates herein the persons identified as having experienced discrimination in the Complaint filed in this matter, the individual interrogatory responses of the other plaintiffs and the responses to Interrogatories 8-20. Based on Plaintiff's experience, Plaintiff believes that other African Americans experienced discrimination at Cargill but that information about them is within Defendant's control. Discovery is continuing.

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Tausha Tate | 1999-2000: Deterred promotion for Iowa sales position (possibly Des Moines) | Matt Turner | Memphis, TN |
| Tausha Tate | 1998-2000: Promotion to Sales (or possibly Customer Service) position in Memphis for which Cargill made an external hire. | Manager(s) | |
| Tausha Tate | 1998-2000: Failure to promote plaintiff in progression and timing similar to her peer, James Alfieri | Matt Turner | Memphis, TN |
| Tausha Tate | April 4, 2000: Constructive discharge | Matt Turner, Greg O'Hare | Turner: Memphis, TN; O'Hare: Australia |
| Valerie Mason-Robinson | 1996-1998: Failure to promote; constructive discharge. | Manager(s) | |
| Krystal O'Neal | Approx. 1996-2001: Promotions and termination in Corn Milling and Syrup | Matt Turner, B.J. Rogers, and other Manager(s) | Memphis, TN |
| Audria Borders | 2002: Constructive discharge | Managers(s) | |
| Sylvester Sipp | 2001 Demotion to hourly job. | [First name unknown] Bell | Memphis, TN |

**INTERROGATORY NO. 3:** Describe your employment history, excluding only your employment history with Cargill, including the name and location of each employer, the inclusive dates of employment, and the reason for employment termination. Include any periods of concurrent employment with, or after leaving, Cargill.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is overly broad in time frame. Subject to and without

"basis for the amount sought" and vague in terms of what type of documents would show the Plaintiff is "entitled" to the amount sought. Plaintiff also objects to this Interrogatory to the extent that it involves matters that will be the subject of expert testimony and to the extent that it intrudes into decisions that fall within the province of the trier of fact. Finally, to the extent the interrogatory seeks calculations of economic losses, the interrogatory is premature because most of the relevant information is within Defendant's control. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Plaintiff will seek the full damages available under the law. The bases for these damages include lost income (wages and benefits), other losses for which compensatory damages are allowed under the law, and emotional distress. See documents produced. Plaintiff also seeks relief that will change the systems and culture at Cargill that result in discrimination against African-Americans. The following person(s) have knowledge of the emotional distress experienced by Plaintiff as a result of Cargill's discriminatory treatment.

Angelena Tate (Sister)
653 E. 131st
Chicago, Il 60627

Valerie Mason Robinson (Friend)
1939 Eutaw Place
Baltimore, MD 21217

Tausha L. Tate

Tausha Tate

Subscribed and sworn before me this 2nd day of October 2002.

Susan M Coler

Notary Public

SUSAN M. COLER
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

AS TO OBJECTIONS:

Dated: July 12, 2002

SPRENGER & LANG, PLLC

By: Susan M Coler

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
Lisa C. Stratton (MN No. 236858)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**PLAINTIFF STEVE WINT'S INDIVIDUAL RESPONSES TO CARGILL'S INTERROGATORIES TO PLAINTIFFS NUMBERS 1-7 (SET I)** |

TO: Cargill, Incorporated, and its counsel, Janice M. Symchych and Matthew E. Klein, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 33, Plaintiff objects to Defendant Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I), below. Plaintiff's individual responses to Cargill's Interrogatories to Plaintiffs, Numbers 1-7 (Set I) will follow.

Plaintiff reserves the following:

(1) All questions as to competency, relevance, materiality, privilege and admissibility as evidence for any purpose, of the answer or subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any answers, or the subject matter of the answer, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of these interrogatory answers; and

(4) The right at any time to revise, correct, add to, or clarify any of these answers.

## GENERAL OBJECTIONS

1. Plaintiff objects to any Interrogatories that could be construed as seeking information consisting of attorney-client privileged communications or attorney work product. Accordingly, unless otherwise indicated, Plaintiff's responses will exclude from their scope:

> a. All communications between counsel for Plaintiffs or between Plaintiffs and their counsel;
>
> b. All information and tangible items generated or prepared in anticipation of litigation by or for Plaintiffs or their representatives. To the extent that any response may be construed as containing work product, Plaintiffs do not waive immunity with respect to any other work product.

2. Plaintiff objects to the instructions contained in the Interrogatories to the extent that any such instruction seeks to impose on Plaintiff any duty greater than that required by Rules 26 and 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge of any of the facts or allegations regarding your individual claims, the individual claims of any other named Plaintiff, and the individual claims of any putative class member as defined in the Complaint, and state the information known to each person identified.

**OBJECTION:** Plaintiff objects to this Interrogatory on the following grounds: it conceivably requires Plaintiff to speculate as to what is known by every person who has worked at Cargill during the relevant time period; and it is overly broad and unduly burdensome in that every person who has worked at Cargill during the relevant time period may have such knowledge. Subject to and without waiving these objections, Plaintiff answers as follows:

**ANSWER:** Anyone at Cargill who worked with, supervised, made a decision about and/or handled an employment record for any African American employee during the relevant time period conceivably has knowledge of facts related to the claims of the plaintiffs and class members. Plaintiff lists below persons whom Plaintiff believes have knowledge in the areas indicated. Plaintiff also refers Defendant to and incorporates herein the persons identified in the Complaint filed in this matter, the other interrogatory answers in this response, the individual interrogatory responses of the other plaintiffs, and the responses to Interrogatories 8-20. Discovery is continuing.

| Name/Race/Job Title | Date(s) and Subject of Knowledge | Last Known Address |
|---|---|---|
| Mike Anderson (Terminated)<br><br>Caucasian<br><br>Plant Manager | (06/2002 – 06/26/2003)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Dan Ramseyer<br><br>Caucasian<br><br>Maintenance Manager (formerly Production Manager) | (2000 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Mark Whitson<br><br>Caucasian<br><br>Plant Manager (Interim) | (05/2003 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name/Race/Job Title | Date(s) and Subject of Knowledge | Last Known Address |
|---|---|---|
| Jim Crawford<br><br>Caucasian<br><br>Plant Manager (Transferred) | (2000 – 06/2002)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | Unknown |
| Joe Giamber<br><br>Caucasian<br><br>Fertilizer/Salt Regional Manager | (06/2002 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | Unknown |
| Noreen Fitzgerald<br><br>Caucasian<br><br>Fertilizer/Salt Human Resources Manager | (2003 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | 15407 McGinty Road West, Wayzata, MN 55391 |
| Kathy Schier<br><br>Caucasian<br><br>Corporate Human Resources / Employee Relations Manager | (2003 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | 15407 McGinty Road West, Wayzata, MN 55391 |

| Name/Race/Job Title | Date(s) and Subject of Knowledge | Last Known Address |
|---|---|---|
| John Smith<br><br>African American<br><br>1st Shift Coordinator | (03/13/2000 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues; Knowledge of workplace culture and climate. | 12715 Earlyrun Lane<br>Riverview, FL 33569 |
| Otis Jones<br><br>African American<br><br>1st Shift Dome Operator | (04/17/2000 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues; Knowledge of workplace culture and climate. | 10616 Fairfield Village Drive<br>Tampa, FL 33624 |
| Vernon Davis<br><br>African American<br><br>2nd Shift Dome Operator | (08/2000 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues; Knowledge of workplace culture and climate. | 7011 South Riverchase Drive<br>Temple Terrace, FL 33637 |
| Rafeall Boyd<br><br>African American<br><br>1st Shift Bagger Operator | (06/27/1995 – 07/2003)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues; Knowledge of workplace culture and climate. | 1918 Grand Isle Drive<br>Brandon, FL 33511 |

| Name/Race/Job Title | Date(s) and Subject of Knowledge | Last Known Address |
|---|---|---|
| Corey Montgomery<br><br>African American<br><br>3rd Shift Process Tech V Operator | (02/14/2000 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues; Knowledge of workplace culture and climate. | 3922 Applegate Circle<br>Brandon, FL 33511 |
| Warren McMath<br><br>African American<br><br>2nd Shift Bagger Operator | (09/17/2001 – 09/30/2002)<br>Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of termination issues; Knowledge of workplace culture and climate. | 8800 Boardwalk Trail Drive<br>Temple Terrace, FL 33637 |
| Rob Landon (Terminated)<br><br>Caucasian<br><br>3rd Shift Bagger Operator | (2002)<br>Knowledge of job requirements and qualifications; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of termination issues. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Charles Tatom<br><br>Caucasian<br><br>3rd Shift Dome Operator | (12/2002 to Present)<br>Knowledge of compensation; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Alan McDorman<br><br>Caucasian<br><br>2nd Shift Coordinator | (2001 – Present)<br>Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name/Race/Job Title | Date(s) and Subject of Knowledge | Last Known Address |
|---|---|---|
| Diann Gaskins<br><br>Caucasian<br><br>Secretary | (2000 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training; Knowledge of termination issues. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Russell Caple<br><br>Caucasian<br><br>1st Shift Forklift Operator | (2001 – Present)<br>Knowledge of compensation; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Jim Irish<br><br>Caucasian<br><br>1st Shift Bagger Operator | (01/2003 – Present)<br>Knowledge of compensation; Knowledge of job requirements and qualifications; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of termination issues. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Scott Dixon<br><br>Caucasian<br><br>1st Shift Forklift Operator | (2001 – Present)<br>Knowledge of compensation; Knowledge of promotion opportunities; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Mike Larmue<br><br>Caucasian<br><br>Forklift Operator | (2000 – 2002)<br>Knowledge of compensation; Knowledge of job requirements, qualifications, and performance; Knowledge of disparate treatment with regard to disciplinary *point* system; Knowledge of training. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Tom Welsh<br><br>Caucasian<br><br>Plant Manager | (August 2003 – Present)<br>Knowledge of compensation; Knowledge of job requirements. | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |



54488

**INTERROGATORY NO. 2:** Identify any African Americans (including you) who you believe were discriminated against by Cargill during their employment with Cargill, including discrimination in promotion and/or advancement, discrimination that deterred African Americans from applying for promotion and/or advancement, discrimination in compensation, and discrimination in termination, constructive termination, layoff, and/or position elimination. Separately with respect to each such person:

(a) Identify how the individual was allegedly discriminated against;

(b) Identify the dates for which the individual allegedly suffered discrimination; and

(c) Identify all the people who allegedly discriminated against the individual.

**ANSWER:** Plaintiff lists below persons whom Plaintiff believes were discriminated against by Cargill as described in the interrogatory and to the best of Plaintiff's knowledge and recollection at this time. Plaintiff also refers Defendant to and incorporates herein the persons identified as having experienced discrimination in the Complaint filed in this matter, the individual interrogatory responses of the other plaintiffs and the responses to Interrogatories 8-20. Based on Plaintiff's experience, Plaintiff believes that other African Americans experienced discrimination at Cargill but that information about them is within Defendant's control. Discovery is continuing.

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Steve Wint | (October 2002)<br><br>Demotion from 1st Shift to 2nd Shift (and then requested 3rd Shift due to a hardship on familial obligations caused by the demotion to 2nd Shift) to accommodate Scott Dixon's promotion to 1st Shift, despite the fact that Dixon is a less experienced, less senior, and less qualified Caucasian employee who was initially hired for the 2nd Shift. | Mike Anderson (Plant Manager – former/terminated)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Steve Wint | (04/17/2000 – Present)<br><br>Compensation as a result of Caucasian employees like Russell Caple, Scott Dixon, Charles Tatom, (and possibly John Goiran) who have less seniority, less experience, and less qualifications, than Wint (and Montgomery, Boyd, Davis, and Jones) being paid more than Wint (and Montgomery, Boyd, Davis, and Jones). | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Steve Wint | (Spring 2002)<br><br>Promotion that went to Alan McDorman for 2nd Shift Coordinator that was not posted or offered to Steve Wint. | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Steve Wint | (June 2003)<br><br>Promotion to Production Manager that was not posted or offered to experienced and qualified internal candidates like Steve Wint. The Production Manager position was, instead, filled by Shawn Toloday, a less senior, less experienced, and less qualified Caucasian. | Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Corey Montgomery | (Spring 2002)<br><br>Promotion that went to Alan McDorman for 2nd Shift Coordinator that was not posted or offered to Corey Montgomery, and/or other more senior, more experienced, and more qualified employees like Rafeall Boyd, Steve Wint, Otis Jones, and Vernon Davis. | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Corey Montgomery | (June 2003)<br><br>Promotion to Production Manager that was not posted or offered to experienced and qualified internal candidates like Steve Wint, John Smith, and Corey Montgomery. The Production Manager position was, instead, filled by Shawn Toloday, a less senior, less experienced, and less qualified Caucasian. | Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Corey Montgomery | (04/22/2003)<br><br>Constructively Demoted by Mike Anderson and Dan Ramseyer from 3rd Shift Coordinator due to Montgomery's Compensation being less than the Caucasian employees he supervised who were less experienced, less senior, and less qualified than him. | Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Corey Montgomery | (2000 – Present)<br><br>Compensation as a result of Caucasian employees like Russell Caple, Scott Dixon, Charles Tatom, (and possibly John Goiran) who have less seniority, less experience, and less qualifications, than Montgomery (and Wint, Boyd, Davis, and Jones) being paid more than Montgomery (and Wint, Boyd, Davis, and Jones). | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |



54488

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| John Smith | (June 2003) Promotion to Production Manager that was not posted or offered to experienced and qualified internal candidates like John Smith, Steve Wint, and Corey Montgomery. The Production Manager position was, instead, filled by Shawn Toloday, a less senior, less experienced, and less qualified Caucasian. | Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Otis Jones | (2000 – Present)<br><br>Compensation as a result of Caucasian employees like Russell Caple, Scott Dixon, Charles Tatom, (and possibly John Goiran) who have less seniority, less experience, and less qualifications, than Jones (and Montgomery, Boyd, Davis, and Wint) being paid more than Jones (and Montgomery, Boyd, Davis, and Wint). | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |



54488

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Vernon Davis | (2000 – Present)<br><br>Compensation as a result of Caucasian employees like Russell Caple, Scott Dixon, Charles Tatom, (and possibly John Goiran) who have less seniority, less experience, and less qualifications, than Davis (and Montgomery, Boyd, Wint, and Jones) being paid more than Davis (and Montgomery, Boyd, Wint, and Jones). | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Rafeall Boyd | (2000 – July 2003)<br><br>Compensation as a result of Caucasian employees like Russell Caple, Scott Dixon, Charles Tatom, (and possibly John Goiran) who have less seniority, less experience, and less qualifications, than Boyd (and Montgomery, Wint, Davis, and Jones) being paid more than Boyd (and Montgomery, Wint, Davis, and Jones). | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Rafeall Boyd | (2000 – July 2003)<br><br>Compensation below less senior, less experienced, less qualified Caucasian co-workers. | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Rafeall Boyd | (2000 – July 2003)<br><br>Constructive Discharge factors that included disparate treatment related to the *point* system and disparate pay, as well as an unwarranted negative evaluation (PMP) from Mike Anderson and Dan Ramseyer in 2002. | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name | Type and Date of Discrimination | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Warren McMath | (09/30/2002)<br><br>Termination by Mike Anderson and Dan Ramseyer after arbitrarily receiving *too many points* when he went to visit his ill grandmother rather than work an "optional" weekend shift. When McMath advised Ramseyer that he could not work the "optional" weekend shift because his grandma was ill, Ramseyer replied, "I don't care if you're grandma is sick. I don't care about your private life!" | Jim Crawford (Plant Manager – former/transferred)<br><br>Mike Anderson (Plant Manager – former/terminated)<br><br>Mark Whitson (Plant Manager – interim/current)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name(s) | Type and Date of Discrimination (Anecdotal Evidence and Disparate Treatment) | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Steve Wint<br><br>Otis Jones<br><br>Rafeall Boyd<br><br>John Smith | (April 2003)<br><br>Subjected to Mike Anderson's statement to Wint, Jones, Boyd, and Smith: "I could get any *monkey* to run the front-end loader" (all 3 front-end loaders are African American). | Mike Anderson (Plant Manager – former/terminated)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Steve Wint<br><br>Corey Montgomery<br><br>John Smith<br><br>Otis Jones<br><br>Rafeall Boyd<br><br>Vernon Davis | (January 2003)<br><br>Subjected to note posted on employee break room door by Mike Anderson referencing the *"village idiot"* who has been pushing the water/swell off the salt pad into the drain/ditch (African American employees are the only ones who hold position that deal with this assignment). | Mike Anderson (Plant Manager – former/terminated)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name(s) | Type and Date of Discrimination (Anecdotal Evidence and Disparate Treatment) | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Steve Wint<br><br>Corey Montgomery<br><br>John Smith<br><br>Otis Jones<br><br>Rafeall Boyd<br><br>Vernon Davis | (2002)<br><br>Subjected to note posted in employee break room by Dan Ramseyer stating, "Everyone should be grateful they have a job!" After complaints from employees regarding last minute scheduling of weekend shifts, which are supposed to be optional for overtime, but are, in fact, mandatory and African American employees have arbitrarily received *points* for tardiness or absences from weekend shifts leading to disciplinary action or termination in the case of Warren McMath. | Mike Anderson (Plant Manager – former/terminated)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

| Name(s) | Type and Date of Discrimination (Anecdotal Evidence and Disparate Treatment) | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| | **Disparate Treatment** with regard to the disciplinary *point* system. | Jim Crawford (Plant Manager – former/transferred) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Steve Wint | (2000 – Present) | Mike Anderson (Plant Manager – former/terminated) | |
| Corey Montgomery | (2000 – Present) | | |
| John Smith | (2000 – Present) | Mark Whitson (Plant Manager – interim/current) | |
| Otis Jones | (2000 – Present) | | |
| Vernon Davis (assigned *points* for attending school) | (2000 – Present) | Dan Ramseyer (Maintenance Manager – current) | |
| | | Joe Giamber (Regional Manager – current) | |
| Rafeall Boyd (assigned *points* for attending school) | (2000 – July 2003) | Jim Heard (Division Manager – current) | |
| Warren McMath (assigned *points* for attending school) | (09/17/2001 – 09/30/2002) | | |



54488

| Name(s) | Type and Date of Discrimination (Anecdotal Evidence and Disparate Treatment) | People Who Discriminated Against Him/Her | Last Known Address |
|---|---|---|---|
| Corey Montgomery<br><br>John Smith<br><br>Rafeall Boyd<br><br>Otis Jones | (2002/2003)<br><br>Subjected to Mike Anderson's statement, "You're getting paid what you're worth!" directed at John Smith, Corey Montgomery, Rafeall Boyd, and Otis Jones after they raised complaints of unequal compensation with regard to recently hired employees – all of who were Caucasian - whom had no seniority, less experience, and less qualifications. | Mike Anderson (Plant Manager – former/terminated)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current)<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |
| Otis Jones | (November/December 2002)<br><br>Termination threatened by Mike Anderson when Anderson told Otis Jones on two occasions, "You don't just rotate a flat tire – you get rid of it." | Mike Anderson (Plant Manager – former/terminated)<br><br>Dan Ramseyer (Maintenance Manager – current)<br><br>Joe Giamber (Regional Manager – current);<br><br>Jim Heard (Division Manager – current) | Port of Tampa<br>2120 Maritime Blvd.<br>Tampa, FL 33605 |

**INTERROGATORY NO. 3:** Describe your employment history, excluding only your employment history with Cargill, including the name and location of each employer, the

Vielka "Vicky" Wint (spouse)
Port of Tampa
2120 Maritime Blvd.
Tampa, FL 33605

Corey Montgomery (friend/co-worker)
3922 Applegate Circle
Brandon, FL 33511

John Smith (friend/co-worker)
12715 Earlyrun Lane
Riverview, FL 33569

Rafeall Boyd (friend/co-worker)
1918 Grand Isle Drive
Brandon, FL 33511

Otis Jones (friend/co-worker)
10616 Fairfield Village Drive
Tampa, FL 33624

Steve Wint

Subscribed and sworn before me
this 30th day of Sept, 2003.

Notary Public

TERESA K. PATTON
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

AS TO OBJECTIONS:

Dated: September 9, 2003

SPRENGER & LANG, PLLC

By:
Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ATTORNEYS FOR PLAINTIFFS



54488