**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Roderick Arnold, et al., Civil No. 01-2086 DWF/AJB

Plaintiffs,

v.

**ORDER ON SECOND MOTION TO STRIKE DECLARATIONS**

Cargill, Incorporated,

Defendant.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's second motion to strike third-party declarations filed by plaintiffs in support of their motion for class certification [Docket No. 261]. Plaintiffs oppose the motion. Hearing was held on August 5, 2004, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Melissa Raphan, Esq., appeared on behalf of the defendant. Susan Coler, Esq., appeared on behalf of the plaintiffs. A related Order on Motion to Strike Declarations dated July 13, 2004, is presently on appeal to the District Court.

Based upon the file, memorandums, declarations, exhibits and arguments of counsel, **IT IS HEREBY ORDERED THAT** defendant's second Motion to Strike Untimely Third-Party Declarations is **denied as moot**. [Docket No. 261].

Dated: August 9, 2004

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Defendant's motion seeks relief which was previously granted in the Court's Order dated July 13, 2004. Though that prior ruling remains on appeal to the District Court, it has not been stayed and therefore remains in effect as of the hearing on the present motion. With respect to third-party declarations produced by plaintiffs prior to the March 17, 2004, class discovery deadline, the July 13, 2004, Order does not strike the declarations and the materials are properly filed. With regard to third-party declarations which had actually been produced to the defendants, but were produced after the close of discovery, the declarations were stricken. However, defendants were permitted to avail themselves of declarations that had been produced, but were untimely, if depositions were allowed on the terms described in the Order.[1] Finally, with respect to third-party declarations that had not been produced as of the date of the July 13, 2004, Order, the submission of such declarations was entirely prohibited as a result of the provision explicitly granting the motion to strike and providing only the limited exception as described.[2] Since those declarations had not already been disclosed, not even the opportunity for a deposition by defendants would render them available for reference and consideration on class certification. The magistrate judge now finds no circumstances requiring further ruling by this Court with respect to the use of third-party declarations in support of class certification, particularly where the ruling is pending review by the District Court.

---

[1] ". . . to the extent that counsel for the putative class are willing and able to produce any already disclosed third-party declarant for deposition to take place in the Twin Cities, on or before August 10, 2004, plaintiff may submit and reference that individual's declaration for consideration on class certification." Order dated July 13, 2004, para 2.

[2] Id., para. 2.

It appears that in the absence of either a stay of the July 13, 2004, Order, or relief on appeal from the Order, plaintiffs may be in direct violation of the previous Order granting defendant's motion to strike third-party declarations as a consequence of their submission and reference to multiple third-party declarations without providing the defendants a reasonable opportunity to take declarant depositions, as well as by filing third-party declarations that were not produced to defendants until after issuance of the Court's Order on July 13, 2004. The Court acknowledges that plaintiffs counsel faced some logistical problems because the deadline for filing materials on class certification brief arose while their appeal of the magistrate judge's Order of July 13, 2004, is still pending. Setting aside the very tenable argument that plaintiff counsels' problems in that regard were of their own making as a result of the calculated decision to obtain and/or produce third-party declarations at the last possible minute, it seems that counsel proceeded to brief the class certification issue with, at worst, utter disregard for the Court's order striking declarations or, at best, a presumption that the magistrate judge's Order would be reversed on appeal to the District Court. In any event, counsel's actions were based upon self-serving and convenient assumptions. Counsel acknowledged that no stay of the Order pending appeal was requested and there is no indication in the record that counsel requested any accommodations from the District Court with regard to class certification briefing. Though there is perhaps no certainty that a request for relief would have gone unopposed or would have been granted by the Court, granting such relief is not out of the ordinary and it is certain that relief was not going to be provided without some request.