UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**DECLARATION OF TERESA K. PATTON IN SUPPORT OF MOTION TO RECONSIDER AND PURSUANT TO RULE 56(f)** |

I, Teresa K. Patton, declare under penalty of perjury that the following is true and correct.

1. I am licensed to practice law in the state of Minnesota, and I am one of the attorneys for plaintiffs in this matter.

2. Plaintiff Darden has not yet conducted discovery into the individualized circumstances of his employment, in part due to the Phase I limitations on pre-class certification discovery. He has not yet served written discovery requests relating to managers and supervisors who made decisions affecting his employment, nor has he noticed depositions for these people.

3. This discovery, if necessary, will occur following a ruling on class-wide liability, after which the legal presumption discussed in the memorandum may or may not apply.

4. In the post-certification discovery phase, this litigation will follow one of two procedural paths. If the Court denies class certification, Darden's claims (as well as those of other named plaintiffs and class members who elect to formally join this action) will proceed to phase two individualized discovery. After a Rule 16 conference, the Court will set discovery and motion deadlines. If the Court grants class certification and schedules a liability trial, Darden may conduct limited discovery on his individual circumstances in advance of a class-wide liability trial. A liability trial would soon follow, and, should the class prevail, additional

individualized discovery would likely be limited as the legal presumption of discrimination would then attach. If the class did not prevail on class-wide liability, discovery and scheduling would then proceed in the same manner as if class certification had been denied. Only then, however, would plaintiffs and other class member conduct detailed individual discovery.

5. While it is unnecessary at this stage to fully describe Darden's individualized discovery in such a circumstance, it would include, at a minimum, the following:

a. identification of all decision makers involved in the alleged adverse employment actions;

b. all documents associated with each of these alleged actions;

c. an in-depth inquiry into the treatment of comparable employees identified by Darden, their total cash compensation, how they were selected for their positions, and how they were promoted, etc.;

d. depositions of many of the decision-makers and some of the comparable employees;

e. identification of those employees Cargill considers the comparables, their total cash compensation, how they were selected for their positions, and how they were promoted, etc.

6. None of the named plaintiffs has yet conducted this type of discovery.

7. For all of the above reasons, Darden submits this Declaration pursuant to Rule 56(f) of the Federal Rules of Civil Procedure as an additional basis to deny defendants' motion for summary judgment until he has a full and fair opportunity for discovery in opposition to defendants' motion.

8. Information about employment dates, division/location, and time frame in the memorandum are drawn from the Cargill Human Resources Information System ("HRIS") database provided by Cargill or from the cited deposition or declaration.

9. Attached to this declaration are true and correct copies of the following exhibits:

Exhibit 1: Memorandum Opinion and Order, dated May 28, 2004;

Exhibit 2: Letter to The Honorable Donovan W. Frank from Susan M. Coler, dated June 15, 2004;

Exhibit 3: Order, dated July 29, 2004;

Exhibit 4: Excerpts of Plaintiffs' Memorandum in Opposition to Defendant's Motions for Summary Judgment on the Claims of Louis Darden and Plaintiffs' Claims for Constructive Discharge, dated April 13, 2004;

Exhibit 5: Excerpts of the deposition transcript of Louis Darden, dated September 5 and 6, 2002;

Exhibit 6: Declaration of Lawrence P. Schaefer in Opposition to Defendant's Motions for Summary Judgment on the Claims of Louis Darden and Plaintiffs' Claims for Constructive Discharge, dated April 13, 2004;

Exhibit 7: Job History of Louis Darden, Paul Bell, Kenneth Grimm, and Jeffrey Narrow from the HRIS data produced by defendant (FILED UNDER SEAL);

Exhibit 8: Expert Report of David W. Peterson, PhD., Patterns in the Performance Ratings, Promotion, Pay and Termination of African American Employees at Cargill, Inc. from 1995 to 2003, revised July 9, 2004 (FILED UNDER SEAL);

Exhibit 9: Excerpts of the deposition transcript of David Peterson, dated June 25, 2004 (FILED UNDER SEAL); and

Exhibit 10: The Performance Management Process (PMP), dated April 20, 2004 (FILED UNDER SEAL).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of August, 2004 at Minneapolis, Minnesota.

***s/Teresa K. Patton***
Teresa K. Patton