UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-2086 DWF/AJB

**CARGILL'S REPLY MEMORANDUM SUPPORT OF MOTION TO DISMISS, DISQUALIFY, AND IMPOSE ADDITIONAL SANCTIONS**

**ORAL ARGUMENT REQUESTED**

Plaintiffs' counsel responded late to Cargill's motion to dismiss, disqualify, and impose additional sanctions – in fact, one day after Cargill's reply was due. Cargill obviously could not reply to plaintiffs' counsel's response until it received that response. The Court has accepted plaintiffs' counsel's response; thus, Cargill asks the Court to consider this brief Reply.

Cargill's motion relies principally on testimony and documents from plaintiffs' counsel's clients, including Bill Douglas, and the piecemeal, much-amended declarations of plaintiffs' lead counsel, Lawrence Schaefer. Sometimes, Mr. Douglas and Mr. Schaefer agree (Mr. Douglas certainly was asked to, and did, deliver piles of confidential Cargill documents to Mr. Schaefer, who then took it upon himself to review Cargill's documents for privilege, return Cargill's documents to Mr. Douglas, and retain a copy of at least some of those documents). Sometimes, Mr. Douglas and Mr. Schaefer disagree (Mr. Douglas says Mr. Schaefer instructed him to destroy Cargill's documents before Cargill could get to them via subpoena, so Mr. Douglas did so; Mr. Schaefer denies it).[1]

[1] Plaintiffs' counsel questions the veracity of Mr. Douglas' account of the July 22, 2002, phone call and the instruction to toss documents, based on the timing of the subpoena ultimately served by Cargill. Cargill already has explained why Mr. Douglas' chronology *exactly* comports with the communications between Plaintiffs' and Defendant's counsel between July 15-18, 2002, Cargill's attempt to obtain discovery on the matter in August 2002, Plaintiffs' efforts to resist that discovery, and Cargill's ultimate

Plaintiffs' counsel opposes the motion by arguing, in essence, that Cargill cannot prove and the Court cannot know precisely what information and documents passed between Mr. Douglas and Mr. Schaefer; by suggesting that Mr. Douglas (who now has nothing to gain by this lawsuit, and who has no love lost for Cargill) should be disbelieved and that the latest version of Mr. Schaefer's recitation should be accepted whole; and by proposing that the entire matter simply be swept under the rug by barring Mr. Douglas from testifying.

Plaintiff's counsel's response underlines precisely the point made by Judge Kyle of this Court and by essentially all federal district judges who have considered behavior like that discovered here: *uncertainty is a reason to grant a motion to disqualify and dismiss, not a reason to deny such a motion*. See, e.g., In re Potash Litig. ,1993 WL 543013 at *16 (D. Minn. Dec. 8, 1993) ("[W]here a question of disqualification is before the Court, any doubt must be resolved in favor of disqualification.") The Court's inability to know precisely what information or document passed on what date between Mr. Schaefer and his first and most important "inside source" for Cargill confidential and privileged information is a problem created by Mr. Schaefer and his subsequent disavowal of Mr. Douglas, not by Cargill.[2] And when Mr. Schaefer plays with fire by having sought out Mr. Douglas as a source of information, it is not appropriate that Cargill, this Court, the attorney-client privilege, and the adversarial system get burned.

Here, Plaintiffs' counsel admits, at last, that they are "guilty" of receiving, reviewing, copying, and storing Cargill's confidential and privileged material. Pls.' Mem. at 1-2. That

---

need to seek and order from the Court compelling disclosure. See Def.'s Mem. at 3-4. Cargill similarly has explained the reasons for the timing of the present motion in light of Plaintiffs' counsel's and Mr. Douglas' resistance to full discovery. See id. at 4-6.

[2] Plaintiffs' counsel continues its to attempt to distance itself from Mr. Douglas and downplay his role in the formation and early strategy of this action; however, such revisionism cannot erase the history of Mr. Douglas' interactions with Plaintiffs' counsel, including between four and six meetings with Plaintiffs' lead counsel, Mr. Schaefer, in late 2000, Mr. Douglas' efforts on Plaintiffs' counsel's behalf, or Mr. Douglas' role as a human resources executive at Cargill, all of which Magistrate Judge Boylan already has found to be fairly established in the record.

begrudging concession alone sets this case apart from all the cases cited by plaintiffs' counsel in their own defense. See Olson v. Snap Products, Inc., 183 F.R.D. 539, 544-45 (D. Minn. 1998) (denying disqualification only because "there is no evidence that privileged matters were disclosed, or discussed"); FleetBoston Robertson Stephens, Inc. v. Innovex, 172 F. Supp.2d 1190, 1195 (D. Minn. 2001) (denying disqualification only because privileged information was not solicited and the former employee did not transfer such information); FDIC v. Amundson, 682 F. Supp. 981, 87 (D. Minn. 1988) (denying disqualification because there was no proof of "some wrong either committed or hidden").

Here, we know that wrongs were both committed and hidden.[3] Cargill respectfully submits that the same "high standards" demanded of counsel in Amundson, In re Potash Litig.,1993 WL 543013 at *16-19, and Lewis v. Capital One Servs., Inc., No. 3:04CV186, slip op. at 4 (E.D. Va. June 10, 2004) (attached as Ex. X to Iwan Decl.), apply in this Court and warrant granting the relief sought.

For all these reasons, Cargill's motion should be granted.

Dated: August 9, 2004

DORSEY & WHITNEY LLP

s/Michael Iwan

Paul B. Klaas (#56327)
William J. Wernz (#11599X)
Michael Iwan (#28628X)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55502-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

[3] In addition to receiving, reviewing, copying, and storing Cargill's confidential and privileged material, plaintiffs' counsel also admits to having initiated contact with Mr. Douglas in July 2000 to discuss the possibility of legal action against Cargill (despite its previous claim that Mr. Douglas had sought out plaintiffs' counsel on this topic), see Pl.'s Mem. at 3-4, and to returning Cargill's confidential and privileged documents to Mr. Douglas, when it should have returned such material to Cargill, see id. at 10.