UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, et al.,
Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**CARGILL'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' APPEAL OF ORDER ON MOTION TO STRIKE DECLARATIONS, OR IN THE ALTERNATIVE, TO COMPEL DECLARANT DEPOSITIONS**

## INTRODUCTION

Ignoring the Scheduling Order which contained a discovery deadline of March 17, 2004, Plaintiffs produced 19 third-party declarations *after* that date ("the Declarations"). Recognizing that such delinquent disclosures were prejudicial because their after-the-fact production deprived Cargill of an opportunity to test the allegations contained in the Declarations (and referenced by Plaintiffs in their Memorandum in Support of Class Certification), Cargill requested that Magistrate Boylan strike the Declarations or allow Cargill to depose the declarants. Magistrate Boylan granted Cargill's request. *See* Order dated July 13, 2004 ("Court Order").[1] In the Court Order, Magistrate Boylan noted that the Declarations were untimely, prejudicial and could only be used by Plaintiffs if the declarants were produced for depositions in the Twin Cities on August 10, 2004, before Cargill's brief opposing class certification was due. Because Plaintiffs elected not to produce the declarants and the deadline for production (August 10, 2004) was passed, this Court should strike all Declarations produced after the close of discovery.

Ignoring the Court Order, Plaintiffs filed the 19 untimely Declarations with their Motion for Class Certification plus an additional 16 Declarations produced *after* the issuance of the

1 A copy of the 7/13/04 Court Order is attached to the Affidavit of Melissa Raphan ("Raphan Decl.") as Ex. 1.

Court Order.[2] By filing the Declarations, Plaintiffs were required to produce the 19 declarants, but refused to do so. The 16 Declarations submitted after the Court Order were prohibited entirely.[3] As the Court Order aptly states, "… justice would not be served if the court was influenced in favor of certifying a class action on the basis of third-party declaration statements that subsequently proved to be vague, untrue or subject to misinterpretation." Magistrate Boylan's Court Order was not clearly erroneous and is supported by the law. Cargill requests that this Court affirm.

**BACKGROUND**

Shortly before the close of the two-year discovery period on March 17, 2004, Plaintiffs provided twelve declarations from former Cargill employees. *See* Strike/Compel Br., Ex. 1.[4] These multi-page declarations followed a general template in which the declarant described generally his/her employment and then proceeded to make sweeping allegations of racial discrimination and/or harassment challenging a variety of employment practices, including performance reviews, discipline, training, work assignments, work environment, promotions, compensation, demotion, and termination. The declarations, signed between November 2003 and January 2004, were received by Cargill on February 23, 2004. *Id.*; *see also* Pls.' Opp'n. to Def.'s Mot. to Strike Untimely Decls., or in the Alt., to Compel Decl't Deps. ("Opp'n

---

2 Cargill does not dispute Plaintiffs' ability to use the 12 declarations submitted before the close of discovery on March 17, 2004.

3 By Order dated August 9, 2004, the Court confirmed that the July 13, 2004 Order "entirely prohibited" the production of any additional declarations. The Court further stated, "… it seems that counsel proceeded to brief the class certification issue with, at worst, utter disregard for the Court's order striking declarations, or at best, a presumption that the magistrate judge's Order would be reversed on appeal to the District Court." See Court Order dated 8/9/04 attached to Raphan Decl. as Exhibit 3.

4 Exhibits previously submitted with Cargill's Motion to Strike Untimely Declarations, or in the Alternative, to Compel Declarant Depositions are cited as "Strike/Compel Br., Ex.___."

Strike/Compel"), Decl. of M. Thompson at ¶ 10 (chart outlining dates declarants signed declarations and dates produced). Plaintiffs have never attempted to offer (nor can they) any explanation for their untimely disclosure.

Upon receipt of the declarations, counsel for Cargill promptly wrote to Sprenger & Lang ("S&L"), asking for confirmation that the 12 declarations were the only such ones in their possession. *See* Strike/Compel Br., Ex. 2. S&L never provided an answer to Cargill's inquiry. Believing that no more third-party declarations were forthcoming, Cargill promptly noticed and took the depositions of ten third-party declarants. These depositions highlighted the discrepancies between the declarations and the sworn deposition testimony.[5]

After the close of discovery, Plaintiffs sent additional declarations substantially similar in form to the first group. Again Cargill's counsel promptly objected. *See* Strike/Compel, Ex. 5. Given the dates on which they were signed it was clear that the declarations were prepared prior to the close of discovery, which fact had not been disclosed despite Cargill's prior request for this information. *Id.* at Ex. 2. Cargill objected to these after-the-fact declarations, as well as any that might follow, and refused to consent to their use in any manner in the case. *Id.* Cargill then moved to strike.

Magistrate Judge Boylan granted Cargill's motion on July 13, 2004. At that time, 19 Declarations had been submitted after the close of discovery. After Plaintiffs produced 16 more untimely declarations not revealed to Cargill or the Court prior to the Court Order's issuance, Magistrate Boylan issued an Order on August 9, 2004 ("Court Order II") denying Cargill's motion as moot. See Court Order II attached to Rapha n Decl. as Ex. 3. because "the submission of the additional 16 declarations with the motion for class certification "was entirely

5 A chart which highlights some of the inaccuracies is included with Cargill's original motion papers and is included herein attached to Raphan Decl. as Exhibit 2. The charts are illustrative but are by no means exhaustive.

prohibited . . . . Since those declarations had not already been disclosed, not even the opportunity to for a deposition by defendants would render them available for reference and consideration on class certification." *See id.*

## ARGUMENT

Plaintiffs argue that the Court Order is clearly erroneous and contrary to law and that the 35 Declarations were not untimely or prejudicial to Cargill. In support of this argument, Plaintiffs claim: 1) Magistrate Boylan does not have the authority to enter a Court Order for the relief ordered and the relief is inappropriate; 2) Plaintiffs did not violate their discovery obligations; 3) the declarations were part of "informal discovery" and thus not subject to the Scheduling Order; and 4) the declarations do not prejudice Cargill because the merits of the Declarations are not meant to be considered and Cargill had used up its allotment of depositions.

Plaintiffs' arguments are inconsistent with the law and the facts. It is a basic tenet that Magistrate Judges have broad authority to manage discovery and resolve discovery disputes. By Orders dated July 13, 2004, and confirmed on August 9, 2004, Magistrate Boylan ruled that the Declarations *were* untimely under the Scheduling Order, and Cargill is indeed prejudiced by the untimely disclosures.

### I. MAGISTRATE BOYLAN'S ORDER IS NEITHER ERRONEOUS NOR CONTRARY TO LAW.

Magistrate Boylan's Court Order should be accorded a highly deferential standard of review because magistrate judges are afforded broad discretion in resolving discovery disputes such that reversal is appropriate only if such discretion is abused. *See, e.g.*, *Doe v. Marsh*, 899 F. Supp. 933 (N.D.N.Y. 1995). A magistrate judge has authority to make rulings on nondispositive pretrial matters. D. Minn. LR 72.1(b); 28 U.S.C.A § 636(b). The term "pretrial matters" includes a great variety of motions and matters which arise in preliminary processing of a case

and generally refers to matters unconnected to issues litigated at trial. *See Robinson v. Eng*, 148 F.R.D. 635 (D. Neb. 1993).

The Court Order reflects Magistrate Judge Boylan's authority to "level the playing field" and power to manage discovery. Having heard dozens of motions in this case he issued a narrowly tailored order which gave Plaintiffs the choice of using the Declarations or having them struck (the post-July 13, 2004, Declarations were automatically struck). Magistrate Boylan voiced concern over the Plaintiffs' late disclosures and noted:

> Furthermore, it appears as though numerous productions were made in a manner calculated to limit the defendant's ability or opportunity to timely test those declarations by deposition or otherwise.
>
> . . .
>
> Under the circumstances presented here the Court concludes that all third-party declarations produced by plaintiffs after the close of discovery on March 17, 2004 are stricken, except to the extent defendant is provided the opportunity to take the deposition of an individual whose declaration *was* produced and whose declaration is offered in support of plaintiffs' motion for class certification.

*See* Court Order at 5 (emphasis added). Particularly given the time constraints involved, the Court Order should be affirmed.[6]

---

[6] Federal Rule of Civil Procedure 30(b)(7) allows telephonic depositions with the consent of the parties or upon order of the court. Recognizing the untenable position in which they have placed Cargill, Plaintiffs now request 2-hour telephonic depositions for the untimely Declarations wholly ignoring the fact that any produced after July 13, 2004 were struck outright. *See* August 9, 2004 Order. In the event that the Court does not strike the 19 Declarations outright, Cargill should be allowed to take the amount of time it needs—previous declarant depositions generally lasted 4-6 hours—particularly given the nature of the declarants' alleged knowledge and the significant inaccuracies in the Declarations revealed in prior depositions. *See* Raphan Decl., Ex. 2. Cargill will be prejudiced absent sufficient time and an in-person deposition. *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986); *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 447 (W.D. Mich. 1993).

**II. THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT PROVIDE FOR AN "INFORMAL" DISCOVERY PERIOD AFTER THE CLOSE OF DISCOVERY THAT WOULD ALLOW UNTIMELY DISCLOSURE OF DECLARATIONS**

Plaintiffs now argue that they obtained the declarations during an "informal" discovery period which is not subject to the Federal Rules of Civil Procedure. Plaintiffs cannot point to any Federal Rule or case supporting this position—the authority is to the contrary. *See, e.g.*, *Fitz v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587 (D.N.J. 1997) (awarding sanctions against plaintiff who submitted declarations in support of motion for class certification after discovery closed). Plaintiffs simply maintain that such informal discovery is pursued "after the formal discovery deadline has passed because this is when greater time is available for informal discovery." *Id.* The class certification discovery period lasted for more than two *years* and Plaintiffs have never provided any reason to justify their untimely disclosures nor can they.

Plaintiffs next assert that the only obligation for "informal discovery" is to seasonably supplement its responses to applicable discovery requests.[7] This argument is self-defeating. If there is an obligation to supplement discovery under Rule 26, then it is clear that the underlying information being "supplemented" is subject to the other Rules of Civil Procedure governing discovery and subject to a magistrate judge's authority to control such discovery. Plaintiffs have not "seasonably" amended their discovery responses. *See* Compel/Strike Br. at 4-8; *see also Hill v. Amoco Oil Co.*1 WL 293628, *2 (N.D. Ill. March 19, 2001) attached as Ex. 10 to Compel/Strike Br. Plaintiffs should "not be allowed to bring in through the back door those issues which they were too late in bringing to the front." *Havenfield Corp. v. H & R Block, Inc.*,

---

7 Plaintiffs also try to claim that their "informal discovery" is protected work product and as such they had no underlying obligation to produce the declarations at all. Their characterization of the Declarations as "attorney work product" is irrelevant because they are not seeking to shield the declarations from production. To the contrary, they have relied on them. Because Plaintiffs have *produced* the declarations, any discussion about work product privilege is moot.

509 F.2d 1263, 1272 (8th Cir. 1975)(holding that defendant was “clearly not acting seasonably” within the meaning of FRCP 26(e)(2) when it failed to disclose discoverable information until five weeks after discovery closed and after the information had been in its possession for four months). Eleventh hour disclosures after the close of discovery and on the eve of Cargill’s deadline for responding to the motion for class certification are untimely.

Finally, Plaintiffs assert that they actually went above and beyond their discovery obligations by producing some of the Declarations before their motion for class certification. This argument is equally meritless. Plaintiffs were required to timely produce the Declarations if they intended to use them in their motion for class certification which they did. Plaintiffs cannot have it both ways—they cannot rely on the Declarations while producing them after the close of the Court-Ordered discovery period such that Cargill could not test them.

**III. PLAINTIFFS’ UNTIMELY DISCLOSURES HAVE PREJUDICED CARGILL.**

Plaintiffs seek to create anecdotal evidence in support of their class certification motion. This use is fundamentally unfair and prejudicial when Cargill has been deprived of the opportunity to question these declarants and would have done so had the Declarations been timely produced. Contrary to Plaintiffs’ assertion, the Court is required to conduct a “rigorous analysis” of a motion for class certification and does not accept the pleadings and evidence on their face. *See, e.g., General Tel. Co. v Falcon,* 457 U.S. 147, 161 (1982) (finding that district courts may “probe behind the pleadings before coming to rest on the certification question ”)

As the Court stated:

> [T]he late declarations not only compromise the defendant’s position with respect to class certification, the materials also have the capacity to improperly influence the court’s comprehensive review of the evidence relating to class certification and to inappropriately interfere with the court’s litigation management responsibilities. Simply put, justice would not be served if the court was influenced in favor of certifying a class action on the

> basis of third-party declaration statements that subsequently proved to be vague, untrue or subject to misinterpretation.

See Court Order at 5. The unfairness and prejudice in this case is amplified by the vague allegations, errors, and inconsistencies discovered in the declarations submitted during discovery. *See* Raphan Decl., Ex. 2. Parties are prohibited from using discovery as both a sword and a shield. *See, e.g.*, *Lim v. Citizens Savings and Loan Ass'n*, 430 F. Supp. 802, 809 (N.D. Cal. 1976)(Plaintiff "cannot use the class action as both a sword for discovery purposes and a shield against testing the sufficiency of allegations made as a result of that discovery"); *Krim v. Banctexas Group, Inc.*, 99 F.3d 775, 778-79 (5th Cir. 1996).

The Court Order "leveled the playing field," which the Magistrate has the discretion to do. In *Fitz v. Ralph Wilson Plastics Co.*, defendants sought sanctions against Plaintiffs, who submitted nine declarations in support of their motion for class certification after discovery closed. 174 F.R.D. 587, 588 (D.N.J. 1997). The court held that "contrary to the dictates of this court and to the notions of fair play and efficiency, the defendants were left unsuspecting that any information was being withheld" and thus "did not have the requisite knowledge and the consequent opportunity to question the adequacy" of plaintiffs' discovery responses. *Id.* at 590. Thus, the court allowed the defendants to depose the declarants and plaintiff was required to compensate the defendants for fees and costs in "leveling the playing field", including the costs of taking the new depositions. *Id.* at 591.

**A. Cargill Is Prejudiced By Plaintiffs' Refusal to Allow It To Defend Itself Against Unsubstantiated Claims**

Magistrate Boylan recognized that Cargill has the right to defend itself in this case and to put the Declarations to the test if Plaintiff wanted to rely on them. At the same time, Magistrate Boylan gave Plaintiffs the choice to forego use of the Declarations if they elected not to produce the declarants. Plaintiffs have elected the option not offered – to use the Declarations, create 16

more, file them in violation of the Court Order and not produce the Declarants. The allowance of these additional depositions is well within the Court's discretion under Rule 26(b), permitting the Court to alter the number of depositions allowed under Rule 30. Further, for good cause, the court may order discovery of any matter relevant to the subject matter in the case.

During these depositions, Cargill discovered that the contents of the Declarations, drafted by Plaintiffs' counsel, contained allegations that declarants later admitted were unfamiliar to them or admitted they lacked first-hand knowledge of the allegations.[8] Declarants' deposition testimony also revealed significant omissions from the declarations and highlighted inconsistencies and recanting of testimony when the declarants were asked about claims made in the Declarations. Deposition testimony also revealed the flimsy premises for the declarants' claims.

*All* of the Declarations contain unsubstantiated claims and Cargill should have a full opportunity to explore this unsubstantiated testimony given what is at stake.

**B. Cargill Is Prejudiced Because It Made Decisions Based on Information Known at the Time Discovery Closed**

All of the declarants would have been subject to deposition under the Federal Rules which allow a non-party to be deposed on any matter "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence" had they been timely disclosed. *See* Fed. R. Civ. Proc. 26(b)(1). Cargill has been deprived of this basic right by Plaintiffs' delayed and untimely disclosures. Magistrate Boylan recognized this reality when he writes in his Court Order, "it appears as though numerous productions were

---

8 For example, Candy Smith's declarations stated that the applied for the job of Assistant to the Office Manager and she felt she was qualified for this position. At her deposition, Ms. Smith testified that she never applied for this position and while interested in the job, no such position was open or available while she was employed at Cargill. Raphan Decl., Ex. 2.

made in a manner calculated to limit the defendant's ability or opportunity to timely test those declarations by deposition or otherwise."

The Court was well within its authority to allow the additional 19 depositions. *See Alexander v. Federal Bureau of Investigation*, 192 F.R.D. 20, 22 (D.D.C. 2000). Here, the case for allowing Cargill to take additional depositions is even stronger.

**CONCLUSION**

Cargill requests that the Court Order of July 13, 2004 be affirmed in its entirety. Because the time for deposing the declarants has passed, basic notions of fair play require that the Court Order be affirmed such that all declarations produced after the close of discovery should be stricken.

Dated: August 9, 2004

DORSEY & WHITNEY LLP

s/ Emily L. Fitzgerald____________

Paul Klaas #0056327
Melissa Raphan #0182795
Holly S. A. Eng #0238028
Emily L. Fitzgerald #0310906
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant Cargill, Inc.