**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hughey, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Civil No. 01-2086 (DWF/AJB)

Plaintiffs,

v.

**ORDER**

Cargill Incorporated,

Defendant.

---

Lawrence P. Shaefer, Esq., Susan M. Coler, Esq., and Teresa Kathleen Patton, Esq., Sprenger & Lang, 325 Ridgewood Ave., Minneapolis, MN 55403; Michael P. Lieder, Esq., Paul Carl Sprenger, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th St. NW, Washington, DC 20009, counsel for Plaintiffs.

Holly S. A. Eng, Esq., Mark John Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul Barry Klaas, Esq., and Ryan E. Mick, Esq., Dorsey & Whitney, 50 6th St. S., Ste. 1500, Minneapolis, MN 55402-1498, counsel for Defendant.

Peter N. Thompson, Esq., Hamline Law School, 1536 Hewitt Ave., St. Paul, MN 55104, Special Master.

---

The above-entitled matter is before the undersigned United States District Court Judge pursuant to Defendant Cargill, Inc.'s ("Cargill") request to file a motion for reconsideration of the Court's Order of July 15, 2002 ("July 2002 Order"). Pursuant to that Order, the Court denied Cargill's motion to dismiss the § 1981 claims of four named Plaintiffs on the grounds that their claims are time-barred by the applicable statute of limitations. In doing so, this Court held that Minnesota's six-year limitations period applied to the § 1981 claims of each named Plaintiff. *See* July 2002 Order at 11. The Court issued a Memorandum Opinion explaining the reasoning behind its ruling.

In a letter dated July 30, 2004, Cargill requested permission to file a motion for reconsideration of the July 2002 Order. The basis for its request is the recent United States Supreme Court case *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. ___, 124 S. Ct. 1836 (2004). In *Jones*, the Supreme Court ruled that causes of action arising under federal statutes (or amendments thereto) enacted after December 1, 1990, are governed by the federal catchall four-year statute of limitations set forth at 28 U.S.C. § 1658. Cargill argues that the *Jones* decision is an intervening development in controlling law that requires a revision of the July 2002 Order.

Plaintiffs responded to Cargill's letter on August 9, 2004, and without agreeing with Cargill's presentation of the law, or with its suggestion that limiting class size *per se* is a legitimate reason to revisit legal decisions, conceded that briefing on this issue is appropriate and would be helpful to the Court.

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). A motion to

reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). A motion to reconsider is appropriate where there has been an intervening change in controlling law. *See Grozdanich v. Leisure Hills Health Ctr.*, 48 F. Supp. 2d 885, 888 (D. Minn. 1999); *Richman v. W.L. Gore & Assocs., Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997). Because the *Jones* decision constitutes an intervening development in controlling law that may affect this Court's determination of whether to continue to apply the six-year statute of limitations in this case, the Court feels that briefing on this issue is warranted.

Based upon the foregoing, submissions of the parties, the record before the Court, and the procedural history of this litigation, the Court hereby enters the following:

**ORDER**

1. Plaintiff's Request for Leave to File a Motion for Reconsideration is **GRANTED**.

Dated: August 11, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court