**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hugley, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Civil No. 01-2086 (DWF/AJB)

CLASS ACTION

Plaintiffs,

v.

**ORDER AND MEMORANDUM**

Cargill Incorporated,

Defendant.

---

Paul Carl Sprenger, Esq., Michael D. Lieder, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th St. NW, Washington, DC 20009; and Lawrence P. Schaefer, Esq., Teresa Kathleen Patton, Esq., and Susan M. Coler, Esq., Sprenger & Lang, 325 Ridgewood Ave., Minneapolis, MN 55403, counsel for Plaintiffs.

Melissa Raphan, Esq., Paul Barry Klaas, Esq., Mark John Ginder, Esq., Holly S.A. Eng, Esq., and Michael Iwan, Esq., Dorsey & Whitney, 50 6th St. S., Ste. 1500, Minneapolis, MN 55402-1498; and Janice Marie Symchych, Esq., Halleland Lewis Nilan Sipkins & Johnson, 220 6th St. S., Ste. 600, Minneapolis, MN 55402, counsel for Defendant.

Peter N. Thompson, Esq., Hamline Law School, 1536 Hewitt Ave., St. Paul, MN 55104.

---

This matter is before the Court upon both the Plaintiffs' and the Defendant's appeals of Magistrate Judge Arthur J. Boylan's Order dated July 13, 2004 (the "Order"). Plaintiffs appeal the

Order as clearly erroneous and contrary to law, arguing that they were inappropriately sanctioned for conduct that was in compliance with the Federal Rules of Civil Procedure and the Scheduling Order in this case. Defendant has appealed from paragraph 4 of the Order, wherein the Court held that the reports of Plaintiffs' experts Dr. David Peterson and Dr. William Bielby "are not protected from public disclosure under the Protective Order" and are not required to be filed under seal.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Based upon the presentations of the parties, including the written submissions and memorandums of the parties and the Court having reviewed the contents of the Court's file in this matter and being otherwise duly advised in the premises, the Court hereby finds that Magistrate Judge Boylan's July 13, 2004, Order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Arthur J. Boylan's Order of July 13, 2004 (Doc. No. 48) is **AFFIRMED** in all respects.

2. Plaintiffs' appeal of order on motion to strike declarations or, in the alternative, to compel declarant depositions (Doc. No. 257) is **DENIED**.

3. Defendant's appeal from paragraph 4 of July 13, 2004, order of Magistrate Judge (Doc. No. 269) is **DENIED.**

Dated: August 12, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The inherent authority of the Court to enforce its own orders, especially those aimed at equalizing the playing field and minimizing prejudice, is essential if the Court is to preserve the integrity of discovery orders and deadlines. Plaintiffs argue that their conduct in producing and filing declarations after the close of class discovery is not subject to sanctions because the process of securing declarations is part of "informal" discovery, and therefore is not subject to the same rules as formal discovery. This Court disagrees. The process used by Plaintiffs to secure declarations is not an exception in any existing order before the Court and therefore is not outside the scope of formal discovery rules.

To the extent that Plaintiffs wished to raise the issue of how to conduct proper "informal" discovery, it should have done so at a scheduling or discovery conference–to avoid exactly what has occurred here. Early and meaningful access to a Judge by parties to a case is intended to enable the Court to address precisely these types of issues. The procedural history and record before this Court

reveals no approach to this Court, no approach to the Magistrate Judge, and no open discussion of this "informal" process that Plaintiffs describe. Thus, the notion that the Rule 16 conference and the Federal Rules of Civil Procedure do not contemplate meaningful control over such information gathering is rejected by the Court. Contrary to the Plaintiffs' position, it is patently obvious that this type of so-called "informal" discovery of securing declarations is a proper subject for the Court. To hold otherwise would allow Plaintiffs to ambush the Defendant with numerous unchallenged declarations by making an end run around the rules for discovery.

The Court also notes its utter dismay at Plaintiffs' decision to disregard Judge Boylan's Order by filing the declarations that were produced after the close of discovery without complying with the terms of the Order, namely, producing the declarants for deposition on or before August 10, 2004. Because Plaintiffs failed to produce the 19 declarants for deposition as required by the Order, their respective declarations are appropriately stricken from the record. Moreover, the 16 additional declarations produced after the issuance, and in defiance, of Judge Boylan's Court Order are also appropriately stricken.

With respect to Defendant's appeal of Paragraph 4 of the Order, the Court finds the holding that the reports of Plaintiffs' experts William T. Bielby and David W. Peterson are not protected from public disclosure under the Protective Order is neither clearly erroneous nor contrary to law. Cargill has failed to demonstrate any error in the removal of the confidential designation from the Peterson and Bielby Reports. Specifically, Cargill failed to meet its burden of making a good-cause showing that the information contained in these reports–basically, aggregated employment data that is not linked to

specific employees–could be harmful to or unjustly disadvantages Cargill and therefore warrants confidential treatment.

D.W.F.