FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al., | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB) |
| | ) | |
| On behalf of themselves and all others similarly situated, | ) | CLASS ACTION |
| *Plaintiffs*, | ) | |
| v. | ) | |
| CARGILL, INCORPORATED, | ) | |
| *Defendant.* | ) | |

**PLAINTIFFS' SUPPLEMENT TO MEMORANDUM IN OPPOSITION TO CARGILL'S MOTION TO DISMISS, DISQUALIFY, AND IMPOSE ADDITIONAL SANCTIONS**

Dated: August 27, 2004

SPRENGER & LANG, PLLC

By: ***s/Susan M. Coler***

Lawrence Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
Sprenger & Lang, PLLC
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

Michael D. Lieder (DC Bar No. 444273)
Steven M. Sprenger (DC Bar No. 418736)
1614 20th Street, N.W.
Washington, DC 20009-1001
(202) 265-8010

ATTORNEYS FOR PLAINTIFFS

Pursuant to the Court's August 20, 2004 Order, plaintiffs submit this supplemental memorandum addressing the circumstances under which a party may introduce evidence at trial concerning the destruction of documents. Plaintiffs do not intend this supplemental briefing to function as a motion in limine. Rather, plaintiffs offer the Court their research on an issue raised by the Court, but not briefed by the parties.

The Court indicated that the spoliation doctrine was the context in which Douglas possibly could be asked the question, "Did Mr. Schaefer tell you to destroy documents?" at a trial in this matter. Plaintiffs agree that this would be the only possible context in which that question could be relevant. However, as applied by courts in this circuit, the spoliation doctrine does not provide a context in which this testimony would be admissible. Presumably Cargill would try to introduce the evidence for one of two purposes: to obtain an adverse inference by showing that plaintiffs destroyed evidence, or to show that plaintiffs' counsel had an unfair advantage.

Judge Ericksen set out the showing necessary "[b]efore a sanction for destruction of the evidence is appropriate":

> "[S]anctions are appropriate when a party (1) destroys (2) discoverable material (3) which the party knew or should have known (4) was relevant to pending, imminent, or reasonably foreseeable litigation." In addition, before a sanction can be imposed, there must also be a finding that the destruction prejudiced the opposing party.

*Fakhro v. Mayo Clinic Rochester*, 2004 U.S. Dist. LEXIS 6406, at *8 (D. Minn. Mar. 31, 2004) (quoting *Lexis-Nexis v. Beer*, 41 F. Supp. 2d 950, 954 (D. Minn. 1999) (Doty, J.)); *accord Fischer v. Rheem Mfg. Co.*, 2004 U.S. Dist. LEXIS 8616, at *4 (D. Minn. May 13, 2004) (Magnuson, J.) (court must examine the nature of the item lost in the context of the claims asserted); *accord Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993) (sanction requires "finding that the destruction prejudiced the opposing party"). The application of the spoliation doctrine thus requires analysis of the nature of the destroyed materials as well as a *finding* of prejudice.

Before sanctions are appropriate, the moving party must show that the destroyed materials are in fact relevant evidence in the litigation. *Lexis-Nexis*, 41 F. Supp. 2d at 955 (holding that spoliation sanctions are unwarranted when movant "has not demonstrated that any of [the] lost data would have contained evidence pertinent to the present litigation"). The analysis also must take into consideration the extent to which destroyed evidence is "crucial to the case." *Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 750-51 (8th Cir. 2004). Here, any documents that Cargill had marked privileged that Douglas destroyed were not relevant to the pending litigation. Sprenger & Lang already had turned over to Cargill copies of those documents on July 12, 2002. Cargill has essentially admitted that these documents are neither relevant nor crucial by its refusal to show them to either this Court or Magistrate Judge Boylan.

Moreover, "[the moving party] must establish a reasonable possibility, based on *concrete evidence* rather than a fertile imagination, that access to the [destroyed material] would have produced evidence favorable to his cause." *Lexis-Nexis*, 41 F. Supp. 2d at 955 (emphasis added) (quoting *Gates Rubber Co. v. Bando Chem. Indus.*, 167 F.R.D. 90, 104 (D. Colo. 1996)). Cargill does not satisfy this burden by speculating, without a shred of evidence, that the destroyed documents were copies of privileged documents that Sprenger & Lang failed to turn over to Cargill. Here, as discussed in plaintiffs' opposition brief and the hearing, it is highly unlikely that Douglas would have had any privileged documents that are even material, let alone crucial, to Cargill's claims and defenses in this case. Even where the destroyed materials cannot be identified, which plaintiffs do not concede here, "a judge must at least be satisfied that the lost materials had, or would have had, some relevance and materiality to the proceedings." *Gates*, 167 F.R.D. at 105; *see also Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir. 2004) (some "direct evidence" of prejudice required) (citing *Felice v. Long Island R. Co.*, 426 F.2d 192, 195 n.2 (2d Cir. 1970)).

Spoliation sanctions also are unwarranted when the relevant information from the destroyed materials is available from another source. *Fakhro*, 2004 U.S. Dist. LEXIS 6406, at

**10-11; *Lexis-Nexis*, 41 F. Supp. 2d at 954-55 (holding that spoliation sanctions are unwarranted when most of the evidence supposedly deleted was still available on a computer). Cargill cannot show any prejudice because, even if Douglas destroyed documents, copies of which were not turned over by Sprenger & Lang, it is inconceivable that Douglas possessed the only copy of the documents. Cargill still undoubtedly possesses copies of whatever privileged documents it wishes to speculate that Douglas destroyed. And of course, Cargill would not be able to use the destroyed documents as evidence without demonstrating that they fall within an exception to the hearsay rule and without waiving privilege, which it was unlikely to do.

Before an adverse inference instruction even may be considered, "there must be a finding of intentional destruction indicating a desire to suppress the truth." *Stevenson,* 354 F.3d at 746. Circumstantial evidence is relevant to this determination. *Id.* at 748 (examining other conduct at the time of the destruction of evidence, such as preservation of other evidence, to determine whether intent is shown). Plaintiffs offered substantial evidence in their brief and at the hearing that no intentional destruction of evidence occurred here. Plaintiffs have shown how Douglas' accusation makes no sense, particularly in the context of Schaefer's other conduct in this litigation. The Eighth Circuit has observed that, when not warranted, an adverse inference instruction "creates a substantial danger of unfair prejudice." *Morris*, 373 F.3d at 903 (remanding for a new trial because of unfair prejudice from adverse inference instruction even where destroyed evidence, an audiotape from the time of the accident, related to central claims and defenses of the case ). That unfair prejudice would exist here.

The spoliation doctrine, requiring relevance, prejudice and, for an adverse inference instruction, intent, therefore provides no context that would make admissible Douglas' testimony about destroying documents. Plaintiffs did not find a single case in which the spoliation doctrine applied when the destroyed copies of documents were originally created by and were still in the possession of the other party.

Alternatively, the Court might envision Cargill seeking to call Douglas to testify about some sort of unfair advantage supposedly gained by Sprenger & Lang as a result of the document spoliation. That would be a totally inappropriate purpose for calling a witness to testify in a trial to a jury. Testimony must be relevant to be admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. How Sprenger & Lang conducted itself during pre-litigation or pre-trial proceedings is not a "fact that is of consequence to the determination of the action." It is a fact of consequence to the Court in determining whether to disqualify Sprenger & Lang. If the Court determines that Sprenger & Lang did not violate any ethical rules or that, even if it did, those violations do not justify disqualification, those issues should not be revisited by the jury.

Indeed, any attempt by Cargill to present the testimony of Douglas concerning the alleged instruction from Schaefer would run afoul of Rule 403. This rule provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. "[S]poliation evidence should not be admitted if its probative value 'is substantially outweighed by the danger of unfair prejudice.'" *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986) (quoting Fed. R. Evid. 403). Evidence poses the risk of "'unfair prejudice'" if it "tends to suggest decision on an improper basis." *Id.* Douglas' testimony about this issue is irrelevant to the claims and defenses in this case and would be offered solely in the hope that a jury would punish the plaintiffs because of the alleged conduct of their attorneys.

For these reasons, if this case proceeds to trial, the spoliation doctrine does not provide a basis for Cargill to seek to elicit testimony from Douglas about the alleged instruction from Schaefer or the destruction of documents. The possibility of such testimony should not be a consideration for the Court when deciding Cargill's pending motion to disqualify and to dismiss the action.