UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-2086 DWF/AJB

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, DISQUALIFY, AND IMPOSE ADDITIONAL SANCTIONS**

Cargill submits this Memorandum in accordance with the Court's Order of August 20, 2004,[1] granting plaintiffs' counsel's request for supplemental briefing "on the question of the circumstances under which a party may introduce evidence at trial concerning the destruction of documents."

No one disputes, of course, that documents were destroyed – documents that belonged to Cargill and that had been marked "Privileged and Confidential." See Douglas Depo. at 281. Bill Douglas destroyed them, he testified, because plaintiffs' counsel Larry Schaefer of Sprenger & Lang ("S&L") instructed him to do so, quickly, before a Cargill subpoena arrived. Id. at 259.

Moreover, as the Court already has informed plaintiffs' counsel, clearly and forcefully, "there is no way to keep Mr. Douglas off the stand, that is not going to be the remedy." Hearing Tr. at 73. Plaintiffs' counsel apparently intend to suggest, therefore, that Mr. Douglas should not be allowed to testify that he destroyed Cargill's documents.

---

[1] By submitting this Memorandum, Cargill does not suggest that something less than dismissal of this action and disqualification of plaintiffs' counsel is appropriate. Plaintiffs' counsel's "troublesome" relationship with Mr. Douglas already has damaged "the system . . . [a]nd the profession," August 13, 2004 Hearing Transcript ("Hearing Tr.") at 17-18, 84, and no more damage should be tolerated. See, e.g., Fischer v. Rheem Manufacturing Co., 2004 WL 1088328 at *2 (D. Minn. May 13, 2004) (ordering dismissal due to spoliation of evidence after determining that adverse inference instruction would have been insufficient to cure the prejudice); U.S. v. Castellano, 610 F.Supp. 1151, 1164 (S.D.N.Y. 1985) (disqualifying counsel for, among other things, destroying records with the belief that "they were relevant to an imminent judicial proceeding").

So far, plaintiffs' counsel have suggested that such a motion *in limine* might someday be granted because there is doubt as to precisely what documents Mr. Douglas destroyed.[2] S&L has suggested that the documents were probably old, or probably not really "Privileged and Confidential," or that they really read only part of them, or that "case clerk" probably kept a copy of them (even though they have no idea who "case clerk" is or why "case clerk" would have copied and retained such documents in the first place). S&L suggests, in essence, that the Court presume the most benign of documents and the most trivial of breaches of Cargill's rights and the judicial system's requirements. That suggestion is directly contrary to the law of this jurisdiction.[3]

By law, when a party has "demonstrated a 'deliberate, willful and contumacious disregard of the judicial process and the rights of [the] opposing part[y]'" by destroying documents, that party cannot then claim "that the information contained is irrelevant or unimportant." Capellupo v. FMC Corp., 126 F.R.D. 545, 551-52 (D. Minn. 1989) (allowing testimony and instructing the jury to take adverse inferences

[2] This suggestion is particularly ironic since S&L themselves cannot track the exchanges of documents back and forth with Mr. Douglas, cannot explain how they remained in possession of a box of Cargill privileged and confidential documents received from Mr. Douglas, and cannot or will not identify the unnamed "case clerk" whom they seek to hold responsible for their admitted negligence. See Hearing Tr. at 48-49. S&L suggests, however, that the Court and Cargill presume that the documents that Mr. Schaefer reviewed and returned to Mr. Douglas are the same documents that "case clerk" kept, contrary to Mr. Schaefer's instructions and without his knowledge. See id. 79-80. As became increasingly clear even during the August 13, 2004 hearing, it is not possible now to reconstruct what Mr. Schaefer reviewed and what Mr. Douglas destroyed.

[3] Cargill limits itself in this supplemental memorandum to the issue the Court ordered the parties to address, *i.e.*, "the circumstances under which a party may introduce evidence at trial concerning the destruction of documents." The Court has not permitted supplemental argumentation on other issues, including the damage done to plaintiffs' counsel's adequacy when Mr. Douglas, the plaintiffs he contacted, or others testify to how S&L got this action going, to bias, to credibility, to taint, to motive, or to "the credibility of the lawsuit itself." Hearing Tr. at 65; see also Koch v. Koch Indus. Inc., 2 F. Supp.2d 1385, 1389 (D. Kan. 1998) (noting that evidence tending to show bias, "that is, any evidence of a relationship, circumstance or motivation 'which might lead a witness to slant, unconsciously or otherwise, his testimony' is 'almost always relevant'"); United States v. Spencer, 25 F.3d 1105, 1109 (D.C. Cir. 1994) (accord); United States v. Harris, 956 F.2d 177, 181 (8th Cir. 1992) (ruling testimony concerning underlying reasons for tampering with evidence admissible "because this helped the jury to evaluate the witnesses' current testimony"). Cargill also will not dwell upon how evidence of Mr. Douglas's recruiting of plaintiffs who otherwise did "not express[] any feelings of having been subjected to overt employment discrimination" until Mr. Douglas suggested the possibility to them, see Douglas Depo. at 72, 199-01, would undercut the validity of that entire claim or would, itself, disprove individual claims of constructive discharge and for emotional distress. If, however, plaintiffs' counsel exceed the bounds set by the Court, Cargill urges the Court to strike or ignore all argumentation directed to other issues.

against party who engaged in and later attempted to disguise destruction of documents and collecting cases); accord Lexis-Nexis v. Beer, 41 F.Supp.2d 950 (D. Minn. 1999); see also Klupt v. Krongard, 728 A.2d 727, 735 (Md. Ct. Spec. App. 1999). As Chief Judge Rosenbaum held in Capellupo, 126 F.R.D. at 552, even under less egregious circumstances, "courts have incorporated a party's destruction of documents into trial proceedings," and that destruction alone is sufficient to permit "the fact-finder to draw inferences adverse to the document-destroying party."[4]

By law, the jury will be instructed that it may infer that the party who destroyed evidence did so because the evidence was unfavorable to its case. See Blinzler v. Marriott Int'l, 81 F.3d 1148, 1158-59 (1st Cir. 1996) (affirming the introduction of evidence at trial of the existence and subsequent destruction of documents for the factfinder's determination as to explanation and decision-making as to adverse inference); Kelley v. United Airlines, Inc., 176 F.R.D. 422, 427 (D. Mass. 1997); Mayes v. Black & Decker (U.S.), Inc., 931 F. Supp. 80, 85 (D.N.H. 1996). In order to make such inferences, the trier of fact must receive evidence regarding the party's knowledge of the relevance of the documents, knowledge of litigation, and the willfulness of the allegedly offending conduct. See Blinzler, 81 F.3d at 1159 (stating that determination *by the jury* of whether "the documents were destroyed accidentally or for an innocent reason" is relevant to the jury's drawing of an adverse inference).

There are a number of adverse inferences that the trier of fact would be entitled to draw from the Douglas/Schaefer destruction of Cargill's documents. Mr. Douglas was among the highest-ranking

[4] S&L may now attempt to distance themselves from Mr. Douglas, their former client who promoted their lawsuit to eight of the named plaintiffs, by S&L's own count. See Hearing Tr. at 68-69. Even if Mr. Douglas were suddenly deemed a stranger to S&L, S&L's *own* decision to put Cargill's documents back into the hands of Mr. Douglas without even a cautionary instruction, rather than return the documents to Cargill as they now admit they should have done, facilitated their destruction and is sufficient culpability by itself. See Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280-81 (8th Cir. 1995). Moreover, the conflict between Messrs. Schaefer and Douglas as to who destroyed what at whose instruction is *itself* yet another reason that the jury has to hear the testimony and decide. See Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 176-178 (1st Cir. 1998) (finding "[w]hether the particular person who spoils evidence has notice of the relationship between that evidence and the underlying claim is relevant to the factfinder's inquiry, but it does not necessarily dictate the resolution of that inquiry" and that it was proper to have *the jury* determine whether it had been proved that the party who destroyed document "had notice both of a potential lawsuit and of the documents' relevance to the claim that underlay such a suit").

human resources executives at Cargill, oversaw matters relating to diversity and race discrimination, and worked directly with Cargill's Law Department "[m]ore often than I would have cared to." Douglas Depo. at 20; see also id. at 117-41. The Court also knows that Mr. Douglas kept notes for himself, and that he had the only copies. See, e.g., "Larry Schaefer Chronology of Events," Douglas Depo. Ex. 4 (prepared by Mr. Douglas and, to Cargill's knowledge, the only copy of which was produced from Mr. Douglas's briefcase during his deposition); Hearing Tr. at 71 (plaintiffs' counsel agreeing that "[t]he chronology Mr. Douglas brought with him to his deposition, he never intended to share that with defense counsel"). The jury reasonably could infer that the Douglas/Schaefer destruction included exculpatory information about Cargill up to the time of Mr. Douglas's departure in early 1998 (two years into the liability period), either with respect to human resources processes in general or with respect to individual putative class members working in the Food Sector during this period.

The Court correctly has foreseen the grounds upon which the jury would be entitled to receive evidence of the entire relationship between Mr. Douglas and S&L and the deleterious consequences to the judicial process that would follow.[5] Cargill's Motion should be granted.

Dated: August 27, 2004

DORSEY & WHITNEY LLP

s/Paul B. Klaas

Paul B. Klaas (#56327)
William J. Wernz (#11599X)
Michael Iwan (#28628X)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55502-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

[5] Although the jury would not be asked to decide questions of professional ethics, ethical considerations further support Cargill's requested relief. Minn. R. Prof. Conduct 3.7 warns that a lawyer may "not act as advocate at a trial" where "the lawyer is likely to be a necessary witness." Mr. Schaefer has implied that he could avoid Rule 3.7 simply by "vigorously cross-examin[ing]" Mr. Douglas. Hearing Tr. at 78. Even this imperfect solution creates an unacceptable ethical dilemma, however, because it gives rise to an irresolvable conflict of interest under Rule 1.7(b).