United States District Court,
D. Minnesota.

Dennis W. **FISCHER** and Judith **Fischer,** and
Western National Insurance Group,
Plaintiffs,
v.
**RHEEM** MANUFACTURING COMPANY,
Robertshaw Controls Company, and Reliant Energy
Resources Corporation. d/b/a Reliant Energy
Minnegasco, Defendants.

**No. Civ.011739(PAM/RLE).**

May 13, 2004.

Bradley L. Doty, Stempel & Assoc, Hopkins, MN, for Plaintiff.

James L. Haigh, Peter G. Van Bergen, Cousineau McGuire & Anderson, George W. Flynn, Hal A. Shillingstad, Flynn Gaskins & Bennett, Minneapolis, MN, for Defendants.

MEMORANDUM AND ORDER

MAGNUSON, J.

***1** This matter is before the Court on Defendant Robertshaw Controls Company's Motion in Limine. This Motion seeks sanctions for spoliation of evidence against Plaintiff Western National Insurance Company. For the reasons that follow, the Motion is granted.

BACKGROUND

On March 10, 1999, a fire destroyed the home of Plaintiffs Dennis W. Fischer and Judith Fischer. Plaintiff Western National Insurance Company ("Western National") insured the home at the time of the fire. Less than a week after the fire, Western National's investigators determined that the probable cause of the fire was a natural gas water heater located in the basement of the home. Defendant Rheem Manufacturing Company ("Rheem") designed, manufactured, and distributed the water heater. Defendant Robertshaw Controls Company ("Robertshaw") designed, manufactured, and distributed the gas control valve connected to the water heater. Defendant Reliant Energy Resources Corporation d/b/a Reliant Energy Minnegasco ("Reliant") was responsible for the natural gas delivery system into the home, including the gas meter and regulator.

After Western National's investigators determined the probable cause of the fire, Western National hired a company to demolish the fire scene. More than two months later, Western National notified Robertshaw that its gas control valve was the likely cause of the fire. At that time, all that remained of the fire scene was the foundation of the house, the water heater and control valve, and some wiring that was above the water heater. [FN1]

FN1. Reliant preserved the natural gas service regulator from the fire scene, but subsequently lost this evidence.

The majority of the claims in the lawsuit have been settled. The only claims that remain are Western National's claims against Robertshaw. In this Motion, Robertshaw seeks to preclude Western National from introducing any evidence at trial derived from the fire scene, including opinions and testimony from Western National's retained experts or from the state fire marshal. Robertshaw argues that this sanction is appropriate because Western National did not preserve the fire scene to allow Robertshaw to investigate the scene.

Western National admits that it did not preserve the fire scene but contends that its failure to preserve the scene itself did not prejudice Robertshaw. According to Western National, it preserved the relevant evidence from the fire scene: the water heater and the gas control valve from the water heater. In the event the Court determines that sanctions are appropriate, however, Western National asks that the Court only give a negative inference instruction, rather than the sanction Robertshaw seeks.

DISCUSSION

The Court has broad authority to impose sanctions for the spoliation of evidence. *Patton v. Newmar Corp.*, 538 N.W.2d 116, 119 (Minn.1995). Sanctions for spoliation are not limited to bad-faith destruction

of evidence, but are appropriate when the party destroying the evidence "knew or should have known" that the evidence was "relevant to imminent litigation." *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir.1993). The Court must examine "the nature of the item lost in the context of the claims asserted and the potential for remediation of the prejudice" caused to the opposing party. *Patton*, 538 N.W.2d at 119.

***2** In this case, there is no dispute that Western National knew or should have known that the fire scene itself was relevant to potential litigation. Western National's Director of Special Investigations, Nancy Jacobson, testified that the fire scene is a valuable piece of evidence, (Shillingstad Aff. Ex. B at 91 (Jacobson Dep.)), and courts recognize that "a fire scene itself is the best evidence of the origin and the cause of the fire." *Hoffman v. Ford Motor Co.*, 587 N.W.2d 66, 71 (Minn.Ct.App.1998). Thus, the Court must examine the prejudice to Robertshaw from Western National's failure to preserve the fire scene and determine whether the prejudice is sufficient to warrant the sanctions Robertshaw seeks.

Western National argues that, in this instance, there is no prejudice to Robertshaw from the destruction of the fire scene. According to Western National, Robertshaw need only establish that its control valve was not defective, and thus Robertshaw's inability to investigate other potential causes of the fire is immaterial. Western National's argument amounts to an argument that half a defense is better than no defense at all.

Although it may be true that Robertshaw's only substantive burden is to rebut Western National's claim that the control valve was defective, Robertshaw also bears a persuasive burden. One of the elements of a prima facie case of products liability is that the product at issue caused the injury. *Gerhard v. Bell Helicopter Textron*, 759 F.Supp. 552, 554 (D.Minn.1991) (Devitt, J.). Because Robertshaw did not have the chance to examine the fire scene, Robertshaw cannot argue to the jury that something other than the water heater caused the fire. The only firsthand evidence the jury will hear as to causation is Western National's experts, and of course those experts all believe that the fire started in the water heater and specifically in the control valve for the water heater. Robertshaw's inability to rebut the evidence of causation is clearly prejudicial to Robertshaw's defense of this action. *See Hoffman*, 587 N.W.2d at 71 (noting that, because of destruction of fire scene, defendant "would be confronted with the challenge of meeting probative and convincing firsthand evidence with sketchy, relatively speculative secondhand evidence").

Because the Court determines that Robertshaw has been prejudiced by Western National's spoliation of evidence, the Court must consider what sanctions would constitute an appropriate remedy for that prejudice. The Court does not agree with Western National that a negative inference instruction is all that is necessary in this case. Such an instruction is no substitute for firsthand evidence of the cause of the fire. Rather, the Court agrees with Robertshaw that Western National should be precluded from relying on evidence obtained from the fire scene, including its experts' opinions and the opinions of the state Fire Marshal. Although it is a severe sanction, it is the only sanction that truly levels the playing field in this instance. *See Dodd v. Leviton Mfg. Co.*, No. CX-02-1570, 2003 WL 21147151, at *1 (Minn.Ct.App. May 20, 2003) (finding exclusion of evidence to be appropriate remedy for destruction of fire scene).

***3** Certainly, it is not always possible to preserve a fire scene until every possible tortfeasor has inspected the scene. When a fire destroys a building, it is in the insured's interest to demolish the fire scene as quickly as possible so that a new building may be constructed on the site. In this instance, however, it is clear that Western National knew very shortly after the fire that the Robertshaw control valve was a likely cause of the fire. In such a situation, it is incumbent on the insurance company to provide notice to the potential tortfeasor and to allow that tortfeasor the opportunity to conduct its own investigation of the fire scene. *See Dodd*, 2003 WL 21147151, at *5 (finding that trial court properly gave significant weight to insurer's failure to provide notice to potential tortfeasor until months after insurer knew that tortfeasor's product was a likely cause of the fire). Western National's failure to give such notice to Robertshaw prejudiced Robertshaw's defense of this matter to such an extent that the only appropriate sanction is to preclude Western National from relying on the evidence gleaned from the fire scene.

CONCLUSION

For the foregoing reasons and based on all the files, records, and proceedings herein, the Court concludes that the prejudice to Robertshaw from the destruction of the fire scene warrants the exclusion of all evidence gleaned from that fire scene. Accordingly,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

IT IS HEREBY ORDERED that Defendant's Motion in Limine to exclude evidence (Clerk Doc. No. 36) is GRANTED.

2004 WL 1088328 (D.Minn.), 64 Fed. R. Evid. Serv. 553

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.