UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-2086 DWF/AJB

**CARGILL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO RECONSIDER THE COURT'S JULY 15, 2002 MEMORANDUM OPINION AND ORDER IN LIGHT OF AN INTERVENING CHANGE IN CONTROLLING LAW**

## I. INTRODUCTION

In the midst of then unsettled law, on July 15, 2002, this Court concluded that the Plaintiffs' claims under 42 U.S.C. § 1981 were governed by Minnesota's six-year personal injury statute of limitations. Subsequently, however, on May 3, 2004, the United States Supreme Court ruled that the federal catchall four-year statute of limitations governs claims brought under § 1981, as amended by the Civil Rights Act of 1991. The Supreme Court's decision in Jones v. R.R. Donnelley & Sons Co., 541 U.S. ___, 124 S. Ct. 1836 (2004), constitutes an intervening change in controlling law. Cargill sought, and on August 11, 2004, received this Court's permission to move for reconsideration. Therefore, Cargill now brings this Motion asking that the Court reconsider its July 15, 2002, decision and rule that the federal catchall four-year statute of limitations period applies to Plaintiffs' § 1981 claims.

## II. ARGUMENT

### A. THE FEDERAL CATCHALL FOUR-YEAR STATUE OF LIMITATIONS APPLIES TO PLAINTIFFS' § 1981 CLAIMS.

On May 3, 2004, the United States Supreme Court ruled that causes of action alleging violations of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, are governed by the federal catchall statute of limitations set forth at 28 U.S.C. § 1658(a) (2004). See Jones, 124 S. Ct. at 1845. Enacted

December 1, 1999, § 1658 provides that, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."

The Court in Jones determined that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 – and therefore is governed by § 1658's 4-year statute of limitations – if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." 124 S. Ct. at 1845. Applying this reasoning, the Court concluded that the § 1981 claims proffered by plaintiffs' in that case – including hostile environment, wrongful termination, and failure-to-transfer – were governed by the 4-year limitations period:

> [P]etitioners' hostile work environment, wrongful termination, and failure-to-transfer claims "ar[ose] under" the 1991 Act in the sense that petitioners' causes of action were made possible by that Act. Patterson held that "racial harassment relating to the conditions of employment is *not actionable* under § 1981." The 1991 Act overturned Patterson by defining the key "make and enforce contracts" language in § 1981 to include the "termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. . . . " Because petitioners' hostile work environment, wrongful termination, and failure-to-transfer claims did not allege a violation of the pre-1990 version of § 1981 but did allege violations of the amended statute, those claims "ar[ose] under" the amendment to § 1981 contained in the 1991 Act.

Id. at 1845-46. Each of the causes of action alleged by Plaintiffs here similarly were made possible by the Civil Rights Act of 1991 and are, therefore, governed by the four-year limitations period. See id.

The Named Plaintiffs here filed their Complaint on August 22, 2001, alleging racial discrimination in promotion, compensation and termination in violation of § 1981. See First Am. Compl. at 36-37. One year later this Court was asked to determine the appropriate limitations period for Plaintiffs' § 1981 claims. Relying on Woodson v. Int'l Bhd. of Elec. Workers Local 292, 974 F. Supp. 1256, 1262 (D. Minn. 1997) – now overruled in pertinent part by Jones – this Court concluded that Minnesota's six-year limitations period applies to all of the named Plaintiffs. See July 15, 2002 Memorandum Opinion and Order ("July 2002 Order"), at 9-11.

The Supreme Court's decision in Jones constitutes an intervening change in controlling law and requires a revision of the July 2002 Order. See Fed. R. Civ. P. 54(b) ("any order or other form of decision . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); Richman v. W.L. Gore & Assocs., Inc., 988 F. Supp. 753, 755 (S.D.N.Y. 1997) (noting the court's inherent authority to revise a prior ruling any time before the final judgment is entered). Considered in light of Jones, it is evident that Plaintiffs' claims of discrimination in promotion, compensation and termination are made possible by the 1991 Act and therefore are governed by § 1658's four-year limitations period. See Jones, 124 S. Ct. at 1845-46 (termination claims governed by § 1658's limitations period); Jackson v. Homechoice, Inc., 368 F.3d. 997, 999 (8th Cir. 2004) (termination claim governed by § 1658's limitations period); Lakshman v. Univ. of Maine Sys., __F. Supp. 2d __, 2004 WL 1770706, *11 (D. Me. Aug. 6, 2004) (promotion and compensation claims governed by § 1658's limitations period); White v. BFI Waste Servs., LLC, 375 F.3d 288, 291-92 (4th Cir. 2004) (compensation claims governed by § 1658's limitations period).

Application of the 4-year statute of limitations bars any claims that arose prior to August 22, 1997.

**B. JONES APPLIES RETROACTIVELY TO THIS CASE.**

The United States Supreme Court has made clear that its "application of a rule of federal law to the parties before the Court requires every court to give retroactive effect to that decision." Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 90 (1993); see also Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752 (1995). Following this clear precedent, the Eighth Circuit Court of Appeals has retroactively applied Jones to claims brought under the amended § 1981. See Jackson, 368 F.3d at 999. In the Jackson case the district court granted the defendant's motion for summary judgment on the plaintiff's § 1981 claims, but the Eight Circuit reversed, expressly noting that "in light of the Supreme Court's decision in Jones, the applicable statute of limitation is four years . . . ." Id.

Other courts faced with this issue have uniformly and retroactively applied Jones to claims brought under the amended § 1981. See, e.g., White, 375 F.3d at 294 ("in light of the Supreme Court's recent decision in Jones, we reverse the district court's application of a two-year statute of limitations to [plaintiff's] section 1981 claims . . . .); Fonseco v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 845 (9th Cir. 2004) (citing Jones and applying § 1658's four-year limitations period to plaintiff's § 1981 claim); Love v. Pinnacle Nissan, Inc., 2004 WL 1398592, *1 (9th Cir. June 22, 2004) (reversing the district court's dismissal of plaintiff's § 1981 claims on statute of limitations grounds and remanding for further proceedings in accordance with Jones); Davis v. American Soc'y of Civil Eng'rs, __F. Supp. 2d __, 2004 WL 1801184, *3, *8 (E.D. Va. Aug. 9, 2004) (holding that, pursuant to the Supreme Court's decision in Jones, plaintiff's § 1981 claims of discriminatory termination and harassment on the basis of race are governed by § 1658(a)'s four-year limitations period); Lakshman, 2004 WL 1770706, at *11 (applying Jones to plaintiff's § 1981 claims of hostile work environment, wrongful termination, and failure-to-transfer and concluding that § 1658's four-year limitation period applies); Pruitt v. City of Chicago, 2004 WL 1146110, *1 (N.D. Ill. May 20, 2004) (citing Jones and applying § 1658's limitations period to limit proposed class size).

Simply put, there is no binding or persuasive authority that would permit the Plaintiffs to avoid retroactive application of the Supreme Court's decision in Jones.[1] Consequently, employees who left Cargill prior to August 22, 1997, and claims that arose prior to August 22, 1997, are time-barred.

---

1 Any attempt by Plaintiffs to rely on Fogie v. THORN Americas, Inc., 190 F.3d 889 (8th Cir. 1999), to urge the application of the Chevron Oil Co. v. Huson, 404 U.S. 86 (1971), is utterly without merit. (Letter from Coler to Judge Frank of 8/9/04, at 1.) Fogie was concerned with the district court's decision to grant the plaintiff class a retrospective remedy based on a new rule of law announced by the Minnesota Supreme Court three years after the class action complaint was filed. See 190 F.3d at 902. The court there considered the Chevron Oil factors because that is the analysis a Minnesota state court would follow to determine whether a newly announced Minnesota state legal principle should only apply prospectively. See id. The Court here is concerned with the retroactive application of federal law, and therefore the analysis in Fogie is not even remotely applicable to the Court's analysis. See id. at 902-04.

**C. THE CONTINUING VIOLATIONS THEORY CANNOT REVIVE TIME-BARRED CLAIMS.**

Evidently hoping the Court and Cargill will forget that this issue has already been briefed and decided, Plaintiffs assert that the continuing violations theory should extend their § 1981 claims back to at least 1995. (Letter from Coler to Judge Frank of 8/9/04, at 1.) This Court has ruled already on this in the parallel context of the MHRA:

> [T]o the extent that Plaintiffs contend that the continuing violation theory should apply, the Court finds the MHRA claims of Plaintiffs who no longer worked for Cargill [outside of the limitations period] to be time-barred. . . . While the facts of this case may allow for the application of the continuing violation theory for some individuals, no such violation can be shown to have continued for those employees who were terminated before the suit's time period began.

July 2002 Order, at 8-9. See also Def.'s Mem. in Supp. of its Partial Mots. to Dismiss, for Summ. J., and to Strike, at 16.

In Pruitt, 2004 WL 1146110, at *1, the plaintiffs alleged a pattern and practice of harassment on the basis of race and national origin and moved for class certification of their Title VII and § 1981 claims. While their motion was ultimately denied, the court applied Jones and the federal four-year limitations period to limit plaintiffs' proposed class.

> Plaintiffs, acting as class representatives, filed this case with this court on April 29, 2003. Accordingly, any cause of action that could have been filed by Plaintiffs in this case would have had to occurred within the four years preceding April 29, 2003 (i.e. between April 29, 1999 and April 29, 2003). Therefore, any individual who was not employed as a laborer by Defendant between April 29, 1999 and April 29, 2003 . . . could not have filed a case in the first instance. As such, twenty-seven of the ninety-nine individuals listed in the proposed class that were not employed as laborers by Defendant during the Section 1981 filing period may not be considered part of the proposed class for Section 1981 relief.

Id. at *7.

The continuing violations theory cannot be used to revive claims that could not be properly brought in the first instance. The Court addressed this issue once in the context of Plaintiffs' MHRA claims, and the same reasoning – and outcome – applies now to Plaintiffs' § 1981 claims.

## III. CONCLUSION

For all of the above reasons, Cargill respectfully requests that this Court revise its Order of July 15, 2002, pursuant to the Supreme Court's holding in Jones v. R.R. Donnelley & Sons Co., 541 U.S. ___, 124 S. Ct. 1836, 1845 (2004), and hold that the Named Plaintiffs' § 1981 claims are governed by the four-year statute of limitations set forth at 28 U.S.C. § 1658(a) (2004).

Dated: August 31, 2004

DORSEY & WHITNEY LLP

s/Holly S.A. Eng
Paul B. Klaas (#56327)
Holly S. A. Eng (#238028)
Shari L. Jerde (#0306551)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55502-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED