Only the Westlaw citation is currently available.

United States District Court, D. Minnesota.

Emmett and Karen ERPELDING, David Johnson, and the Afton Marina & Yacht Club, Inc., Plaintiffs,
and
UNITED SERVICES AUTOMOBILE ASSOCIATION, Intervenor,
v.
SKIPPERLINER INDUSTRIES, INC., Defendant and Third-Party Plaintiff,
v.
SEARS, ROEBUCK AND COMPANY, being sued as Sears, Roebuck & Co., Third-Party Defendant.
Stephen BENNINGTON and Gerald Shannon, Plaintiffs and Cross-Claimants,
and
Michael S. and Deborah J. COX, Plaintiffs and Cross-Claimants,
v.
SKIPPERLINER INDUSTRIES, INC., Defendant and Third-Party Plaintiff,
Emmett and Karen ERPELDING, Plaintiffs and Cross-Claim Defendants,
v.
SEARS, ROEBUCK & CO., Third-Party Defendant.

**No. 99-16(DWF/AJB).**

Sept. 5, 2002.

Boat owners and individuals and entities who lost property as result of fire which destroyed boat filed action against boat designer alleging breach of implied and express warranties as result of alleged defect in the boat which resulted in fire. Designer filed third-party complaint against manufacturer of allegedly defective dishwasher. Manufacturer filed motion to exclude testimony of two experts retained by boat owners. The District Court, Frank, J. held that: (1) proposed expert testimony, that wiring of dishwasher or electrical system was cause of fire, was not sufficiently derived by a reliable scientific method and lacked foundation; (2) proposed expert testimony, that fire resulted from a malfunction of one of electrical devises or its wiring, lacked foundation and was unreliable; and (3) manufacturer of allegedly defective dishwasher could not be liable to owners of ship which was destroyed due to fire allegedly cause by dishwasher absent evidence that dishwasher was in fact source of fire.

Motion granted.

[1] **Evidence 555.5**

157k555.5 Most Cited Cases

Proposed expert testimony, that wiring of dishwasher or electrical system was cause of fire, was not sufficiently derived by a reliable scientific method, as required by Federal Rules of Evidence governing expert testimony, in trial against boat designer for breach of implied and express warranties as result of alleged defect in the boat which resulted in fire; record provided little information about what scientific principles and methodology, if any, were used by expert in reaching his conclusions, and his conclusions, whether actually correct or not, did not logically flow from assumptions and evidence he described as underpinning those conclusions. Fed.R.Evid. Rule 702.

[2] **Evidence 555.5**
157k555.5 Most Cited Cases

Proposed expert testimony, that wiring of dishwasher or electrical system was cause of fire, lacked foundation in trial against boat designer for breach of implied and express warranties as result of alleged defect in the boat which resulted in fire; expert did not know whether dishwasher could cause a fire if it was not in use, he did not know whether dishwasher door was latched, did not perform tests on model of dishwasher to determine whether it had any defects, and he did not know whether any such tests were performed by anyone else. Fed.R.Evid. Rule 104(a)

[3] **Evidence 555.5**
157k555.5 Most Cited Cases

Proposed expert testimony, that fire resulted from a malfunction of one of electrical devises or its wiring, lacked foundation and was unreliable in trial against

boat designer for breach of implied and express warranties as result of alleged defect in the boat which resulted in fire; expert provided little to no information about what, if any, scientific principles informed his opinion or what, if any, scientific method he used to reach that opinion, and expert gave no explanation for his apparent failure to consider fire sources external to boat, including possibility of lightning. Fed. R. Evid. Rule 104(a)

**[4] Sales 284(1)**
343k284(1) Most Cited Cases

Manufacturer of allegedly defective dishwasher could not be liable to owners of ship which was destroyed due to fire allegedly caused by dishwasher absent evidence that dishwasher was in fact source of fire in trial against boat designer for breach of implied and express warranties as result of alleged defect in boat which resulted in fire.

Robert M. Frazee, Jeffry C. Schmidt, and Clinton S. Bogden, Meagher & Geer, Minneapolis, MN, Robert Lentz, Steven B. Fisher, and Joseph J. Janatka, Daar Fisher Kanaris & Vanek, Chicago, IL, and Bradley D. Fisher, Foley & Mansfield, Minneapolis, MN, for Plaintiffs and Cross-Claim Defendants Emmett and Karen Erpelding.

Jeffrey W. Lambert, Lambert & Boeder, Wayzata, MN, Derrick Kirby, Alan K. Goldstein, and Daniel E. Tranen, Goldstein & Price, St. Louis, MO, for Plaintiffs and Cross-Claimants Stephen Bennington and Gerald Shannon.

Aaron Biber, Mansfield Tanick & Cohen, Minneapolis, MN, for Plaintiffs and Cross-Claimants Michael S. and Deborah J. Cox.

Thomas Peterson, Peterson & Hektner, Minneapolis, MN, for Plaintiffs David Johnson and the Afton Marina & Yacht Club.

Craig Dokken, Yost & Baill, Minneapolis, MN, for Intervenor United Services Automobile Association.

Daniel A. Haws, Murnane Conlin White & Brandt, St. Paul, MN, Timothy R. Schupp, Flynn Gaskins & Bennett, Minneapolis, MN, Joseph G. Petrosinelli, Williams & Connolly, Washington, DC, for Third-Party Defendant Sears, Roebuck & Co.

Patrick Reilly, Leon R Erstad, Gina M. Stanaway, Erstad & Riemer, Minneapolis, MN, for Defendant and Third-Party Plaintiff Skipperliner Industries, Inc.

MEMORANDUM OPINION AND ORDER

FRANK, J.

Introduction

***1** The above-entitled matter came on for hearing before the undersigned United States District Judge on August 16, 2002, pursuant to Third-Party Defendant Sears, Roebuck & Co.'s motion to exclude the expert testimony of Lawrence Plack and John Pagels and for summary judgment. For the reasons set forth below, the motion is granted.

Background

This action arises out of a fire which destroyed a boat owned by the Erpeldings; the fire also did damage to the property of The Afton Marina & Yacht Club, Stephen Bennington, Gerald Shannon, and Michael and Deborah Cox. The Erpeldings' boat was designed and assembled by Skipperliner. The boat, as delivered in May of 1997, came equipped with a number of amenities and appliances, including a Kenmore dishwasher manufactured by Sears.

In the early morning hours of May 28, 1998, Karen Erpelding-who was alone on the boat-awoke to discover that the vessel was on fire. Mrs. Erpelding saw flames in the galley of the boat and went to a neighboring vessel to call for emergency assistance. Despite Mrs. Erpelding's attempts to unmoor the boat, the boat burned while docked. The flames spread to a number of nearby boats, seriously damaging and/or destroying them.

The Erpeldings allege that the fire was electrical in nature and originated in the control panel of the Kenmore dishwasher or in the immediately adjacent wiring to the dishwasher. They further allege that the fire was the result of some latent defect in the dishwasher, or, at a minimum, the result of some latent defect in the wiring of the boat itself.

The Erpeldings brought this action against Skipperliner alleging breach of implied and express warranties as a result of the alleged defect in the boat. The remaining plaintiffs are individuals and entities who lost property as a result of the fire on the Erpeldings' boat. Skipperliner has brought a third-party complaint against Sears, the manufacturer of the allegedly defective dishwasher.

Sears has brought this motion to exclude the expert

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

testimony of Lawrence Plack and John Pagels, two experts retained by the Erpeldings. If the Plack and Pagels testimony is excluded, Sears argues, there is absolutely no evidence remaining in the record to establish that the dishwasher was the source of the fire, and Sears should be dismissed from the suit.

Skipperliner is in the unusual and unenviable position of defending against this motion. Skipperliner does not endorse the testimony of Plack and Pagels, which testimony implicates Skipperliner itself. Rather, Skipperliner argues that if the Plack's and Pagels's opinions are excluded, Skipperliner should also be dismissed from the case. However, Skipperliner has brought no motion for summary judgment.

Plack and Pagels are the Erpeldings' witnesses, witnesses crucial to establishing some fire origin other than lightening or Mrs. Erpeldings' own negligence and thus crucial to establishing that someone other than the Erpeldings is financially liable for the enormous losses incurred. Remarkably, however, the Erpeldings have not filed any brief in response to Sears's motion. Rather, the Erpeldings take no position on the instant motion at all, asserting that the motion affects only Sears and Skipperliner because the Erpeldings have not directly sued Sears. The Erpeldings make no comment about the fact that Sears is attempting to extricate itself from this action by challenging the admissibility of the Erpeldings' witnesses, and that if Sears is successful on this motion, the Erpeldings' case against Skipperliner will likely disintegrate.

Discussion

1. Motion to Exclude Witnesses

***2** Sears challenges the expert testimony of Lawrence Plack and John Pagels. Sears alleges that the testimony of these two experts is inherently unreliable and lacking in foundation, and Sears asserts that the testimony should be excluded pursuant to this Court's gatekeeping function, as defined in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The Court agrees that the testimony of these two experts should be stricken.

Pursuant to *Kumho Tire* and *Daubert*, a trial court, performing its gate-keeping function, must ensure that any and all scientific or other expert testimony or evidence admitted is not only relevant, but reliable. In order that such expert evidence meets Rule 702's requirement of "scientific knowledge," it must be derived by a reliable scientific method.

[1] In evaluating expert testimony pursuant to *Daubert*, the Court's focus is solely on principles and methodology, and not on the conclusions that expert ultimately reaches. The record provides little information about what scientific principles and methodology, if any, were used by Plack in reaching his conclusions. His conclusions, whether actually correct or not, do not logically flow from the assumptions and evidence he describes as underpinning those conclusions. The Court finds that Plack's testimony is not sufficiently reliable, pursuant to Article 7 of the Federal Rules of Evidence, to be of any assistance to the jury. The reliability concerns raised by Sears and adopted by the Court are of sufficient magnitude that they render the opinions inadmissible and do not simply go to the weight that a fact-finder should afford them. Accordingly, Plack's opinions should be excluded.

[2] Moreover, separate from the *Daubert-Kumho Tire* issues, Plack's testimony and conclusions are entirely lacking in foundation. Lawrence Plack opines that the cause of the Erpelding fire was the electrical system or wiring of the dishwasher. Plack's opinion is based upon his conclusion, supposedly drawn from the eyewitness testimony of Karen Erpelding, that the source of the fire was somewhere in the lower cabinet near the sink and the dishwasher. However, Karen Erpelding adamantly insists that she saw flames only near the ceiling, in a corner of the galley which is on the other side of the room from the dishwasher. Plack's basis for disregarding Mrs. Erpelding's eyewitness account is that, when asked whether there were flames near the dishwasher, she responded that she did not think so. Such a tentative response, Plack concludes, cannot be used to exclude the dishwasher area as a source of flames and the fire. Even assuming that Mrs. Erpelding's statement was too tentative to rule out the dishwasher as a source of the fire, it is certainly too tentative to serve as the basis for the conclusion that the dishwasher *was* the source of the fire.

Beyond Plack's strained interpretation of Mrs. Erpelding's eyewitness testimony-which has the effect of concluding she meant the exact opposite of what she said-Plack has little basis for his conclusion that the dishwasher was the source of the fire. Plack notes that there was beaded copper in the dishwasher, a finding consistent with the dishwasher being the source of the fire. However, Plack fails to note,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

explain, or discount the testimony of John Pagels that beaded copper was found everywhere throughout the galley and that beaded copper is as likely a result of the fire as evidence of its cause. Moreover, Plack's testimony otherwise lacks foundation. Plack asserts that a defect in the wiring system of the dishwasher must have caused the fire, yet he does not know whether a dishwasher can cause a fire if it is not in use; he does not know whether the dishwasher door was latched (a fact he concedes is relevant to his conclusion); he himself did not perform tests on this model of dishwasher to determine whether it has any defects; and he does not know whether any such tests were performed by anyone else.

***3** The Court agrees with Sears's characterization of Plack's testimony: Plack begins with the premise that the cause of the fire was electrical and then determines that the dishwasher must be the source, mysteriously discounting the possibility that any of the many other electrical appliances in the galley could have caused the fire. Plack reaches his conclusions by determining that the source of the fire was in the lower galley cabinet near the dishwasher, even though he has no independent basis for concluding that the fire started there and even though that determination directly contradicts the testimony of the only eyewitness to the fire.

Plack's testimony and conclusions are lacking in foundation and not sufficiently reliable to be of use to a jury. Accordingly, they should be excluded.

[3] The testimony of John Pagels should be similarly excluded. First, as with Plack, the record provides little to no information about what, if any, scientific principles informed Pagels's opinion or what, if any, scientific method he used to reach that opinion. Thus, the testimony and opinion should be excluded pursuant to *Daubert* and *Kumho Tire.*

Also, as with Plack's opinion, the flaws in Pagels's opinion run deeper than the usual *Daubert-Kumho Tire* concerns. Pagels's opinion utterly lacks foundation, and should be excluded pursuant to Rule 104(a). Pagels begins with the following assumptions: (1) there was a fire in the galley of the boat; (2) there were electrical devices in the galley of the boat, and electrical devices can cause fires; and (3) there was no other heat source in the galley which could have started the fire. Based upon those assumptions, he reaches the rather innocuous conclusion that the fire resulted from a malfunction of one of the electrical devises or its wiring. Pagels's conclusion, frankly, adds little to the record at all, as Pagels is unable to determine which of the many electrical devises and wires in the galley caused the fire. Although Pagels cannot exclude the dishwasher as a cause, neither does he exclude any of the other electrical devises; Pagels ultimately does not pinpoint the source of the fire with any useful precision.

Moreover, even Pagels's seemingly unremarkable conclusion that the fire was electrical proves unreliable. Pagels determined that the fire was electrical simply because "[t]he only heat producing source in the area where the fire was discovered was the electrical system and the electrical appliances that were connected to that system." Pagels had no foundation for that assumption. First, it contradicts the apparently uncontroverted evidence that there was a candle in the galley (although the issue of whether the candle was burning remains disputed). Second, Pagels gives no explanation for his apparent failure to consider fire sources external to the boat, including the possibility of lightning.

2. Summary Judgment Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir.1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" ' Fed.R.Civ.P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

***4** The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Krenik*, 47 F.3d at 957.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

3. Sears's Motion for Summary Judgment

Sears has brought this motion for summary judgment arguing that, if the testimony of Plack and Pagels is excluded, there is no evidence in the record to indicate that the fire originated with the dishwasher. At the hearing on this motion, the Court expressed its concern that the record contains testimony by other experts which may, upon close inspection, implicate the dishwasher. The parties, including counsel for the Erpeldings, indicated that the other experts have either withdrawn their opinions or changed them. The parties seem to agree that the only evidence implicating the dishwasher as the source of the fire are the opinions of Plack and Pagels.

[4] Accordingly, because the Court has determined that the testimony of Plack and Pagels should be excluded pursuant to *Daubert* and *Kumho Tire* and for lack of foundation, the Court concludes that Sears is entitled to summary judgment.

Skipperliner, the only party to respond to Sears's motion, argues not that Sears's motion should be denied but that if Sears's motion is granted Skipperliner should also be dismissed from the action. Skipperliner may be correct. It is entirely possible that, without the testimony of Plack and Pagels, the Erpeldings have no viable claim against Skipperliner. However, there is no motion for summary judgment by Skipperliner properly before the Court. Moreover, without any response by other parties and a close review of the rest of the evidence, the Court is unwilling to grant summary judgment *sua sponte*.

For the reasons stated, IT IS HEREBY ORDERED:

1. Third-Party Defendant Sears, Roebuck & Co.'s motion to exclude the expert testimony of Lawrence Plack and John Pagels and for summary judgment (Doc. No. 100) is GRANTED.

2002 WL 31014823 (D.Minn.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.