**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hughey, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Civil No. 01-2086 (DWF/AJB)

Plaintiffs,

v.

**ORDER**

Cargill Incorporated,

Defendant.

---

Lawrence P. Schaefer, Esq., Susan M. Coler, Esq., and Teresa Kathleen Patton, Esq., Sprenger & Lang, 325 Ridgewood Ave., Minneapolis, MN 55403; Michael P. Lieder, Esq., Paul Carl Sprenger, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th St. NW, Washington, DC 20009, counsel for Plaintiffs.

Holly S. A. Eng, Esq., Mark John Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul Barry Klaas, Esq., Ryan E. Mick, Esq., Shari L. Jerde, Esq., Emily L. Fitzgerald, Esq., and Heather Toft, Esq., Dorsey & Whitney, 50 6th St. S., Ste. 1500, Minneapolis, MN 55402-1498, counsel for Defendant.

Lewis A. Remele, Jr., Esq. and Charles E. Lundberg, Esq, Bassford Remele P.A., 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707, counsel for Sprenger & Lang.

Peter N. Thompson, Esq., Hamline Law School, 1536 Hewitt Ave., St. Paul, MN 55104, Special Master.

---

The above-entitled matter is before the undersigned United States District Court Judge pursuant to Sprenger & Lang's ("S&L") request to file a motion for reconsideration of the Court's Order of September 24, 2004 (the "Order").[1] In the Order, the Court, pursuant to its inherent power to ensure the integrity of the litigation process, disqualified S&L after determining that S&L violated several ethical duties and that the proceedings had been tainted by S&L's mishandling of Cargill's privileged and confidential material. The Court issued a Memorandum Opinion explaining the reasoning behind its ruling.

In a letter dated October 5, 2004, S&L, through its attorney, suggested that the Court should reconsider its Order. The basis for its request appears to stem from language in the Order stating that S&L violated certain Rules of Professional Conduct. For example, S&L states that it is not legally accurate to suggest that a law firm, as opposed to an individual attorney, has violated the Rules of Professional Conduct. S&L also takes issue with the Order insofar as it believes that the Order subjects all of the lawyers of the S&L law firm to harsh criticism. S&L argues that such criticism is unfair and harmful to the reputation of lawyers who were not involved in the misconduct.

Defendant Cargill, Inc. ("Cargill") responded to S&L's letter on October 12, 2004, opposing S&L's request for reconsideration for several reasons. First, Cargill asserts that S&L's argument that only individual attorneys can violate the Rules of Professional Conduct could have been but was not raised prior to the issuance of the Order and is therefore barred as a matter of law. Second, Cargill

---

[1] The Court reads Sprenger & Lang's October 5, 2004, letter to the Court as a request to file a motion to reconsider. *See* October 5, 2004, letter at 2 ("[W]e submit that some of the Court's language addressing the Sprenger & Lang law firm needs to be reconsidered for several reasons.").

asserts that before issuance of the Order, S&L argued that S&L's conduct was governed by the Rules of Professional Conduct and S&L presented itself to the Court as a unified whole. Third, Cargill argues that ethics rules do apply to misconduct by law firms and notes that courts commonly base their orders disqualifying law firms on the application of professional standards to law firms.

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

The Court need not and will not engage in a lengthy discussion explaining under what circumstances a law firm can be held responsible for ethical violations under state or federal law. Regardless of whether this Court found that an individual attorney (or attorneys) as opposed to S&L violated certain ethical obligations, S&L, as a firm, would have been disqualified. The Court also notes that regardless of the parameters under which a disciplinary board may operate, courts undoubtedly have the authority to sanction lawyers and law firms as part of their duty to protect the integrity of judicial proceedings.

Counsel for S&L suggests that the use by this Court of the phrase "S&L" somehow criticizes every lawyer in the firm. Whether this is the case or not, that is precisely how the matter was presented and argued by both parties in this case. Plaintiffs themselves framed their arguments as follows: "S&L

did not violate any ethical rules." (Plaintiffs' Memorandum in Response to Defendant's Motion to Dismiss, Disqualify, and Impose Additional Sanctions at 19.); "S&L's conduct in this litigation is governed by the Minnesota Rules of Professional Conduct." (*Id.* at 19.); "In that circumstance [S&L talking to Douglas as a witness] . . . S&L was obligated to ensure that Douglas did not discuss privileged communications . . ." (*Id.* at 20.); "S&L Did Not Solicit Privileged Documents from Douglas." (*Id.* at 21.); "S&L Did Not Violate Its Ethical Duties in Returning the Documents to Douglas." (*Id.* at 22.); and "Even if the Court concludes that S&L may have violated one or more Rules . . ." (*Id.* at 27.). Before now, Plaintiffs never argued that S&L, as a firm, could not violate an ethical rule.

Moreover, at no point did Plaintiffs distinguish between individuals working on the case and S&L in general with respect to who specifically should be held accountable for any misconduct. Indeed, the Court framed the issues precisely as the parties did. The Court is perplexed by the suggestion that it was the Court that somehow unilaterally implicated the entire firm by the use of the phrase "S&L" when Plaintiffs, or at least the seven lawyers who signed off on the brief and the lawyers who argued the case, framed the issue precisely in that manner.[2] If S&L is now requesting that the Court take a different approach or change its analysis, such a request is denied. *See Hagerman*, 839 F.2d at 414 ("A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment."). Such arguments should have been raised previously. Furthermore, any suggested change in the Order that would replace the Court's finding that

[2] Up until now, the Court assumed that neither counsel for Cargill nor counsel for Plaintiffs were attempting to implicate every attorney at S&L through the repeated reference to S&L in the context of specific ethical violations made by individuals working on the case.

S&L violated ethical rules with a finding that a certain individual (or individuals) violated his/her ethical duties, would have no impact on the ultimate decision to disqualify S&L.

With respect to any remaining issues concerning whether S&L is allowed to provide Plaintiffs' legal files to successor counsel, the Court suggests that such issues can be easily disposed of by an *in camera* review of disputed documents.

Based upon the foregoing, submissions of the parties, the record before the Court, and the procedural history of this litigation, the Court hereby enters the following:

**ORDER**

1. S&L's Request for Leave to File a Motion for Reconsideration is **DENIED**.

Dated: October 13, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

Copies of this order were sent via facsimile to Lewis A. Remele, Jr., Esq., and Charles E. Lundberg, Esq., Bassford Remele P.A.