Plaintiffs deny that Schaefer instructed Douglas to throw the documents away. Plaintiffs claim that when Schaefer informed Douglas that S&L had inadvertently copied and retained a copy of the documents, and that S&L was going to turn these documents over to Cargill and its attorneys, Douglas became very angry. Plaintiffs suggest that Douglas may have tossed the documents out of anger and frustration or even faulty memory. It is undisputed that soon after this phone call, Douglas deposited the Cargill documents that had been returned by S&L into the trash. Douglas' testimony was subpoenaed by Cargill on March 4, 2003.

After discovering that S&L had been in possession of Cargill documents marked confidential and privileged, Cargill launched what became a protracted effort to depose Douglas and elicit discovery from S&L to account for how the documents came into their possession. On June 27, 2003, Magistrate Judge Arthur J. Boylan ordered Douglas to appear for two days of deposition and to answer all of Cargill's inquiries regarding his interaction with S&L, regardless of any claim of attorney-client privilege by S&L. *See Arnold v. Cargill*, *Inc.*, Civ. No. 01-2086 (DWF/AJB), slip op., (D. Minn. June 27, 2003) (Boylan, M.J.) (the "June 27, 2003, Order).

During the first day of deposition testimony, Douglas' testimony raised several serious ethical issues, one being that S&L instructed Douglas to destroy copies of Cargill confidential and privileged documents. Counsel for Cargill suspended the deposition and promptly wrote the Court to apprise it of Mr. Douglas' testimony and to seek guidance. (*See* Iwan Decl. at ¶ 2, Ex. G.) The Court acknowledged Cargill's right to seek additional discovery from S&L as a prelude for a possible motion to disqualify and/or dismiss the action. (*See* Iwan Decl. at ¶, Ex. H.)

Cargill served subpoenas for documents and testimony, which S&L promptly moved to quash. On November 26, 2003, the Court ordered S&L to respond to the document requests and