**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RODERICK ARNOLD, ET AL, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil Action No.: 01-CV-2086 (DWF/AJB)

**DECLARATION OF MICHAEL D. LIEDER**

---

I, Michael D. Lieder, declare that:

1. I am a member of the Bar of the District of Columbia, was admitted pro hac vice for purposes of the above-referenced case, and am an owner of Sprenger & Lang, PLLC ("S&L"). I make this declaration upon personal knowledge.

2. On Monday, September 27, 2004, Susan Coler, an S&L partner, and I contacted the Minnesota Office of Lawyers' Professional Responsibility to alert it of the Court's disqualification order of September 24, 2004, and to ask it to conduct an investigation. The next day, S&L retained Charles E. Lundberg of Bassford Remele to jointly represent the firm and Lawrence Schaefer in proceedings before the Office of Lawyers' Professional Responsibility and to advise the firm about the process of helping the plaintiffs in this case to find replacement counsel without subjecting that counsel to a disqualification motion.

3. By Thursday, September 30, 2004, S&L had developed a script to be used in contacting potential replacement counsel. A copy of that script is attached as Exhibit A hereto.

EXHIBIT
I

4. Between Friday, October 1, 2004, and Wednesday, October 6, 2004, I contacted a partner at each of three firms that partners at S&L, including I, believe possess the resources, experience and skills to step in as potential replacement counsel: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.; Mehri & Skalet, PLLC; and Lieff, Cabraser, Heimann & Berstein LLP. Susbsequently I contacted a partner at Goldstein, Demchak, Baller, Borgen & Dardarian. Each of these firms has successfully prosecuted multiple employment discrimination class actions in venues located throughout the country. In describing the circumstances to each of them, I adhered closely to the script attached as Exhibit A. In response to their questions, I adjusted the order of the script, but I believe that I communicated everything on the script and nothing more about the case than is contained on the script. The lawyers from three of the four firms with whom I talked specifically asked about access to expert reports. The only documents that we have provided to them are the current version of the complaint, a docket sheet, contact information for most of the plaintiffs, and in some instances the disqualification order.

5. I am familiar with few other firms with the resources, experience and skills to step in as potential replacement counsel. I am aware of fewer than 20 firms throughout the country for which contingent employment discrimination class action lawsuits constitute a substantial portion of their practice, and some of them concentrate on smaller class actions than this case that don't require such a large investment of resources. Numerous other firms prosecute class action lawsuits, but generally not in the employment discrimination area. Those firms, therefore, may lack knowledge of the substantive area of law and of the peculiarities of employment discrimination class actions.

6. The partner from Lieff Cabraser with whom I talked left me a voice message on Thusday, October 7, withdrawing from consideration.

7. S&L typically takes many months of investigation before committing to file an employment discrimination class action case. We try to interview as many potential class members as possible and find out as much as possible about the employer, including its leadership, organizational structure, HR systems, number of employees, demographic composition, and history of dealing with discrimination and diversity issues. We obtain information not only from potential plaintiffs and witnesses but also from a variety of sources, including governmental agencies, prior judicial decisions, and the Internet. From a variety of conversations that I have had over the years with other employment class action lawyers, I am confident that these lawyers follow a similar approach.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**Dated**: October 22, 2004

s/Michael D. Lieder
Michael D. Lieder (DC No. 444273)
Sprenger & Lang, PLLC
1614 Twentieth Street N.W.
Washington, DC 20009
(202) 265-8010
(202) 332-6652 (*facsimile*)

On Friday, September 24, our firm was disqualified from representing the plaintiffs and potential class in a race discrimination case filed in the District of Minnesota. We are calling to see if you might be interested in being contacted by the plaintiffs concerning representation.

Defendant is Cargill. Cargill is represented by Dorsey & Whitney's Minneapolis office.

Our firm has retainer agreements with the 26 named plaintiffs, and approximately 20 other potential class members. The proposed class is salaried employees through grade 15, essentially through mid-level management.

The judge gave the plaintiffs 120 days to find replacement counsel.

We will supply you with a copy of the disqualification decision, which was based on contacts that lead counsel Larry Schaefer, a partner in our Minneapolis office, had with a former HR official of Cargill and certain documents that this official provided that had been stamped "privileged."

We also can supply you with the publicly available portions of pleadings, and with orders in the case. We'll provide you now with the current version of the complaint and the docket sheet. If you want additional documents from the docket, let us know.

Cargill apparently is taking the position that we cannot provide you with any documents not publicly available. Until that issue is resolved, we cannot provide you with copies of anything that was designated as confidential.

Until we were disqualified, argument on class certification was scheduled for October 1.

Each side has conducted about 40 depositions covering about 60 days of depositions apiece.

Each side has prepared expert reports. We have three experts: David Peterson is the statistical expert, Bill Bielby is the stereotyping expert, and Ron Adler is the HR expert. Cargill has filed a motion to strike these reports.

We suspect that Cargill will take the position that everything that we did was tainted, and therefore that discovery must start over. We hope that the judge will not permit this to occur.

Judge Frank, who disqualified us, has certified several employment discrimination class actions.

Prior to being disqualified, we participated in settlement talks with Cargill. Obviously, I'm not at liberty to indicate anything about the parties' respective positions.

We cannot make the decision about whom the plaintiffs will retain as replacement counsel. We intend to contact one or two other firms to see if they are interested. We then will provide the names of interested firms to plaintiffs.

EXHIBIT

A

We would like to send a letter to the plaintiffs with a list of firms by Friday, October 8. If you are interested, please let me know before then. It might also help if you provide whatever information about your firm that you think would be helpful and the address of your firm website. The plaintiffs will decide whom they wish to contact and in what order.