**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RODERICK ARNOLD, ET AL,
on behalf of themselves and all others
similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil Action No.: 01-CV-2086 (DWF/AJB)

**DECLARATION OF SUSAN M. COLER**

---

I, Susan M. Coler, declare that:

1. I am a member of the Bar of the State of Minnesota, am a counsel of record in this case, and a partner of Sprenger & Lang, PLLC ("S&L"). I make this declaration upon personal knowledge.

2. A copy of the Stipulation and Protective Order, signed by the Court on July 14, 2003, is attached to this declaration as Exhibit B.

3. Attached to this declaration as Exhibit C is a letter that S&L sent to the Plaintiffs on Monday, September 27, 2004, along with a copy of the Court's September 24, 2004 disqualification order.

4. Cargill has marked the great majority of the approximately 89,500 documents that it produced in the case as "confidential" or "attorneys eyes only." Out of the approximately 378 Cargill documents Plaintiffs cited in their class certification brief, all but 11 were designated as "confidential" or "attorneys' eyes only."

EXHIBIT
II

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**Dated**: October 22, 2004

s/ Susan M. Coler

Susan M. Coler (MN No. 217621)
Sprenger & Lang, PLLC
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RODERICK ARNOLD, NII-AKWEI ACQUAYE, SEAN ALLEN, HOLLIS BRANHAM, TOYA BROWN, DAWN COLLINS, LOUIS DARDEN, DELLA DICKSON, VIRGINIA DOUGLAS, RONALD GARRUS, MARGO HARVEY, CHENETA HUGHEY, JACQUELINE JENKINS, KEITH LEWIS, VALERIE MASON-ROBINSON, MICHAEL MITCHELL, PHYLLIS REECE, TONYA ROSS, CHARLES SCOTT, CLINTONIA SIMMONS, TAUSHA TATE, EMILY TYLER, JACQUELINE WILLIAMS, CHERYL WILLIS, SEAN WRIGHT, on behalf of themselves and all others similarly situated,<br>*Plaintiffs*,<br>v.<br>CARGILL, INCORPORATED,<br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br>CLASS ACTION<br>**STIPULATION AND PROTECTIVE ORDER** |

The above-named plaintiffs, individually and on behalf of all others similarly situated, and the above-named defendant (collectively the "parties"), by and through their respective duly authorized counsel of record, hereby stipulate and agree to the following Protective Order in the above-captioned action.

During the course of discovery in this action the parties hereto, as well as third parties, may be under an obligation to disclose information and/or materials deemed to constitute trade secrets or confidential information, including but not limited to Plaintiffs' medical records;

FILED JUL 14 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

EXHIBIT
B

Plaintiffs' employment records from employers other than Defendant; Plaintiffs' tax records; sensitive personnel information regarding Defendant's employees, former employees and job applicants such as applications, personnel files, training materials, employee lists, internal communications, performance ratings, employee compensation information, supervisory notes, discipline reports, employee handbooks, documents relating to Defendant's employment policies, computer data information relating to Defendant's employment practices; corporate structure; market analysis, non-public financial information; information regarding research, and development; and other documents and information containing trade secrets and proprietary information. Disclosure of such information and/or materials during discovery shall occur only upon the terms and conditions set forth herein.

1. Purpose. All documents or information designated "Confidential" or "Attorneys' Eyes Only" (as set forth below) produced by a party or third party (the "Producing Party") shall be used by the receiving party (the "Receiving Party") solely for the purposes of this litigation and not for any business, commercial, competitive, or any other purpose.

2. Confidential Information. Confidential information and documents shall include documents, portions of deposition transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials designated as Confidential as set forth below. Any documents or information designated Confidential shall be treated as such, unless and until counsel agree in writing that the material may be declassified or the Court rules to the contrary. This Paragraph shall be interpreted to be consistent with the procedures set forth in Paragraph 5 below governing objections to "Confidential" designations.

3. Attorneys' Eyes Only Information. The parties acknowledge that discovery may include information of an exceptionally sensitive nature, including trade secret, proprietary, or

strategic business information, and plaintiff medical records. Accordingly, a Producing Party may designate such exceptionally sensitive information "Attorneys' Eyes Only." Attorneys' Eyes Only information and documents shall include documents, portions of deposition transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials designated as Attorneys' Eyes Only as set forth below. Any documents or information designated Attorneys' Eyes Only shall be treated as such, unless and until counsel agree in writing that the material may be declassified or the Court rules to the contrary. This Paragraph shall be interpreted to be consistent with the procedures set forth in Paragraph 5 below governing objections to "Attorneys Eyes Only" designations.

4. Method of Designating Documents Confidential or Attorneys' Eyes Only. Any documents intended to be Confidential or Attorneys' Eyes Only by the Producing Party shall be so designated by stamping "Confidential" or "Attorneys' Eyes Only" on the first page of the document.

(a) Documents produced prior to the entry of this Order may be designated Confidential or Attorneys' Eyes Only by the Producing Party within ten (10) business days of the date of the Order. Any such designation shall be in writing delivered to the Receiving Party.

(b) All deposition testimony will be Confidential for ten (10) business days after receipt of the transcript by the designating party. Thereafter, only those portions of the deposition testimony specifically designated Confidential or Attorneys' Eyes Only at the time given or during the ten-day period will be Confidential or Attorneys' Eyes Only. If a portion of deposition testimony is designated Confidential or Attorneys' Eyes Only at the time given, the reporter shall mark that portion of the transcript accordingly.

(c) Employment records produced pursuant to authorizations automatically shall be deemed Confidential.

(d) Plaintiffs' medical records produced pursuant to authorizations automatically shall be deemed Attorneys' Eyes Only.

5. Contesting "Confidential" and/or "Attorneys' Eyes Only" Designations. A Receiving Party may object to the designation of a document as Confidential or Attorneys' Eyes Only, or the failure of a Producing Party to so designate a document, by notifying counsel for the Producing Party in writing at any time during the litigation. If counsel cannot first resolve any disputes in good faith on an informal basis, either party may seek appropriate relief from the Court. The parties shall treat the disputed documents as Confidential or Attorneys' Eyes Only until the Court rules or they reach a written agreement otherwise. The Party proposing "Confidential" or "Attorneys' Eyes Only" designations has the burden of justifying the designations.

6. Persons Allowed Access to Confidential Information. Documents and information designated Confidential shall be maintained in confidence and shall not be disclosed or made available to any person other than:

(a) The above-named plaintiffs on the condition that each plaintiff acknowledges that he or she is bound by this Stipulation and Order by signing a copy of Exhibit A;

(b) Officers and employees of the defendant;

(c) Counsel of record and their staff who are assisting in the litigation;

(d) Persons noticed for deposition or designated as trial witnesses on the condition that each person to whom the disclosure is made (i) is only shown documents and information that counsel, in good faith, decides are required for preparation for testimony or to testify, and (ii) acknowledges that they are bound by this Stipulation and Order by signing a copy of Exhibit A;

(e) Outside consultants or experts retained for purposes of testifying or assisting trial counsel in the litigation on the condition that each person to whom the disclosure is made acknowledges that they are bound by this Stipulation and Order by signing a copy of Exhibit A;

(f) The Court, court personnel, and court reporters for the litigation; and

(g) Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Nothing contained in the Order shall prevent any party from disclosing its own Confidential documents as may be consistent with applicable law.

7. Persons Allowed Access To Attorneys' Eyes Only Information. Documents and information designated Attorneys' Eyes Only shall be maintained in confidence and shall not be disclosed or made available to any person other than:

(a) Counsel of record and their staff who are assisting in the litigation;

(b) Any person involved in the preparation of or who had authorized access to the contents of the Attorneys' Eyes Only document as an employee of defendant;

(c) Outside consultants or experts retained for purposes of testifying or assisting trial counsel in the litigation on the condition that each person to whom the disclosure is made acknowledges that they are bound by this Stipulation and Order by signing a copy of Exhibit A;

(d) The Court, court personnel, and court reporters for the litigation; and

(e) Persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Nothing contained in the Order shall prevent any party from disclosing its own Attorneys' Eyes Only documents as may be consistent with applicable law.

8. Use of Attorneys' Eyes Only Information in Deposition. No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to reveal Attorneys' Eyes Only material. The deposition must proceed upon the following basis: Prior to answering the deposition question or questions all persons present shall be advised of the terms and conditions of this Stipulation and Protective Order and, at the request of the designating party, all persons not authorized to receive Attorneys' Eyes Only material under this

Stipulation and Protective Order shall leave the room during the time in which this material is disclosed or discussed.

9. No Publication. No Confidential or Attorneys' Eyes Only documents shall be posted on web sites or otherwise published or disseminated by the parties or their counsel without the permission of the party designating such documents as Confidential or Attorneys' Eyes Only. Portions of affidavits and briefs quoting Confidential and Attorneys' Eyes Only information or documents shall not be posted on web sites or otherwise published or disseminated by the parties or their counsel without the permission of the party designating such information or documents as Confidential or Attorneys' Eyes Only. Portions of briefs and affidavits not filed under seal may be posted on web sites or otherwise published or disseminated by the parties or their counsel without the permission of the party designating such information or documents as Confidential or Attorneys' Eyes Only.

10. Court Filings. Any Confidential or Attorneys' Eyes Only documents filed with the Court, shall be filed under seal. Portions of affidavits and briefs quoting Confidential or Attorneys' Eyes Only information or documents will be filed under seal. Statistical analyses that do not link Confidential or Attorneys' Eyes Only information to specific employees do not need to be filed under seal. Sealing shall be accomplished by filing the documents in a sealed envelope or container on which the following notice shall be attached:

> CONFIDENTIAL – UNDER PROTECTIVE ORDER
>
> The enclosed document has been filed under seal pursuant to the terms of a Protective Order in this action. This envelope shall not be opened or its contents disclosed or examined except by order of the Court.

11. After the Litigation. At the conclusion of the litigation, all Confidential or Attorneys' Eyes Only documents, all documents containing information derived from

Confidential or Attorneys' Eyes Only documents, and all copies shall be either: (a) returned to the Producing Party within thirty (30) days, or (b) destroyed within thirty (30) days, with a written certification of destruction provided to the Producing Party. The terms of this Stipulation and Order, insofar as they restrict communication or use of Confidential or Attorneys' Eyes Only documents and information, shall survive and remain in force after the conclusion of the litigation.

12. Work Product and Briefs. Counsel may maintain their work product and all briefs, pleadings or other filings with the Court that include Confidential or Attorneys' Eyes Only documents, but these materials shall remain subject to the terms of this Stipulation and Order.

13. No Waiver of Confidentiality, Attorneys' Eyes Only, Attorney-Client Privilege or Work Product Doctrine. Nothing in this Stipulation and Order shall be deemed to require disclosure of confidential information, attorneys' eyes only information, or material protected by the attorney-client privilege or the work product doctrine. The inadvertent production of any document during this litigation shall be without prejudice to any claim of confidentiality, attorneys' eyes only status, attorney-client privilege, work product doctrine, or any other legally recognized privilege, and the Producing Party shall not be held to have waived any rights by an inadvertent production. If a party inadvertently produces a document, the Receiving Party shall return the original and all copies of the document pursuant to a written request and shall not use any information thus obtained unless allowed to do so by the Court.

14. Limitations. Nothing in this Stipulation and Order shall be construed to limit any party from opposing discovery on any grounds otherwise available. Nor shall anything in this Stipulation and Order restrict a party or its trial counsel from using or disclosing information that

they already possess or may acquire by proper means in the future independent of the formal discovery process in this action. Further, the parties do not intend to waive any rights via this Stipulation with regard to (a) the manner in which Court proceedings are conducted; (b) the degree to which Confidential or Attorneys' Eyes Only documents may be made available to class members other than Plaintiffs in the event of class certification; and (c) the use of Confidential or Attorneys' Eyes Only documents at trial.

15. Modification. This Stipulation and Order does not prevent disclosure beyond its terms if the Producing Party consents to the disclosure in writing, or if the Court orders such a disclosure. Further, the parties may modify this Agreement in writing and with approval by the Court. Any party may request modification of this Order from the Court, after written notice to the other party.

Dated: July 2, 2003

SPRENGER & LANG, PLLC

By [signature]
Lawrence Schaefer #195583
Susan M. Coler #217621
Teresa K. Patton #205679
325 Ridgewood Avenue
Minneapolis, MN 55403
Telephone: (612) 871-8910

Michael D. Lieder (DC Bar No. 444273)
Steven M. Sprenger (MO Bar No. 43994)
1614 20th Street, N.W.
Washington, DC 20009-1001
Telephone: (202) 265-8010

Attorneys for Plaintiffs

Dated: July 2, 2003

DORSEY & WHITNEY LLP

By [signature]

Janice M. Symchych #10811X
Mark Ginder #136396
Melissa Raphan #182795
Holly S. A. Eng #238028
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED

Dated: ______________________ ______________________________
Roderick Arnold

Dated: ______________________ ______________________________
Nii-Akwei Acquaye

Dated: ______________________ ______________________________
Sean Allen

Dated: ______________________ ______________________________
Hollis Branham

Dated: ______________________ ______________________________
Toya Brown

Dated: ______________________ ______________________________
Dawn Collins

Dated: ______________________ ______________________________
Louis Darden

Dated: ______________________ ______________________________
Della Dickson

Dated: ______________________ ______________________
Virginia Douglas

Dated: ______________________ ______________________
Ronald Garrus

Dated: ______________________ ______________________
Margo Harvey

Dated: ______________________ ______________________
Chenata Hughey

Dated: ______________________ ______________________
Jacqueline Jenkins

Dated: ______________________ ______________________
Keith Lewis

Dated: ______________________ ______________________
Valerie Mason-Robinson

Dated: ______________________ ______________________
Michael Mitchell

Dated: ______________________ ______________________
Phyllis Reece

Dated: ______________________ ______________________
Tonya Ross

Dated: ______________________ ______________________
Charles Scott

Dated: ______________________ ______________________
Clintonia Simmons

Dated: ______________________ ______________________
Tausha Tate

Dated: ______________________ ______________________
Emily Tyler

Dated: ______________________ ______________________
Jacqueline Williams

Dated: ______________________ ______________________
Cheryl Willis

Dated: ______________________ ______________________
Sean Wright

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RODERICK ARNOLD, NII-AKWEI ACQUAYE, SEAN ALLEN, HOLLIS BRANHAM, TOYA BROWN, DAWN COLLINS, LOUIS DARDEN, DELLA DICKSON, VIRGINIA DOUGLAS, RONALD GARRUS, MARGO HARVEY, CHENETA HUGHEY, JACQUELINE JENKINS, KEITH LEWIS, VALERIE MASON-ROBINSON, MICHAEL MITCHELL, PHYLLIS REECE, TONYA ROSS, CHARLES SCOTT, CLINTONIA SIMMONS, TAUSHA TATE, EMILY TYLER, JACQUELINE WILLIAMS, CHERYL WILLIS, SEAN WRIGHT, on behalf of themselves and all others similarly situated, | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB) |
| *Plaintiffs,* | ) | **PROTECTIVE ORDER** |
| v. | ) | |
| CARGILL, INCORPORATED, | ) | |
| *Defendant.* | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the foregoing Stipulation of the parties,

**IT IS HEREBY ORDERED** that:

1. The foregoing Stipulation of the parties shall be, and hereby is, adopted as the Order of this Court, and the parties are directed to fully comply with its terms.

2. The Clerk of this Court is directed to maintain the confidentiality of all documents filed in accordance with Paragraph 9 of the foregoing Stipulation.

Dated: 7/14, 2003

BY THE COURT:

The Honorable Arthur J. Boylan
United States Magistrate Judge



19783

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RODERICK ARNOLD, NII-AKWEI ACQUAYE, SEAN ALLEN, HOLLIS BRANHAM, TOYA BROWN, DAWN COLLINS, LOUIS DARDEN, DELLA DICKSON, VIRGINIA DOUGLAS, RONALD GARRUS, MARGO HARVEY, CHENETA HUGHEY, JACQUELINE JENKINS, KEITH LEWIS, VALERIE MASON-ROBINSON, MICHAEL MITCHELL, PHYLLIS REECE, TONYA ROSS, CHARLES SCOTT, CLINTONIA SIMMONS, TAUSHA TATE, EMILY TYLER, JACQUELINE WILLIAMS, CHERYL WILLIS, SEAN WRIGHT, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>**AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER** |

STATE OF ____________ )
)ss.
COUNTY OF ____________ )

The undersigned, being first duly sworn on oath, deposes and states as follows:

1. I have read and understand the Stipulation and Protective Order filed in this action, and I agree to and understand that I am bound by its terms.



19783

**EXHIBIT A**

2. I understand that the Court has the authority to enforce this Order, including the full range of sanctions available under the Federal Rules of Civil Procedure up to and including contempt of court proceedings.

____________________________________

Subscribed and sworn to before me
this ___ day of _______________, 2003.

______________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

**SPRENGER & LANG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

WRITER'S ADDRESS:

SUSAN M. COLER
MINNEAPOLIS OFFICE
E-Mail: scoler@sprengerlang.com
Website: www.Sprengerlang.com

1614 TWENTIETH STREET, N.W.
WASHINGTON, D.C. 20009-1001
(202) 265-8010
FAX (202) 332-6652

325 RIDGEWOOD AVENUE
MINNEAPOLIS, MINNESOTA 55403
(612) 871-8910
FAX (612) 871-9270

September 27, 2004

**VIA OVERNIGHT COURIER**

Mr./Ms. First Name Last Name
Address
City, State Zip Code

**Re:** ***Arnold, et al. v. Cargill, Inc.***
**No. 01-CV-2086 (DWF/AJB)**

Dear Mr./Ms. Last Name:

We deeply regret to have to inform you that in the enclosed order issued at the end of the day last Friday, Judge Frank disqualified Sprenger & Lang as counsel in *Arnold v. Cargill*. However, Judge Frank denied Cargill's motion to dismiss the case and has given you and the other plaintiffs 120 days to find new counsel to proceed with the case.

We are in the process of determining what steps we can take to assist you in getting new counsel and will be communicating with you about this as soon as possible. We apologize for what may seem like a somewhat impersonal means of communicating this information with you. We want you to have the order immediately, but we do not want to do or say anything that will jeopardize your ability to retain new counsel until we have further guidance.

Because of this development, the class certification hearing scheduled for this Friday, October 1, 2004, is cancelled.

Very truly yours,

Sprenger & Lang, PLLC

By: ____________________
Susan M. Coler

:mbk

EXHIBIT
C