**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RODERICK ARNOLD, et al, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil Action No.: 01-CV-2086 (DWF/AJB)

CLASS ACTION

**DECLARATION OF CHARLES E. LUNDBERG**

---

I, Charles E. Lundberg, declare that:

1. I am a member of the Bar of the State of Minnesota, and am admitted to practice before this Court. I am counsel for Sprenger & Lang, PLLC (S&L) in connection with issues arising out of the disqualification of S&L in the above-captioned matter, and I make this declaration upon personal knowledge.

2. At the time I was retained to represent S&L, we had just received a September 28, 2004 letter (attached hereto as Exhibit D) to Lawrence Schaefer from Cargill lawyer, Paul Klaas, requesting the return to Cargill of documents marked "Confidential" and "Attorneys' Eyes Only." Mr. Klaas's letter goes on to state that S&L "is not allowed to disclose confidential Cargill information or documents (including work product, briefs, portions of briefs, or attachments that are under seal, as required by Paragraphs 9 and 12 of the Court's Order) to anyone other than persons qualified under paragraphs 6 and 7 of the Court's Order." In addition, Mr. Klaas states that "Because the taint began with communications on July 6, 2000, all Plaintiffs' information and work product gained or created after that date must not be disseminated, orally or in writing, or the recipient will

EXHIBIT

tabbies

III

also be tainted." In support of this assertion, Mr. Klaas cites *In re Potash Antitrust Litigation*, 1993 WL 543013 (D. Minn. 1993).

3. Over the next week or two I attempted to resolve these issues directly with Mr. Klaas, in personal meetings, telephone conferences, and email exchanges. We were not successful in reaching any agreement on these issues.

4. On October 6, 2004, I sent via electronic mail a letter to Mr. Klaas (attached hereto as Exhibit E), stating that S&L intends to share with potential replacement counsel the expert reports by David W. Peterson, PhD. and William T. Bielby, PhD. In that letter I explained that Magistrate Judge Boylan had ruled in his July 13, 2004 Order that these reports "are not protected from public disclosure under the Protective Order," and that Judge Frank had affirmed this ruling in his August 12, 2004 Order. In response to my letter, however, Mr. Klaas emphasized that the experts' reports, too, may be tainted and thus Cargill's position is that S&L may not transfer those reports to potential successor counsel, even though they are part of the public record.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 22, 2004

s/ Charles E. Lundberg
Charles E. Lundberg (License #6502X)
BASSFORD REMELE
*A professional Association*
Attorneys for Sprenger & Lang PLLC
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota 55402-3707
(612) 333-3000
(612) 333-8829

439392.doc

DORSEY
DORSEY & WHITNEY LLP

PAUL B. KLAAS
(612) 340-2817
FAX (612) 340-8856
klaas.paul@dorsey.com

September 28, 2004

**VIA FACSIMILE AND UNITED STATES MAIL**
Lawrence Schaefer, Esq.
Sprenger & Lang, P.L.L.C.
325 Ridgewood Avenue
Minneapolis, MN 55403

Re: Arnold, et al. vs. Cargill, Inc.
Court File No. 01-CV-2086 (DWF/AJB)

Dear Mr. Schaefer:

I am writing on three subjects related to Judge Frank's Order of September 24, 2004.

First, please return all Cargill documents identified as "Confidential" and "Attorneys' Eyes Only" to us immediately, or please let me know how Sprenger & Lang intends to comply with the Court's Protective Order dated July 14, 2003, since Sprenger & Lang is no longer qualified to maintain or review those Cargill documents. In addition, of course, Sprenger & Lang is not allowed to disclose confidential Cargill information or documents (including work product, briefs, portions of briefs, or attachments that are under seal, as required by Paragraphs 9 and 12 of the Court's Order) to anyone other than persons qualified under Paragraphs 6 and 7 of the Court's Order.

Second, as Judge Frank held, these proceedings have been "tainted" by the breach of Cargill's confidentiality and privilege, and, because of the document destruction, the breach cannot be "track[ed] exactly" and its full extent is somewhat "unknown." *See* Order of September 24, 2004, at 26-27. Because the taint began with communications on July 6, 2000, all Plaintiffs' information and work product gained or created after that date must not be disseminated, orally or in writing, or the recipient will also be tainted. *See, e.g., In re Potash Antitrust Litigation*, 1993 WL 543013 (D. Minn. 1993).

Third, you may wish to know that Cargill does not intend to issue a public press release concerning Judge Frank's Order. Cargill only intends to circulate an internal notice to its employees. Cargill may respond to questions from reporters, particularly if Sprenger & Lang or others make statements that require response.



EXHIBIT
O

DORSEY



Please let me know if you have any questions or concerns about this letter, or anything else, as we all proceed to comply with the Court's Order.

Very truly yours,

Paul B. Klaas

PBK:tjv

## Charles E. Lundberg

**From:** Klaas, Paul [Klaas.Paul@dorsey.com]

**Sent:** Wednesday, October 06, 2004 7:07 PM

**To:** Charles E. Lundberg

**Subject:** RE: Arnold v. Cargill

Chuck--

Your message, below, is quite disappointing, and the assumption you state is incorrect. It is also inconsistent with my September 28 letter to Mr. Schaefer, our conversation yesterday, and Judge Frank's Order.

The fact that matters were placed on the public record by Sprenger & Lang does not suggest that they are untainted by Sprenger & Lang's breach of Cargill's rights to privilege and confidentiality. The earlier rulings from Judges Boylan and Frank you identify were addressing a different issue concerning the scope of the Protective Order; those orders have nothing to do with whether the Peterson and Bielby reports and associated information were tainted.

As I noted in my September 28 letter, the taint began with communications on July 6, 2000. Anything in which Sprenger & Lang was involved after that date may be tainted, including particularly the expert reports Sprenger & Lang commissioned and for which they supplied all data and documents. As a result, we recognize, you recognize, and Judge Frank recognized the "hardship Plaintiffs will incur in trying to secure other counsel in the proceedings." Yet, Judge Frank still found the taint resulting from Sprenger & Lang's conduct damaging enough to warrant the disqualification of Sprenger & Lang from this action. Your proposal, we believe, would spread that taint.

I would appreciate your response to our September 28 request that Cargill's documents, in both paper and electronic form, be back in the possession of qualified persons under the Protective Order. We have no objection to the Court taking possession, and we are willing to archive them ourselves, but we do need a response.

--Paul

*Paul B. Klaas, Esq.*
*Dorsey & Whitney*
*50 South 6th Street*
*Minneapolis, MN 55402*
*USA*

*T: (612) 340-2817*
*F: (612) 340-8856*

-----Original Message-----
**From:** Charles E. Lundberg [mailto:CHUCKL@bassford.com]
**Sent:** Wednesday, October 06, 2004 2:18 PM
**To:** Klaas, Paul
**Subject:** Arnold v. Cargill

EXHIBIT
E

Dear Mr. Klaas:
Sprenger & Lang intends to share with potential replacement counsel the expert reports by David

W. Peterson, PhD and William T. Bielby, PhD. As we understand it, Magistrate Judge Boylan ruled in his July 13, 2004 Order at page 2 that these reports "do not link confidential information to particular employees and are not protected from public disclosure under the Protective Order", and Judge Frank affirmed this ruling in his August 12, 2004 Order stating that "the holding that the reports of Plaintiffs' experts William T. Bielby and David W. Peterson are not protected from public disclosure under the Protective Order is neither clearly erroneous nor contrary to law."

Since these reports are part of the public record, we assume you have no objection, but in light of the concerns you have expressed about other document issues, we wanted to give you notice of this. Thanks.

---

**Charles E. Lundberg**
*Attorney*
**BASSFORD REMELE, A Professional Association**
chuckl@bassford.com
Direct Line: 612.376.1609
Assistant: Karen 612.376.1672

33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
612.333.3000 fax: 612.333.8829
www.bassford.com

**Confidentiality Notice**

THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT chuckl@bassford.com OR BY TELEPHONE AT 612.333.3000.

THANK YOU.