EXHIBIT A

-----Original Message-----
**From:** Charles E. Lundberg [mailto:CHUCKL@bassford.com]
**Sent:** Tuesday, October 12, 2004 2:53 PM
**To:** Klaas, Paul
**Subject:** RE: Arnold v. Cargill

Paul:

Thanks for your email. On behalf of Sprenger & Lang, we respond as follows:

We respectfully decline your request that the Plaintiffs' legal files be delivered to you.

We intend to bring this matter before the Court by motion. We believe the proper way to deal with both your "qualified persons" issue and our need to share certain documents to prospective successor counsel is simply to amend the Protective Order to add two additional types of "qualified persons":

(a) Sprenger & Lang, during the 120 day transition period for Plaintiffs to retain successor counsel, and

(b) Prospective successor Plaintiffs' counsel.

We intend to bring this issue before the Court promptly, and we respectfully suggest that Cargill's contrary position should be the subject of a cross-motion.

Finally, I have just received a copy of the 10/12/04 letter to the Court from Mr. Wernz of your office. With respect, that letter was inappropriate, on several grounds. Our October 5th letter to the Court was not a request for reconsideration of the disqualification ruling. We will be addressing this issue further in our motion papers.

Rather than continue this letter-writing campaign, we respectfully suggest that we now cooperate in arranging for prompt submission of motions papers concerning these issues. I am sending a letter to the Court and counsel requesting a telephone conference to discuss an expedited briefing schedule and hearing on these issues.

Chuck

---

**Charles E. Lundberg**
*Attorney*
**BASSFORD REMELE, A Professional Association**
chuckl@bassford.com
Direct Line: 612.376.1609
Assistant: Karen 612.376.1672

33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707

612.333.3000 fax: 612.333.8829
www.bassford.com

**Confidentiality Notice**

THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT chuckl@bassford.com OR BY TELEPHONE AT 612.333.3000.

THANK YOU.

---

**From:** Klaas, Paul [mailto:Klaas.Paul@dorsey.com]
**Sent:** Monday, October 11, 2004 10:32 PM
**To:** Charles E. Lundberg
**Subject:** RE: Arnold v. Cargill

Chuck... I was out of town on Friday, but I'm here all this week. We would like to get Cargill's documents into the possession of "qualified persons," and we can archive them here at Dorsey immediately. I would be pleased to meet or speak with you anytime, of course, but I trust you can understand Cargill's concern...Paul

*Paul B. Klaas, Esq.*
*Dorsey & Whitney*
*50 South 6th Street*
*Minneapolis, MN 55402*
*USA*

*T: (612) 340-2817*
*F: (612) 340-8856*

-----Original Message-----
**From:** Charles E. Lundberg [mailto:CHUCKL@bassford.com]
**Sent:** Friday, October 08, 2004 5:54 AM
**To:** Klaas, Paul
**Subject:** RE: Arnold v. Cargill

Thanks for your email, Paul.

Sorry I disappointed you. (I try not to disappoint people, but sometimes it's unavoidable.)

Are you available for a meeting or telconf to discuss these issues later today--early to mid-afternoon if possible?

Thanks.

Chuck

---

**From:** Klaas, Paul [mailto:Klaas.Paul@dorsey.com]

**Sent:** Wednesday, October 06, 2004 7:07 PM
**To:** Charles E. Lundberg
**Subject:** RE: Arnold v. Cargill

Chuck--

Your message, below, is quite disappointing, and the assumption you state is incorrect. It is also inconsistent with my September 28 letter to Mr. Schaefer, our conversation yesterday, and Judge Frank's Order.

The fact that matters were placed on the public record by Sprenger & Lang does not suggest that they are untainted by Sprenger & Lang's breach of Cargill's rights to privilege and confidentiality. The earlier rulings from Judges Boylan and Frank you identify were addressing a different issue concerning the scope of the Protective Order; those orders have nothing to do with whether the Peterson and Bielby reports and associated information were tainted.

As I noted in my September 28 letter, the taint began with communications on July 6, 2000. Anything in which Sprenger & Lang was involved after that date may be tainted, including particularly the expert reports Sprenger & Lang commissioned and for which they supplied all data and documents. As a result, we recognize, you recognize, and Judge Frank recognized the "hardship Plaintiffs will incur in trying to secure other counsel in the proceedings." Yet, Judge Frank still found the taint resulting from Sprenger & Lang's conduct damaging enough to warrant the disqualification of Sprenger & Lang from this action. Your proposal, we believe, would spread that taint.

I would appreciate your response to our September 28 request that Cargill's documents, in both paper and electronic form, be back in the possession of qualified persons under the Protective Order. We have no objection to the Court taking possession, and we are willing to archive them ourselves, but we do need a response.

--Paul

*Paul B. Klaas, Esq.*
*Dorsey & Whitney*
*50 South 6th Street*
*Minneapolis, MN 55402*
*USA*

*T: (612) 340-2817*
*F: (612) 340-8856*

-----Original Message-----
**From:** Charles E. Lundberg [mailto:CHUCKL@bassford.com]
**Sent:** Wednesday, October 06, 2004 2:18 PM
**To:** Klaas, Paul
**Subject:** Arnold v. Cargill

Dear Mr. Klaas:
Sprenger & Lang intends to share with potential replacement counsel the expert reports by David W. Peterson, PhD and William T. Bielby, PhD. As we understand it, Magistrate Judge Boylan ruled in his July 13, 2004 Order at page 2 that these reports "do not link confidential information to particular employees and are not protected from public disclosure under the Protective Order", and Judge Frank affirmed this ruling in his August 12, 2004 Order stating that "the holding that the reports of Plaintiffs' experts William T. Bielby and David W. Peterson are not protected from public disclosure under the Protective Order is neither clearly erroneous nor contrary to law."

Since these reports are part of the public record, we assume you have no objection, but in light of the concerns you have expressed about other document issues, we wanted to give you notice of this. Thanks.

---

**Charles E. Lundberg**
*Attorney*
**BASSFORD REMELE, A Professional Association**
chuckl@bassford.com
Direct Line: 612.376.1609
Assistant: Karen 612.376.1672

33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
612.333.3000 fax: 612.333.8829
www.bassford.com

**Confidentiality Notice**

THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT chuckl@bassford.com OR BY TELEPHONE AT 612.333.3000.

THANK YOU.

-----Original Message-----
**From:** Klaas, Paul
**Sent:** Thursday, October 14, 2004 2:53 PM
**To:** 'Charles E. Lundberg'
**Subject:** RE: Arnold v. Cargill 5238-1

Chuck...

Cargill still has no objection to the Court taking possession of Cargill's documents, as Judge Frank's Order suggests, so Cargill's position has not changed. And, we still offer to archive Cargill's documents ourselves.

I hope that you will understand why your proposal of last Tuesday (that the law firm just disqualified for unethical behavior involving Cargill's documents, and unknown others who are not counsel of record but who deem themselves "prospective successor counsel," should have control of and/or access to Cargill's confidential and "attorneys' eyes only" documents), in violation of the Court's Protective Order, is not acceptable. I am surprised that "prospective successor counsel" would run the risk of being "tainted" themselves, but, regardless, we need to ensure that the Protective Order is being obeyed. Cargill produced highly sensitive information, relying on the Protective Order. If you wish the Court's Order reconsidered, I hope that you will seek leave to bring that motion, in accordance with the local rules.

Meanwhile, I don't really know what motion you have briefed. I don't believe you have sought leave to move for reconsideration of the Protective Order before Judge Frank, and I have not received notice of any non-dispositive motions you are bringing before Magistrate Judge Boylan. Would you be willing to send me a copy of whatever it is you have written? Do you have any better proposals for complying with the Court's Order and protecting Cargill's information? We are willing to discuss reasonable proposals, of course, but I trust that you understand, given the breaches that have already occurred, Cargill's concerns have to be considered.

I'll be here the rest of this week, but I must (okay, I'm proud to) spend some time at Carleton's Parents' Weekend tomorrow. If the motion papers you have prepared might be helpful, I'd appreciate receiving them rapidly--electronically would be fine...

--Paul

-----Original Message-----
**From:** Charles E. Lundberg [mailto:CHUCKL@bassford.com]
**Sent:** Thursday, October 14, 2004 12:39 PM
**To:** Klaas, Paul
**Cc:** Wernz, William; Eng, Holly
**Subject:** Arnold v. Cargill 5238-1

Paul, following up on my recent calls/email/VMs:

This morning we were getting ready to serve and file 30-some pages of briefing and other motion papers on the document issues in this case when I received Judge Frank's ruling on the "reconsideration" that we did not request.

The penultimate paragraph of that Order indicates that our motion on the document issues should not be necessary.

I would like to know ASAP if this Order modifies your previous position that we cannot share any

materials from the Plaintiffs' legal files with prospective successor counsel.

As we have indicated, there is some serious urgency about this, as Cargill's position to date has been utterly hamstringing our attempts to assist the Plaintiffs in retaining successor counsel. Hence our motion, and our request for expedited handling.

I will be here all afternoon. I can come over to your office or have a tel conf as soon as you are available.

In case you are not in the office this afternoon, I am taking the liberty of copying Bill and Holly on this urgent message.

Thanks.

Chuck

---

**Charles E. Lundberg**
*Attorney*
**BASSFORD REMELE, A Professional Association**
chuckl@bassford.com
Direct Line: 612.376.1609
Assistant: Karen 612.376.1672

33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
612.333.3000 fax: 612.333.8829
www.bassford.com

Confidentiality Notice

THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT chuckl@bassford.com OR BY TELEPHONE AT 612.333.3000.

THANK YOU.

-----Original Message-----
**From:** Klaas, Paul
**Sent:** Thursday, October 14, 2004 4:36 PM
**To:** 'Charles E. Lundberg'
**Subject:** RE: Arnold v. Cargill 5238-1

Chuck...

As we have discussed, there are two separate issues: 1) compliance with the Protective Order, and 2) taint of "prospective successor counsel."

1) If Cargill documents, or Sprenger & Lang work product, or expert reports, or certification briefs are properly on the public record, it would not be a violation of the Protective Order for "prospective successor counsel" or anyone else to review them. If they are not properly on the public record, and if the Cargill documents are "Confidential" or "Attorneys' Eyes Only," it would be a violation of the Protective Order for "prospective successor counsel" or anyone else to review them.

2) As we have discussed, and as I have written to both Sprenger & Lang and to you, the taint identified by Judge Frank is a more difficult issue. If "prospective successor counsel" come into contact with information or Sprenger & Lang work product gained or created after July 6, 2000 (including, for example, expert reports and certification briefs), whether on the public record or not, those "prospective successor counsel" may be tainted and themselves disqualified. Minnesota federal judges have dealt with these issues before, and that is the law. Cargill did not create this problem, and Cargill will not consent to spreading the taint even further.

--Paul

*Paul B. Klaas, Esq.*
*Dorsey & Whitney*
*50 South 6th Street*
*Minneapolis, MN 55402*
*USA*

*T: (612) 340-2817*
*F: (612) 340-8856*

-----Original Message-----
**From:** Charles E. Lundberg [mailto:CHUCKL@bassford.com]
**Sent:** Thursday, October 14, 2004 3:00 PM
**To:** Klaas, Paul
**Subject:** Arnold v. Cargill 5238-1

(I was about to send you this when I received your email of 2:53 PM. Since that email didn't discuss this issue, please give this your consideration. I have also just left a call for you.)

Following up on my earlier email, and in an attempt to be as clear and specific as we possibly can, the documents we most need to share with prospective successor counsel are both sides' certification briefs and expert reports.

We also would like to be able to provided any other court filings (with supporting documentation) they may request.

Please advise whether this is agreeable, in light of the language in Judge Frank's 10/13 Order referred to in the earlier email.

Thanks.

Chuck

---

**Charles E. Lundberg**
*Attorney*
**BASSFORD REMELE, A Professional Association**
chuckl@bassford.com
Direct Line: 612.376.1609
Assistant: Karen 612.376.1672

33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707
612.333.3000 fax: 612.333.8829
www.bassford.com

**Confidentiality Notice**

THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT chuckl@bassford.com OR BY TELEPHONE AT 612.333.3000.

THANK YOU.