**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil No. 01-2086 (DWF/AJB)

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hughey, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER**

Cargill Incorporated,

Defendant.

---

Lawrence P. Shaefer, Esq., Susan M. Coler, Esq., and Teresa Kathleen Patton, Esq., Sprenger & Lang, 325 Ridgewood Ave., Minneapolis, MN 55403; Michael P. Lieder, Esq., Paul Carl Sprenger, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th St. NW, Washington, DC 20009, counsel for Plaintiffs.

Holly S. A. Eng, Esq., Mark John Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul Barry Klaas, Esq., Ryan E. Mick, Esq., Shari L. Jarde, Esq., Emily L. Fitzgerald, Esq., and Heather Toft, Esq., Dorsey & Whitney, 50 6th St. S., Ste. 1500, Minneapolis, MN 55402-1498, counsel for Defendant.

Lewis A. Remele, Jr., Esq. and Charles E. Lundberg, Esq, Bassford Remele P.A., 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707, counsel for Sprenger & Lang.

Peter N. Thompson, Esq., Hamline Law School, 1536 Hewitt Ave., St. Paul, MN 55104, Special Master.

## Introduction

The above-entitled matter is before the undersigned United States District Judge pursuant to Plaintiffs' Motion to Reconsider the Court's May 28, 2004, Order. In its Order, this Court, among other things, granted summary judgment in favor of the Defendant Cargill, Inc. ("Cargill") with respect to Plaintiff Louis Darden's claims of race discrimination. The Court also denied Cargill's motion for summary judgment on Plaintiffs' constructive discharge claims. Plaintiffs requested permission to file a motion for reconsideration of this Court's Order insofar as it dismissed Darden's compensation and promotion claims in light of statistical evidence that was not previously before the Court. The Court agreed that a motion for reconsideration was proper, and now, in light of the submissions of the parties and for the reasons set forth below, Plaintiffs' motion is granted and Darden's promotion and compensation claims are reinstated.

## Background

The factual background of this case is set forth at considerable length in the Court's May 28, 2004 Order (the "Order"). For purposes of this motion to reconsider, the relevant facts are as follows. Louis Darden is an African-American male who worked at Cargill for 23 years. Darden asserts that he witnessed and was subject to a pattern and practice of discrimination against African-American employees during his tenure at Cargill. Specifically, Darden contends that he was denied opportunities, effectively demoted, and paid less than his white counterparts.

This Court previously dismissed Darden's termination, compensation, and promotion claims. Specifically with respect to Darden's termination claim, the Court found Darden had not demonstrated a *prima facie* case of discrimination and that "[e]ven if Darden has established a *prima facie* case of race discrimination . . . Cargill has offered a legitimate reason for its employment decision to terminate Darden." (Order at 10.) This finding was predicated on the finding that Darden was "terminated for violating company policy by manipulating bidding, falsifying invoices, and paying for work that was not performed . . . ." (*Id.*)

With respect to Darden's compensation and promotion claims, this Court found that Darden failed to provide specific information about employees that Darden claimed were similarly situated to him and who may have been compensated or promoted differently. Accordingly, this Court granted summary judgment and dismissed Darden's promotion and compensation claims.

Plaintiffs assert that statistical evidence and other pattern and practice evidence, which was not presented to the Court prior to hearing Cargill's motion for summary judgment on Darden's claims, should prevent the summary disposition of Darden's compensation and promotion claims.[1] Specifically, Plaintiffs submitted the expert report of Dr. David Peterson on July 19, 2004, in support of their motion for class certification. Dr. Peterson performed studies of both promotion and compensation at Cargill. In the area of promotion, Plaintiffs claim that Dr. Peterson studied whether Cargill promotes African-

[1] Plaintiffs claim that this statistical and pattern and practice evidence, some of which is part of Plaintiffs' expert reports dated April 21, 2004, was not part of its brief (filed on April 13, 2004) because Plaintiffs relied on its legal conclusion that this Court would not consider individual motions until after statistical evidence was presented at the class certification stage. (*See* Letter to the Court from Susan M. Coler dated June 15, 2004.) Without discussing the propriety of Plaintiffs' reliance on that conclusion, the Court will now consider the new evidence.

Americans at the same rate as their non-African-American peers. In the area of compensation, Plaintiffs claim that Dr. Peterson analyzed whether Cargill discriminates against African-Americans in "pay progression" and whether Cargill treats African-Americans comparable to their non-African-American peers in "discretionary" payments, such as bonuses, awards and incentives. (*See* Declaration of Teresa K. Patton in Support of Plaintiffs' Motion to Reconsider and Pursuant to Rule 56(f) ("Patton Decl.), Ex. 8.)

Plaintiffs assert that Dr. Peterson's expert report demonstrates the following: (1) a disparity between promotions for African-Americans and non-African-Americans equal to -4.82 standard deviations between 1995-2003; (2) a disparity between pay increases for African-Americans employees and non-African-American employees equal to -5.11 standard deviations between 1995-2003; and (3) a disparity between discretionary payments (bonuses, awards, and incentives) for African-American employees and non-African-American employees equal to -10.38 standard deviations. (*See* Patton Decl., Ex. 8.) Plaintiffs also assert that Dr. Peterson's analysis demonstrates a disparity in Cargill's Performance Management System ("PMP") ratings between African-American employees and their peers. (*Id.* at 13-21.)

Plaintiffs also assert that anecdotal evidence and Darden's own experiences at Cargill are consistent with the alleged pattern of discrimination. For example, with respect to promotions, Plaintiffs claim that Cargill's promotions were not openly made available to employees. Plaintiffs also claim that despite the fact that Darden made it known that he wanted to be considered for any advancement opportunities, Cargill filled several positions that he was qualified for before he was made aware of the openings. Plaintiffs also offer evidence that purports to demonstrate that on several occasions Darden's

white counterparts advanced past him into higher management. In addition, Darden has submitted anecdotal evidence that purports to demonstrate that he was paid less than similarly situated Caucasians.[2]

Cargill maintains that Darden failed to articulate a legally cognizable claim of discrimination. Specifically, Cargill argues that Plaintiffs' statistical evidence demonstrates that Cargill appears to make employment decisions in a non-random manner. In addition, Cargill asserts that even if the Court accepts Plaintiffs' statistical evidence, Darden has not made a *prima facie* showing of discrimination with respect to promotion and compensation because Darden has not pointed to any actual decision, decision-maker, or reliable comparator for which any evidence of a statistical disparity would make the possibility of discrimination more likely.

## Discussion

### A. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has sated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal

[2] Plaintiffs incorporate by reference additional evidence of purporting to demonstrate Cargill's pattern and practice of discrimination submitted with their class certification papers.

Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *See Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**B. Darden's Promotion and Compensation Claims**

On this motion for reconsideration, Plaintiffs assert that the statistical evidence and related analysis now before the Court, along with anecdotal evidence, prevents the summary disposition of Darden's promotion and compensation claims. Specifically, Plaintiffs assert that this evidence establishes a pattern and practice of discrimination at Cargill with respect to its promotion and compensation of African-American employees. Plaintiffs contend that the analysis of Darden's claims should therefore shift from the *McDonnell Douglas-Desert Palace* legal standards to the *Teamsters/Craik* model of proof. Under the *Teamsters/Craik* model, Plaintiffs contend that plaintiffs and class members benefit from a presumption of discrimination once they have established a pattern and practice of discrimination.

Plaintiffs also contend that the statistical analysis of Dr. Peterson, that they claim demonstrates that Cargill's promotions and compensation practices disadvantage African-Americans, is sufficient, by

itself, to create a question of fact about whether Cargill engaged in a pattern and practice of discrimination in promotions and compensation. Even so, Plaintiffs submit anecdotal evidence purporting to demonstrate that Darden's experiences with Cargill's promotion and compensation practices were consistent with the pattern allegedly revealed in Dr. Peterson's report.

Cargill asserts that even though a non-class plaintiff may assert pattern or practice evidence, along with other evidence, to establish a *prima facie* case of discrimination, an individual non-class plaintiff cannot rely solely upon pattern and practice evidence to establish individual violations. Instead, defendants assert that non-class plaintiffs must still prove all elements of a *prima facia* case under *McDonnell Douglas*.

Courts require plaintiffs alleging employment discrimination to establish a *prima facie* case. *See, e.g., Craik v. Minnesota State Univ. Bd.*, 731 F.2d 465, 469-71 (8th Cir. 1984). How the *prima facie* case is established depends on whether the case is brought by a single plaintiff or by a class alleging a pattern or practice of discrimination. *See, e.g., id.* (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977)). Under this *Teamsters/Craik* order of proof, the plaintiff must prove by a preponderance of evidence that the defendant engaged in a pattern or practice of discrimination. *Id.* at 470. The plaintiff may do so through use of statistical evidence showing disparities between similarly situated protected and unprotected employees with respect to promotions and compensation, supplemented with other evidence. *Id.* at 470. Once a plaintiff makes this showing, the Court presumes that the employer unlawfully discriminated against individual class members. *Id.*

Here, Darden's compensation and promotion claims relate to an alleged pattern and practice of disparate treatment of African-Americans at Cargill. Viewing the evidence in the light most favorable to

Plaintiffs, the Court finds that Plaintiffs' statistical evidence of discrimination in compensation and promotion practices at Cargill, together with Plaintiffs' anecdotal evidence, establishes a genuine issue of material fact. Where Darden's termination claim presented a factual scenario that justified dismissal through summary judgment because there was no genuine issue for trial *even if* a pattern of practice of discrimination could be established, no such factual scenario exists with respect to Darden's compensation and promotion claims. Specifically, while Cargill offered a legitimate reason for its employment decision to terminate Darden, it has not provided a legitimate reason that would rebut a presumption of a pattern and practice of discrimination in compensation and advancement. Therefore, Darden's promotion and compensation claims survive summary judgment. Accordingly, the Court's previous award of summary judgment on Darden's promotion and compensation claims is vacated and those claims are reinstated for further proceedings in this lawsuit.

Based upon the foregoing, submissions of the parties, the record before the Court, and the procedural history of this litigation, the Court hereby enters the following:

**ORDER**

1. The Court's previous award of summary judgment on Darden's promotion and compensation claims (Doc. No. 216) is vacated and those claims are reinstated for further proceedings in this lawsuit.

Dated: November 8, 2004

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court