FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION<br><br>**DECLARATION OF TERESA PATTON IN SUPPORT OF MOTION TO SEVER** |

I, Teresa Patton, declare that the following is true and correct:

1. I have been an attorney in good standing licensed to practice law in Minnesota since November 1989. I have practiced in the area of employment discrimination for sixteen years.

2. In January 2001, I started work with the law firm of Sprenger & Lang, PLLC ("S&L") as an attorney, of counsel. I was hired to work on class action cases, as well fifteen individual cases I brought to the firm.

3. Some time during the first half of 2002, I was assigned to work on the Cargill case. From that point forward, I was the primary contact for many of the plaintiffs. Among other things, I prepared and defended the depositions of eighteen of the twenty-seven named plaintiffs: Nii-Akwei Acquaye (in part); Sean Allen; Hollis Branham; Louis Darden; Della Dickson; Virginia Douglas; Cheneta Hughey; Keith Lewis; Vivian Little; Valerie Mason-Robinson; Anthony McDowell; Phyllis Reece; Tonya Ross; Charles Scott; Clintonia Simmons; Emily Tyler; Steve Wint, and Sean Wright. I was also

SCANNED
JAN 03 2005
U.S. DISTRICT COURT ST. PAUL

involved in other aspects of the case, including taking the depositions of Cargill witnesses and preparing the motion for class certification.

4. In the course of preparing for and participating in client depositions, I would typically spent a minimum of three full days with the clients. We also maintained ongoing contact for other purposes, including updating discovery responses and preparing the class certification memorandum, for which I was the project manager for plaintiff facts.

5. As a result of my extensive contact with Plaintiffs, I forged deep personal connections with them as individuals and a strong commitment to and belief in their case.

6. Although I was assigned to the Cargill case in 2002, I had absolutely no involvement in any of the misconduct cited in this Court's Disqualification Order dated September 24, 2004 (the "Disqualification Order").

7. I have never met Bill Douglas, the plaintiff whose contact with S&L was the subject of much of S&L's misconduct, nor have I ever seen him to my knowledge. I have never had a conversation with him, communicated with him in any way, or participated in any meetings where he was present in person or by telephone.

8. I was unaware of the existence of the documents S&L obtained from Bill Douglas prior to the time that S&L returned the documents Cargill's counsel. I was not aware of or involved in the acquisition, retention, or disposition of those documents. I have never seen the documents nor am I aware of their contents.

9. I was aware of Cargill's motion to disqualify S&L, but my involvement in the defense of that motion was very limited. I edited my own and two other affidavits unrelated to the matters resulting in S&L's disqualification, and I attended a mock oral

argument just prior to the hearing in August 2004. I may also have edited parts of S&L's brief, but I have no memory of doing so.

10. This Court cited paragraph 4 of the Declaration of Teresa K. Patton dated May 3, 2003 in its Disqualification Order (page 14). Paragraphs 3 and 4 of that Declaration were based on information communicated to me by others at the firm, regarding items in which I had no involvement. Paragraphs 5 through 10, which the Court did not mention in its Disqualification Order, pertained to an unrelated motion (to dismiss a particular named plaintiff without prejudice).

11. On September 13, 2004, Sprenger & Lang terminated the employment of its two least senior attorneys, including me, without warning. At the time, the disqualification motion had been argued but the Court had not issued its decision.

12. September 13, 2004 was my last day at S&L and September 24, 2004 was my last day on the payroll. The Disqualification Order, coincidentally, was issued at the end of the day on September 24, 2004. Since leaving S &L, I have limited my contact with S&L attorneys. My only communication with any S&L attorney since September 2004 has been to respond to written questions about a case unrelated to Cargill.

13. In the course of the past two and a half years, I developed strong relationships with many of the Cargill plaintiffs, but not the plaintiff whose actions contributed to S&L's misconduct (Bill Douglas). I want them to have the best representation possible. I am in a unique position to contribute to that representation because of my long-standing relationships with many of the plaintiffs.

14. I would like to communicate with potential successor counsel identified in the Court's November 23, 2004 Implementation Order about the possibility of continuing to

represent the Cargill plaintiffs as local counsel or in some other capacity. However, I have not contacted that firm, because I wanted to obtain the Court's permission first, to avoid any appearance of impropriety.

15. I am now seeking the Court's guidance on how to proceed. S&L's misconduct, in which I played absolutely no part and of which I was not aware, has impaired my ability to practice law on behalf of these clients, to their detriment and mine. That is a source of unintended harm to the Plaintiffs as a result of the Court's Disqualification Order.

16. If the Court issues an order severing me from its Disqualification order, that would allow me to communicate with potential successor counsel and possibly to continue to represent Plaintiffs if appropriate.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of December 2004 in St. Paul, Minnesota.

Teresa K. Patton

Teresa K. Patton