**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Cheneta Hughey, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Civil No. 01-2086 (DWF/AJB)

Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER**

Cargill Incorporated,

Defendant.

---

Lawrence P. Schaefer, Esq., and Susan M. Coler, Esq., Sprenger & Lang, 325 Ridgewood Avenue, Minneapolis, MN 55403; Michael D. Lieder, Esq., Paul C. Sprenger, Esq., and Steven M. Sprenger, Esq., Sprenger & Lang, 1614 20th Street NW, Washington, DC 20009, counsel for Plaintiffs.

Holly S. A. Eng, Esq., Mark John Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul Barry Klaas, Esq., Ryan E. Mick, Esq., Shari L. Jerde, Esq., Emily L. Fitzgerald, Esq., and Heather Toft, Esq., Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402-1498, counsel for Defendant.

Lewis A. Remele, Jr., Esq. and Charles E. Lundberg, Esq, Bassford Remele P.A., 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402-3707, counsel for Sprenger & Lang.

Peter N. Thompson, Esq., Hamline Law School, 1536 Hewitt Avenue, St. Paul, MN 55104, Special Master.

---

## Introduction

The above-entitled matter is before the Court on Defendant Cargill, Incorporated's ("Cargill") Motion to Reconsider this Court's Order dated July 15, 2002, insofar as the Court, in that Order, applied a six-year statute of limitations to Plaintiffs' claims under 42 U.S.C. § 1981. Cargill argues that the United States Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 124 S. Ct. 1836 (2004), dictates that the federal catchall four-year statute of limitations, set forth at 28 U.S.C. § 1658(a), governs claims brought under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. The facts relevant to this motion are set forth in the Court's July 15, 2002, Order.

## Discussion

Based on the United States Supreme Court's decision in *Jones*, Cargill asserts that the four-year statute of limitations of 28 U.S.C. § 1658(a) applies to Plaintiffs' § 1981 claims. 28 U.S.C. § 1658(a), enacted on December 1, 1990, provides:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of enactment of this section may not be commenced later than 4 years after the cause of action accrues.

In *Jones*, the United States Supreme Court held that employees' hostile work environment, wrongful termination, and failure-to-transfer claims brought under 42 U.S.C. § 1981 were governed by the four-year statute of limitations set forth at 28 U.S.C. § 1658(a). Specifically, the Court stated:

> a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990–and therefore is governed by § 1658's 4-year statute of limitations–if the plaintiff's claim against the defendant was made possible by a post-1990 enactment.

*Jones*, 124 S. Ct. at 1845. Cargill asserts that under *Jones*, this Court should retroactively apply § 1658's four-year statute of limitations to Plaintiffs' § 1981 claims. Under this theory, § 1981 claims by

employees who left Cargill prior to August 22, 1997, and § 1981 claims that arose prior to August 22, 1997, would be time-barred.

Plaintiffs, on the other hand, contend that Cargill's position is improper in three regards. First, Plaintiffs assert that they should be able to assert most promotion and pay claims predating August 22, 1997, under the continuing violations doctrine. Plaintiffs allege that the applicability of the continuing violations doctrine is a question to be decided by the jury at trial. Second, Plaintiffs contend that *Jones* should only be applied prospectively, but not to pending cases. Finally, Plaintiffs assert that even if *Jones* is applied retroactively, a six-year limitations period governs promotion and compensation claims that were actionable under § 1981 prior to the passage of the Civil Rights Act of 1991.

**A. Continuing Violations Theory**

Plaintiffs contend that the continuing violations theory allows Plaintiffs to seek relief for some discriminatory actions that precede the start of the four-year limitations period imposed by *Jones*. Consistent with the Court's determination regarding Plaintiffs' MHRA claims in the Court's July 15, 2002, Order, and applying the appropriate four-year statute of limitations of 28 U.S.C. § 1658 as set out in *Jones*, the Court finds that the § 1981 claims of Plaintiffs who no longer worked for Cargill after August 22, 1997, are time-barred. This determination does not necessarily preclude Plaintiffs from raising claims under the continuing violation theory for such Plaintiffs who claim that they were victims of discrimination both before and within the limitations period.

**B. Retroactive Application of Jones**

Plaintiffs contend that *Jones* should only apply prospectively, arguing that a retroactive application of the four-year statute of limitations prescribed by Jones was not foreshadowed, that it

would retard the operation of § 1658, and that application of the four-year limitations period to litigants in employment discrimination cases would create inequities. The Court disagrees with Plaintiffs. When faced with this issue, other courts have retroactively applied the four-year statute of limitations to § 1981 claims. *See, e.g.*, *Jackson v. Homechoice, Inc.*, 368 F.3d 997, 999 (8th Cir. 2004); *Fonseca v. Sysco Food Serv. of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004); *Lakshman v. Univ. of Maine Sys.*, 328 F. Supp. 2d 92, 109-10 (D. Me. 2004). In line with these holdings, and in line with the holding of *Jones*, the Court finds that the four-year statute of limitations applies retroactively to Plaintiffs' claims.

**C. Promotion and Compensation Claims**

Finally, Plaintiffs contend that because some of their promotion and compensation claims were cognizable under § 1981 before the passage of the Civil Rights Act of 1991, these claims are still subject to a six-year statute of limitations under *Jones*. Cargill did not respond specifically to this assertion.

The Court prefers to withhold consideration of this important issue until Cargill has had an opportunity to respond. The Court requests that Cargill submit a short brief (of not more than five pages) within 30 days of this Order, on the following issues:

> What effect does the United States Supreme Court's decision in *Jones v. R.R. Donnelly & Sons Co.*, 124 S. Ct. 1836 (2004), have on the statute of limitations that the Court should impose on promotion and compensation claims that were actionable prior to the enactment of the Civil Rights Act of 1991 and under the United States Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989)? Specifically, are Plaintiffs' promotion and compensation claims that were actionable prior to the enactment of the Civil Rights Act of 1991 still subject to Minnesota's six-year statute of limitations?

Once Cargill has submitted its brief on these issues, Plaintiffs may contact the Court's calendar clerk, Lowell Lindquist, to request leave to file a brief reply.

**Conclusion**

Due to the significant amount of time that has elapsed since this Court filed its initial Order on the statute of limitations in July 2002, the Court requests that the parties submit additional information to the Court before the Court enters an Order on this Motion for Reconsideration. Specifically, the Court respectfully directs that the parties submit a joint proposed order to the Court within 45 days of this Order, describing the relief sought in light of the Court's rulings that (a) the four-year statute of limitations applies, generally, to Plaintiffs' claims; and (b) the continuing violations theory does not apply to Plaintiffs who no longer worked for Cargill after August 22, 1997.

Dated: January 21, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court