UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No. 01-CV-2086 (DWF/AJB)

RODERICK ARNOLD, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

**DEFENDANT CARGILL, INCORPORATED'S MEMORANDUM IN RESPONSE TO MOTION TO SEVER FORMER SPRENGER & LANG ATTORNEY TERESA PATTON FROM DISQUALIFICATION ORDER**

Attorney Teresa Patton's Motion to be "severed" from this Court's Order disqualifying the Sprenger & Lang firm so she might continue to represent the Plaintiffs should be denied. Ms. Patton's Motion is moot because the Plaintiffs already have chosen successor counsel and have identified a firm to serve as local counsel. Her Motion also is untimely and moot because the Court already considered and declined to carve out a subset of "innocent" attorneys at the Sprenger & Lang law firm and prohibited the firm's attorneys from communicating with successor counsel about anything other than the logistics of handling certain documents. See Order of October 13, 2004, at 4; Order of November 23, 2004, at 11.

Ms. Patton offers no credible reason why the Court should reconsider its prior Orders or why the Court's directives should not apply to her, particularly where, by her own account, she was deeply involved in the case and where the Court has found that "the extent of the breach of confidentiality and privilege" is unknown. See Order of September 24, 2004, at 27.

## BACKGROUND

The conduct leading up to the Disqualification Order that underlies Ms. Patton's Motion is set forth in the Court's Orders of September 24, 2004, and November 23, 2004, and is summarized briefly here. Bill Douglas had worked as a corporate EEO Manager at Cargill, Incorporated ("Cargill") and possessed information that was privileged and confidential to Cargill. Order of September 24, 2004, at 3-4. Sprenger & Lang learned that Mr. Douglas possessed information that could assist them in their current suit against Cargill, including documents that were privileged and confidential. Id. at 4-5. At Sprenger & Lang's request, Mr. Douglas transmitted all the documents, including the privileged and confidential ones, to Sprenger & Lang so the firm could "sort them out." Id. at 5-6. While some documents were returned later to Mr. Douglas, Sprenger & Lang made and stored a copy of documents that were marked privileged and confidential. Id. at 8. Sprenger & Lang did not return them to Cargill for approximately a year and a half. Id.

The Court disqualified Sprenger & Lang, finding that "S&L's solicitation of information from Douglas without protecting against the disclosure of confidential and privileged materials, decision to conduct its own privilege review of Cargill's documents marked confidential and privileged, and retention of Cargill's documents for nearly a year and a half compromise the integrity of these proceedings." Id. at 25-26.[1] In so finding, the Court specifically rejected Sprenger & Lang's argument that disqualification was unwarranted because no one at the firm substantively reviewed or used any documents marked privileged and confidential. Id. at 26.

---

1 The Court, citing a Declaration of facts submitted by Ms. Patton, found that Sprenger & Lang violated Rule 4.1 of the Rules of Professional Conduct by continued representations to Mr. Douglas that he stood to gain financially from the current lawsuit. Order of September 24, 2004, at 14. The Court also found, among other things, that Sprenger & Lang violated Rules 4.4 and 4.2 of the Rules of Professional Conduct by soliciting Cargill's privileged and confidential information from Mr. Douglas and by impermissibly intruding upon privileged matters through its discussions and exchanges of information with Mr. Douglas. Id. at 16, 19.

> Finally, under the facts of this case, it is not possible to accurately track exactly which documents were delivered to S&L, which documents were "segregated" out, which documents were returned to Douglas, and which documents were ultimately destroyed. Therefore, the Court will never know whether those documents were relevant. The extent of the breach of confidentiality and privilege is, likewise, unknown. For all the above reasons, the Court holds that Cargill has, indeed, been prejudiced. More importantly, the "risk" that improperly obtained confidential and privileged information might be used against Cargill justifies disqualification here. [Citations omitted].

Id. at 26-27.

The Court declined to reconsider the Disqualification Order or amend the order to carve out a subset of Sprenger & Lang attorneys who did not take part in the misconduct because the argument was untimely and ultimately would make no difference on the merits. Order of October 13, 2004, at 4, n.2 ("Up until now, the Court assumed that neither counsel for Cargill nor counsel for Plaintiffs were attempting to implicate every attorney at S&L through the repeated reference to S&L in the context of specific ethical violations made by individuals working on the case.").

The Court next considered the propriety of potential successor counsel's access to certain materials in the litigation and allowed access to the deposition transcripts of Plaintiffs, documents produced by Cargill, Cargill's written discovery responses, and class certification and liability period filings, subject to the provisions of the Protective Order as amended by the Court. Order of November 23, 2004, at 6, 10. In its analysis, however, the Court reiterated that disqualification was necessary because of the risk that Sprenger & Lang might use improperly obtained information against Cargill. Id. at 11. The Court further held that:

> Being mindful of Cargill's concerns and to reduce any potential risk to Cargill, the Court also holds that *S&L shall be prohibited from communicating with new successor counsel about the merits of this case*, except to discuss the logistics of transferring the class certification and liability period filings to new counsel or until further order of the Court.

Id. (emphasis added).

**ARGUMENT**

Ms. Patton argues that she should be "severed" from the Disqualification Order so that she might ask potential successor counsel about the possibility of continuing to represent the Plaintiffs as local counsel or in some other capacity. See Patton Mem. at 4. The Plaintiffs, however, already have chosen successor and local counsel. See Entry of Appearance for Cohen, Milstein, Hausfeld & Toll and Heins, Mills & Olson.

Ms. Patton next argues that an exception should be made for her because she had no involvement in Sprenger & Lang's misconduct. See Patton Mem. at 3. The Court already has considered and rejected the "innocent attorney" argument. See Order of October 13, 2004. As the Court discussed in its October Order, Sprenger & Lang framed and argued the disqualification issue without distinguishing among individuals working on the case and Sprenger & Lang in general with respect to who should be held accountable for any misconduct. Id. at 4. Seven attorneys, *including Ms. Patton*, who submitted one of the declarations in support of Sprenger & Lang's position, signed off on the brief opposing disqualification and should have raised the argument then. Id. The Court denied the very relief Ms. Patton seeks in this Motion almost three months ago on grounds that it was untimely. Ms. Patton's belated and repetitive Motion should be denied on the same grounds today.

The Court need not, and should not, dig into the particular actions or knowledge of every Sprenger & Lang lawyer or employee. This Court has declined to do so before; this Court should decline to do so again. Ms. Patton's request that she now be allowed to freely communicate with, aid, and assist successor counsel would further undermine the integrity of the judicial process and the public trust in the administration of justice. See, e.g., Order of September 24, 2004, at 27.

**CONCLUSION**

Cargill respectfully requests the Court deny Ms. Patton' Motion.

Dated: January 27, 2005

DORSEY & WHITNEY LLP

s/Wilda Wahpepah

Paul B. Klaas (#56327)
Holly S.A. Eng (#0238028)
Wilda Wahpepah (#0306034)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55502-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED