UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-2086 DWF/AJB

**CARGILL'S MEMORANDUM REGARDING THE EFFECT OF JONES V. R.R. DONNELLEY ON PLAINTIFFS' PROMOTION AND COMPENSATION CLAIMS**

By its Order of January 21, 2005, the Court directed Cargill to respond to the following questions:

> What effect does the United States Supreme Court's decision in *Jones v. R.R. Donnelly & Sons Co.*, 124 S. Ct. 1836 (2004), have on the statute of limitations that the Court should impose on promotion and compensation claims that were actionable prior to the enactment of the Civil Rights Act of 1991 and under the United States Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989)? Specifically, are Plaintiffs' promotion and compensation claims that were actionable prior to the enactment of the Civil Rights Act of 1991 still subject to Minnesota's six-year statute of limitations?

(1/21/05 Mem. Op. and Order, at 4.)

As is set forth more fully below, (1) Plaintiffs' compensation claims were made possible by the 1991 Act and, therefore, are governed by a four-year statute of limitations; and (2) the Named Plaintiffs have provided no evidence that any promotion claim they may have would have been actionable before 1991, and, even if they could, the statute of limitations question as it applies to promotional decisions is so highly individualized that such claims are in no way conducive to class treatment.

## I. PLAINTIFFS' COMPENSATION CLAIMS WERE MADE POSSIBLE BY THE 1991 ACT AND, THEREFORE, ARE GOVERNED BY A FOUR-YEAR STATUTE OF LIMITATIONS.

In Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 124 S. Ct. 1836, 1845 (2004), the Supreme Court ruled that § 1981 claims that were made possible by the Civil Rights Act of 1991 are governed by the four-year statute of limitations set forth at 28 U.S.C. § 1658(a) (2004). Claims of discrimination in compensation were not actionable prior to the 1991 Act:

> Petitioner also alleges that she was passed over for promotion, not offered training for higher level jobs, *and denied wage increases*, all because of her race. With the exception perhaps of her claim that respondent refused to promote her . . . , *none of the conduct which petitioner alleges as part of the racial harassment against her involves either a refusal to make a contract with her or the impairment of her ability to enforce her established contract rights*.

Patterson v. McLean Credit Union, 491 U.S. 164, 178-79 (1989) (emphasis added) (footnote omitted).

The Supreme Court's ruling – that compensation decisions, by their very nature, constitute post-contract conduct and, therefore, were made possible by the 1991 Act – has been followed repeatedly. See, e.g., Frazier v. First Union Nat'l Bank, 747 F. Supp. 1540, 1546 (W.D.N.C. 1990) ("[T]he Supreme Court has specifically held that the denial of wage increases are unactionable under § 1981."); Jones v. Merchants Nat'l Bank & Trust Co. of Indianapolis, 42 F.3d 1054, 1059 (7th Cir. 1994) (plaintiff did not state an actionable § 1981 compensation claim under Patterson); Greggs v. Hillman Distrib. Co., 719 F. Supp. 552, 554 (S.D. Tex. 1989) (§ 1981 compensation claim is not actionable under Patterson); Williams v. Nat'l R.R. Passenger Corp., 716 F. Supp. 49, 51 (D.D.C. 1989) (same).

Thus, Plaintiffs' compensation claims in this action are governed by 28 U.S.C. § 1658's four-year limitations period.

## II. A FOUR-YEAR LIMITATIONS PERIOD, AT MOST, APPLIES TO THE PROMOTION CLAIMS ALLEGED BY THESE NAMED PLAINTIFFS.

Plaintiffs claim that "[c]ertainly, some of them could have . . . asserted [a cognizable promotion claim] under the pre-1991 version of § 1981." (Pls.' Opp'n to Mot. to Reconsider 7/15/02 Op. at 12.) However, despite over three years of discovery, including the exchange of thousands of documents and numerous depositions, Plaintiffs have failed to identify a single Named Plaintiff who states a cognizable pre-1991 § 1981 promotion claim. Moreover, an individual Plaintiff can only invoke Minnesota's six-year limitations period if the promotion in question rises to a "new and distinct relationship" between the employee and employer – a highly individualized inquiry.

In Patterson, the Supreme Court considered whether promotion claims could ever be actionable under its restrictive construction of § 1981:

> [W]hether a promotion claim is actionable under § 1981 depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer. If so, then the employer's refusal to enter the new contact is actionable under § 1981. In making this determination, a lower court should give a fair and natural reading to the statutory phrase "the same right . . . to make . . . contracts," and should not strain in an undue manner the language of § 1981. *Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981*.

491 U.S. at 185 (emphasis added).

The Eighth Circuit follows this restrictive construction, noting that only very limited promotion claims will meet the requirements of the Patterson test. "Patterson 'strongly suggests that, in addition to an increase in pay and duties, an actionable promotion claim must involve a meaningful, qualitative change in the contractual relationship,' such as the Supreme Court's example of a promotion from law firm associate to partner." Fray v. Omaha World Herald Co.,

960 F.2d 1370, 1373 (8th Cir. 1993) (quoting Sitgraves v. Allied-Signal, Inc., 953 F.2d 571, 573 (9th Cir. 1992)). See also Conerly v. CVN Cos., 785 F. Supp. 801, 810 fn.14 (D. Minn. 1992) (noting that "Patterson requires a fundamental change in the employment relationship . . . .) (citations omitted).

Plaintiffs' suggestion that this issue essentially entails simple inquiry that can be accomplished through identification of categories and by stipulation ignores the Supreme Court's requirement that § 1981 be construed restrictively, only recognizing promotion claims when they amount to a "new and distinct relationship" between the employer and the employee. (Pls.' Opp'n to Mot. to Reconsider 7/15/02 Op. at 14 fn.7.) Rather, it is necessary to consider the actual differences between the position the employee holds and the position the employee sought and was denied. See Sitgraves, 53 F.2d at 572; Johnson v. Uncle Ben's, Inc., 965 F.2d 1363, 1370 (5th Cir. 1992) ("Determining whether a promotion would create a 'new and distinct relation' requires a fact-specific examination into employee's duties, pay and responsibility before and after the promotion.") (citation omitted). The court must look at actual changes in status and responsibility, as well as whether the promotion is a type of routine advancement. See Butts v. City of New York Dep't of Hous. Pres. and Dev., 990 F.2d 1397, 1412 (2nd Cir. 1993). "[E]ach step down the path of one's career does not create a new and distinct relation with the employer for purposes of the Patterson test." Fray, 960 F.2d at 1373.[1]

Thus, in Fray the court concluded plaintiff failed to state a cognizable § 1981 claim under Patterson where the plaintiff, had she been promoted, would have received an increase in pay and benefits, longer hours, and opportunities for career advancement. 960 F.2d at 1373. The

---

1 Contrary to Plaintiffs' suggestion, a mere change from non-supervisory to supervisory responsibilities, while relevant to the inquiry, also is not dispositive. See Uncle Ben's, 965 F.2d at 1371-72; Partee v. Metro. Sch. Dist. of Washington Township, 954 F.2d 454, 457 (7th Cir. 1992).

District Court of Minnesota reached the same conclusion in Conerly, where the plaintiff claimed that five different denied promotions amounted to actionable § 1981 claims. See id. at 810. Determining that they did not, the court noted that none of the positions would have given the plaintiff supervisory responsibilities or policy-making authority; they would not have altered his at-will status or his benefits; he would remain an employee, rather than employer, and would assume no personal liability for the company's affairs; and he would have remained bound by the same human resources policy manual. See id. Compare Kim v. Nash Finch Co., 123 F.3d 1046, 1055 (8th Cir. 1997) (Patterson test met on § 1981 promotion claim where promotion included additional supervisory duties with greater authority; a change from hourly to salaried pay; increased compensation; movement to a management position; and a changed position in the line of authority).

Finally, even if Plaintiffs could identify specific promotion claims that they believe were actionable prior to the 1991 Act (something they have not yet done), this Court would be required to analyze the facts surrounding each and every such promotion to determine if it resulted in a "new and distinct relationship" between the individual and Cargill. Thus, in this proposed nationwide class action lawsuit, this Court is faced with the possibility of determining what limitations period applies to potentially thousands of individual promotion claims and applying different limitations periods to those claims. There is no place for such a highly individualized analysis under Rule 23.

**IV. CONCLUSION**

Defendant Cargill Incorporated respectfully requests that a four-year statute of limitations be applied to both Plaintiffs' compensation and promotions claims.

Dated: February 17, 2005

DORSEY & WHITNEY LLP

s/Shari L. Jerde_________________
Paul B. Klaas (#56327)
Holly S. A. Eng (#238028)
Shari L. Jerde (#0306551)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55502-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED