**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| RODERICK ARNOLD, et. al, | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB) |
| On Behalf of themselves and all others similarly situated, | ) | CLASS ACTION |
| Plaintiffs, | ) | |
| v. | ) | **ORAL ARGUMENT REQUESTED** |
| CARGILL, INCORPORATED | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO OBTAIN BALANCE OF CASE RECORD**

## I. Introduction

In its Memorandum Opinion and Order issued on November 23, 2004, the Court granted Sprenger & Lang's ("S&L") request to permit possible successor counsel ("Counsel") access to the class certification briefs and exhibits filed in this case. Counsel had sought access to these materials in order to make an informed judgment whether to enter this action. In doing so, however, the Court made clear that Counsel was prohibited from communicating with S&L, absent leave of the Court, about this litigation other than to arrange for the transfer of the materials it permitted Counsel to obtain. Mem. Op. and Order (Nov. 23, 2004) at 11. The undersigned counsel have now entered the case on behalf of the plaintiffs. In order to be properly prepared to represent the plaintiffs in the balance of the litigation, Counsel seeks access

to the remainder of the materials generated in connection with this action.

This case was filed in August 2001. During its pendency for three and a half years, the parties have conducted extensive discovery and engaged in substantial motion practice. The case now stands at a critical juncture. Three important matters are pending. First, the plaintiffs' motion for class certification has been fully briefed and awaits argument. *See* Docket Nos. 250, 329, 352. Second, shortly before S&L was disqualified as Plaintiffs' counsel, the defendant had filed a motion to strike the plaintiffs' expert reports. *See* Docket No. 374. The plaintiffs have yet to file a response to that motion. Third, the Court has recently directed the parties to jointly submit a proposed order specifying the relief that the plaintiffs may pursue after its ruling on the statute of limitations that governs claims arising under 42 U.S.C. § 1981. *See* Docket No. 407. In order for the plaintiffs to participate fully and fairly in each of these pending matters, their current counsel must have access to the balance of the materials generated in this case.

## II. Materials to Which Access is Requested

In an effort to assist the Court in addressing this request, the plaintiffs have divided the materials to which they seek access into the following categories:

1. The complete pleading file;
2. The complete correspondence file;
3. All transcripts of depositions;
4. Materials produced by Cargill in response to formal discovery requests;
5. Materials produced informally to S&L by the plaintiffs and other persons knowledgeable about Cargill;
6. Legal and factual compilations and analyses prepared by S&L;

7. Any databases which contain documents or data produced in this action; and

8. Any materials regarding settlement discussions that may have taken place.

As should be apparent, the materials to which the plaintiffs seek access are routinely generated in complex litigation such as the pending case. Access to these materials should afford Counsel the opportunity to be fully conversant with the entire record.

In making this request, of course, the plaintiffs do not seek access to any information or materials that relate to Mr. Douglas, with whom the Court previously ruled S&L had impermissible contact. Should the Court permit the plaintiffs access to all or any of the materials identified above, Counsel would make the request to S&L in writing and specify that no materials produced by Mr. Douglas nor any notes, compilations or other references to information provided by Mr. Douglas should be produced to Counsel.

Most of the materials covered by the categories identified above are either matters of public record or were produced by Cargill or by the plaintiffs. As such, there should be no question about whether they were contaminated by whatever documents or information were produced to S&L by Mr. Douglas. Of the remaining materials sought, should the Court believe it necessary, Counsel would be willing to explore the appointment of a Special Master to whom these materials could be produced for in camera review before production to Counsel. Other courts have endorsed such an approach. *See, e.g., Ag Gro Svcs. Co. v. Sophia Land Co., Inc.*, 8 F. Supp.2d 495, 499 (D. Md. 1997) (materials provided to successor counsel must be submitted to the court for in camera review, or to a Special Master).

**III. Conclusion**

For the reasons set forth above, the plaintiffs hereby request leave to obtain the materials

described above from Sprenger & Lang.

February 25, 2005

Respectfully submitted,

s/*Susan MacMenamin*

Samuel Heins (MN Bar No. 43576)
Susan MacMenamin (MN Bar No. 304396)
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-4605

Joseph Sellers (DC Bar No. 318410)
Llezlie Green, (DC Bar No. 484051)
COHEN, MILSTEIN, HAUSFELD &
TOLL, P.L.L.C.
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005
(202) 408-4653

*Counsel for Plaintiffs*