**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| RODERICK ARNOLD, et. al,<br><br>On Behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CARGILL, INCORPORATED<br><br>Defendant. | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB)<br><br>CLASS ACTION |

**PLAINTIFFS' REPLY TO CARGILL'S MEMORANDUM REGARDING THE EFFECT OF JONES V. R.R. DONNELLEY ON PLAINTIFFS' PROMOTION AND COMPENSATION CLAIMS**

## I. Introduction

In its Memorandum Opinion dated January 21, 2005, this Court directed Cargill to respond to specific questions regarding the effect of *Jones v. R.R. Donnelley & Sons Co.*, 124 S. Ct. 1836 (2004) on the claims that plaintiffs may pursue under 42 U.S.C. § 1981. The Court also instructed Plaintiffs to, upon receiving Cargill's brief, advise the calendar clerk whether they wished to file a reply brief. Having done so, Plaintiffs now submit this reply brief.

## II. Named Plaintiffs Have Promotion Claims Cognizable Under 42 U.S.C. § 1981 Before Enactment of the Civil Rights Act of 1991.[1]

Cargill contends that the Eight Circuit has employed a restrictive interpretation of

[1] Plaintiffs concede that their compensation claims under § 1981 are not actionable before enactment of the Civil Rights Act of 1991.

*Patterson v. McLean Credit Union*, 491 U.S. 164 (1989) that would permit very limited promotion claims. On the contrary, this circuit's authority clearly contemplates a variety of actionable promotion claims under *Patterson*.

A promotion claim actionable under the version of § 1981 in effect before enactment of the Civil Rights Act of 1991 ("CRA of 1991") must involve a "qualitative change" that creates a "sufficiently new and fundamentally different contractual relationship." *Fray v. Omaha World Herald Co.*, 960 F.2d 1370, 1373 (8th Cir. 1992); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1055 (8th Cir. 1997). Far from construing the promotions cognizable under § 1981 after *Patterson v. McLean Credit Union* in a restrictive manner, as Cargill has argued, this Circuit has recognized that promotions which effect significant changes in the terms and conditions of employment constitute changes in the employment relationship qualifying as the formation of a new contract under § 1981 before enactment of the CRA of 1991.

In *Kim v. Nash Finch Co.*, the Eighth Circuit found that a promotion which involved a change "from hourly to salaried compensation, and from non-management to management status ... and a change in the chain of authority," even where there was little change in pay and no additional supervisory responsibilities qualified as formation of a new contract protected by § 1981.[2] *Kim*, 123 F.3d at 1055. Other Circuit Courts concur in this view. The Ninth Circuit concluded, for example, that "a simple change in position from supervised employee to supervisor" and a move from an hourly to a salaried position was covered by § 1981 before enactment of the CRA of 1991. *Sitgraves v. Allied-Signal, Inc.*, 953 F.2d 570, 574. Similarly,

---

[2] By comparison, in *Fray*, the Plaintiff admitted the promotion in question would have been to a position that was basically the same as her current position. *See Fray*, 960 F.2d at 1370.

the Second Circuit cited promotions such as "a move from factory worker to foreman, foreman to supervisor, or manager to officer" as covered by § 1981. *Butts v. City of New York Dept. of Hous. Pres. and Dev.*, 990 F.2d 1397, 1412 (2d Cir. 1992). At the very least, therefore, promotions that would have effected a change from hourly to salaried compensation, from non-management to management status, and a change in an employee's chain of authority qualify for coverage by § 1981 before the CRA of 1991 was enacted.[3]

The named plaintiffs have advanced promotion claims, arising before enactment of the CRA of 1991, that were cognizable under § 1981 at the time. Although the plaintiffs have yet to see transcripts of the named plaintiffs' depositions, among other aspects of the record, even cursory interviews of the named plaintiffs revealed that at least a few of them possess promotion claims plainly actionable under § 1981 before the CRA of 1991 was enacted. Sean Allen, for example, claims that in 1997 he was qualified, but not interviewed, for an Ethanol Sales and Marketing Manager position for which a less-qualified Caucasian employee was selected that would have entailed movement from a non-supervisory to a supervisory position. Similarly, Emily Tyler claims that prior to August, 1997, she was denied several promotions for which she was qualified that would have constituted movement from non-supervisory to supervisory positions. Furthermore, Charles Scott claims that he was denied a promotion from Sales Merchant to Senior Sales Merchant for which less-qualified Caucasian employees were chosen that would have entailed a move to a supervisory position and a change in the chain of authority. There should be little question that, as pled, the promotions that these plaintiffs claim were

[3] As Plaintiffs have previously stated, determination of these categories may be accomplished by stipulation or further briefing to the Court. *See* Pl's Opp. to Cargill's Mot. to Reconsider at 14 n. 7

DRAFT

denied them would have constituted changes in the employment relationship sufficient to be cognizable under § 1981 before enactment of the CRA of 1991. As such, their claims are subject to a six-year statute of limitations.

**III. Adjudication of Promotion Claims Under § 1981 Before Enactment of the CRA of 1991 is Compatible With Class Treatment of This Action**

Cargill has argued that any promotion claims cognizable under § 1981 before enactment of the CRA of 1991 would require individual analyses that are incompatible with class treatment. The Court, however, would be able to use broad categories of changes in the terms of employment to identify actionable promotion claims.

As the Circuit Court authority cited above reflects, the identification of positions to which promotions were denied that qualify for coverage under § 1981 before enactment of the CRA of 1991 can be readily ascertained without the individual inquiry that Cargill insists would occur. Reference to an organizational chart, for example would permit identification of promotions from hourly to salaried positions as well as non-supervisory to supervisory positions, without investigation of each promotion or vacancy. As such, the identification of promotions qualifying for coverage under § 1981 would not affect the suitability of this action for class treatment.

**III. Conclusion**

This Court has ruled that a four-year statute of limitations applies to Plaintiffs' § 1981 claims. Nevertheless, promotion claims that involved changes in the terms of employment that were "new and fundamentally different" or "qualitatively different" were still actionable after *Patterson v. McLean Credit Union* was decided. As such, claims challenging the denial of those promotions were not affected by enactment of the Civil Rights Act of 1991 and, therefore, the

DRAFT

limitations period governing those claims remains six years and was not altered by *Jones v. R.R. Donnely*. The governing authority clearly contemplates that broad categories of change in the employment relationship may be used to determine whether a promotion is actionable, and Named Plaintiffs have made promotion claims that fall within this framework. Accordingly, Plaintiffs respectfully requests that the Court deny Cargill's Motion for Reconsideration as to promotion claims that were cognizable under § 1981 before enactment of the CRA of 1991.

March 2, 2005

Respectfully submitted,

s/*Susan MacMenamin*

Samuel Heins (MN Bar No. 43576)
Susan MacMenamin (MN Bar No. 304396)
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-4605

Joseph Sellers (DC Bar No. 318410)
Llezlie Green (DC Bar No. 484051)
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005
(202) 408-4653

*Counsel for Plaintiffs*