**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virgina Douglas, Ronald Garrus, Cheneta Hugley, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Civil No. 01-2086 (DWF/AJB)

Plaintiffs,

v.

**ORDER**

Cargill Incorporated,

Defendant.

---

Samuel D. Heins, Esq., and Susan E. MacMenamin, Esq., Heins Mills & Olson; and Joseph Sellers, Esq., and Llezlie Green, Esq., Cohen Milstein Hausfeld & Toll, PLLC - DC, counsel for Plaintiffs.

Holly S.A. Eng, Esq., Mark John Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul Barry Klaas, Esq., Ryan E. Mick, Esq., Shari L. Jerde, Esq., Emily L. Fitzgerald, Esq., and Heather Toft, Esq., Dorsey & Whitney - Mpls, counsel for Defendant.

Peter N. Thompson, Esq., Special Master, Hamline Law School.

---

The above-entitled matter is before the undersigned United States District Judge pursuant to Defendant Cargill, Incorporated's ("Cargill") Motion to Reconsider this Court's Order dated July 15, 2002, and specifically pursuant to the Court's request for supplemental briefing on the following issues:

> What effect does the United States Supreme Court's decision in *Jones v. R.R. Donnelly & Sons Co.*, 124 S. Ct. 1836 (2004), have on the statute of limitations that the Court should impose on promotion and compensation claims that were actionable prior to the enactment of the Civil Rights Act of 1991 and under the United States Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989)? Specifically, are Plaintiffs' promotion and compensation claims that were actionable prior to the enactment of the Civil Rights Act of 1991 still subject to Minnesota's six-year statute of limitations?

*Arnold v. Cargill, Inc.*, No. Civ. 01-2086, 2005 WL 165387 at *2 (D. Minn. Jan. 21, 2005). Both parties have submitted supplemental briefing on these issues. Plaintiffs concede that the four-year federal catchall statute of limitations applies to Plaintiffs' compensation claims. Thus, the remaining issue is whether the four-year federal catchall statute of limitations or Minnesota's six-year statute of limitations applies to Plaintiffs' promotion claims.

Cargill concedes that an individual plaintiff may invoke Minnesota's six-year statute of limitations "if the promotion in question rises to a 'new and distinct relationship' between the employee and employer." (Cargill's Memorandum Regarding the Effect of *Jones v. R.R. Donnelly* on Plaintiffs' Promotion and Compensation Claims at 3.) However, Cargill asserts that Plaintiffs have provided no evidence of a promotion claim that would have been actionable under this standard. In addition, Cargill contends that this is a highly individualized inquiry that is not appropriate for a nationwide class action lawsuit.

The Court finds that Minnesota's six-year statute of limitations applies to Plaintiffs' promotion claims that were cognizable before the enactment of the Civil Rights Act of 1991. Pursuant to Eighth Circuit precedent, these claims must involve a "meaningful, qualitative change" that creates a "sufficiently new and fundamentally different contractual relationship" between the Plaintiff/employee and Cargill. *Fray v. Omaha World Herald Co.*, 960 F.2d 1370, 1373 (8th Cir. 1992) (quoting *Sitgraves v. Allied-Signal, Inc.*, 953 F.2d 570, 573 (9th Cir. 1992)); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1055 (8th Cir. 1997). Cargill's arguments regarding the individualized inquiry required of such claims are more properly raised at the class certification stage of the proceedings.

Accordingly, it is **HEREBY ORDERED THAT**:

1. The parties shall have forty-five (45) days from the date of this Order to file a single, joint proposed order describing the relief sought in light of this Order and the Court's Memorandum Opinion and Order dated January 21, 2005. Specifically, the joint proposed order should describe the relief sought in light of the Court's rulings that (a) the four-year statute of limitations applies, generally, to Plaintiffs' claims; (b) the continuing violations theory does not apply to Plaintiffs who no longer worked for Cargill after August 22, 1997; (c) the four-year statute of limitations applies to Plaintiffs' compensation claims; and (d) the six-year statute of limitations applies to Plaintiffs' promotion claims, as described above.

Dated: March 22, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court