**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virgina Douglas, Ronald Garrus, Cheneta Hugley, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Civil No. 01-2086 (DWF/AJB)

Plaintiffs,

v.

**ORDER**

Cargill Incorporated,

Defendant.

---

Samuel D. Heins, Esq., and Susan E. MacMenamin, Esq., Heins Mills & Olson; and Joseph Sellers, Esq., and Llezlie Green, Esq., Cohen Milstein Hausfeld & Toll, PLLC - DC, counsel for Plaintiffs.

Holly S.A. Eng, Esq., Mark John Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul Barry Klaas, Esq., Ryan E. Mick, Esq., Shari L. Jerde, Esq., Emily L. Fitzgerald, Esq., and Heather Toft, Esq., Dorsey & Whitney - Mpls, counsel for Defendant.

Peter N. Thompson, Esq., Hamline Law School, Special Master.

---

The above-entitled matter is before the undersigned United States District Judge pursuant to Plaintiffs' Motion to Obtain Balance of Case Record. Defendant Cargill opposes Plaintiffs' Motion. For the reasons set forth below, the Court grants Plaintiffs' Motion as described in this Order.

The parties are familiar with the factual and procedural history of this matter. Relevant to this Motion, the Court's Memorandum Opinion and Order dated November 23, 2004, allowed Plaintiffs' successor counsel access to certain briefing materials related to Plaintiffs' Motion for Class Certification and Defendant's Motion for Reconsideration of this Court's Order dated July 15, 2002. Further, this Court prohibited Plaintiffs' successor counsel from communicating with Sprenger & Lang ("S&L"), absent leave of the Court, about this litigation other than to arrange for transfer of the specified materials that the Court allowed successor counsel to obtain.

Here, Plaintiffs' successor counsel has requested access to the remainder of materials generated by S&L in connection with this action, so that successor counsel may effectively represent Plaintiffs in the litigation. The requested materials include: the complete pleading file; the complete correspondence file; all transcripts of depositions; materials produced by Cargill in response to formal discovery requests; materials produced informally to S&L by the plaintiffs and other persons knowledgeable about Cargill; legal and factual compilations and analyses prepared by S&L; any databases that contain documents or data produced in this action; and any materials regarding settlement discussions that may have taken place. Cargill asserts that Plaintiffs' successor counsel has articulated neither a need nor a justification for the materials to which it seeks access. Cargill contends that the Court should enforce a categorical ban on access by successor counsel to S&L's files.

In its November 23, 2004, Order, this Court rejected Cargill's previous attempt to bar Plaintiffs' successor counsel from access to virtually all materials generated in this case after July 6, 2000. (*See* November 23, 2004, Order at 7, 8.) Specifically, the Court noted:

> the Court is not convinced that Douglas possessed and imparted the type of contemporaneous legal information about the merits of this case or had the amount and type of contact with S&L's attorneys that would justify a blanket presumption that all S&L materials generated after its initial contact with Douglas are tainted.

*Id.* at 9. Absent a showing of how a document or a class of documents is connected with the taint, the Court does not intend to revisit this issue at every juncture of this case.

Employing the same case-by-case balancing approach that the Court applied in its November 23, 2004, Order, the Court finds that successor counsel should have access to the following materials: the complete pleading file; all transcripts of depositions; materials produced by Cargill in response to formal discovery requests; and any materials regarding settlement discussions that may have taken place. Further, the Court finds that the complete correspondence file, materials produced informally to S&L by Plaintiffs and other persons knowledgeable about Cargill, legal and factual compilations and analyses prepared by S&L, and any databases that contain documents or data produced in this action will only be released to successor counsel after they have been submitted for review by the Special Master in this case and determined to be "untainted." *See, e.g., Ag Gro Services Co. v. Sophia Land Co., Inc.*, 8 F. Supp. 2d 495, 499 (D. Md. 1997).

It continues to be the Court's view that successor counsel's access to the materials set forth above will not defeat the purpose of the disqualification order. Counsel for Cargill is entirely justified in its concern about the issue of prejudice. However, the Court will continue to exercise vigilance with

regard to its oversight responsibility. The Court is very concerned about prejudice, especially when it involves the vindication of the integrity of the bar and of this Court. The fact remains that the present lawyers, as successor counsel, remain under a clear ethical duty not to use any information, be it work product or not, that is the derivative of improperly obtained confidential or privileged information or is otherwise tainted in any way.

The Court continues to underscore the fact that there are appropriate safeguards available to protect Cargill, including *in limine* motions, meaningful pretrial review by this Court, close scrutiny by this Court of all materials and evidentiary matters submitted, and the use of a Special Master to review the materials noted in this Order to ensure that all materials disclosed are untainted. Admittedly, Cargill has the right to expect a level of solicitude by this Court and Plaintiffs' counsel during this discovery process and all pretrial proceedings given the circumstances that led to the disqualification of counsel. While Cargill may find little solace in this balancing approach, the Court continues to maintain that it can preserve the integrity of the Court and also minimize prejudice to Cargill and give Cargill its fair day in court despite the transgressions that have occurred thus far.

For all of these reasons, the Court believes that access to the materials can be granted without victimizing or prejudicing Cargill. The balancing approach required is no less delicate than it was prior to the Court's Order of November 23, 2004, when the Court established ground rules for access to information for the limited purpose of securing Plaintiffs' replacement counsel. Nonetheless, the Court finds that a balance can be achieved.

Accordingly, it is **HEREBY ORDERED THAT**:

1. In order to proceed with the exchange of documents in the most expeditious manner, the Court orders the following schedule:

a. By April 8, 2005, S&L shall provide Plaintiffs with the complete pleading file, all transcripts of depositions, materials produced by Cargill in response to formal discovery requests, and any materials regarding settlement discussions that may have taken place.

b. By April 15, 2005, S&L shall provide the Special Master with the following materials and a detailed index thereof: the complete correspondence file, materials produced informally to S&L by the plaintiffs and other persons knowledgeable about Cargill; legal and factual compilations and analyses prepared by S&L; and any databases that contain documents or data produced in this action.

c. The Special Master shall review the materials submitted pursuant to item (b) above to determine whether such materials are "tainted" by S&L's contacts with R. Bill Douglas, as described in detail in the Court's previous orders. By June 10, 2005, and prior to the release of any documents to successor counsel, the Special Master shall prepare a report consistent with his findings, to be submitted for *in camera* review by the Undersigned. The report should detail the Special Master's determination with regard to each of the documents that has been submitted by S&L for review.

d. The rights, power, and duties of the Special Master shall be consistent with the Order Appointing Special Master, dated June 6, 2003.

e. The compensation of the Special Master, as well as the final allocation of costs, shall be consistent with the Order Appointing Special Master, dated June 6, 2003.

Dated: March 24, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court