UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RODERICK ARNOLD, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-CV-2086 (DWF/AJB)

**JOINT PROPOSED ORDER**

In its March 22, 2005 Order, this Court instructed the parties to submit a joint proposed order to the Court describing the relief sought in light of that Order, as well as the Court's Memorandum Opinion and Order dated January 21, 2005. The parties respectfully and jointly propose the Order that follows:

**Introduction / Discussion**

The above-entitled matter is before the Court on the Motion of Cargill, Incorporated ("Cargill") to Reconsider this Court's Order dated July 15, 2002, insofar as the Court, in that Order, applied a six-year statute of limitations to Plaintiffs' claims under 42 U.S.C. § 1981. This Court has determined that the United States Supreme Court's decision in Jones v. R.R. Donnelley & Sons Co., 124 S. Ct. 1836 (2004), constitutes intervening law, applies retroactively, and dictates that the federal catchall four-year statute of limitations, set forth at 28 U.S.C. § 1658(a), governs claims brought under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. This Court has further determined that Minnesota's six-year statute of limitations applies to Plaintiffs' promotion claims that were cognizable before the enactment of the Civil Rights Act of 1991.

## Conclusion and Order

Accordingly, it is **HEREBY ORDERED** that:

1. The four-year statute of limitations applies to Plaintiffs' § 1981 claims generally, including, but not limited to, unfair performance review, compensation, wrongful termination, and promotion, except as described in Paragraph 2 (below).

2. The six-year statute of limitations applies only to those individual promotion claims that involved a "meaningful, qualitative change" that created a "sufficiently new and fundamentally different contractual relationship" between the individual Plaintiff and Cargill. *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1055 (8th Cir. 1997); *Fray v. Omaha World Herald Co.*, 960 F.2d 1370, 1373 (8th Cir. 1992) (quotation omitted).

3. The § 1981 claims of individuals who were no longer employed by Cargill after August, 22, 1997, are time-barred, except with respect to the promotions claims described in Paragraph 2 (above). Promotions claims that fall within Paragraph 2 (above) are time barred if they occurred prior to August 22, 1995.

4. This Order supercedes and replaces all prior orders addressing this issue.

Dated: ______________________________

______________________________
DONOVAN W. FRANK
United States District Judge

Dated: May 6, 2005

HEINS MILLS & OLSON, P.L.C.

s/ Susan MacMenamin
Samuel Heins (#43576)
Susan MacMenamin (#304396)
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-4605

s/ Llezlie Green
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
Joseph Sellers (D.C. Bar No. 318410)
Llezlie Green (D.C. Bar No. 484051)
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 2005
Telephone: (202) 408-4653

Attorneys for Plaintiffs

Dated: May 6, 2005

DORSEY & WHITNEY LLP

s/ Holly S. A. Eng
Paul B. Klaas (#56327)
Holly S. A. Eng (#238028)
Shari Jerde (#0306551)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
CARGILL, INCORPORATED