**EXHIBIT 5**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roderick Arnold, Nii-Akwei Acquaye, Sean Allen, Hollis Branham, Toya Brown, Dawn Collins, Louis Darden, Della Dickson, Virginia Douglas, Ronald Garrus, Margo Harvey, Cheneta Hughey, Jacqueline Jenkins, Keith Lewis, Valerie Mason-Robinson, Michael Mitchell, Phyllis Reece, Tonya Ross, Charles Scott, Clintonia Simmons, Tausha Tate, Emily Tyler, Jacqueline Williams, Cheryl Willis, and Sean Wright, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Cargill, Incorporated,

Defendant.

Case No. 01-2086 DWF/AJB

**DECLARATION OF JAMES H. KASTER**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Your affiant being duly sworn states upon oath:

1. I am an attorney licensed to practice in all Courts of the State of Minnesota as well as the Federal Courts of this District, the Eighth Circuit Court of Appeals, and the United States Supreme Court;

2. I am a partner with the law firm of Nichols, Kaster & Anderson, PLLP and I am one of the attorneys representing Plaintiffs in the above-entitled matter;

3. I submit this affidavit in support of Plaintiff's Motion for Class Certification;

4. Since law school, I have practiced as a lawyer in the State of Minnesota, on both the trial and appellate level where I have been involved in several groundbreaking cases, including the following:

Lundman v. McKown, et al, Hennepin County Dist. Ct. File No. 91-8197 (August 1993) ($14.2 million dollar jury award in first wrongful death lawsuit against the First Church of Christ, Scientist);

Doerr v. ADH, et al, Hennepin County District Court File EM 97-013502 (1999), ($7.6 million dollar trial court verdict in a minority shareholder case);

R. Edwin Powell v. MVE Holdings, Inc., 626 N.W.2d 451 (Minn. Ct. App. 2001) ($3.5 million dollar trial court verdict for breach of an oral contract);

ZumBerge v. Northern States Power Company, 481 N.W.2d 103 (Minn. App. 1992) (aff'd on appeal) ($1 million dollar award in stray voltage case against power supplier);

Lynch v. Dooley and Pomaville, Hennepin County District Court File 83-008740, CX 87-370 (1986) ($2.3 million dollar shareholder jury verdict);

Lisa Naatz vs. Pricewaterhouse Coopers, United States District Court File 99-925 (October 2000) ($1.65 million dollar jury verdict in a failure to promote claim);

Kathleen Cline v. Clay County, et al, United Stated District Court File 01-2239 (October 2003) ($1.5 million dollar settlement in an individual settlement harassment case);

Shireen Walsh v. National Computer Systems, United Stated District Court File 00-82 (August 2002) ($700,000 verdict and attorneys fees in a hostile work environment claim for a woman who had recently given birth );

Nordling v. Northern States Power Company, 465 N.W.2d 81 (Minn. App. 1991) (established the right of in-house lawyers to sue for wrongful discharge in Minnesota);

Kamrath v. Suburban National Bank, 363 N.W.2d 108 (Minn. Ct. App. 1985) (established the ability of employees to recover emotional distress damages in the absence of a physical injury);

Bucko v. First Minnesota Savings Bank, 452 N.W. 2d 244 (Minn. Ct. App. 1990) *aff'd* 471 N.W.2d 95 (Minn. 1991) (established right of employees to recover punitive damages in employment lie detector case without proof of knowledge of the law by the defendant);

Milavetz, Gallop & Milavetz v. Hill, 1998 WL 422229 (Minn. Ct. App. 1998) (rejected an employer's attempt to counter sue an employee after the employee sued for sexual harassment);

Uselman v. Uselman, 464 N.W.2d 130 (Minn. 1990) (established the proper factual and legal basis for pleading civil actions in Minnesota;

Nieves, et al v. IFP, (2000) (first successful class action discrimination case in Minnesota involving English-only rules in the workplace); and

Garcia, et al v. Viratec Thin Films, Inc. United States District Court File 01-1978 (2003) (settlement in a class action regarding race discrimination against Hispanics and violations of the FMLA.

6. Other attorneys of Nichols Kaster & Anderson have also been involved in additional ground-breaking cases, in both federal and state court, including the following:

Bailey v. Ameriquest Mortgage Co., 2002 WL 1835642 (D. Minn. 2002) (obtained order rejecting employer's attempt to compel arbitration and prevent class action employees from pursuing their case in federal district court);

Casas v. Conseco Finance Corp., 2002 WL 507059, 146 LabCas P 34502 (D.Minn. 2002) (obtained judgment in class action case with over 2,200 plaintiffs against finance company for failure to pay overtime compensation);

Gorham v. Benson Optical, 539 N.W.2d 798 (Minn. Ct.App. 1995) (clarified and expanded employee rights under the doctrine of promissory estoppel);

Hansen v. Regency Corp., 1996 WL 33116 (Minn. Ct. App. Jan. 10, 1996) (affirmed a 12-year future wage loss award in a sexual harassment case);

Hietala v. Real Estate Equities/Village Green, LLC., 998 F. Supp. 1065 (D. Minn. 1998) (clarified the burdens of proof in cases involving direct evidence of discrimination);

Luu v. Seagate Technology, Inc., 2001 WL 920013 (D.Minn. 2001) ($1.18 million dollar jury verdict for plaintiff who was retaliation against and terminated for reporting sexual harassment in the workplace);

Meyer v. Best Western Seville Plaza Hotel, 562 N.W.2d 690 (Minn. Ct. App. 1997) (a seminal wage and hour case that resulted in an amendment to the Minnesota wage and hour statutes favorable to employees);

Nelson v. United Wild Rice, 313 N.W.2d 628 (Minn. 1982) (established the legal standard for employees to move from company to company without running afoul of trade secret or non-compete law);

Nicklow v. Menard, Inc., 1992 WL 153434 (Minn. Ct. App. 1992) (upheld a $75,000 jury verdict for defamation in favor of an 18 year-old terminated store clerk);

Vinitsky v. Minneapolis Federation of Jewish Services, 1992 WL 183019 (Minn.App. 1992) (represents the first appellate decision on the Minnesota Medical Leave Act); and

Waag v. Thomas Pontiac, 930 F. Supp. 393 (D. Minn. 1996) (established the right to bring same-sex harassment claims under Title VII in the Federal District of Minnesota).

7. Currently, Nichols Kaster & Anderson is pursuing either collective or class action cases including the following:

Saunders et al. v. Ace Mortgage Funding, Inc. et al., United States District Court, District of Minnesota File 05-01437;

Potteiger et. al. v. Aames Home Loan, United States District Court, District of Minnesota File 04-651;

Abduallah and Graham et al., v. Bank of America; United States District Court, District of Minnesota File 04-2951;

West, et al., v. Border Foods, United States District Court, District of Minnesota File 05-2525;

Wilbur et al v. Chase Manhattan Mortgage Corp., United States District Court, District of Minnesota File 04-3172;

Tutt, et al., v. Centex Home Equity Co., United States District Court, Northern District of Georgia File 1:04-3527;

Pontius, et al., v. Fidelity Mortgage Inc., United States District Court, Western District of Pennsylvania File 04-1737;

Czubara, et al., v. Hamilton Mortgage Company, United States District Court, District of Arizona File 05-3438;

Melonakis Kurz, et al., v. Heartland Home Finance, United States District Court, District of Colorado File 03-MK-2485;

Kenneth Kalish and Jane Neal, et al., v. High Tech Institute, United States District Court, District of Minnesota File 04-1440;

Williams and Longoria, et al., v. Home Funds Direct, et al., United States District Court, Northern District of Georgia File 1:05-1651;

Smith, et al., v. Heartland Automotive Services, Inc. d/b/a Jiffy Lube, United States District Court, District of Minnesota File 04-1403;

Klas, et. al., v. New Century Financial Corp. and New Century Mortgage Corp., United States District Court, District of Minnesota File 03-3387;

Henry, et al., v. Quicken Loans Inc., a/k/a Rock Financial, et al., United States District Court, District of Michigan File 04-71860; and

Saxe, et al., v. TCF Financial Corp., et al., United States District Court, District of Minnesota File 04-1439.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2005 /s/

James H. Kaster