**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| RODERICK ARNOLD, et. al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARGILL, INCORPORATED<br><br>Defendant. | Civil Action No. 01-CV-2086 (DWF/AJB) |

**SUGGESTION OF DEATH AND MEMORANDUM IN SUPPORT OF MOTION FOR SUBSTITUTION**

## I. INTRODUCTION

Having previously informed the Court that Named Plaintiff Della Y. Dickson died on July 24, 2005, *see* dkt. no. 440 at 8-9,[1] Plaintiffs now request that the Court substitute the Personal Representative of Plaintiff Dickson's estate as the Named Plaintiff. Plaintiff Dickson's claims for lost wages and putative damages survive her death and, in the event the Court permits this case to proceed as a class action, her estate would retain the same rights as other class members.

## II. PLAINTIFF DICKSON'S CLAIMS FOR BACK PAY AND ANY ASSOCIATED CLAIMS FOR PUNITIVE DAMAGES SURVIVE HER DEATH

As a Named Plaintiff in this action, Plaintiff Dickson sought injunctive relief, punitive damages, back pay, front pay, and compensatory damages. *See* First Amended Complaint, Dkt. No. 248, at 38-40. Plaintiff Dickson's claims for back pay and punitive

1/ *See* Death Certificate of Della Y. Dickson (attached as Ex. A to Green Decl.)

damages under both the Minnesota Human Rights Act and 42 U.S.C. § 1981 survive her death, while her other claims have abated. The survival of Plaintiff Dickson's claims under the Minnesota Human Rights Statute and 42 U.S.C. § 1981 is determined by Minnesota Statute sections 573.01 and 573.02.[2] Under the Minnesota statute, the survival of a claim turns on the nature of the damages sought. While section 573.01 provides that a cause of action arising out of an "injury to the person" abates with the individual's death, section 573.02 provides a significant exception that applies here:

> When injury is caused to a person by the wrongful act or omission of any person or corporation and the person thereafter dies from a cause unrelated to those injuries, the trustee appointed in subdivision 3 may maintain an action for special damages arising out of such injury if the decedent might have maintained an action therefore had the decedent lived.

Minn. Stat. § 537.01, 537.02, subd.2.

Plaintiff Dickson's claims for back pay are "special damages" that survive her death. The Minnesota Court of Appeals has repeatedly recognized that "special damages" are those "to which an exact dollar amount can be assigned, such as lost wages to death." *See Tezak v. Bachke*, 698 N.W.2d 37, 39 (Minn. Ct. App. 2005) (citing *Deal v. Northwood Children's Home Soc'y*, 608 N.W.2d 922, 925 n.1 (Minn. Ct. App. 2000)); *Beaudry v. State Farm Mut. Auto. Ins. Co.*, 518 N.W.2d 11, 12 n.1 (Minn. 1994) ("Special damages would include medical expenses, lost wages to date of death, and the like.").

---

2/ The Eight Circuit has recognized that the state survival statute applies to claims brought under § 1981. *See Parkerson v. Carrouth*, 782 F.2d 1449, 1451 n.3 (8th Cir. 1986).

Likewise, Plaintiff Dickson's claim for punitive damages also survives her death. Any putative damages would be readily calculable and would not be based upon an individualized inquiry. Rather, the putative damages award would be distributed to members of the class in proportion to their lost wage awards. *See, e.g., Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 172 (N.D. Ca. 2004) ("courts . . . can ensure that any punitive damages award is allocated among the lost pay class in reasonable proportion to individual lost pay awards."); *Jenkins v. Raymark Industr.,* 782 F.2d 468, 474 (5th Cir. 1986) (suggesting that jurors "could be allowed to award an amount of money [in putative damages ] that each class member should receive for each dollar of actual damages awarded."). As such, once Plaintiff Dickson's lost earnings are assessed, an exact dollar amount can be assigned to the punitive damage award. This claim thus survives Plaintiff Dickson's death.

In its Response to Plaintiff's Supplemental Reply Brief, Cargill contended that all of Ms. Dickson's claims abated at her death. *See* Dkt. No. 446, at 13-15. Cargill, however, overlooked the Minnesota authority that repeatedly characterizes back pay as "special damages."[3] Nor do any of the cases upon which Cargill relies preclude recovery of lost wages or putative damages upon the death of a plaintiff. In *Jenson v. Eveleth Taconite Co.*, for example, the Eight Circuit's ruling that death extinguished the plaintiff's claims, was limited to compensatory damages for mental anguish. *See Jenson*

3/ Nor can Cargill make the argument that requests for back pay and punitive damages were not pled in the complaint. *See*, First Amended Complaint, Dkt. No. 248, at 39.

*v. Eveleth Taconite Co.*, 130 F.3d 1287, 1287 (8th Cir. 1991) (reversing district court on issue of mental anguish damages).[4] Cargill's reliance on *Lipka v. Minnesota Employees Association* is equally misguided. In *Lipka*, the Minnesota Court of Appeals held that MHRA claims abate where there is no prayer for special damages. *Lipka v. Minnesota Employees Assoc.*, 537 N.W.2d 624, 630 (Minn. Ct. App. 1995). Here, the complaint specifically includes a prayer for back pay and punitive damages which qualify as special damages. Thus, the survival of these claims is clearly contemplated in *Lipka* and is not foreclosed by *Jenson*.

Accordingly, while Plaintiff Dickson's estate may not pursue her claims for compensatory damages, under Minnesota law, her claims for back pay and any punitive damages awarded in proportion to the back pay award survive.

## III. SUBSTITUTION OF MS. DICKSON'S ESTATE AND SUSPENSION OF CLAIM

Although Plaintiff Dickson's death does not extinguish all of her claims in the above-captioned action, it does preclude her from acting as a class representative. Janice Lintz and Pinkie Odessa Peake have been duly appointed Personal Representatives of the estate of Della Y. Dickson by the State of Minnesota, County of Hennepin, Fourth Judicial District Court, Probate Mental Health Division and qualified as such Personal Representatives. *See* copy of Letters Testamentary attached as Ex. B to Green Decl. Accordingly, Plaintiffs move this court to substitute Janice Lintz, Personal Representative

---

4/ In *Jenson*, the deceased plaintiff did not have a claim for lost wages because the class did not prevail on their claims of discrimination in hiring, job assignments and upgrades, and compensation and training. *Jenson v. Eleventh Taconite Co.*, 824 F. Supp. 847 (1993). As a result, only the damages for mental anguish were at issue on appeal.

of the estate of Della Y. Dickson, deceased, as the Named Plaintiff herein. If the Court grants Plaintiffs' pending motion for class certification, Ms. Dickson's estate would represent her interests as a class member entitled to any lost wages and putative damages awarded the class. Like the other Named Plaintiffs in this action, if the Court declines to certify her class, her estate may, at that time, pursue her surviving claims individually.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully move this Court for an order substituting, Janice Lintz, Personal Representative of the estate of Della Y. Dickson, deceased, as the Named Plaintiff in this action.

Dated: February 28, 2006

Respectfully submitted,

By: /s/ Llezlie Green

Joseph M. Sellers (DC 318410)
Christine E. Webber (DC 439368)
Llezlie L. Green (DC 484051)
COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Samuel D. Hines (MN 43576)
Barbara J. Felt (MN 0228564)
HEINS MILLS & OLSON
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 412-3557
Facsimile: (612) 338-4692

James H. Kaster (MN 53946)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 256-3202
Facsimile: (612) 338-4878

Attorneys for Plaintiffs