UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al., on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>CARGILL, INCORPORATED,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 01-CV-2086 (DWF/AJB)<br><br>**DECLARATION OF SUSAN M. COLER IN SUPPORT OF SPRENGER & LANG, PLLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

I, Susan M. Coler, hereby declare and state as follows:

1. I am over the age of eighteen and an attorney at Sprenger & Lang. Prior to the disqualification of Sprenger & Lang from this case, I was one of the attorneys representing the plaintiffs. I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. Cargill served seven sets of interrogatories and eight sets of document production requests on the plaintiffs, including individualized questions and requests requiring individual responses from each of them. Cargill also deposed each of the plaintiffs, most of them for two days. Plaintiffs engaged three expert witnesses, each of whom prepared reports and were deposed by Cargill.

3. Plaintiffs, through S&L, likewise served interrogatories and document production requests on Cargill, primarily oriented toward class certification issues but including requests for documents concerning "comparables" -- non-African

American employees who were similarly situated to each plaintiff. The firm's personnel spent many hours reviewing the hundreds of thousands of pages of documents produced by Cargill in response to those requests, and S&L's lawyers deposed Cargill's witnesses for approximately 43 days. The parties had regular status/discovery conferences with Magistrate Judge Boylan. Discovery disputes that the parties could not resolve resulted in numerous decisions by the Magistrate Judge, and several appeals to the District Court.

4. After the conclusion of discovery, the parties attempted unsuccessfully to resolve the litigation through a class-wide settlement.

5. The disqualification received substantial attention in the Twin Cities' daily newspapers and legal publications. Mr. Schaefer never worked for S&L again.

6. One positive outcome of the disqualification is that S&L, as part of firm governance, has designated an ethics partner to oversee legal ethics issues that arise and act proactively to assure that all of our operations comply with ethical obligations. I currently serve in that role. Among other things, the functions of the ethics partner include serving as a resource when any attorney or staff member has questions, monitoring firm activity to anticipate ethical issues that may arise, establishing policies and procedures designed to obviate the likelihood of any ethical lapses, and regularly reminding the entire staff of our ethical obligations and of the available resources to address potential issues.

* * *

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of August, 2007, at Minneapolis, MN.

*s/Susan M. Coler*
Susan M. Coler