UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

RODERICK ARNOLD et al.,

Plaintiffs,

v.

CARGILL, INCORPORATED,

Defendant.

Civil File No. 01-cv-2086 (DWF/AJB)

**DECLARATION OF MICHAEL IWAN**

I, **MICHAEL IWAN,** declare as follows:

1. I am an attorney with the firm of Dorsey & Whitney LLP, 50 South Sixth Street, Minneapolis, Minnesota, 55402, attorneys for Defendant in this matter. I submit this Declaration to accompany Defendant Cargill, Incorporated's ("Cargill") Memorandum of Law in Support of Motion for Attorneys' Fees and Related Expenses Incurred as a Result of Former Class Counsel S&L's Conduct. I have worked on the *Arnold et al. v. Cargill, Incorporated* litigation since its inception in 2001, including particularly the events for which Cargill seeks reimbursement of its fees and costs through the aforementioned Motion.

2. For purposes of this Motion, I have analyzed Dorsey & Whitney's monthly billing invoices sent to and paid by Cargill regarding this matter. Client billing invoices are based on the time records contemporaneously submitted by all attorneys and staff, which contain information regarding hours worked each day and descriptions of the work performed. The billing invoices list timekeeper names, hours worked, rates, and descriptions of the work performed.

3. I reviewed each entry, attempting to identify tasks related to the discovery, briefing, and resolution of Cargill's motion to disqualify, and the post-disqualification events brought about because of the disqualifying conduct. I have attached, as Exhibit A to this Declaration, a chart setting forth the attorneys' fees incurred by Cargill as a result of Sprenger & Lang's conduct. The descriptions contained in Exhibit A are taken from the billing invoices based on the timekeepers' contemporaneously-submitted time records. I have adjusted a few minor typographical errors.

4. Where an individual timekeeper billed for more than one task on a day and less than all of those tasks were related to issues addressed in Cargill's Memorandum, I derived a good faith estimate, based on my knowledge of the case, of how long the tasks related to disqualification issues would have taken.

5. The billing rate ranges for the attorneys and staff who performed work on the issues addressed in Cargill's Memorandum can be found in Exhibit A. In compiling Exhibit A, I used the timekeepers' billing rates in effect at the time of each billing invoice. The following chart lists the timekeeper identification initials ("TK ID") used in Exhibit A for the primary timekeepers who worked on the issues addressed in Cargill's Memorandum. The "position" reflects the timekeeper position at the time of each billing invoice, as well.

| **Name** | **Position** | **TK ID** |
|---|---|---|
| Holly S. A. Eng, Esq. | Partner | HE |
| Mark Ginder, Esq. | Partner | MG |
| Michael Iwan, Esq. | Associate | MI |
| Paul Klaas, Esq. | Partner | PK |
| Ryan Mick, Esq. | Associate | RM |
| Heather Toft, Esq. | Associate | HT |
| Bill Wernz, Esq. | Partner | BW |
| Wilda Wahpepah, Esq. | Associate | WW |
| Mary Jo Stark | Paralegal | MS |
| Kim Langlais | Legal Assistant | KL |

6. In addition to the attorneys' fees detailed in Exhibit A, Cargill incurred related costs and expenses, as follows. These figures were actually paid by Cargill, and are taken from the monthly billing invoices.

**A. Discovering Facts Underlying Disqualification (July 2002 to May 2004)**

- Electronic research: $6,094.20
- Deposition transcripts / court reporter fees: $2,165.05
- TOTAL: $8,259.07

**B. Briefing Disqualification (March 2004 to October 13, 2004)**

- Electronic research: $4,278.86
- Preparation of hearing exhibits: $2,408.50
- Photocopying charges: $94.00
- TOTAL: $6,781.36

**C. Post-Disqualification (Post-October 13, 2004)**

- Electronic research: $5,095.52
- Photocopying charges: $223.60
- TOTAL: $5,319.12

**Overall Total: $20,359.55**

7. Attached hereto as exhibits are true and correct copies of the following:

**Exhibit B -** Declaration of Lawrence P. Schaefer in Proceedings Regarding Deposition of R. Bill Douglas

**Exhibit C -** Affidavit of Janice M. Symchych Dated October 23, 2003

**Exhibit D -** Letter dated August 14, 2002, from Janice M. Symchych to Lawrence Schaefer (with attachments)

**Exhibit E -** Letter dated August 30, 2002, from Susan Coler to Magistrate Judge Boylan

**Exhibit F -** Amended Notice of Taking Deposition of R. Bill Douglas (July 11, 2003)

**Exhibit G -** Letter dated Sept. 23, 2003, from Paul B. Klaas to Magistrate Judge Boylan

**Exhibit H -** Letter dated September 25, 2003 from Susan M. Coler to Magistrate Judge Boylan

**Exhibit I -** Letter dated October 3, 2003, to Paul B. Klaas and Susan M. Coler from Magistrate Judge Boylan

**Exhibit J -** Notices of Taking Deposition and Subpoenas of Lawrence Schaefer, Teresa Patton, David Shulman, Patricia Jones, Sarah Madsen and R. Bill Douglas

**Exhibit K -** Letter dated October 10, 2003, from Susan M. Coler to Paul B. Klaas

**Exhibit L -** Response to the Subpoenas Duces Tecum of Lawrence Schaefer, Teresa Patton, and Patricia Jones

**Exhibit M -** Letter dated March 29, 2004, from Susan M. Coler to Michael Iwan

**Exhibit N -** Letter dated October 5, 2004, from Lewis A. Remele, Jr., to Judge Donovan Frank

**Exhibit O -** Letter dated October 12, 2004, from Bill Wernz to Judge Donovan Frank

**Exhibit P -** Letter dated September 28, 2004, from Paul B. Klaas to Lawrence Schaefer

**Exhibit Q -** *Schaffhausen v. Bank of Am.*, Civ. No. 03-3492, 2004 U.S. Dist. LEXIS 1773 (D. Minn. Feb. 2, 2004)

**Exhibit R -** *DeWitt Bros. Homes, Inc. v. Nat'l Title Resources Corp.*, No. C8-95-2146, 1996 WL 278230 (Minn. Ct. App. May 28, 1996)

**Exhibit S -** *West v. Border Foods*, Civil No. 05-2525 (DWF/RLE), 2007 WL 1725760 (D. Minn. June 8, 2007)

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true.

Dated: October 12,2007

s/Michael Iwan
Michael Iwan