# EXHIBIT K

**SPRENGER & LANG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

WRITER'S ADDRESS:

SUSAN M. COLER
MINNEAPOLIS OFFICE
E-Mail: scoler@sprengerlang.com
Website: www.Sprengerlang.com

1614 TWENTIETH STREET, N.W.
WASHINGTON, D.C. 20009-1001
(202) 265-8010
FAX (202) 332-6652

325 RIDGEWOOD AVENUE
MINNEAPOLIS, MINNESOTA 55403
(612) 871-8910
FAX (612) 871-9270

October 10, 2003

**VIA FACSIMILE AND U.S. MAIL**

Paul B. Klass, Esq.
Mark Ginder, Esq.
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

**Re:** ***Arnold, et al. v. Cargill, Inc.*, No. 01-CV-2086 (DWF/AJB)**

Dear Counsel:

We have received your letter dated October 7, 2003 and the motion to stay discovery. We plan to file a motion pursuant to Fed. R. Civ. P. 45 to quash all of the subpoenas duces tecum and the subpoenas ad testificandum as soon as possible next week. Accordingly, the depositions and production of documents will not proceed until the motion is decided. By sending Ms. Madsen and Mr. Shulman copies of this letter, we are informing them of our intent to file motions to quash, so they will know that the subpoenas are being challenged and they will not have to respond unless and until the Court orders them to do so.

In the meantime, please supplement Cargill's privilege log as soon as possible to identify and provide the information required in Magistrate Judge Boylan's June 6, 2003 order for each of the "Bill Douglas documents" for which it asserts attorney-client or work product privilege. By "Bill Douglas documents" plaintiffs mean the 200-300 pages of documents returned to Cargill with a July 12, 2002 transmittal letter from Lawrence Schaefer and identified as Cargill documents that inadvertently came into the firm's possession and appear to be designated as privileged. Apparently these documents would be responsive to plaintiffs' requests for production of documents and must be identified if withheld. Please let us know when we can expect a privilege log.

Very truly yours,

Susan M Coler

Susan M. Coler

**EXHIBIT K**

Paul B. Klass, Esq.
Mark Ginder, Esq.
October 10, 2003
Page 2

:mbk

cc: Sarah Madsen, Esq.
David Shulman, Esq.

55928

# EXHIBIT L

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| RODERICK ARNOLD, et al., | ) | CIVIL ACTION NO. 01-CV-2086 (DWF/AJB) |
| | ) | |
| On behalf of themselves and all others similarly situated, | ) | CLASS ACTION |
| *Plaintiffs,* | ) | |
| v. | ) | **RESPONSE TO SUBPOENAS DUCES TECUM OF LAWRENCE SCHAEFER, TERESA PATTON, AND PATRICIA JONES** |
| CARGILL, INCORPORATED, | ) | |
| *Defendant.* | ) | |

TO: Cargill, Incorporated, and its counsel, Paul B. Klaas and Holly S.A. Eng, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402.

Pursuant to the Federal Rules of Civil Procedure, Rule 45, Lawrence Schaefer, Teresa Patton, and Patricia Jones (the "Intended Deponents") submit the following joint response to Defendant Cargill's Subpoenas Duces Tecum as follows:

**GENERAL OBJECTIONS**

Cargill has improperly issued subpoenas duces tecum which seek documents in the possession of Sprenger & Lang, PLLC, ("S&L"), to the Intended Deponents individually. None of the Intended Deponents have responsive documents in their personal possession, which respond to the requests at issue. Nonetheless, to the extent non-privileged documents are in the possession of S&L, the Intended Deponents will identify and produce the documents. The objections and responses to the following requests are based upon, and are in conformance with, Magistrate Judge Boylan's November 26, 2003 Order and June 30, 2003 Order. No waiver of



**EXHIBIT L**

any privilege objection except for the limited purpose of compliance with these Orders can be inferred from the following Responses. In order to be clear regarding the scope of this objection, the Intended Deponents' Responses are based on the following understanding of the Orders.

Magistrate Boylan's June 30, 2003 Order allowed Cargill to discover all information R. Bill Douglas ("Douglas") shared with S&L, whether by document production or orally. Therefore, S&L is not asserting any privilege objection concerning these direct communications. Cargill is not, however, entitled by that Order to inquire into any internal S&L communication not directly involving Douglas which otherwise reveal privileged and/or work product communications, as demonstrated by Magistrate Boylan's November 26, 2003 Order allowing the Intended Deponents to assert privilege objections. To the extent these objections are asserted regarding any documents which mention Douglas, a privilege log is being provided with this Response.

The Intended Deponents also respectfully reserve the following objections:

(1) The right to question as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose, any of the answers or the subject matter of the answers, in any subsequent proceeding in, or the trial of, this or any other action;

(2) The right to object to the use of any of these responses, or the subject matter of the responses, in any subsequent proceeding in, or the trial of, this or any other action;

(3) The right to object on any ground at any time to a demand for any further response to these or any other document requests or other discovery procedures involving or relating to the subject matter of these document responses; and

(4) The right at any time to revise, correct, add to or clarify any of these responses.

## REQUESTS

**REQUEST NO. 1:** Any and all documents that were provided to Sprenger & Lang, PLLC by R. Bill Douglas, relating in any way to Cargill or its employees, whether current or former or individually or collectively; or Cargill's policies, practices, or procedures, or any one or more of them; or Cargill's litigation strategy in any lawsuit.

**RESPONSE TO REQUEST NO. 1:** Thousands of documents responsive to this request were provided to Cargill in previous productions. After exhaustively reviewing documents produced, the Intended Deponents produced additional documents with this Response.

**REQUEST NO. 2:** Any and all documents provided to R. Bill Douglas by Sprenger & Lang, PLLC.

**RESPONSE TO REQUEST NO. 2:** See documents produced with this Response.

**REQUEST NO. 3:** Any index, chart, table, log, or other listing of documents, whether individually or by category, provided by R. Bill Douglas to Sprenger & Lang, PLLC.

**RESPONSE TO REQUEST NO. 3:** No responsive documents not already in Cargill's possession (i.e., R. Bill Douglas' Privilege Log) exist.

**REQUEST NO. 4:** Any index, chart, table, log, or other listing of documents, whether individually or by category, prepared by Sprenger & Lang, PLLC or provided by Sprenger & Lang, PLLC to R. Bill Douglas.

**RESPONSE TO REQUEST NO. 4:** No responsive documents are in the Intended Deponents' possession.

**REQUEST NO. 5:** Any invoice, order form, or other document reflecting, noting, or requesting the copying of documents provided by R. Bill Douglas to Sprenger & Lang, PLLC.

**<u>RESPONSE TO REQUEST NO. 5</u>:** No responsive documents are in the Intended Deponents' possession.

**<u>REQUEST NO. 6</u>:** Any correspondence, memoranda, or any other document reflecting, noting, or accompanying the return of any documents by Sprenger & Lang, PLLC to R. Bill Douglas, including any request by R. Bill Douglas for the return of documents.

**<u>RESPONSE TO REQUEST NO. 6</u>:** See documents produced with this Response.

**<u>REQUEST NO. 7</u>:** Any correspondence, notes, memoranda, or any other document regarding, referring to, reflecting, or mentioning any actual or potential subpoena or request for the production of documents served on R. Bill Douglas by Cargill or its counsel.

**<u>RESPONSE TO REQUEST NO. 7</u>:** Intended Deponents object to this request as calling for attorney-client privileged communications and work product. No responsive documents are in the Intended Deponents' possession.

**<u>REQUEST NO. 8</u>:** Any correspondence, notes, memoranda, or any other document in Sprenger & Lang, PLLC's possession, custody, or control constituting, summarizing, outlining, referring to, reflecting, or mentioning any communication, meeting, or conversation involving R. Bill Douglas, whether as a participant, attendee, observer, recipient or in any other capacity.

**<u>RESPONSE TO REQUEST NO. 8</u>:** The Intended Deponents object to this request on the basis of attorney-client privilege, work product and relevance. A log identifying the documents withheld based on these objections will be provided. Notwithstanding this objection, see documents produced with this Response.

**<u>REQUEST NO. 9</u>:** To the extent not encompassed within the foregoing Requests, any document in Sprenger & Lang, PLLC's possession, custody, or control reviewed, annotated,

edited, or commented upon by R. Bill Douglas, including but not limited to, the annotated Complaint mentioned by R. Bill Douglas in his deposition on September 18, 2003.

**RESPONSE TO REQUEST NO. 9:** No responsive documents are in the Intended Deponents' possession.

**REQUEST NO. 10:** Any correspondence, memoranda, or any other document reflecting the retention or employment of R. Bill Douglas by Sprenger & Lang, PLLC, as a consultant, independent contractor, employee, or on any other basis, including the termination or cessation of any such relationship.

**RESPONSE TO REQUEST NO. 10:** No responsive documents are in the Intended Deponents' possession.

**REQUEST NO. 11:** Any correspondence, memoranda, or any other document reflecting the retention of Sprenger & Lang, PLLC by R. Bill Douglas as counsel or on any other basis, including the termination or cessation of any such relationship.

**RESPONSE TO REQUEST NO. 11:** See Retainer Agreement produced with this Response.

**REQUEST NO. 12:** Any correspondence, notes, memoranda, or other documents reflecting the actual, offered, possible, potential, or hypothetical transfer of money or any other thing or things of value to R. Bill Douglas by Sprenger & Lang, PLLC, including, but not limited to, any tax form issued or otherwise given to R. Bill Douglas by Sprenger & Lang, PLLC.

**RESPONSE TO REQUEST NO. 12:** No responsive documents are in the Intended Deponents' possession.

**REQUEST NO. 13:** Any correspondence, notes, memoranda, or other documents setting forth a request for information or documents from Sprenger & Lang, PLLC to R. Bill Douglas, or any document referring to or reflecting such a request, including any instructions to R. Bill Douglas.

**RESPONSE TO REQUEST NO. 13:** See documents produced with this Response.

**REQUEST NO. 14:** Any correspondence, notes, memoranda, or any other document constituting, memorializing, reflecting, or referring to any direct or indirect contact between Sprenger & Lang, PLLC and R. Bill Douglas, or between any person acting on behalf or at the behest of Sprenger & Lang, PLLC and R. Bill Douglas, on or after September 18, 2003.

**RESPONSE TO REQUEST NO. 14:** No responsive documents are in the Intended Deponents' possession.

Dated: January 14, 2004

SPRENGER & LANG, PLLC

By: ______________________

Lawrence P. Schaefer (MN No. 195583)
Susan M. Coler (MN No. 217621)
Teresa K. Patton (MN No. 205679)
325 Ridgewood Avenue
Minneapolis, MN 55403
(612) 871-8910
(612) 871-9270 (*facsimile*)

Michael D. Lieder (DC Bar No. 444273)
Steven M. Sprenger (MO Bar No. 43994)
1614 20th Street, N.W.
Washington, DC 20009-1001
(202) 265-8010

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be personally served on January 14, 2004, a copy of Response to Subpoenas Duces Tecum of Lawrence Schaefer, Teresa Patton, and Patricia Jones, by causing it to be delivered by hand to Holly S.A. Eng, Esq., Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, the last known address of said attorneys for defendant.

Lawrence P. Schaefer

*Arnold et al. v. Cargill, Inc.*
**No. 01-CV-2086 (DWF/AJB)**

# Intended Deponents' Privilege Log

| BATES NOS. | PG # | AUTHOR | RECIPIENT | DATE | DESCRIPTION | PRIVILEGE | SOURCE |
|---|---|---|---|---|---|---|---|
| SUB 0010-11 | 2 | Doug Olson; Susan Coler; Sara Nelson | Doug Olson; Susan Coler; Sara Nelson; Patty Jones | 5/1/03 – 5/2/03 | Email chain regarding contacts in investigation. | Work product | Sprenger & Lang |
| SUB 0012-13 | 2 | Doug Olson; Susan Coler; | Larry Schaefer; Patty Jones; Sara Nelson; Susan Coler; Doug Olson | 4/28/03 – 4/29/03 | Email chain regarding timeline of contacts with Bill Douglas. | Work product | Sprenger & Lang |
| SUB 0014 | 1 | Doug Olson | Susan Coler; Larry Schaefer; Patty Jones; Sara Nelson | 4/28/03 | Email regarding Bill Douglas Retainer Agreement. | Work product | Sprenger & Lang |
| SUB 0015 | 1 | Doug Olson | Larry Schaefer; Patty Jones; Sara Nelson | 4/28/03 | Email regarding investigation of contacts with Bill Douglas. | Work product | Sprenger & Lang |
| SUB 0016 | 1 | Doug Olson; Mary Burns-Klinger | Mary Burns-Klinger; Doug Olson; Patty Jones; Sara Nelson | 4/28/03 | Email chain regarding investigation of contacts with Bill Douglas. | Work product | Sprenger & Lang |
| SUB 0018 | 1 | Doug Olson; Larry Schaefer | Doug Olson; Larry Schaefer; Patty Jones; Sara Nelson | 4/10/03 | Email chain regarding meeting with client and request for reminder to call Bill Douglas. | Attorney-client; work product | Sprenger & Lang |
| SUB 0019 | 1 | Doug Olson | Larry Schaefer; Susan Coler; Patty Jones; Sara Nelson; Teresa Patton | 3/21/03 | Email regarding Bill Douglas representation. | Attorney-client; work product | Sprenger & Lang |
| SUB 0020 | 1 | Doug Olson | Larry Schaefer; Susan Coler; Sara Nelson; Teresa Patton; Patty Jones | 3/21/03 | Email regarding contacts with potential witness. | Attorney-client; work product. | Sprenger & Lang |
| SUB 0021 | 1 | Doug Olson; Larry Schaefer | Larry Schaefer; Susan Coler; Sara Nelson; Teresa Patton; Patty Jones; Doug Olson | 3/20/03 | Email regarding phone call with client. | Attorney-client; work product | Sprenger & Lang |
| SUB 0022-26 | 5 | Larry Schaefer | Bill Douglas | 3/18/03 | Letter regarding Bill Douglas deposition. | Work product | Sprenger & Lang |
| SUB 0029 | 1 | Doug Olson | Larry Schaefer; Patty Jones; Sara Nelson; Susan Coler; Teresa Patton | 2/6/03 | Email regarding phone call with client. | Attorney-client; work product | Sprenger & Lang |

## Intended Deponents' Privilege Log

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SUB 0036 | 1 | Doug Olson | Larry Schaefer; Patty Jones; Sara Nelson; Susan Coler; Teresa Patton | 12/2/02 | Email regarding phone call with client about case matters. | Attorney-client; work product | Sprenger & Lang |
| SUB 0040 | 1 | Larry Schaefer; Doug Olson | Doug Olson; Patty Jones; Sara Nelson; Larry Schaefer | 11/5/02 | Email chain regarding potential witness and contact with Bill Douglas. | Attorney client; work product | Sprenger & Lang |
| SUB 0052 | 1 | Larry Schaefer | Susan Coler; Teresa Patton; Lisa Stratton; Doug Olson; Paul Sprenger; Sara Nelson | 5/6/02 | Email regarding phone call with Bill Douglas discussing case strategy. | Attorney-client; work product | Sprenger & Lang |
| SUB 0062 | 1 | Sara Nelson | Sara Madsen; Patty Jones | 1/29/02 | Email regarding documents provided by clients. | Attorney-client; work product | Sprenger & Lang |
| SUB 0067-69 | 1 | Larry Schaefer | Sprenger & Lang Clients | 12/4/01 | Letter regarding meetings with CLT. | Attorney-client; work product | Sprenger & Lang |
| SUB 0070 | 1 | Larry Schaefer; Susan Coler | Doug Olson; Patty Jones; Sara Nelson; David Shulman; Sara Madsen; Susan Coler; Larry Schaefer | 12/3/01 | Email chain re phone call with Bill Douglas regarding CLT meeting. | Attorney client; work product | Sprenger & Lang |
| SUB 0076 | 1 | Doug Olson | Patty Jones; Sara Nelson; Donna Dye | 6/19/01 | Email regarding list of recipients for mailing. | Attorney-client; work product | Sprenger & Lang |
| SUB 0080 | 1 | Doug Olson; Larry Schaefer | Larry Schaefer; Patty Jones; Sara Madsen; Sara Nelson; Doug Olson | 4/19/01 – 4/20/01 | Email regarding potential client. | Attorney-client; work product | Sprenger & Lang |
| SUB 0081-82 | 2 | Larry Schaefer | Case File | 4/20/01 | Handwritten notes of phone conversation with Bill Douglas. | Work product | Sprenger & Lang |
| SUB 0083 | 1 | Doug Olson; Larry Schaefer | Patty Jones; Larry Schaefer; Sara Madsen; Sara Nelson; Doug Olson | 4/12/01 – 4/13/01 | Email chain regarding potential client. | Attorney-client; work product | Sprenger & Lang |
| SUB 0084 | 1 | Doug Olson | Patty Jones; Larry Schaefer; Sara Madsen; Sara Nelson | 4/9/01 | Email regarding potential witness. | Attorney-client; work product | Sprenger & Lang |
| SUB 0085 | 1 | Larry Schaefer | Case File | 3/28/01 | Handwritten notes re meeting with Bill Douglas. | Attorney-client; work product | Sprenger & Lang |

*Arnold et al. v. Cargill, Inc.*
**No. 01-CV-2086 (DWF/AJB)**

## Intended Deponents' Privilege Log

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SUB 0086 | 1 | Patty Jones | Larry Schaefer; Sara Madsen; Sara Nelson; Doug Olson | 3/15/01 | Email regarding contacts in investigation. | Attorney-client; work product | Sprenger & Lang |
| SUB 0087 | 1 | Sara Nelson | Sara Madsen; Patty Jones | 2/28/01 | Email regarding contact in investigation. | Attorney-client; work product | Sprenger & Lang |
| SUB 0106-107 | 2 | Patty Jones | Larry Schaefer | 12/8/00 | Email regarding contacts in investigation. | Attorney-client; work product | Sprenger & Lang |
| SUB 0108-109 | 2 | David Shulman | Larry Schaefer; Sara Madsen; Sara Nelson; Patty Jones | 11/28/00 | Email regarding summary of information from Bill Douglas. | Attorney-client; work product | Sprenger & Lang |
| SUB 0112 | 1 | David Shulman | Case File | 11/27/00 | Summary of information received from Bill Douglas. | Attorney-client; work product | Sprenger & Lang |
| SUB 0113 | 1 | Duane Reed | Sara Madson; Bill Douglas | 11/09/00 | Email regarding contacts in investigation. | Attorney-client; work product | Sprenger & Lang |
| SUB 0114 | 1 | Duane Reed | Sara Madson; Bill Douglas | 11/08/00 | Email regarding contacts in investigation. | Attorney-client; work product | Sprenger & Lang |
| SUB 0119 | 1 | Duane Reed | David Shulman; Larry Schaefer; Bill Douglas | 10/10/00 | Email regarding contacts in investigation. | Attorney-client; work product | Sprenger & Lang |
| SUB 0124 | 1 | David Shulman; Larry Schaefer | Larry Schaefer; Sara Nelson; Sara Madsen; David Shulman | 10/5/00 – 10/6/00 | Email chain regarding meeting with witness. | Attorney-client; work product | Sprenger & Lang |
| SUB 0126 | 1 | Larry Schaefer | Case File | 9/15/00 | Handwritten notes regarding meeting with Bill Douglas and other client. | Attorney-client; work product | Sprenger & Lang |
| SUB 0127 | 1 | Larry Schaefer | Case File | 7/28/00 | Handwritten notes regarding meeting with client. | Attorney-client; work product | Sprenger & Lang |
| SUB 0128-130 | 3 | Unknown | Case File | 6/8/00 – 7/25/00 | Call log of potential witnesses. | Attorney-client; work product | Sprenger & Lang |
| SUB 0137 | 1 | Unknown | Case File | Not dated | Handwritten notes regarding contacts of witnesses. | Attorney-client; work product | Sprenger & Lang |
| SUB 0140-141 | 2 | Sprenger & Lang Paralegal | Case File | 7/6/00 | Memorandum summarizing contact with Bill Douglas. | Work product | Sprenger & Lang |

# EXHIBIT M

SPRENGER & LANG
A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

WRITER'S ADDRESS:

SUSAN M. COLER
MINNEAPOLIS OFFICE
E-Mail: scoler@sprengerlang.com
Website: www.Sprengerlang.com

1614 TWENTIETH STREET, N.W.
WASHINGTON, D.C. 20009-1001
(202) 265-8010
FAX (202) 332-6652

325 RIDGEWOOD AVENUE
MINNEAPOLIS, MINNESOTA 55403
(612) 871-8910
FAX (612) 871-9270

March 29, 2004

**DELIVERY BY MESSENGER**

Michael Iwan, Esq.
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402

**Re:** ***Arnold, et al. v. Cargill, Inc.***
**No. 01-CV-2086 (DWF/AJB)**

Dear Mr. Iwan:

This letter responds to your March 4, 2000 letter about the privilege log served on Cargill as a part of the response to subpoenas served on Sprenger & Lang employees. We have re-examined Magistrate Judge Boylan's orders and the withheld documents. The language of the June 30, 2003, Order allows Cargill to examine Douglas' "relationship with Sprenger & Lang" through the production of documents, which has already occurred, and through the Douglas deposition. In its November 26, 2003, Order, the Magistrate Judge ordered plaintiffs to respond to document production demands relative to the subpoenas *duces tecum* served on them and stated that plaintiffs "shall prepare and produce a log of documents with respect to which privilege may properly be asserted." This was a clear signal that the Court's orders do not give Cargill and its attorneys *carte blanche* access to any and all Sprenger & Lang documents that might reference Douglas' name. Accordingly, in responding to the subpoena, we withheld certain documents as privileged and provided a corresponding privilege log, which you have now challenged in its entirety.

In the interest of bringing this matter to closure, and allowing access to documents that shed light on Douglas' relationship with Sprenger & Lang, we have decided to provide some of the documents on the log in their entirety and some in redacted form, with explanations of the redactions. We continue to withhold a few documents but have provided additional information about how Douglas is mentioned in the documents. On further examination of the subpoena and the documents, we also have withdrawn a few documents from the log as not responsive to the subpoena. All of this is set forth in the Amended Intended Deponents' Privilege Log.

**EXHIBIT M**

In making this response, we do not waive any further privilege or work product claims that could be made with regard to these or any other documents or issues, nor do we agree or admit that these documents are relevant or admissible in any further proceedings. Please call me if you have any questions.

Very truly yours,

Susan M. Coler

:mbk
Enclosures

*Arnold et al. v. Cargill, Inc.*
**No. 01-CV-2086 (DWF/AJB)**

# Amended Intended Deponents' Privilege Log

| BATES NOS. | PG # | AUTHOR | RECIPIENT | DATE | DESCRIPTION | PRIVILEGE | SOURCE |
|---|---|---|---|---|---|---|---|
| SUB 0010-11 | 2 | Doug Olson; Susan Coler; Sara Nelson | Doug Olson; Susan Coler; Sara Nelson; Patty Jones | 5/1/03 – 5/2/03 | Email chain regarding contacts in investigation. | Work product. **Redacted copy produced.** Communications about contact with persons other than Bill Douglas are redacted. | Sprenger & Lang |
| SUB 0012-13 | 2 | Doug Olson; Susan Coler; | Larry Schaefer; Patty Jones; Sara Nelson; Susan Coler; Doug Olson | 4/28/03 – 4/29/03 | Email chain regarding timeline of contacts with Bill Douglas. | Work product. **Redacted copy produced.** Communications about scheduling matters non-responsive to the subpoena are redacted. | Sprenger & Lang |
| SUB 0014 | 1 | Doug Olson | Susan Coler; Larry Schaefer; Patty Jones; Sara Nelson | 4/28/03 | Email regarding Bill Douglas Retainer Agreement. | Work product. **Redacted copy produced.** Communications about file and client matters non-responsive to the subpoena are redacted. | Sprenger & Lang |
| SUB 0015-15A | 1 | Doug Olson | Larry Schaefer; Patty Jones; Sara Nelson | 4/28/03 | Email regarding investigation of contacts with Bill Douglas. | Attorney-client; work product. **Redacted copy produced.** Communications about schedule and client matters not responsive to the subpoena are redacted. | Sprenger & Lang |
| SUB 0016 | 1 | Doug Olson; Mary Burns-Klinger | Mary Burns-Klinger; Doug Olson; Patty Jones; Sara Nelson | 4/28/03 | Email chain regarding investigation of contacts with Bill Douglas. | Work product. **Redacted copy produced.** Communications about client and schedule matters not responsive to the subpoena are redacted. | Sprenger & Lang |
| SUB 0018 | 1 | Doug Olson; Larry Schaefer | Doug Olson; Larry Schaefer; Patty Jones; Sara Nelson | 4/10/03 | Email chain regarding meeting with client and request for reminder to call Bill Douglas. | Attorney-client; work product. **Redacted copy produced.** Communications regarding another client are redacted. | Sprenger & Lang |

*Arnold et al. v. Cargill, Inc.*
No. 01-CV-2086 (DWF/AJB)

## Amended Intended Deponents' Privilege Log

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SUB 0019 | 1 | Doug Olson | Larry Schaefer; Susan Coler; Patty Jones; Sara Nelson; Teresa Patton | 3/21/03 | Email regarding Bill Douglas representation. | Attorney-client; work product. Document relays communications from another client, Duane Reed, to Sprenger & Lang. Client discussed what he believed Douglas told him about our representation of Douglas. | Sprenger & Lang |
| SUB 0020 | 1 | Doug Olson | Larry Schaefer; Susan Coler; Sara Nelson; Teresa Patton; Patty Jones | 3/21/03 | Email regarding contacts with potential witness. | Attorney-client; work product. **Withdrawn because not responsive to subpoena.** | Sprenger & Lang |
| SUB 0021 | 1 | Doug Olson; Larry Schaefer | Larry Schaefer; Susan Coler; Sara Nelson; Teresa Patton; Patty Jones; Doug Olson | 3/20/03 | Email regarding phone call with client. | Attorney-client; work product. **Withdrawn because not responsive to subpoena.** | Sprenger & Lang |
| SUB 0022-26 | 5 | Larry Schaefer | Bill Douglas | 3/18/03 | Letter regarding Bill Douglas deposition. | Work product. **Produced.** | Sprenger & Lang |
| SUB 0029 | 1 | Doug Olson | Larry Schaefer; Patty Jones; Sara Nelson; Susan Coler; Teresa Patton | 2/6/03 | Email regarding phone call with client. | Attorney-client; work product. **Withdrawn because not responsive to subpoena.** | Sprenger & Lang |
| SUB 0036 | 1 | Doug Olson | Larry Schaefer; Patty Jones; Sara Nelson; Susan Coler; Teresa Patton | 12/2/02 | Email regarding phone call with client about case matters. | Attorney-client; work product. Document relays communications from another client, Duane Reed, to Sprenger & Lang. Client relayed a conversation where he told Douglas about the MacMillan statement that Cargill wants to hire "people who look like us." | Sprenger & Lang |
| SUB 0040 | 1 | Larry Schaefer; Doug Olson | Doug Olson; Patty Jones; Sara Nelson; Larry Schaefer | 11/5/02 | Email chain regarding potential witness and contact with Bill Douglas. | Attorney client; work product. **Redacted copy produced.** Communications about another client are redacted. | Sprenger & Lang |

*Arnold et al. v. Cargill, Inc.*
No. 01-CV-2086 (DWF/AJB)

## Amended Intended Deponents' Privilege Log

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SUB 0052 | 1 | Larry Schaefer | Susan Coler; Teresa Patton; Lisa Stratton; Doug Olson; Paul Sprenger; Sara Nelson | 5/6/02 | Email regarding phone call with Bill Douglas discussing case strategy. | Attorney-client; work product. **Produced.** | Sprenger & Lang |
| SUB 0062 | 1 | Sara Nelson | Sara Madsen; Patty Jones | 1/29/02 | Email regarding documents provided by clients. | Attorney-client; work product. **Redacted copy produced.** Communications regarding other clients are redacted. | Sprenger & Lang |
| SUB 0067-69 | 1 | Larry Schaefer | Sprenger & Lang Clients | 12/4/01 | Letter regarding meetings with CLT. | Attorney-client; work product **Redacted copy produced.** Names of other letter recipients are redacted. | Sprenger & Lang |
| SUB 0070 | 1 | Larry Schaefer; Susan Coler | Doug Olson; Patty Jones; Sara Nelson; David Shulman; Sara Madsen; Susan Coler; Larry Schaefer | 12/3/01 | Email chain re phone call with Bill Douglas regarding CLT meeting. | Attorney client; work product. **Redacted copy produced.** Communications about advice to clients not responsive to subpoena are redacted. | Sprenger & Lang |
| SUB 0076 | 1 | Doug Olson | Patty Jones; Sara Nelson; Donna Dye | 6/19/01 | Email regarding list of recipients for mailing. | Attorney-client; work product. **Redacted copy produced.** Names of other letter recipients are redacted. | Sprenger & Lang |
| SUB 0080 | 1 | Doug Olson; Larry Schaefer | Larry Schaefer; Patty Jones; Sara Madsen; Sara Nelson; Doug Olson | 4/19/01 – 4/20/01 | Email regarding potential client. | Attorney-client; work product. Mentions Douglas as someone with whom person talked about the lawsuit "last year." | Sprenger & Lang |
| SUB 0081-82 | 2 | Larry Schaefer | Case File | 4/20/01 | Handwritten notes of phone conversation with Bill Douglas. | Work product. **Produced.** | Sprenger & Lang |
| SUB 0083 | 1 | Doug Olson; Larry Schaefer | Patty Jones; Larry Schaefer; Sara Madsen; Sara Nelson; Doug Olson | 4/12/01 – 4/13/01 | Email chain regarding potential client. | Attorney-client; work product. **Withdrawn because not responsive to subpoena.** | Sprenger & Lang |

*Arnold et al. v. Cargill, Inc.*
No. 01-CV-2086 (DWF/AJB)

## Amended Intended Deponents' Privilege Log

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SUB 0084 | 1 | Doug Olson | Patty Jones; Larry Schaefer; Sara Madsen; Sara Nelson | 4/9/01 | Email regarding potential witness. | Attorney-client; work product. **Withdrawn because not responsive to subpoena.** | Sprenger & Lang |
| SUB 0085 | 1 | Larry Schaefer | Case File | 3/28/01 | Handwritten notes re meeting with Bill Douglas. | Attorney-client; work product. **Produced.** | Sprenger & Lang |
| SUB 0086 | 1 | Patty Jones | Larry Schaefer; Sara Madsen; Sara Nelson; Doug Olson | 3/15/01 | Email regarding contacts in investigation. | Attorney-client; work product. **Withdrawn because not responsive to subpoena.** | Sprenger & Lang |
| SUB 0087 | 1 | Sara Nelson | Sara Madsen; Patty Jones | 2/28/01 | Email regarding contact in investigation. | Attorney-client; work product. **Redacted copy produced.** Communications regarding case investigation redacted. | Sprenger & Lang |
| SUB 0106-107 | 2 | Patty Jones | Larry Schaefer | 12/8/00 | Email regarding contacts in investigation. | Attorney-client; work product. **Produced.** | Sprenger & Lang |
| SUB 0108-109 | 2 | David Shulman | Larry Schaefer; Sara Madsen; Sara Nelson; Patty Jones | 11/28/00 | Email regarding summary of information from Bill Douglas. | Attorney-client; work product. **Produced.** | Sprenger & Lang |
| SUB 0112 | 1 | David Shulman | Case File | 11/27/00 | Summary of information received from Bill Douglas. | Attorney-client; work product. **Produced.** | Sprenger & Lang |
| SUB 0113 | 1 | Duane Reed | Sara Madson; Bill Douglas | 11/09/00 | Email regarding contacts in investigation. | Attorney-client; work product. **Produced.** | Sprenger & Lang |
| SUB 0114 | 1 | Duane Reed | Sara Madson; Bill Douglas | 11/08/00 | Email regarding contacts in investigation. | Attorney-client; work product. **Produced.** | Sprenger & Lang |
| SUB 0119 | 1 | Duane Reed | David Shulman; Larry Schaefer; Bill Douglas | 10/10/00 | Email regarding contacts in investigation. | Attorney-client; work product. **Produced.** | Sprenger & Lang |
| SUB 0124 | 1 | David Shulman; Larry Schaefer | Larry Schaefer; Sara Nelson; Sara Madsen; David Shulman | 10/5/00 – 10/6/00 | Email chain regarding meeting with witness. | Attorney-client; work product. **Withdrawn because not responsive to subpoena.** | Sprenger & Lang |
| SUB 0126 | 1 | Larry Schaefer | Case File | 9/15/00 | Handwritten notes regarding meeting with Bill Douglas and other client. | Attorney-client; work product. **Produced.** | Sprenger & Lang |

*Arnold et al. v. Cargill, Inc.*
No. 01-CV-2086 (DWF/AJB)

## Amended Intended Deponents' Privilege Log

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SUB 0127 | 1 | Larry Schaefer | Case File | 7/28/00 | Handwritten notes regarding meeting with client. | Attorney-client; work product. Client referenced conversation of Douglas with Fawn Wilderson. (notes from this conversation are produced). | Sprenger & Lang |
| SUB 0128-130 | 3 | Unknown | Case File | 6/8/00 – 7/25/00 | Call log of potential witnesses in Berkley case. | Attorney-client; work product. **Redacted copy produced.** Communications re contacts with other potential witnesses redacted. | Sprenger & Lang |
| SUB 0137 | 1 | Unknown | Case File | Not dated | Handwritten notes regarding contacts of witnesses. | Attorney-client; work product. **Redacted copy produced.** Notes regarding contacts with other clients and potential witnesses redacted. | Sprenger & Lang |
| SUB 0140-141 | 2 | Sprenger & Lang Paralegal | Case File | 7/6/00 | Memorandum summarizing contact with Bill Douglas. | Work product. **Produced.** | Sprenger & Lang |

# EXHIBIT N

BASSFORD

RECEIVED OCT 0 6 2004

**Lewis A. Remele, Jr.**
*Attorney*

612.376.1601
612.746.1201 *fax*
lewr@bassford.com

BASSFORD REMELE
*A Professional Association*
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707

612.333.3000
612.333.8829 *fax*
www.bassford.com

October 5, 2004

***VIA FACSIMILE AND U.S. MAIL***

Hon. Donovan W. Frank
Warren E. Burger Federal Building
316 North Robert Street
St. Paul, MN 55101

Re: *Arnold et al. v. Cargill, Inc.*
Civil Action No. 01-2086 (DWF/AJB)
Our File No. 5238-1

Dear Judge Frank:

Our office has been retained to represent the Sprenger & Lang law firm in this matter. I am writing to enter our appearance before the Court and to advise the Court of several issues that will need to be addressed as a result of the Court's 9/24/04 disqualification order.

First, Sprenger & Lang wants the Court to know that it takes the Court's order very seriously. Sprenger & Lang acknowledges and submits to the Court's ruling, intends to comply with it explicitly, and does not intend to seek review of the disqualification ruling.

The firm was frankly taken aback by some of the language in the Court's opinion, however. Sprenger & Lang has spent over twenty-five years establishing and guarding its reputation for professionalism and ethical practice in this legal community, and the firm is deeply hurt and embarrassed by what has taken place.

Upon receipt of the Court's order, Sprenger & Lang promptly reported the matter to the Minnesota Professional Responsibility Board, and we understand the Office of Lawyers Professional Responsibility has already commenced an investigation.

For now, Sprenger & Lang's primary concern is helping the plaintiffs in this matter retain successor counsel to proceed with the claims. Efforts in that regard are ongoing, and we hope to be able to report more on that to the Court and counsel in the near future.

In that regard, we especially appreciate the Court's comments in the opinion (at p. 27) expressing concern about how the disqualification order has placed our clients in a difficult and complicated position, and the hardships they now face in proceeding with new counsel in the litigation. We share those concerns, and we are doing everything we can to resolve them.



**EXHIBIT N**

There are two critical concerns that may require further relief from the Court:

First, whether we are allowed to provide the plaintiffs' legal files to successor counsel may become a serious issue. Counsel for Cargill has already suggested concerns in this regard.

We will be meeting with counsel for Cargill promptly, and we will attempt to work out a resolution that can be implemented by stipulation, with the Court's approval. Failing that, however, we will need relief from the Court by way of clarification on the proper handling of the plaintiffs' legal files in this matter.

The second concern arises from certain language in the Court's opinion stating that *Sprenger & Lang as a law firm* has violated the Rules of Professional Conduct and that *Sprenger & Lang as a law firm* is guilty of serious misconduct, including--in the Court's own language--serious deception, violation of ethical rules, not being candid with the Court, and so on.

With the greatest possible respect for the Court, we submit that some of the Court's language addressing the Sprenger & Lang law firm needs to be reconsidered, for several reasons. As a threshold matter, it is not legally accurate to suggest that a law firm has violated the Rules of Professional Conduct. Under Minnesota ethics law, only an individual lawyer, not a law firm, can violate the ethics rules. More fundamentally, however, subjecting all of the lawyers of the Sprenger & Lang law firm to this extraordinarily harsh criticism is simply unfair and potentially devastating to the reputation and careers of several lawyers who had nothing whatever to do with any alleged attorney misconduct in this case.

Accordingly, Sprenger & Lang will be seeking relief from the Court by way of an order withdrawing and replacing certain language in the Court's memorandum opinion of September 24, 2004.

In that regard, we recently received a copy of Mr. David Shulman's September 29, 2004 letter to the Court, requesting relief from certain language in the Court's opinion. We will be requesting similar relief by motion in due course.

We greatly appreciate the Court's consideration and cooperation. We will be in touch as soon as we have had a chance to discuss these and other issues with counsel for defendant Cargill.

Respectfully yours,

Lewis A. Remele, Jr.

LAR:kjh

cc: Paul B. Klaas
David L. Shulman