**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Roderick Arnold; Nii-Akwei Acquaye; Sean Allen; Hollis Branham; Toya Brown; Dawn Collins; Louis Darden; Virginia Douglas; Ronald Garrus; Margo Harvey, Cheneta Hugley; Jacqueline Jenkins; Keith Lewis; Valerie Mason-Robinson; Michael Mitchell; Phyllis Reece; Tonya Ross; Charles Scott; Clintonia Simmons; Tausha Tate; Emily Tyler; Jacqueline Williams; Cheryl Willis; and Sean Wright, on behalf of themselves and all others similarly situated; and Janice Lintz as Personal Representative of the estate of Della Y. Dickson, deceased,

Civil No. 01-2086 (DWF/AJB)

Plaintiffs,

v.

Cargill Incorporated,

Defendant.

**MEMORANDUM OPINION AND ORDER**

---

David E. Schlesinger, Esq., and James H. Kaster, Esq., Nichols Kaster & Anderson, PLLP; Samuel D. Heins, Esq., and Barbara J. Felt, Esq., Heins Mills & Olson, PLC; and Joseph M. Sellers, Esq., Llezlie Green, Esq., and Christine E. Webber, Esq., Cohen Milstein Hausfeld & Toll, PLLC - DC, counsel for Plaintiffs.

Holly S.A. Eng, Esq., Mark J. Ginder, Esq., Melissa Raphan, Esq., Michael Iwan, Esq., Paul B. Klaas, Esq., Ryan E. Mick, Esq., Shari L. Jerde, Esq., Emily L. Fitzgerald, Esq., and Heather C. Toft, Esq., Dorsey & Whitney - Mpls, counsel for Defendant.

Peter N. Thompson, Esq., Hamline University School of Law, Special Master.

---

## INTRODUCTION

This matter came before the Court pursuant to an Amended Motion for an Award of Attorneys' Fees and Reimbursement of Expenses brought by Plaintiffs' former counsel, Sprenger & Lang, PLLC ("S&L"), and a Motion for Attorneys' Fees and Related

Expenses Incurred as a Result of Former Class Counsel S&L's Conduct brought by Cargill, Inc. For the reasons set forth below, the Court denies both motions.

**BACKGROUND**

S&L began investigating the possibility of litigating a race discrimination lawsuit on behalf of Plaintiffs during the summer of 2000. Plaintiffs, with S&L as its counsel, brought this action in November 2001, alleging race discrimination in violation of 42 U.S.C. § 1981. In a Memorandum Opinion and Order dated September 24, 2004 ("September 24 Order"), the Court disqualified S&L in this case for the violation of several ethical duties stemming primarily from its interactions with a former high-level human resources employee of Cargill, Bill Douglas, and its mishandling of Cargill's privileged and confidential information.

Prior to being disqualified, S&L filed a motion for class certification and the hearing was noticed for October 1, 2004. The motion hearing was rescheduled, giving Plaintiffs an opportunity to find successor counsel and for successor counsel to familiarize itself with the case. Plaintiffs retained Cohen, Milstein, Hausfeld & Toll; Nichols Kaster & Anderson, PLLP; and Heins Mills & Olson, PLC (collectively, "successor counsel"). In a Memorandum Opinion and Order dated June 20, 2006, the Court denied Plaintiffs' motion for class certification. Eventually, the remaining Plaintiffs either dropped their claims against, or reached individual settlements with, Cargill. By Order dated July 10, 2007, the Court explained that the claims of all of the named Plaintiffs had been settled and/or otherwise voluntarily dismissed and that the

matters of fees and costs had been resolved with respect to successor counsel. The Court further notified the parties and counsel that the action would be dismissed with prejudice thirty days from the date of entry of the Order.

## DISCUSSION

### I. S&L's Motion

Here, S&L moves for an award of attorney fees in the amount of $862,025.55 and reimbursement of expenses in the amount of $283,630.76 for services rendered prior to its disqualification as counsel for Plaintiffs. Prior to being disqualified, S&L's work included case investigation, preparation of the complaint, motion practice, written discovery, non-expert depositions, factual analyses, expert discovery, communication with current and former Cargill employees, and creation and maintenance of a website.[1] Cargill opposes S&L's motion, arguing that S&L's ethical breaches eliminate any right it may have had to payment of fees by Cargill. Cargill further argues that even if S&L's fee petition were not barred by its unethical conduct, its request for fees is unreasonable.

"In any action or proceeding to enforce a provision of section[] 1981 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). "[T]he prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render an

[1] S&L contends that the amount it is seeking is heavily discounted to account for both the fact that it was disqualified and that the Court declined to certify the proposed class.

award unjust.'" *Blanchard v. Bergeron*, 489 U.S. 87, 89 n.1 (1989) (quoting *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) and *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). In addition, "[i]t is well recognized that a federal district court has the inherent authority and responsibility to regulate and supervise the bar practicing before it." *Esser v. A. H. Robins Co., Inc.*, 537 F. Supp. 197, 200 (D. Minn. 1982); *see also Harlan v. Lewis*, 982 F.2d 1255, 1259-60 (8th Cir. 1993) "[T]he district court has within its inherent, discretionary authority to regulate the bar the authority to deny fees to any attorney who is guilty of unethical conduct." *Esser*, 537 F. Supp. at 200.[2]

The Court disqualified S&L after determining that it had engaged in unethical conduct. The Court will not restate in detail the facts that led to S&L's disqualification. Those facts are fully laid out in the September 24 Order. To summarize, S&L violated several rules of professional conduct by making false representations to Douglas regarding his ability to participate in the lawsuit, violating Cargill's confidentiality rights, and intruding on privileged matters through its discussions and exchange of information

---

[2] S&L argues that a scaled forfeiture of fees is appropriate. However, the cases relied on for this proposition are distinguishable because they address the issue of fee forfeiture when an attorney breaches a duty to a client. *See, e.g.*, *Rice v. Perl*, 320 N.W.2d 407 (Minn. 1982); *Perl v. St. Paul Fire and Marine Ins. Co.*, 345 N.W.2d 209 (Minn. 1984); *Gilchrist v. Perl*, 387 N.W.2d 412 (Minn. 1986). Here, Cargill was not S&L's client and S&L's conduct impinged on Cargill's privileged and confidential information. Moreover, even in cases involving an attorney's breach of fiduciary duty to a client, courts have held that total fee forfeiture is appropriate in certain cases. *See, e.g.*, *Prince v. Sirote & Permutt, P.C.*, 40 F.3d 356, 361 (11th Cir. 1994) (vacating and remanding the district court's affirmance of the bankruptcy court's award of fees where attorney had conflict of interest; explaining that case required complete denial of fees).

with Douglas. (September 24 Order at 12-19.) Of particular concern to the Court at the time it considered Cargill's disqualification motion was the fact that S&L copied and retained for roughly 18 months privileged and confidential documents that it had sought and received from Douglas. The Court discussed the troubling circumstances surrounding S&L's mishandling of these documents. (September 24 Order at 19- 21.) As noted in the September 24 Order, "S&L's solicitation of information from Douglas without protecting against the disclosure of confidential and privileged materials, decision to conduct its own privilege review of Cargill's documents marked confidential and privileged, and retention of Cargill's documents for nearly a year and a half compromise the integrity of these proceedings." (September 24 Order at 25-26.)

The Court was also concerned with S&L's representations with respect to the "case clerk" who it claimed defied instructions not to copy the privileged and confidential documents. In opposing Cargill's motion for disqualification in 2004, S&L represented to the Court that it was unable to identify this "case clerk." At the time, the Court rejected the notion that S&L could not identify the "case clerk" and explained that "[t]he conspicuous absence of the testimony of this key individual only adds to the questionable circumstances surrounding S&L's handling of the documents." (September 24 Order, p. 20.) Now, roughly three years later, S&L has revealed the identity of the "case clerk." The Court is troubled by this late-coming revelation.

The Court concludes that the nature and extent of S&L's conduct rises to the level of an egregious ethical lapse. Without question, it damaged the integrity of the judicial

process and amounts to a failure by S&L to maintain the integrity of the legal profession. The Court therefore concludes that S&L's unethical conduct bars any recovery of fees or expenses for the services it rendered to Plaintiffs prior to its disqualification. To conclude otherwise and allow S&L to recover its fees would "make a mockery of the ethical standards that have been violated and further impair the integrity of and the public confidence in the legal system." *Esser*, 537 F. Supp. at 203.

Even if the Court were to conclude that S&L could recover fees and expenses despite its ethical breaches, S&L's fee petition would be denied. An award of attorneys' fees must be limited to work that was necessary to and/or advanced the resolution of a prevailing party's claims. *See, e.g., Hensley*, 461 U.S. at 435 (explaining that work must be expended in pursuit of the ultimate result achieved); *Gravely v. City of Philadelphia*, Civ. No. A 90-3620, 1998 WL 476196, *8 (E.D. Pa. August 12, 1998). Indeed, S&L claims to seek recovery "only for its work and expenses that advanced the individual claims of the Plaintiffs." (Mem. in Supp. of S&L's Am. Mot. for Award of Atty's Fees and Reimbursement of Expenses at 1-2.) Here, however, there has been no serious attempt by S&L to demonstrate a nexus between the work performed by S&L and the ultimate resolution of the Plaintiffs' individual claims.[3] Without such a showing, S&L cannot recover fees.

[3] At the hearing on the present motions, counsel for S&L acknowledged that it never requested to talk to successor counsel to determine to what extent, if any, successor counsel used S&L's work.

## II. Cargill's Motion

Cargill also moves for attorneys' fees and related expenses incurred as a result of S&L's conduct. In particular, Cargill seeks to recover attorneys' fees and costs totaling $441,312.80 that it contends it incurred unnecessarily as a result S&L's unethical conduct. These fees and costs are related to Cargill's efforts to discover the facts regarding S&L's conduct; to research, brief, and argue the disqualification motion; and to transition representation of Plaintiffs to successor counsel. Cargill requests that the Court award these fees and expenses pursuant to its authority under 28 U.S.C. § 1927, the common law, and its equitable powers and inherent authority to regulate the proceedings and those who appear before it. S&L opposes Cargill's motion, arguing that the Court already rejected a monetary sanction against S&L in its September 24 Order, that Cargill's motion is untimely, and that Cargill's motion lacks merit.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Eighth Circuit Court of Appeals has held that sanctions may be imposed under § 1927 "'when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of attorney's duties to the court.'" *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (quoting *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 719 (8th Cir. 1999)). If the attorney conducts the litigation in such a way that

unnecessarily and vexatiously escalates costs, sanctions may be imposed under § 1927. *Lupo v. R. Rowland and Co.*, 857 F.2d 482, 486 (8th Cir. 1988). In addition, the Court has the inherent authority to impose costs and fees for certain conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

The parties disagree on the reach of the Court's authority to sanction S&L. For example, S&L argues that § 1927 only applies to the conduct of individual attorneys and not law firms and that § 1927 does not apply to conduct prior to the filing of the Complaint. There is no dispute, however, that the imposition of fees under both § 1927 and the Court's inherent authority is within the Court's sound discretion. *First Lenders*, 236 F.3d at 445; *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 267 (8th Cir. 1993).

Without reaching the merits of the parties' disagreement over the reach of the Court's authority under § 1927, the Court in its discretion declines to award the fees requested by Cargill. First, recognizing the obvious severity of S&L's ethical breaches, the Court determines that, with the possible exception of its representations regarding the "case clerk," S&L's litigation decisions and strategy with respect to Cargill's efforts to disqualify S&L were not themselves unreasonable or vexatious. Second, while Cargill's request for an award of fees is a reasonable one, in light of the Court's denial of S&L's motion for fees and costs above, the result here is to similarly deny Cargill's request.[4]

---

[4] At the hearing on the present motions, counsel for Cargill represented that, presumably in the interest of bringing the matter to a close, Cargill would have foregone its right to recover fees had S&L not sought attorney fees from Cargill. From the Court's

(Footnote Continued on Next Page)

Finally, the Court notes that Cargills' motion did not include a formal request for or any documentation of its fees and costs incurred in opposing S&L's present motion for attorneys' fees and expenses.[5] The Court would be inclined to grant such a motion should Cargill choose to seek those fees and expenses. It is, in many ways, unfortunate for S&L that this chapter has been reopened and placed yet again in the public's eye and before this Court. However, the time has long since passed to bring finality to this matter to serve the best interests of all parties, including S&L. Whether this chapter and this case will be closed is now in the hands of each party, given the Court's decision.

(Footnote Continued From Previous Page)
point of view, this approach would have been reasonable, but the Court understands why Cargill chose to bring its current motion.

5 Cargill requests a total of $441,312.80. The motion seeks $222,142,57 in costs and fees regarding Cargill's discovery of the facts underlying its subsequent disqualification; $142,275.11 in fees and costs regarding Cargill's researching, briefing, and arguing of disqualification issues; and $76,895.12 in total fees and costs regarding the transition from S&L to successor counsel and other post-disqualification issues. As to the final category, the date of the final billing entry is March 9, 2006.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. S&L's Amended Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (Doc. No. 558) is **DENIED**.

2. Cargill's Motion for Attorneys' Fees and Related Expenses Incurred as a Result of Former Class Counsel S&L's Conduct (Doc. No. 562) is **DENIED**.

Dated: December 4, 2007

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court